IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION | ) ) ) ) ) ) ) MDL No. 2867<br>No. 18 C 6785<br>Judge Virginia M. Kendall |

### INITIAL STATUS ORDER

The Judicial Panel on Multidistrict Litigation ("MDL") transferred this case to the Court by Transfer Order, filed on October 9, 2018. The parties shall appear for an initial conference before Judge Kendall on **November 19, 2018, at 10:00 a.m** in Courtroom 2319, 219 South Dearborn Street, Chicago, Illinois. The conference will be held to address the organization and management of this MDL action. The Court expects all counsel to appear at this hearing and those thereafter as well. Should any counsel need to appear by telephone at the initial conference or future hearings, they must inform the Courtroom Deputy three business days in advance. For the initial conference, then, that deadline is **November 14, 2018.**

### I. Consolidation

The Court hereby consolidates for pretrial purposes all In Re: Local TV Advertising Antitrust Litigation actions transferred to this Court by the MDL. Any "tag-along" actions later transferred to this Court, or directly filed in the Northern District of Illinois, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial.

### II. Filings

The Clerk is maintaining a master case file under the heading "In re: Local TV Advertising Antitrust Litigation," Case Number 18 C 6785, MDL No. 2867. All orders, pleadings, motions, and other documents served or filed in 18 C 6785 shall bear the following caption:

|  |  |  |
|---|---|---|
| IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION | ) ) | MDL No. 2867<br>No. 18 C 6785 |

When a party intends for a filing to apply to all of the consolidated actions, the party should indicate that by using the words "This Document Relates to All Cases" in or just after the case caption. When a party intends a filing to apply only to some of the consolidated actions, the party making the filing should file it both under Case Number 18 C 6785 and under the individual case number assigned to the particular case. The party making such a filing should indicate that by using the words "This Document Relates to [fill in case number]" in or just after the caption.

### III. Service List

This order is being served upon the counsel whose appearances are listed on the docket of Case No. 18 C 6785. Counsel who receive this order are directed to forward a copy of the order to any other attorneys who filed appearances in cases that have been transferred to this Court and who are not listed on the service list on 18 C 6785. Counsel who represent a party in a case transferred under the MDL who do not currently appear of record in Case Number 18 C 6785 should file their notices of appearance in the case.

All counsel are required to promptly register for and participate in the Northern District of Illinois's CM/ECF filing system. That system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties. Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be filed in accordance with the Northern District of Illinois' Local Rules and this Court's Individual Standing Orders.

### IV. Lead and Liaison Counsel

The Court will appoint lead counsel from among counsel who have filed an action in this litigation. The duties of lead counsel are set forth in the Manual for Complex Litigation, Fourth § 40.22. Counsel for each plaintiff should immediately confer to discuss a proposed organizational structure and the selection of a plaintiffs' steering committee and lead, liaison, and/or coordinating counsel. If an agreement can be reached, counsel must include a recommended organizational structure and a list of all designated counsel in their joint organization and management plan. *See infra* Section VII.

Alternatively, if an agreement cannot be reached, then individual and separate applications for appointment of lead counsel must be submitted by **November 16, 2018**. The parties should be prepared to discuss their applications and the counsel structure at the status hearing.

### V. Orders Entered by Transferor Courts

The Court hereby vacates all orders entered by transferor courts imposing dates for pleading or discovery.

### VI. Vacate Mandatory Initial Pilot Project Designations

Some cases were previously designed for inclusion in the Mandatory Initial Discovery Pilot ("MIDP") in the Northern District of Illinois. The Court vacates these orders. The Clerk of Court is directed to de-designate all member cases from inclusion in the MIDP and is directed not to designate any cases transferred to or made part of the MDL in the future for inclusion in the MIDP.

### VII. Planning Conference and Initial Status Report

Counsel should familiarize themselves with the Manual for Complex Litigation, Fourth, the Local Rules for the Northern District of Illinois, and the Court's Standing Orders. Counsel

should be prepared to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The Court strictly applies Local Rule 37.2.

