UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: Local TV Advertising Antitrust Litigation | MDL No. 2867<br>No. 18 C 6785 |
| This Document Relates to All Cases | Judge Virginia M. Kendall |

**APPLICATION FOR APPOINTMENT OF
DANIEL J. MOGIN AS CO-LEAD COUNSEL
FOR THE DIRECT PURCHASER CLASS**

## I. INTRODUCTION

In response to the Court's November 2, 2018 Order regarding applications for appointment of lead counsel (Dkt. No. 14), Plaintiff The Barnes Firm, L.C. ("The Barnes Firm"),[1] applies for appointment of Daniel J. Mogin of MoginRubin LLP as co-lead counsel for the direct purchaser plaintiffs.[2] The Barnes Firm recommends the Court adopt an organizational structure consisting of a three-person team of interim co-lead counsel for the direct purchaser plaintiffs, with one co-lead counsel selected from each of the Eastern, Mid-Continent, and Western regions. In this recommended organizational structure, Mr. Mogin seeks appointment as the Western selection. The Barnes Firm requests that Mr. Mogin also be considered for lead counsel should the Court adopt an alternative organizational structure, and submits that MoginRubin LLP has ample expertise and resources to litigate this matter in any structure ultimately determined. Finally, The Barnes Firm requests the Court to separate the interim co-lead counsel for the direct and indirect purchaser classes. Except for Section D below, this Motion addresses only leadership for the proposed direct purchaser class.

This is an antitrust class action alleging a years-long price-fixing scheme. Defendants own or operate over four hundred local television stations. These local stations broadcast "spot" local advertisements to millions of viewers nationwide. Defendants operate in various configurations and in multiple Designated Market Areas ("DMAs").[3] Thousands of potential class members

---

[1] *The Barnes Firm, L.C. v. Hearst Comms. Inc. et. al.,* No. 1:18-cv-06500 (N.D. Ill.) (filed Sept. 24, 2018).

[2] MoginRubin LLP was formerly known as The Mogin Law Firm, originally founded in 1993. In 2017, The Mogin Law Firm combined with Washington D.C. firm Rubin PLLC to form MoginRubin LLP ("MoginRubin").

[3] A DMA is the standard geographic area used in the television industry to evaluate television audience size and demographic composition. Exhibit C to the Mogin Declaration lists the Nielsen Co's. 210 DMAs in the United States.

reside in the 210 United States DMAs. Class members have a common interest in the appointment of qualified counsel, skilled and experienced in antitrust class actions, who will maximize their recovery. Appointing a team of three co-lead counsel from different regions of the country will ensure adequate nationwide representation, diverse viewpoints, and unbiased leadership that will best represent the interests of all plaintiffs and all absent class members.

Mr. Mogin should be part of the leadership team regardless of the organizational structure chosen by the Court. He has over 38 years' experience litigating antitrust class actions on behalf of plaintiffs, including cases resulting in landmark settlements in this District, and has worked cooperatively with most of the plaintiffs' counsel that have appeared including in leadership positions. Mr. Mogin was recently awarded the 2018 Illinois Trial Lawyer Excellence Award for the highest settlement, in this District, with his co-recipient, Michael J. Freed of Freed Kanner London & Millen LLC. Together, they currently serve as co-lead counsel in the third largest antitrust class resolution ever achieved in the Northern District of Illinois with partial settlements of $376 million.

