# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE LOCAL TV ADVERTISING ANTITRUST LITIGATION<br><br>This Document Relates to All Cases | MDL No. 2867<br><br>No.: 18 C 6785 |

## APPLICATION TO APPOINT SUSMAN GODFREY L.L.P. AS INTERIM LEAD CLASS COUNSEL AND MASSEY & GAIL LLP AS INTERIM LEAD LIAISON COUNSEL

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on November 19, 2018, at 10:00 a.m., in the courtroom of the Honorable Virginia M. Kendall of the United States District Court of the Northern District of Illinois, Eastern Division, located at 219 S. Dearborn Street, Chicago, Illinois, plaintiff Mowrer for Iowa will and hereby does move the Court pursuant to Federal Rules of Civil Procedure 23 for an order appointing Interim Lead Class Counsel for the putative Plaintiff Class in the above-captioned action. Specifically, plaintiff requests that the Court appoint Kalpana Srinivasan of Susman Godfrey L.L.P as Interim Lead Class Counsel and Leonard A. Gail of Massey & Gail LLP as Interim Lead Liaison Counsel.

This motion is based on this notice and motion, the accompanying memorandum of points and authorities in support of the motion, and the concurrently filed Declarations of Kalpana Srinivasan and Leonard A. Gail.

1

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 5 |
| | A. Susman Godfrey Will Use Its Approach to Efficient Case Management and Its Trial Skills and Experience to Achieve Exceptional Results. | 6 |
| |     1. Susman Godfrey Will Have Efficient Attorneys Handle Non-Duplicative Tasks. | 6 |
| |     2. The Proposed Leadership Team Is Exceptionally Qualified for this Action. | 7 |
| |     3. Susman Godfrey Commits to the Young Attorney Promise. | 10 |
| | B. Susman Godfrey Has Specialized Expertise with the Unique Issues in this Case. | 11 |
| | C. Susman Godfrey Has Done Original Work to Develop Claims of Class Members and Represents a Plaintiff Well-Suited to Protect the Class' Interests. | 14 |
| III. | CONCLUSION | 15 |

6180290v1/016151

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Braun v. Wal-Mart, Inc.*
   Case No. 19-CO-01-9790 (Dakota Cnty., Minn)........................................................................8

*Certain Activity Tracking Devices, Systems, and Components Thereof,*
   Inv. No. 337-TA-963 (U.S. Int'l Trade Comm'n.) ...................................................................8

*Dial Corp. v. News Corp.,*
   Case No. 1:13-cv-0682 (S.D.N.Y.)..........................................................................................13

*Ferrick v. Spotify USA Inc.,*
   Case No. 16-8412-AJN, 2018 WL 2324076 (S.D.N.Y. May 22, 2018).....................................4

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.,*
   Case No. 13-5693-PSG (C.D. Cal.) ..........................................................................................3

*Glaberson v. Comcast Corp.,*
   Case No. 2:03-cv-6604 (E.D. Pa.) ..........................................................................................12

*GPNE Corp. v. Apple, Inc.,*
   Case No. 5:12-cv-02885 (N.D. Cal.) ........................................................................................8

*Greenfield, LLC v. JPMorgan Chase Bank, N.A. et al.,*
   Case No. BC548794 (Sup. Ct. Los Angeles County) .............................................................10

*In re Animators Antitrust Litigation,*
   Case No. 5:14-cv-04062 (N.D. Cal.) ................................................................................12, 13

*In re Automotive Parts Antitrust Litigation,*
   Case No. 12-MD-02311-MOB (E.D. Mich.) .......................................................................3, 12

*In re Crude Oil Commodity Futures Litigation,*
   No. 11-CV-3600 (WHP), 2012 WL 569195 (S.D.N.Y. Feb. 14, 2012) ..................................11

*In re Libor-Based Financial Instruments Antitrust Litigation,*
   Case No. 11-MD-02262-NRB (S.D.N.Y.)...........................................................................3, 12

*In re Qualcomm Antitrust Litigation,*
   Case No. 17-MD-2773-LHK (N.D. Cal.) ....................................................................1, 2, 5, 7

*In re Vitamin C Antitrust Litigation,*
    No. 06-MD-1738 (E.D.N.Y.)..................................................................................................12