The parties are directed to meet pursuant to Federal Rule of Civil Procedure 26(f) and conduct a planning conference prior to the initial status conference. During the planning conference, the parties must address the issues set forth below and prepare a **joint** organization and management plan for this case. If the parties are unable to agree on the plan, they should state their respective positions. The joint organization and management plan must be filed on or before **November 16, 2018** containing the following information:

A. **The Nature of the Claims**

The parties should generally describe the nature of the claims asserted in the complaint and any counterclaims. This description will not waive any claims or defenses in this proceeding. Plaintiffs should also generally describe the relief they are seeking.

B. **Pending Motions, Including Matters before the MDL Panel**

1. *Identify All Pending Motions*

The report should identify all pending motions, and the status of the briefing on such motions, including any motions to remand. Any motions that the Court must resolve should be refiled in accordance with the procedures above. Counsel should provide the Court will courtesy copies of the motions and briefs.

2. *Motions Pending Before the MDL*

The report should identify any motions pending before the MDL.

C. **Consolidated Complaint**

The parties should address whether a single consolidated complaint or multiple consolidated complaints can or should be filed in this action.

D. **Discovery Plan, Including Anticipated Electronic Discovery**

1. *Answers*

The parties should inform the Court if any answers have been filed in the cases. If not, the parties propose a deadline to file such answers.

2. *Discovery*

The parties should summarize what discovery, if any, has taken place prior to the transfer of the cases to the Court. The parties should discuss a proposed order directing the preservation of evidence, to the extent one is necessary. In addition, the parties should submit a proposal for a discovery plan, including the following information:

i. A date for Rule 26(a)(1) disclosures;

3

    ii.  A date to issue written discovery;

    iii.  A fact discovery completion date;

    iv.  An expert discovery completion date, including dates for the delivery of expert reports, if expert discovery is anticipated; and

    v.  A date for the filing of dispositive motions.

   3. *Electronic Discovery*

  Prior to the initial status conference with the Court, counsel shall meet and discuss whether they anticipate any electronic discovery, the volume of such discovery, and the application of the Federal Rules of Civil Procedure pertaining to electronic discovery. Counsel must discuss the scope of discoverable ESI to be preserved by the parties, the formats for preservation and production of ESI, and a protocol for ESI. The Court directs the parties to the Seventh Circuit's Electronic Discovery Program.

   4. *Confidentiality Order*

  The parties should discuss the need for a confidentiality order in the case and prepare an agreed order. The Court directs the parties to Local Rule Form 26.2. The agreed confidentiality order must be filed by **December 14, 2018.**

   5. *Status of Settlement Discussions*

  The parties should inform the Court in the joint status report whether any settlement discussions have occurred; the status of any settlement discussions; and whether the parties request a settlement conference at this time.

   6. *Tag along cases*

  The joint status report should identify other "tag-along" cases that they anticipate will be joining this action.

   7. *Management Issues*

  Counsel should be prepared to present any other management issues for the Court to address.

## VIII. Hearing Schedule

  Regularly-scheduled status hearings will be useful to the Court and the parties. Therefore, the Court will hold those hearings approximately every six weeks. Any party will be free to present motions at the regularly-scheduled hearings. Additionally, the parties should advise the Courtroom Deputy in advance should they agree that any scheduled hearing is unnecessary or should be advanced or postponed. Should circumstances require an earlier ruling, the Court will hear motions during its regularly-scheduled morning call. Because travel is necessary, the Court expects parties to provide five business days' notice in advance of presentation of any motion,

whether at the regularly-scheduled status hearing or on any other date. All hearing are set for 10:00 a.m. on the following dates:

**January 11, 2019**
**February 22, 2019**
**April 5, 2019**
**May 17, 2019**
**June 28, 2019**
**August 9, 2019**

IX.   **Compensation and Time/Expense Records**

Any counsel who anticipates seeking an attorney fee award or expense reimbursement shall comply with the Manual for Complex Litigation, Fourth § 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

_____
Virginia M. Kendall
United States District Judge

Date: November 2, 2018

5