## II. ARGUMENT

### A. The Court Should Consider a Three Person Interim Co-Lead Structure for the Direct Purchaser Class with Selections from the East, Mid-Continent and West

Although national in scope, the markets in this *Local TV Advertising Antitrust* MDL are geographically local by their very nature, and well suited to a leadership structure that recognizes that feature of this case. Plaintiffs are spot advertisers who target viewers in specific DMAs.[4] For example, during the Class Period, The Barnes Firm directly purchased more than $15 million of

---

[4] Spot advertising differs from other types of television advertising, such as network and syndicated television advertising, which are sold on a nationwide basis and broadcast in every market where the program is aired. *See United States of America v. Sinclair Broad. Grp. et. al.*, Case No. 1:18-cv-02609, (D.D.C. 2018), Dkt. No. 3, Competitive Impact Statement, at p. 2 n. 1.

spot advertisements in three major Western DMAs, including Los Angeles, the second largest (about 5.3 million TV homes), San Francisco-Oakland, the eighth largest (about 2.45 million TV homes), and San Diego, the 29th largest (about 1 million TV homes), among others. They appear to be the only California plaintiff in this MDL, and MoginRubin is one of a few Western antitrust class action firms appearing here.[5]

In a matter this broad, complex, and important, it is appropriate and common for a team of co-counsel to serve as co-leads, rather than for only a single firm to represent the entire class. *See, e.g., Manual for Complex Litigation (Fourth)* ("Manual") § 21.27 (a team of attorneys may be appointed to serve as lead counsel); *see also Kleen infra* and *DRAM infra* (both appointing teams of between two and four co-lead counsel rather than a single firm). Appointment of three interim co-leads for the direct purchaser class—one from the East, one from the Mid-Continent, and one from the West—is an excellent means of accomplishing the Court's paramount goal: "achieving efficiency and economy without jeopardizing fairness to the parties." Manual § 10.221.

   **B.**  **Mr. Mogin Should Be Appointed Co-Lead Counsel**

Rule 23(g) of the Federal Rules of Civil Procedure governs the appointment of class counsel. Appointing Mr. Mogin as co-lead counsel would more than satisfy the relevant factors.

     *i.*  *Experience and expertise in relevant law - Rule 23(g)(1)(A)(ii)-(iii)*

Experience leading antitrust class actions is one of the most important Rule 23(g) factors. A successful antitrust class action involves more than filing a complaint, participating in liability discovery, or even trial. While those are all valuable skills, lead counsel must also be accomplished in efficiently coordinating large groups of plaintiffs' counsel and experienced in the issues particular to antitrust class actions. In addition to unique class certification issues, these can

---

[5] MoginRubin also has offices in Washington, D.C.

include developing and adducing sophisticated econometric evidence as well as countering defendants' economic experts. Besides substantive antitrust experience (and antitrust class action jurisprudence in particular), experience with appeals, the settlement process, notice and distributions to class members, and other aspects of claims administration are also important.

To quote from a popular, non-spot TV advertisement, "we know a thing or two, because we've seen a thing or two." Mr. Mogin is a specialist antitrust attorney and MoginRubin focuses almost exclusively on antitrust litigation, including both class actions and private cases. He has been appointed as lead or liaison counsel in numerous antitrust class actions and has been invited or appointed to join many steering and executive committees responsible for directing Multi-District Litigation and its California equivalent, Judicial Council Coordination Proceedings. Declaration of Daniel J. Mogin dated Nov. 16, 2018 ("Mogin Dec.") ¶ 2 Ex. A. In his nearly 40-year career, Mr. Mogin has litigated hundreds of complex cases and led both direct and indirect purchaser antitrust class actions to successful conclusions. *Id.* Mr. Mogin is not only experienced in substantive antitrust law, he is also skilled and experienced in the law and procedure of class certification, antitrust economics, settlement negotiation, approval, notice, effective class claims administration and appeals.