*Johnston, et al. v. The Rawlings Co. LLC, et al.*,
  Case No. 08-0800 (Oldham Cnty. Cir. Ct., Ky.) ...................................................................8

*Nitsch, et al. v. Dreamworks Animation SKG Inc., et al.*,
  315 F.R.D. 270 (N.D. Cal. 2016)............................................................................................3

*Ronald DeCesare, Jr. v. Eileen DeCesare and Pilar Godoy*,
  Case No. 23013-6829 (Fairfax County Circuit Court, Virginia) ............................................9

*Schramm et al. v. JPMorgan Chase Bank, N.A. et al.*,
  Case No. CV09-09442 JAK (C.D. Cal.) ................................................................................9

*Straitshot RC LLC, et al. v. Telekenex, Inc. et al.*,
  Case No. 10-cv-268 TSZ (W.D. Wash.) .................................................................................9

*Tessera Technologies, Inc. v. Hynix Semiconductor, Inc.*
  No. I-06-CV 076 688 (Cal. Super. Ct.) ...................................................................................8

*Title Source, Inc. v. HousCanary, Inc. f/k/a Canary Analytics, Inc.*,
  Cause No. 2016-CI-06300 (73rd Judicial District, Bexar County, Texas) ..........................2, 8

**Rules**

Fed. R. Civ. P. 23..............................................................................................................11, 14

N.D. Ill. LR37.2 ...........................................................................................................................6

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Susman Godfrey proposes appointment of Kalpana Srinivasan as Interim Lead Class Counsel. Having just this year (1) obtained class certification in an antitrust MDL, claimed by defendant there to be the largest class action in history; and (2) secured a $706 million jury verdict after a 2-month trial in a complex commercial case, Susman Godfrey believes Ms. Srinivasan's MDL antitrust class action *and* jury trial experience uniquely qualifies her to serve as interim lead in this case. Susman Godfrey's prior extensive experience with MDLs generally, antitrust class actions specifically, and against media companies in particular—combined with the fact that the firm routinely tries cases—positions Susman Godfrey best to vigorously represent the putative class. Susman Godfrey also proposes that Leonard A. Gail of Massey & Gail serve as Interim Lead Liaison Counsel in this case based on his and his firm's trial experience, including in this District, which will also substantially benefit the putative class.

The Department of Justice's ability to quickly resolve its claims against Defendants Sinclair and Tribune—with those defendants entering into consent decrees earlier this week and agreeing not to exchange pricing information for seven years—solidifies our belief that a leadership model with a focused, dedicated, and smaller team will benefit this putative class. Putting Ms. Srinivasan of Susman Godfrey at the helm of that lean leadership structure is warranted given the firm's experience in litigating antirust cases and trying cases to verdict:

- Susman Godfrey, led by Ms. Srinivasan, along with one other co-lead firm and one steering committee firm, currently serves as court-appointed co-lead counsel in *In re Qualcomm Antitrust Litigation*. *Qualcomm*, which involves claims of anticompetitive conduct in the sale of baseband modem chips and the licensing of standard essential

1

patents, was recently certified in a class that encompasses more than 250 million estimated class members. The certification followed a year of extensive and intense class discovery, including more than 100 depositions, 60 terabytes in document productions, and thousands of pages of expert analyses in support of certification. The jury trial in the matter that Ms. Srinivasan will co-lead is currently scheduled for June 24, 2019. The Court cited Ms. Srinivasan's complex class action and trial experience in making its appointment: "Ms. Srinivasan has considerable experience litigating patent cases, including regarding the technology at issue, and complex class actions. In addition, of all the Plaintiffs' counsel in these consolidated cases, Ms. Srinivasan is the only attorney who has tried a case before this Court, and Ms. Srinivasan was excellent at trial." *In re Qualcomm Antitrust Litigation*, Case No. 17-MD-2773-LHK, 2017 WL 2222531, at *1 (N.D. Cal., May 15, 2017) (Koh, J.) (appointing Kalpana Srinivasan as Interim Co-Lead Class Counsel)); *see also* 2018 WL 4680214 (N.D. Cal., Sept. 27, 2018) (granting class certification and appointing Ms. Srinivasan as Co-Lead Class Counsel).