Class members will be well-served by Mr. Mogin's skill and experience in litigating antitrust class actions in this Circuit and District. In 2011, Mr. Mogin was appointed co-lead counsel for the plaintiff class in the antitrust case *Kleen Prods. v. Packaging Corp. of Am., et al.*, No. 10 C 6711, (N.D. Ill.) (J. Shadur). In appointing Mr. Mogin over other prospective lead counsel, Judge Shadur noted Mr. Mogin's reputation as a "high quality" attorney "with [a] substantial and impressive background[] as [a] class action litigator[]." Mogin Dec. ¶ 5 Ex. D, Transcript of Proceedings Before the Honorable Milton I. Shadur, Jan. 20, 2011 at 6:22-23. After

4

years of hard-fought litigation, including successfully obtaining a favorable class certification decision and defending it on appeal,[6] Mr. Mogin and his co-lead counsel recently secured partial settlements of over $376 million for the plaintiff class, believed to be the second or third largest antitrust class action recovery ever recorded in the District and one of the largest ever in the Seventh Circuit. *Kleen Prods.,* No. 10 C 6711, Dkt. No. 1409 at 9. This result is particularly notable for a case that did not follow upon a government investigation or intervention; Mr. Mogin was the attorney responsible for developing that case.[7]

Mr. Mogin has served as a Lawyer Representative to the Ninth Circuit Conference for the Southern District of California and chaired the Antitrust & Unfair Competition Law Section of the California State Bar. He also taught antitrust law as an Adjunct Professor at the University of San Diego for ten years, served as Editor-in-Chief of the treatise California Antitrust & Unfair Competition Law (Third), and served as emeritus member of the Advisory Board of the American Antitrust Institute. *Id.*

Mr. Mogin's professional recognitions include:

- "Best Lawyer in America" for antitrust litigation;
- Jury Verdict Reporter's 2018 Illinois Trial Lawyer Excellence Award;
- "Super Lawyer" for antitrust litigation;
- Sylvia Siegal Award for consumer advocacy;
- California State Assembly Recognition;

---

[6] *See Kleen Prods. LLC v. Int'l Paper Co.*, 306 F.R.D. 585 (N.D. Ill. 2015); *Kleen Prods. LLC v. Int'l Paper Co.*, 831 F.3d 919 (7th Cir. 2016) (cert. denied 2017 U.S. LEXIS 2429).

[7] As one of many non-lead class counsel, Mr. Mogin represented a national class of direct purchasing retail pharmacies in the *largest* settlement ever reached in this Circuit, *In Re Brand Name Prescription Drugs*, MDL 997 (N.D. Ill.), 123 F. 3d 599 (7th Cir. 1997); 186 F.3d 781 (7th Cir 1999), an action against manufacturers and distributors of prescription drugs that settled for $715 million. There were four co-leads, including one from the East, one from the West and two from Chicago.

5

- "Top Attorney" for Corporate and Business Litigation; and
- International Advisory Expert in Unfair Competition and Complex Business litigation in California.

Mogin Dec. ¶ 2 Ex. A.

MoginRubin was recently recognized by U.S. News & World Report as a "Best Law Firm" for Antitrust Litigation. *Id.* MoginRubin's team of diverse and antitrust-experienced attorneys and professional staff include:

- **Jonathan L. Rubin (partner)**, a longtime antitrust practitioner who also holds a Ph.D. in economics. Mr. Rubin is an alumni of international firm Patton Boggs and antitrust boutique Rubin PLLC. He is the interim lead class counsel for the ATM Operators in *National ATM Council v. Visa, et. al.*, Case No. 1:11-cv-01803-RJL (D.D.C.) (J. Leon). He is also a former Senior Fellow of the American Antitrust Institute, has led trial teams in major antitrust cases in courts throughout the country, and has served as appellate and amici counsel in several major appellate and Supreme Court antitrust cases.

- **Jodie M. Williams (partner)**, a former Staff Attorney for the Federal Trade Commission, Bureau of Competition in Washington, D.C. and antitrust practitioner for over ten years. Ms. Williams played an integral role in the *Kleen* case in this District, is an active member of the American Bar Association's Antitrust Law Section and is a frequent speaker on panels and programs discussing antitrust law and issues unique to women in antitrust litigation.