- This year, Ms. Srinivasan tried a complex commercial action for 2-months, resulting in a $704 million jury verdict and final judgment of over $735 million for her client HouseCanary, Inc. *See* Declaration of Kalpana Srinivasan, Ex. A, *Title Source, Inc. v. HousCanary, Inc. f/k/a Canary Analytics, Inc.*, Cause No. 2016-CI-06300 (73rd Judicial District, Bexar County, Texas).

- In January 2018, *Law 360* named Susman Godfrey a Class Action Group of the Year in recognition of the firm's ability to litigate and obtain some of the most significant results in antitrust and other class actions in the country, including:

- *In re Automotive Parts Antitrust Litigation*, Case No. 12-MD-02311-MOB (E.D. Mich.), an antitrust MDL involving the largest price-fixing cartel ever brought to light. The Susman Godfrey team, and two other co-lead firms, run a massive MDL litigation for a class of consumer plaintiffs involving the purchase of more than 20 million automobiles, and have already recovered over $1 billion for the members of the settlement class.

  - *In re Libor-based Financial Instruments Antitrust Litigation*, Case No. 11-MD-2262-NRB (S.D.N.Y.), another antitrust MDL in which Susman Godfrey serves as co-lead counsel for a certified class—and has already secured $590 million in settlements for the members of the class from some of the largest banks in the world, including Deutsche Bank, HSBC, Barclays Bank, and Citigroup.

- Susman Godfrey has extensive experience litigating class actions as co-lead counsel against large media companies, like the defendants here, including:

  - Disney, Pixar, Lucas Films, DreamWorks, and Sony. *See Nitsch, et al. v. Dreamworks Animation SKG Inc., et al.*, 315 F.R.D. 270 (N.D. Cal. 2016) (certifying class of employees of animation and visual effects studios in a no-poach conspiracy and appointing Susman Godfrey co-lead counsel). These antitrust cases were resolved for a total of over $168 million in settlements.

  - Sirius XM. *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, Case No. 13-5693-PSG (C.D. Cal.) (granting final approval for settlement, in which Susman Godfrey, including Ms. Srinivasan, served as co-lead counsel, that provided up to $73 million in past damages and future royalties).

6180290v1/016151

- o Spotify. *See Ferrick v. Spotify USA Inc.*, Case No. 16-8412-AJN, 2018 WL 2324076 (S.D.N.Y. May 22, 2018) (granting final approval for settlement that exceeded $112 million in which Susman Godfrey, including Ms. Srinivasan, served as co-lead counsel),

- Susman Godfrey handles large matters for its clients on a contingent fee basis, focusing on reaching superior results as efficiently as possible. Consistent with this philosophy, the firm is well-known for providing associates with extensive standup experience—from taking depositions to arguing major hearings to examining witnesses at trial. For example, in the *Qualcomm Antitrust MDL*, associates have taken and defended critical depositions. In the *HouseCanary* trial discussed above, the two associates on the trial team handled arguments and each presented witnesses during the case-in-chief.

Susman Godfrey is prepared to dedicate its substantial resources to vigorously prosecute the claims on behalf of the putative class. The firm's approach in this matter will be to litigate the entire case with a tight-knit team of attorneys with deep experience litigating antitrust cases, class actions, and against giant media corporations. We have learned that a core team of lawyers who know every aspect of the case—handling depositions, document review, briefing, and expert analyses—yields top results, even against the most formidable adversaries. Given the facts and the scope of the legal issues known to date, a lean leadership structure that promotes efficiency and streamlined focus on the merits and suitability for class treatment will best serve the class. A concentrated group of lawyers developing knowledge of all issues in the case will yield the best and most efficient outcome for the class. A lean team far better serves the class than a broader leadership structure with decentralized or piecemeal work and assignments.