- **Jennifer M. Oliver (counsel),** an antitrust and complex commercial litigator with AmLaw 20 firm Weil Gotshal & Manges LLP in New York for ten years. Ms. Oliver has litigated and tried complex cases in courts across the country, holds an M.B.A., is an active member of the California Lawyers Association's antitrust section, is a certified privacy professional, and was named International Advisory Expert in Unfair Competition and Complex Business Litigation in California.

- A team of associates each with at least five years' experience in antitrust litigation, including former judicial clerks, adjunct professors, and graduates of U.S. News Top 10 institutions.

- A professional staff of e-discovery experts and trial-tested paralegals.

   ii. *Ability to represent the interests of the class - Rule 23(g)(2)*

Mr. Mogin's track record representing plaintiff classes in complex antitrust cases in this District and nationwide make him an excellent choice to serve as lead counsel. Moreover, the appointment of a Western co-lead will ensure that class leadership be representative of the entire

6

class, promote efficiency and economy, and enhance the proposed class's ability to maximize recovery. The Barnes Firm is one the few plaintiffs to participate in multiple DMAs and major DMAs: Los Angeles (No. 2); San Francisco Bay area (No. 8) and San Diego (No. 29). Based on a review of the complaints filed to date, many other plaintiffs appear to operate in smaller DMAs and/or in a single DMA.[8]

### iii. Available resources - Rule 23(g)(1)(A)(iv)

MoginRubin is prepared to commit ample financial, technological, and human resources to serve the best interests of the class. All MoginRubin attorneys and professional staff have significant antitrust experience including with the FTC, AmLaw 20 and AmLaw 200 firms, and prestigious litigation boutiques. MoginRubin has in-house document review capacity, document hosting capabilities, and deploys cost-reducing trial technology. The firm's technology allows it to work seamlessly with clients and counsel domestically and abroad; and for forensic document collection, technology assisted and predictive review, and other complex discovery tasks the firm leverages strong relationships with the nation's top e-discovery consultants.

The efficiency and effectiveness of these state-of-the-art resources is proven. Recent examples include MoginRubin's co-lead counsel role in *Kleen*, in which claims are currently being paid to class members nationwide, and its appointment as the sole interim lead counsel in *National ATM Council v. Visa,* 1:11-cv-01803-RJL (D.D.C.) (J. Leon), in which plaintiffs in a private antitrust action succeeded before the United States Supreme Court, with the rare support of their case by the Solicitor General. *Visa Inc. v. Osborn*, 137 S. Ct. 289, 289-90 (2016).

---

[8] *See* Mogin Dec. Exhibit B, listing plaintiff location.

7

                iv.      Work performed investigating claims - Rule 23(g)(1)(A)(i)

Rule 23(g)(1)(A)(i) carries little weight where private counsel has followed a government investigation and therefore may not claim credit for "identifying or investigating potential claims in the action."[9] As all plaintiffs acknowledge, the conduct at issue here came to light during the United States Department of Justice's review of a proposed merger between two of the Defendants. Private litigation followed. *Id.* On November 9, 2018,[10] and again on November 13, 2018,[11] the DOJ announced settlements, further demonstrating the extent of work performed by the government before follow-on cases were filed.

**C.**      **Coordination**

The most important factor in choosing a class counsel leadership structure is "achieving efficiency and economy without jeopardizing fairness to the parties." Manual § 10.221. Mr. Mogin has worked with almost all the firms and most of the attorneys that have appeared for plaintiffs and recognizes there are other able candidates for co-lead counsel here. For example, in *Kleen,* Mr. Mogin served as co-lead with Michael J. Freed of Freed Kanner London & Millen LLC in Chicago (representing Clay Massey & Associates, Thoughtworx, and Walley's Auto Sales, Inc.

---

[9] *See, e.g., Managing Class Action Litigation: A Pocket Guide for Judges Third Edition*, Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center 2010, available at https://www.fjc.gov/sites/default/files/2012/ClassGd3.pdf (noting that counsel who independently investigates and files an action may be a logical appointment for lead, whereas in government investigation follow-on cases other methods of selection are more appropriate).