As Susman Godfrey has experienced firsthand, including the *Qualcomm Antitrust* MDL, even extremely complicated antitrust claims with massive discovery do not require layers of lawyers with different strategic approaches and styles handling piecemeal work. And MDLs are no exception to the rule that a successful plaintiff-side case needs to be run by lawyers who have first-hand, big-ticket jury trial experience. Additionally, our client, Mowrer for Iowa, the authorized and designated Principal Campaign Committee of Jim Mowrer, an Iowa congressional candidate in 2014 and 2016, spent hundreds of thousands of dollars on television advertising during the class period. Given the significant amount of Mowrer for Iowa's individual advertising spend and the importance of political advertising financially to the local television advertising market, we believe our client will be a compelling plaintiff. Accordingly, Susman Godfrey is prepared and well-positioned to serve as the sole Interim Lead Class Counsel in this matter. And if the Court is inclined to appoint more than one firm as Interim Co-Lead Class Counsel, Susman Godfrey has extensive experience of working efficiently and cooperatively with co-counsel, including many of the law firms to have filed in this case.[1]

## II. ARGUMENT

Susman Godfrey, led by Ms. Srinivasan, is best situated to represent the putative class because it (1) will litigate the case with a dedicated team of attorneys and use the same efficient procedures that have yielded superior results in various class cases across the country; (2) possesses specialized expertise litigating antitrust class actions, including successfully obtaining certification of what defendant there claims to be the "biggest class action in history" against Qualcomm; and (3) did original work developing our well-situated plaintiff's claims and possesses sufficient resources to litigate this case through trial against deep-pocketed defendants.

---

[1] Susman Godfrey does not question the qualifications of the other firms submitting applications to the Court.

Additionally, Massey & Gail, led by Mr. Gail, is best situated to assist as lead liaison counsel for local matters, coordination, and trial. Massey & Gail offers substantial experience trying complex matters, including in this District, and a team with significant complex litigation expertise, including in connection with class-actions.

### A. Susman Godfrey Will Use Its Approach to Efficient Case Management and Its Trial Skills and Experience to Achieve Exceptional Results.

Susman Godfrey is committed to litigating this case efficiently and with a tight, dedicated team of attorneys, whose collective and individual qualifications are set forth in the Declaration of Kalpana Srinivasan. From the very outset of the litigation, Susman Godfrey will implement the same measures the firm routinely uses in class cases to obtain exceptional results.

#### 1. Susman Godfrey Will Have Efficient Attorneys Handle Non-Duplicative Tasks.

As a general rule. Susman Godfrey has implemented the following measures to ensure cost effective litigation in class actions:

(1) primary responsibility for tasks is assigned to a single attorney when possible;

(2) only one attorney attends most fact depositions;

(3) only one attorney attends discovery hearings;

(4) only one attorney attends significant hearings except that the lawyer taking the lead at the hearing may also bring a more junior lawyer; and

(5) only one attorney participates in meet and confer sessions with Defendants, and that attorney has authority to make agreements to further the litigation. By ensuring that a single attorney with decision-making authority participates in all meet and confer sessions, Plaintiff's counsel will not need to go back and forth with a large and unwieldy team any time there is a dispute, and will thus be better able to comply with Local Rule 37.2 with a goal of preventing the

Court from having to deal with an overload of unnecessary discovery disputes.

In current ongoing litigation, Susman Godfrey is proving that it is both possible, and advisable, for a small team of lawyers dedicated to the class to serve as Lead Counsel, even in incredibly large cases. In the *Qualcomm Litigation* MDL the Court personally appointed Kalpana Srinivasan of Susman Godfrey and only one other lawyer as Co-Lead Counsel; a third lawyer was designated as part of a steering committee. Despite the sheer volume of discovery, which will likely vastly exceed this case, Susman Godfrey has continued to successfully advance the litigation at every turn, defeating Qualcomm's motion to dismiss, and obtaining class certification over Qualcomm's vigorous opposition.

### 2. The Proposed Leadership Team Is Exceptionally Qualified for this Action.

Ms. Srinivasan and Mr. Gail are exceptionally well-qualified for their respective proposed roles and will dedicate themselves to obtaining the best results for the putative class.

Kalpana Srinivasan is a partner in the Los Angeles office of Susman Godfrey, a member of the firm's Executive Committee, and has the specialized background to represent the putative class. Prior to becoming a lawyer, Ms. Srinivasan was a reporter for The Associated Press for four years in Washington, D.C., where she focused on covering communications and national media policy—experience which will undoubtedly assist here in this case against six media corporations. She left journalism to become an attorney, and has gained substantial expertise in litigating and trying complicated cases in a variety of subject matter and legal areas, including antitrust, intellectual property, and class actions.