[10] *Sinclair Settles With DOJ To Escape Antitrust Ad Probe*, Nov. 8, 2018, available at https://www.law360.com/competition/articles/1099755/sinclair-settles-with-doj-to-escape-antitrust-ad-probe?nl_pk=b646ec39-e970-487e-8199-931dc40dd056&utm_source=newsletter&utm_medium=email&utm_campaign=competition.

[11] *Justice Department Requires Six Broadcast Television Companies to Terminate and Refrain From Unlawful Sharing of Competitively Sensitive Information*, Nov. 13, 2018, available at https://www.justice.gov/opa/pr/justice-department-requires-six-broadcast-television-companies-terminate-and-refrain-unlawful.

in this case). In *In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* Mr. Mogin served as co-lead with Daniel Gustafson of Gustafson Gluek PLLC where indirect purchasers secured $315 million in settlements. Gustafson Gluek (representing Curb Appeal Madison, Gibbons Ford, and Dozier here) also worked with MoginRubin on the *Kleen* case.

In those matters and others, Mr. Mogin has carefully streamlined his work with other lead and liaison counsel to avoid duplication of efforts and ensure maximum recovery for class members, all while maintaining structural independence. For example, the *Kleen* case involved over 27 law firms, and the *DRAM* indirect purchaser case involved leading over 50 law firms and required close coordination with the direct purchasers' co-leads. If appointed lead counsel here, there will be no avoidable duplicative work for Defendants nor additional cost to class members.

### D. The Court Should Appoint Separate Counsel for the Indirect Purchaser Class

Where groups of plaintiffs are differently situated, the Court should appoint separate counsel to represent the interests of each. Manual § 21.27. Certain plaintiffs in this MDL appear to be indirect purchasers, because they are advertising agencies who re-sold to end buyers or because they are end buyers who purchased ads through agencies. The Barnes Firm is neither. Rather, an in-house marketing department purchases The Barnes Firm's spot advertisements, targeted to reach its West coast audience, directly from Defendants. To protect the interests of the classes, any class members who purchased television ads indirectly or who intend to pursue state law claims should be recognized as a distinct putative class with separate lead counsel. *Id*. For example, indirect purchasers bear the additional burden of proving "pass-on" of the alleged illegal overcharges through the chain of distribution to the plaintiff. *See, e.g., Hanover Shoe v. United Mach. Corp.*, 392 U.S. 481, 494 (1968) (prohibiting "defensive" pass-on); *Illinois Brick v. Illinois*, 431 U.S. 720, 728 (1977) (prohibiting "offensive" pass-on). Indirect purchaser plaintiffs must

9

therefore conduct additional discovery and a more complex damages analysis than typically required in a direct case. Including those indirect purchasers in the direct class would be inefficient and unfair to the direct purchaser class. Separate representation is required.

### III. CONCLUSION

The Barnes Firm respectfully requests the Court to appoint three co-lead counsel for the direct purchaser class, in the Eastern, Mid-Continent, and Western regions respectively; to appoint Daniel J. Mogin as co-lead counsel; and to establish separate leadership for the indirect and direct purchaser classes.

Should the Court choose an alternative leadership structure, The Barnes Firm requests that Mr. Mogin be appointed as sole lead counsel or as a member of the lead counsel team.

Dated: November 16, 2018

Respectfully submitted,

/s/ Daniel J. Mogin
Daniel J. Mogin (CA Bar No. 95624)
Jennifer M. Oliver (CA Bar No. 311196)
Jodie M. Williams (CA Bar No. 247848)
MOGINRUBIN LLP
600 West Broadway, Suite 3300
San Diego, CA 92101
(619) 687-6611
dmogin@moginrubin.com
joliver@moginrubin.com
jwilliams@moginrubin.com

*Attorneys for Plaintiff, The Barnes Firm, L.C.*