In addition to her personal appointment as co-lead counsel in the *Qualcomm* matter, Ms. Srinivasan has served as co-lead counsel in other major class actions. Ms. Srinivasan served as co-lead counsel representing a class of songwriters and publishers in claims that Spotify

infringed their copyrights, which settled for more than $112 million and received court approval this summer.[2] She also served as co-lead counsel for Flo & Eddie (of the '70s rock group The Turtles) and a class of owners of pre-1972 sound recordings in a class action against Sirius XM on an issue of first impression in copyright law; in that case, the parties reached a proposed settlement the day before trial—where Ms. Srinivasan was set to deliver opening arguments—in a deal valued at up to $73 million for the class.[3] Ms. Srinivasan has handled other prominent individual antitrust matters, including as counsel for plaintiff in *Tessera Technologies, Inc. v. Hynix Semiconductor, Inc.*, which settled after summary judgment was denied.[4]

Ms. Srinivasan is also an experienced, stand-up trial lawyer—she tries cases, has delivered opening and closing arguments, and has examined and cross-examined countless witnesses in courts all across the country. She has significant lead counsel trial experience, most recently having secured a $706 million jury verdict in a trade secret misappropriation and breach of contract case in Texas state court after a two-month jury trial. Judgment on the entirety of the jury's verdict, in an action involving real estate analytics technology, was entered by the court last month.[5] Ms. Srinivasan has tried cases as lead counsel in federal courts across the country, including in the Northern District of California[6] and the International Trade Commission,[7] and in such state courts as Kentucky[8] and Minnesota,[9] and has tried class action cases to verdict.

---

[2] No. 1:16-cv-08412 (S.D.N.Y.)
[3] No. 2:13-cv-05693 (N.D. Cal.)
[4] No. I-06-CV 076 688 (Cal. Super. Ct.)
[5] *Title Source, Inc. v. HousCanary, Inc. f/k/a Canary Analytics, Inc.*, Cause No. 2016-CI-06300 (73rd Judicial District, Bexar County, Texas)
[6] *GPNE Corp. v. Apple, Inc.*, Case No. 5:12-cv-02885 (N.D. Cal.)
[7] *Certain Activity Tracking Devices, Systems, and Components Thereof*, Inv. No. 337-TA-963 (U.S. Int'l Trade Comm'n.)
[8] *Johnston, et al. v. The Rawlings Co. LLC, et al.*, Case No. 08-0800 (Oldham Cnty. Cir. Ct., Ky.)
[9] *Braun v. Wal-Mart, Inc.* Case No. 19-CO-01-9790 (Dakota Cnty., Minn)

In 2018, Ms. Srinivasan was named by *The National Law Journal* as one of the Elite Women of the Plaintiffs' Bar. She was also recognized this year as an Intellectual Property Trailblazer by *The National Law Journal*. She has been included in *The Recorder*'s elite list of the Women Leaders in Tech Law every year from 2016, received the *California Daily Journal*'s California Lawyer Attorney of the Year award for her class action work, and received the 2018 Cornerstone Award by the national South Asian Bar Association for her work in advancing the role of South Asians in the legal profession.

Leonard A. Gail is one of the founding partners of Massey & Gail. He is member of the trial bar of the Northern District of Illinois, and was previously an Assistant United States Attorney in this District. During his three-decade career at Massey & Gail, Bartlit Beck, and Kirkland & Ellis, he has tried cases to verdict in both state and federal courts (including twice this year), and arbitration venues around the country. Representative examples include:

- *Straitshot RC LLC, et al. v. Telekenex, Inc. et al.*, Case No. 10-cv-268 TSZ (W.D. Wash.). After a month-long trial, Mr. Gail successfully secured a $6.49 million jury verdict against defendants for violations of Washington's Consumer Protection Act.

- *Schramm et al. v. JPMorgan Chase Bank, N.A. et al.*, Case No. CV09-09442 JAK (C.D. Cal.). Mr. Gail was retained to defend against claims by a certified class claiming hundreds of millions of dollars in damages stemming from alleged fraudulent home mortgage loan agreements. Mr. Gail secured a complete victory after a bench trial.

- *Mills vs. North Lawndale College Preparatory High School*, Case No. 2009L002712 (Circuit Court of Cook County, Law Division). Mr. Gail defended the high school's suspension of its star basketball player for cheating on an exam against a Motion for a TRO seeking reinstatement immediately prior to the state tournament. The Court issued the Order.

- *Ronald DeCesare, Jr. v. Eileen DeCesare and Pilar Godoy*, Case No. 23013-6829 (Fairfax County Circuit Court, Virginia). Mr. Gail defended Pilar Godoy in a two-week jury trial against her nephew's $20 million claim for breaches of contract and fiduciary duty. Mr. Gail secured a complete victory for Ms. Godoy.

- *Greenfield, LLC v. JPMorgan Chase Bank, N.A. et al.*, Case No. BC548794 (Sup. Ct. Los Angeles County). As of the date of this filing, Mr. Gail is currently in the third week of a jury trial defending JPMorgan Chase.

Both Ms. Srinivasan and Mr. Gail have tried cases on the defense side of class actions, which provide them with a unique multidimensional perspective into the strategies and challenges that plaintiffs face in certifying their cases and obtaining a successful result. Together, Ms. Srinivasan and Mr. Gail bring the experience necessary to run this MDL *and* to try the case before the jury. Supported by exceptional teams of litigators at both firms, this proposal ensures that the class will have vigorous, qualified, and efficient representation.

### 3.  **Susman Godfrey Commits to the Young Attorney Promise.**

Counsel pledge to fulfill this Court's expressed desire in its Civil Trial Procedures ("Trial Team Staffing") for young attorneys to have meaningful and substantive opportunities in court (with appropriate supervision).[10] Susman Godfrey has as one of its core principles a dedication to giving young lawyers key litigation roles. That is why *Vault* describes Susman Godfrey as providing "[p]artner-level responsibility for young associates,"[11] why the *Wall Street Journal* reported that "A few law firms buck the trend of keeping young lawyers stuck behind their desks. Litigation boutique Susman Godfrey LLP, for instance, routinely sends lawyers with just a

---

[10] If a senior lawyer attends a hearing with a young lawyer for supervision only, the senior lawyer will not bill for her or his time, consistent with the other proposed commitments described above.

[11] Susman Godfrey LLP Company Profile, Vault, *available at* http://www.vault.com/company-profiles/law/susman-godfrey-llp/company-reviews

few years of experience to handle arguments and hearings,"[12] and why our founding partner Steve Susman has publicly written about our firm mantra that "[i]f you go to court, you get to stand up. And if you write it, you get to speak it in court."[13] This principle is part of our daily practice. In *every* case tried by Ms. Srinivasan, an associate of the firm has presented or cross examined witnesses (or both).

B. <u>**Susman Godfrey Has Specialized Expertise with the Unique Issues in this Case.**</u>

While this litigation no doubt poses challenges, Susman Godfrey has the specialized expertise necessary to (1) grapple with the complicated logistics of bringing an antitrust class action; (2) understand the nuances of developing proof of supracompetitive pricing and potential damages claims against large media corporations; and (3) take this case to trial against some of the biggest defense-side law firms in the country if necessary. *See* Fed. R. Civ. P. 23 (g)(1)(A)(iii) (noting the court "must consider . . . counsel's knowledge of the applicable law").

First, for more than thirty-five years, Susman Godfrey has been one of the preeminent firms in the nation prosecuting antitrust class actions. As Judge William Pauley noted when appointing Susman Godfrey as lead counsel, the firm has a long history of serving as "lead counsel in hundreds of class actions, including complex antitrust actions." *See In re Crude Oil Commodity Futures Litig.*, No. 11-CV-3600 (WHP), 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012). In 2017, *Law360* named Susman Godfrey the Class Action Group of the Year,[14] and just two days ago, the American Antitrust Institute honored Susman Godfrey for the third year in a

---

[12] *More Junior Lawyers Would Please Courts,* Wall Street Journal, Sept. 25, 2016, *available at* https://www.wsj.com/articles/more-junior-lawyers-would-please-courts-1474843400

[13] How to Train Junior Lawyers (Hint: Not the Big Law Way), *available at* https://thecareerist.typepad.com/thecareerist/2014/01/steve-susman-.html (Jan. 24, 2014)

[14] *Class Action Group of the Year: Susman Godfrey*, Law360, January 16, 2018, *available at* https://www.law360.com/articles/1001591/class-action-group-of-the-year-susman-godfrey

6180290v1/016151

row at its annual Antitrust Enforcement Awards Dinner, this time for its work as co-lead counsel in *In re Vitamin C Antitrust Litigation*.[15]

Susman Godfrey has received those and other recognitions because it consistently obtains results for the classes it represents. For example, in *In re Automotive Parts Antitrust Litigation*, Steven Sklaver—who will be part of the team litigating this action—serves as Co-Lead Counsel in a case involving the largest price-fixing cartel ever brought to light. Mr. Sklaver, the Susman Godfrey team, and co-counsel, run a massive MDL litigation and have recovered $1 billion for the injured class thus far, with further recoveries expected. Since 2015, Susman Godfrey has served as Co-Lead in *In re Libor-based Financial Instruments Antitrust Litigation*, and has already recovered $590 million for the injured class from some of the largest banks in the world.[16] Susman Godfrey's track record of excellence in handling antitrust class actions against the world's largest corporations demonstrates its ability to effectively manage a case of this scope and magnitude against formidable adversaries.

Second, Susman Godfrey does not just have experience handling antitrust class actions generally, but has also had tremendous success litigating antitrust class actions specifically against the largest media corporations in the world. For example, Susman Godfrey represented 800,000 Comcast cable subscribers after Comcast and other cable companies entered into subscriber swaps and acquisitions that deterred over-builder competition and enabled Comcast to raise prices to supracompetitive levels, which settled for $50 million after remand from the United States Supreme Court.[17] In *In re Animators Antitrust Litigation*, Susman Godfrey served as Lead Counsel representing a class of animation employees against some of the world's largest

---

[15] Case No. 06-MD-1738 (E.D.N.Y.)
[16] *In re LIBOR-Based Financial Instruments Antitrust Litigation*, Case No. 1:11-md-02262-NRB (S.D.N.Y.)
[17] *Glaberson v. Comcast Corp.*, Case No. 2:03-cv-6604 (E.D. Pa.)

6180290v1/016151

media companies, including Disney, Pixar, Lucas Films, DreamWorks, and Sony. Susman Godfrey recovered more than $168 million in settlements, which resulted in an average gross recovery for each of the approximately 10,043 class members of $16,823.[18] And, in 2016, Susman Godfrey recovered $244 million for the class it represented on the first day of trial in an antitrust class action against News Corporation.[19] That specialized knowledge and experience of how to successfully litigate against media corporations and establish anticompetitive and collusive business practices, supracompetitive pricing, and damages to consumers, will be invaluable to the putative class here.

Third, at its heart, Susman Godfrey is a trial firm. Our founder Steve Susman is the Director of the Civil Jury Project at NYU School of Law, which is dedicated to protecting, improving, and expanding jury trials in the American justice system, and *Lawdragon* has recognized Susman Godfrey as "American's Leading Trial Law Firm."[20] Susman Godfrey's ability, willingness to litigate cases all the way through trial, and track record of success, will benefit the Class tremendously. This combination of talent and experience will allow counsel to operate efficiently with a keen eye towards building the strongest possible case before a jury, and it lets Defendants know that we will not accept a low settlement offer for a quick fee, but will do everything in our power, including taking the case straight to a jury if necessary, to get the best possible results for the injured class members.

Finally, Susman Godfrey also has sufficient financial resources to bear the burden of expenses that will need to be advanced far before any recovery. Susman Godfrey routinely

---

[18] *In re Animators Antitrust Litigation*, Case No. 5:14-cv-04062 (N.D. Cal.)

[19] *Dial Corp. v. News Corp.*, Case No. 1:13-cv-0682 (S.D.N.Y.)

[20] *Don't Mess with Texas: How Lawyers at Susman Godfrey Formed America's Leading Trial Law Firm*, Lawdragon (Dec. 3, 2017), *available at* http://www.lawdragon.com/2017/12/03/dont-mess-texas-susman-godfrey-became-americas-leading-trial-firm/

13

represents plaintiffs in extremely expensive cases on contingency fee basis, including cases tried to verdict where the firm advances millions of dollars in expenses.

## C. Susman Godfrey Has Done Original Work to Develop Claims of Class Members and Represents a Plaintiff Well-Suited to Protect the Class' Interests.

Susman Godfrey has worked assiduously to best develop the claims of class members. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). Although no plaintiff filed its lawsuit prior to the DOJ's announcement on July 26, 2018, that it was investigating possible antitrust violations by Sinclair, we moved quickly since then to develop claims against the defendants. For example, we consulted with expert Einer Elhauge, the Carroll and Milton Petrie Professor of Law at Harvard Law School, to look into Defendants' alleged anticompetitive conduct at issue here and provide his analysis before filing Mowrer for Iowa's complaint.

Additionally, we represent a client that suffered real harm, and will be a sympathetic and powerful plaintiff to represent the Class. Our client, Mowrer for Iowa, the authorized and designated Principal Campaign Committee of Jim Mowrer, an Iowa congressional candidate in 2014 and 2016, is particularly well suited to represent the interests of the Class. Unlike many of the other plaintiffs that filed a lawsuit against Defendants and appear to have spent only relatively small amounts of money on local advertising, Mowrer for Iowa spent hundreds of thousands of dollars during the class period purchasing television advertising time throughout the state of Iowa in order to reach voters with his message. (Compl. ¶ 2). As a congressional candidate exercising his First Amendment right to advocate for his ideas, spread his message, and reach voters before an election, Defendants' anticompetitive conduct preventing him from reaching as many voters as he otherwise could have reached with fair advertising rates, is particularly concerning. Critically, Mowrer for Iowa is the only plaintiff involved in political

advertising, which constitutes a large portion of all local television advertising in the country. For example, in 2018 alone, more than $3 billion was spent on political advertising on local TV stations,[21] which accounts for more than 10% of all local television advertising throughout the country.[22] In fact, experts base their forecasts as to whether local TV advertisers will have a good or bad advertising year almost entirely on the amount of political advertising:

> "We anticipate political advertising will generate significant ad revenue for local television this year, in particular for over-the-air revenue," said Mark Fratrik, SVP and chief economist at BIA Advisory Services. "Of all media, television still dominates in political years, even as campaigns integrate more digital advertising into their overall strategy."
>
> In 2017, a non-election year, over-the-air TV station ad revenue was down 13.4%. Political spending on TV stations is expected to be $2.8 billion.
>
> In 2019, after the elections, local over-the-air ad revenue is forecast to decline 4.9%, moving up and down afterwards with a 7.4% gain in the 2020 Presidential election year, dropping 4.7% in 2021 and rising 5.4% in 2022.

*Id.* Given the significant amount of Mowrer for Iowa's individual advertising spending, the importance of political advertising to the local TV market, and the necessity of a competitive advertising market to the ability of our democratic process to properly function, Mowrer for Iowa is particularly well-situated to best represent the putative class.

## III.   CONCLUSION

Susman Godfrey, led by Kalpana Srinivasan, has the right experience, commitment to diversity and young lawyer mentoring, and ability to effectively and efficiently litigate this action to get the best result for the Class. Plaintiff respectfully requests the Court appoint Ms. Srinivasan of Susman Godfrey as Interim Lead Class Counsel and Leonard A. Gail of Massey & Gail as Interim Lead Liaison Counsel.

---

[21] https://www.broadcastingcable.com/post-type-the-wire/more-than-3-billion-spent-on-local-tv-ads-midterms

[22] https://www.broadcastingcable.com/news/local-tv-station-revenue-seen-growing-56

Dated: November 16, 2018                    Respectfully submitted,

*/s/ Kalpana Srinivasan*
Leonard A. Gail (Bar No. 6199745)
Hillary Coustan (Bar No. 6278676)
Eli J. Kay-Oliphant (Bar No. 6326136)
MASSEY & GAIL LLP
50 East Washington Street, Suite 400
Chicago, IL 60602
(312) 283-1590
(312) 379-0467
lgail@masseygail.com
hcoustan@masseygail.com
ekay-oliphant@masseygail.com

Kalpana Srinivasan (*Pro Hac Vice*)
Steven Sklaver (Bar No. 6257198)
Bryan Caforio (*Pro Hac Vice*)
Oleg Elkhunovich (*Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
(310) 789-3150
ksrinvasan@susmangodfrey.com
ssklaver@susmangodfrey.com
bcaforio@susmangodfrey.com
oelkhunovich@susmangodfrey.com

*Counsel for Plaintiff Mowrer for Iowa*