# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION | ) ) ) ) ) ) ) | MDL No. 2867 No. 18 C 6785 Honorable Virginia M. Kendall |
| *This Document Relates to All Cases* | | |

## JOINT APPLICATION FOR CLASS LEADERSHIP SUBMITTED BY
## HAUSFELD LLP,
## ROBINS KAPLAN LLP,
## KESSLER TOPAZ MELTZER AND CHECK, LLP, &
## FREED KANNER LONDON & MILLEN LLC

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

I.    LEGAL ARGUMENT ................................................................................................ 3

II.   PROPOSED STRUCTURE ...................................................................................... 4

    A. INTERIM LEAD CLASS COUNSEL: HAUSFELD LLP ............................. 4

        1. Hausfeld LLP Will Efficiently Utilize Talent At Other Firms .................................. 7

        2. Hausfeld LLP's Longstanding Commitment to Diverse and Inclusive Teams Will Guide Formation of Teams In This Case ....................................................... 8

    B. INTERIM LEAD COUNSEL WILL BE SUPPORTED BY A TALENTED PLAINTIFFS' STEERING COMMITTEE ...................................................... 9

        1. Robins Kaplan Has A Track Record of Success, Which Will Aid The Class As Part of the PSC .................................................................................... 9

        2. KTMC Has Unique and Relevant Knowledge and Experience Prosecuting Antitrust Claims, Which Should Be Used To Benefit the Class As Part of the PSC ............................................................................................ 12

    C. INTERIM LIAISON COUNSEL: FREED KANNER ................................. 14

III.  CONCLUSION ......................................................................................................... 15

**INTRODUCTION**

Pursuant to Section IV of the Court's November 2, 2018 Initial Status Order (ECF No. 14), Hausfeld LLP, Robins Kaplan LLP, and Kessler Topaz Meltzer and Check, LLP ("KTMC") are proposing a nimble, streamlined structure that can harness some of the nation's most talented and experienced antitrust lawyers to prosecute this case. Our core team is Megan Jones, Chair of Hausfeld LLP's Electronic Discovery Group and recognized nationally and globally as a preeminent antitrust lawyer whose efforts on behalf of clients have resulted in recoveries of over a billion dollars; Hollis Salzman, Co-Chair of Robins Kaplan's Antitrust & Trade Regulation Practice Group; and Kimberly Justice, co-chair of the KTMC Antitrust Practice Group. We intend to work closely with proposed interim liaison counsel Freed Kanner London & Millen LLC ("Freed Kanner"), a nationally known plaintiffs' antirust firm in this district. Selection of this team, comprised of attorneys from firms repeatedly trusted by courts to lead complex litigation across the country in well over 100 cases among them, will ensure best-in-class, indefatigable and focused leadership. Having steered some of the largest and most complex antitrust cases in the history of the United States (*In Re Air Cargo Antitrust Litigation*, *In Re Blue Cross Antitrust Litigation*, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, among many more), the leaders of this team have decades of antitrust experience among them, which can be applied when formulating a cogent discovery plan, learning the intricacies of economic markets, and arriving at innovative settlement solutions that succeed where others have failed. Prepared from the start to litigate to the end if necessary, we have retained Scharf Banks Marmor LLC (Stephanie Scharf) for guidance to shape our litigation

plan, to meet the court's rules and procedures during the entirety of the case, and to serve as local trial counsel if needed.

One of the most important factors in establishing leadership in any complex litigation is the ability to create a group of excellent attorneys who are capable of working together effectively. "The just and efficient resolution of this case may depend in large part upon the way the attorneys comport themselves and how they overcome conflicts." ANNOTATED MANUAL FOR COMPLEX LITIGATION §10.23 (4th ed. 2009), quoting *Northern Indiana Pub. Serv. Co. v. Certain Underwriters at Lloyd's London,* 1996 WL 115466 (N.D. Ind. 1996). As the MANUAL recognizes, the Court should be "impatient with game playing and jockeying for position" by counsel attempting to obtain leadership positions. §10.23. Tellingly, our firms have been working together for months, sharing resources, evidence and strategy *without attribution* with one goal in mind: benefitting the class.[1] This Court can trust this team to be consistently professional. We are well-versed in working together both as firms and among the individuals involved in this litigation, will present the needed unified and coherent plan to confront substantial defendants with excellent counsel, and can be trusted to reach reasoned consensus views with all involved plaintiffs and avoid unnecessary motion practice and other distractions for the Court. Indeed, as detailed in our firm resumes, courts have specifically praised our ability to coordinate plaintiff counsel. Further, we are known for working productively with defendants, sparing resources and saving conflicts for critical substantive issues.

Thus, Plaintiffs Clay, Massey & Associates, P.C., Randall S. Ford, and Law Offices of Peter Miller, P.A., and Thoughtworx, Inc. d/b/a MCM Services Group respectfully request that this Court appoint Hausfeld LLP as lead counsel, with Robins Kaplan and KTMC as members of

---

[1] For example, our firms have already sent joint preservation letters to select third parties – on behalf of our own clients only, but for good order's sake.

a Plaintiffs' Steering Committee ("PSC") and Freed Kanner as liaison counsel. Having two PSC Members and a sole Lead Counsel enables the plaintiffs to draw upon the talent and experience of these law firms, as well as to supervise the teams organized to perform work for the benefit of the class, while providing the proposed class and the Court a clearly accountable firm (and individual in Megan Jones) for plaintiffs' prosecution of the case. It is anticipated that other firms will put forward competing slates of law firms to lead this case. While the undersigned counsel to date have had cordial and professional discussions here with other firms – and, indeed, have successfully prosecuted other antitrust cases with many of them – and while we would be prepared to work within any structure ordered by the Court, we respectfully submit that the leadership proposed here provides the most effective and efficient team.

## I.  LEGAL ARGUMENT

Federal Rule of Civil Procedure. 23(g)(1) outlines the considerations pertinent to the appointment of lead counsel at the time the class is certified and applies equally to the appointment of interim lead counsel before certification.[2] Under that Rule, courts must consider four factors in appointing lead counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv). *See also* Abelesz v. Magyar Nemzeti Bank, No. 10 C 1884, 2013 WL 4525399, at *1 (N.D. Ill. Aug. 20, 2013) (quoting the Rule). As demonstrated below, our proposed team ably satisfies these requirements.

---

[2] *See, e.g.*, In re Dairy Farmers of Am. Cheese Antitrust Litig., 2013 No. 09 CV 3690, 2013 WL 6050431 (N.D. Ill. Nov. 15, 2013); *see also* Manual for Complex Litigation (Fourth) § 21.11 (2004) ("MANUAL").

3

**II.      PROPOSED STRUCTURE**

  **A.     INTERIM LEAD CLASS COUNSEL: HAUSFELD LLP**

One of the world's preeminent plaintiffs-side firms, Hausfeld LLP has litigated some of the most challenging cases and achieved many precedent-setting legal antitrust decisions. *See* Hausfeld LLP's CV attached as Exhibit A. The firm has also negotiated complex settlement issues and has recovered billions of dollars on behalf of plaintiffs. *See e.g*., *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y.) and *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-07789 (S.D.N.Y.) (over ***$2.9 billion*** in final approvals of settlements achieved for class members in 2017-18 in these two cases alone). Appointing Hausfeld LLP as interim sole lead class counsel would provide the class a firm that is "[a]ble to deploy a deep bench of trial attorneys with outstanding litigation experience."[3] As *The Global Competition Review* put succinctly: "the lawyers at Hausfeld have established themselves as one of—if not the—top plaintiffs' antitrust firm in the US." Moreover, the firm goes "all in" for the plaintiffs it represents, as *The Legal 500* recognized: "Hausfeld, which 'commits extensive resources to the most difficult cases,' is widely hailed as one of the few market-leading plaintiff firms."[4] With offices across the country (and in Europe) and over 100 lawyers, Hausfeld LLP has ample resources to commit to this litigation. For these reasons, and those set forth below, Hausfeld LLP is eminently qualified to be interim sole lead counsel for the class.

Courts have repeatedly trusted Hausfeld LLP to lead complex litigation because Hausfeld LLP has consistently demonstrated its ability to prepare a record for summary judgment, a case

---

[3] https://chambers.com/profile/department/193727?publicationTypeId=5&subsectionTypeId=1&practiceAreaId=2595&locationId=12788. *See also* http://whoswholegal.com/news/analysis/article/34529/competition-2018-plaintiff/ (Who's Who Legal describing Hausfeld LLP as a "powerhouse in the plaintiffs' litigation field, with particularly deep capability in competition matters").
[4] http://www.legal500.com/c/united-states/antitrust/civil-litigation-class-actions-plaintiff

4

for trial, and a record for class certification that can withstand appeal. Hausfeld LLP has been at the helm of cases involving such diverse industries such as collegiate athletics, rubber chemicals, health care, polyurethane foam, and polyester staple, and has shown it has what it takes to build a case and make it stick. Whether it is training teams of lawyers to listen to thousands of audio tapes from the financial industry to create a nimble database of searchable evidence, or using technology-assisted review tools to quickly find crucial liability documents within millions of pages, Hausfeld LLP has creative, innovative and respectful attorneys who can get the job done. As Judge Richard L. Voorhees of the Western District of North Carolina remarked of the case in which the Hausfeld team (including Megan Jones, discussed below) was co-lead counsel: "Class Counsel, who have appeared before the Court on numerous occasions during the course of the litigation, have been exceptionally well-prepared on each occasion and demonstrated a mastery of both antitrust and class action jurisprudence." *In re Polyester Staple Antitrust Litig.*, 3:03-CV-1516 (W.D.N.C. July 19, 2007).

Hausfeld LLP's team will be led by Megan Jones, who a district court judge recently praised in court as one of "the nation's best lawyers in an MDL" and heralded as a "professional problem solver."[5] Known as a "trailblazer" who is "highly respected from all contingents"[6] and a "heavyweight practitioner,"[7] Ms. Jones has an "extraordinary depth of expertise in cartel-related matters."[8] Named as one of a handful of Leading Lawyers in the U.S. for Plaintiffs' Representation – Antitrust by *Legal 500* every year since 2012, Ms. Jones has a national reputation for excellence that has been obtained the old-fashioned way, by trying to be the best team member in the trenches. *See* "Female Powerbrokers Q&A: Hausfeld's Megan Jones," April

---

[5] *See* Exhibit B, Transcript at 23:4-10 (dated August 30, 2018).
[6] *Id.*
[7] http://www.legal500.com/c/united-states/antitrust/civil-litigation-class-actions-plaintiff
[8] http://whoswholegal.com/news/analysis/article/34529/competition-2018-plaintiff/

30, 2014 (attached as Exhibit C);⁹ *see also* Chambers and Partners' description of Ms. Jones as "personable, very smart and capable."¹⁰ She is known for creating effective multi-firm teams that focus with laser-like precision on the specific litigation strategy designed with input from diverse sources. She is also known for her relentless pursuit of the facts, and is well-regarded for her electronic discovery prowess (speaking and training others on best practices via the prestigious Sedona Conference®). Whether leading enormous cases with 20+ defendants or small regional matters, Ms. Jones masters the intricacies of economic markets and works with experts to develop economic models for her clients' recovery, which support class certification motions, settlement negotiations, and discovery efforts. She has successfully developed the record in numerous cases to obtain class certification that withstood appellate scrutiny in the Second and Fourth Circuits, and will use that experience in large, complex antitrust cases (*e.g., In Re EPDM Antitrust Litig.; In re Polyester Staple Antitrust Litig.*) for the benefit of the class here. She will also draw upon Hausfeld LLP partners Michael Hausfeld, Scott Martin and Melinda Coolidge, as needed. Offering a unique "inside baseball" perspective for the plaintiffs as well as valuable relationships, Scott Martin has played a major role in *defending* many of the largest antitrust class action cases of the last two decades, as well as having negotiated resolutions on behalf of corporate clients.

      Hausfeld LLP, and Ms. Jones in particular, embrace innovative and creative methods for the betterment of the class. In *In re Municipal Derivatives Antitrust Litigation* MDL NO. 1950 (S.D.N.Y.), Ms. Jones was co-lead counsel and recovered over $220 million dollars for a class of cities and municipalities. Notably, several of the settlements obtained in that class were jointly

---

⁹ https://www.law360.com/articles/509636/female-powerbrokers-q-a-hausfeld-s-megan-jones
¹⁰https://chambers.com/profile/department/193727?publicationTypeId=5&subsectionTypeId=1&practiceAreaId=2595&locationId=12788

negotiated with Select State Attorneys General, who trusted class counsel to administer notice and the claims process for the joint proceeds. Working hand-in-glove with the Select State Attorneys General, Hausfeld LLP was able to harness that partnership to obtain the maximum results for the class. The American Antitrust Institute recognized this, and awarded the team the "Outstanding Antitrust Litigation Achievement in Private Law Practice" in 2016.

Similarly, in the *[In re Blue Cross Antitrust Litigation](#)*, Ms. Jones created a novel approach to privilege review in a case where defendants had a combined 700,000+ privilege log entries. She suggested, and the Court instituted, a sampling process by which Plaintiffs selected samples of privilege log entries for review for each defendant and a Special Master issued rulings on those samples that were then used to de-designate similar documents on the logs. Through that process, Plaintiffs succeeded in de-designating nearly half of the privilege log entries – over 300,000 – without burdening the court with repetitive and lengthy motions to compel. Similar sensibilities will be applied here if Hausfeld LLP is appointed lead counsel.

Hausfeld LLP could not have obtained the successes mentioned above in antitrust class action litigation without a comprehensive knowledge of class action procedures, antitrust law, impactful organization of multiple law firms, and economic theory. The results speak for themselves.

### 1. Hausfeld LLP Will Efficiently Utilize Talent At Other Firms

Hausfeld LLP recognizes there are other well-qualified firms that can (and should) add value by meaningfully participating in this MDL. In addition to working with proposed PSC members, Ms. Salzman and Ms. Justice, we intend to team with Chicago firm Scharf Banks Marmor LLC, especially partners Stephanie Scharf and Ted Banks. Stephanie leads her firm's litigation practice, which represents a broad range of corporate clients in complex litigation. She has been a member of this District's Trial Bar for 30 years. She has been a member of many

7

"virtual firms" in MDL and other multi-case contexts. Theodore ("Ted") Banks has a national reputation in antitrust law including as author of a leading treatise on distribution and antitrust law which covers advertising and media. Ted is also recognized by the Department of Justice as an expert adviser on antitrust compliance to the Antitrust Division.

Hausfeld LLP also is committed to utilize the resources of willing firms or lawyers who can efficiently contribute to the class's benefit (even if outside our proposed leadership structure) and will responsibly and cost-effectively manage the resources available at other firms. Based on decades of running large antitrust cases (including the most recent experience of organizing and harnessing over 80 plaintiffs' law firms in *In Re Blue Cross Antitrust Litigation* against 35 defendants resulting in approximately 20,000,000 pages of evidence), Hausfeld LLP recognizes the responsibility to maximize the potential recovery for the proposed class by using all of the resources at its disposal (including those at other law firms), as well as to responsibly manage the case to avoid duplicative work and overstaffed tasks.

### 2. Hausfeld LLP's Longstanding Commitment to Diverse and Inclusive Teams Will Guide Formation of Teams In This Case

Hausfeld LLP achieves precedent-setting results because, among other things, the firm brings together different viewpoints and strategies by promoting diversity and inclusivity both within the Firm and in the broader legal community. In its U.S. offices, more than one-third of Hausfeld LLP's equity partners are women. Women in the firm have, for years, been leading cases such as *In re Blue Cross Antitrust Litigation,* No. 13-CV-20000-RDP (N.D. Ala.), *In re Municipal Bonds Antitrust Litigation,* MDL No. 1950 (S.D.N.Y.), and *In re Generic Pharmaceuticals Pricing Antitrust Litigation,* MDL No. 2724 (E.D. Pa.), among many others.

Partner Melinda Coolidge is Chair of the firm's New Case Committee and is instrumental in analyzing what cases the firm pursues.

Outside the firm, Hausfeld's lawyers actively promote diversity in the legal community through, among other things, the Women Antitrust Plaintiffs' Attorneys ("WAPA"), which was a conference created and founded by Ms. Jones. Like her innovative approach to cases, when Ms. Jones could not find a conference that addressed the particular needs of women in the antitrust plaintiffs' bar, she took the initiative to create one. Since 2008, WAPA has hosted national conferences that provide a platform for women plaintiffs' attorneys to develop and exchange best practices on managing antitrust litigation, providing substantive antitrust training by women litigators for women litigators. In 2016, based in part on her work with WAPA, Ms. Jones was recognized as a Nominated Changemaker and invited to attend the White House's U.S. State of Women Summit. If appointed lead counsel, Hausfeld LLP will continue that commitment and utilize diverse members (from all law firms) to best serve the interests of the class – and we respectfully submit that the Court will be justifiably proud of that leadership.

### B. INTERIM LEAD COUNSEL WILL BE SUPPORTED BY A TALENTED PLAINTIFFS' STEERING COMMITTEE

#### 1. Robins Kaplan Has A Track Record of Success, Which Will Aid The Class As Part of the PSC

Robins Kaplan, one of the few national antitrust practices to represent plaintiffs and large corporate defendants, has successfully prosecuted a number of historic class actions that have resulted in billions of dollars in recoveries on behalf of class members. *See* Robins Kaplan's CV attached as [Exhibit D](). In [*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* MDL No. 05-1720 (JG) (JO) (E.D.N.Y.)]() ("Interchange"), as co-lead counsel and the architect of plaintiffs' theory of the case, Robins Kaplan reached a groundbreaking $6.26 billion antitrust class action settlement with Visa, MasterCard, and major U.S. banks relating to

9

defendants' alleged anticompetitive practices in setting interchange fees and merchant point-of-sales rules—the largest known private antitrust class action settlement history. Additionally, Robins Kaplan, serving as co-lead counsel with Hausfeld LLP in the landmark antitrust class action, *Air Cargo*, settled with the last remaining defendants on the eve of trial, recovering more than $1.2 billion from defendants alleged to have participated in a global conspiracy to inflate the prices of airfreight shipping services. Robins Kaplan currently serves as court-appointed co-lead counsel on behalf of a class of end-payor purchasers in *In re Automotive Parts Antitrust Litigation, 12-MD-02311 (E.D. Mich.)*, a coordinated multidistrict litigation alleging 41 separate conspiracies. To date, Robins Kaplan has secured partial settlements of more than $1.1 billion in the case. Robins Kaplan also obtained nearly $600 million in settlements on behalf of public shareholders of target companies taken private in large leveraged buyouts in a class action suit against the largest private equity firms who allegedly conspired to suppress the acquisition prices for the target companies. *Kirk Dahl, et al. v. Bain Capital Partners, LLC et al.*, No. 07-cv-12388 (D. Mass.). This is one of the largest known antitrust class action settlements ever to be reached without any underlying government investigation.

Additionally, Robins Kaplan not only successfully enters into ground-breaking settlements, it has also litigated hundreds, if not thousands, of cases to a successful jury verdict, including those involving complex antitrust and class action claims on behalf of both direct and indirect purchaser plaintiffs. For example, in *In re Lorazepam and Clorazepate Antitrust Litigation*, the firm obtained a $76.8 million jury verdict on behalf of three health insurers who overpaid for prescription drugs because of the drug manufacturer's exclusion of generic competition through the restriction of the generics' supply of the active pharmaceutical ingredient. And in *In re TFT-LCD (Flat Panel) Antitrust Litigation,* MDL No. 1827 (N.D. Cal.), the firm

10

obtained a $7.47 million unanimous jury verdict on behalf of Best Buy Co., Inc. against HannStar Display Corporation for its participation in a global antitrust conspiracy to fix prices for liquid-crystal display panels.

Significantly, Robins Kaplan's litigation accomplishments extend into the television industry. In 2012, the firm obtained a $320 million verdict on behalf of Celador International, Ltd. ("Celador") against Walt Disney Co. ("Disney), after a federal jury unanimously found that Disney subsidiaries (ABC Television, Buena Vista Television, and Valleycrest Productions, Ltd.) had breached their contract with Celador to share profits from the game show "Who Wants To Be A Millionaire?" In reaching its verdict, the jury also unanimously found that the defendants breached the implied covenant of good faith and fair dealing that they owed to Celador. *See [Celador Int'l., Ltd. et al. v. Walt Disney Co. et al](), No. 2:04-cv-03541 (C.D. Cal.)*. Further, Robins Kaplan has extensive experience successfully litigating claims in the media industry and representing clients ranging from Comcast Corporation and Relativity Media LLC to Apple Corps Ltd. and major motion picture studios.

Moreover, Robins Kaplan's commitment to diversity and providing young attorneys with meaningful courtroom and deposition experience makes it an excellent choice for appointment to the PSC, as it will use these same values to assign tasks and roles in this case. In 2016, Robins Kaplan was named the Most Inclusive Law Firm for LGBT Lawyers by Chambers USA, Profiles in Diversity Journal recognized the firm as a Diversity Leader in both 2017 and 2018, and the firm received Minnesota Lawyer's Diversity & Inclusion Award in 2018. Six of the nine attorneys promoted to partner or principal in 2018 were women, and two of the nine were attorneys of color.

The Robins Kaplan team who will be litigating this action will be led by Hollis Salzman, Co-Chair of Robins Kaplan's Antitrust & Trade Regulation Practice Group and a veteran of the

plaintiffs' antitrust class action bar. In the decade-long *Air Cargo* litigation, mentioned above, where the firm secured over $1.2 billion in settlements, Ms. Salzman helped spearhead every facet of the litigation. Additionally, Ms. Salzman serves or has served in a leadership position in numerous other vigorously contested multi-district antitrust class actions. Ms. Salzman's recognitions include the following illustrative examples:

- Chambers USA described Ms. Salzman as "a primary figure on the plaintiffs' side in a number of major cartel investigations" who is "always well prepared and savvy – she knows what's important and what isn't and she works very hard at it."
- The Legal 500 described Ms. Salzman as "outstanding" and "extremely intelligent with an uncanny ability to control situations to protect her client[s]."
- National Law Journal named Ms. Salzman one of the "Elite Women of the Plaintiff's Bar."
- Ms. Salzman's achievements have also been recognized in The Lawdragon 500, Benchmark Plaintiff, The National Law Journal, and The Best Lawyers in America.

The class would be well served by her addition to the PSC.

**2. KTMC Has Unique and Relevant Knowledge and Experience Prosecuting Antitrust Claims, Which Should Be Used To Benefit the Class As Part of the PSC**

Because of its dynamic, talented team at KTMC, the firm has grown into one of the largest and most successful firms in the class-action field, recovering billions of dollars for clients around the globe since its inception in 1987. The firm has been appointed lead or co-lead counsel in numerous large-scale class actions, and has extensive experience developing, prosecuting and litigating complex fraud claims. KTMC has more than $7 billion in recent recoveries through trial judgments and settlements, as attached in the Firm's CV (Exhibit E).

One of KTMC's principal resources is Kimberly Justice. Ms. Justice is co-chair of the KTMC Antitrust Practice Group and a leading member of the firm's Securities Fraud Practice Group. Ms. Justice's long track record of success prosecuting international and domestic cartel violations and complex antitrust and securities class actions makes her exceptionally well qualified to serve on the PSC. Prior to entering private practice in 2011, Ms. Justice was a

federal prosecutor for the Antitrust Division of the U.S. Department of Justice (the "DOJ") for nearly 10 years, during which time she investigated and successfully prosecuted domestic and international anticompetitive misconduct, including in the following industries: benchmark interest rates ("LIBOR"), municipal bonds, graphite electrodes, carbon products, ocean shipping, and air cargo.  Ms. Justice is joined by a highly-qualified, diverse group of KTMC attorneys who have repeatedly taken large, well-financed institutions to task for a wide array of fraudulent schemes, and is backed by a first-class in-house Investigative Services Department staffed with several former FBI agents.

Ms. Justice received the Antitrust Division Assistant Attorney General Award of Distinction, recognizing her outstanding contribution to the protection of American consumers and competition, after securing a jury verdict against the first British national extradited by the Antitrust Division.  See *United States v. Norris*, No. 03-cr-0632 (E.D. Pa.) (Hon. Eduardo C. Robreno).  Ms. Justice also was recognized with the United States Agency for International Development Award of Distinction acknowledging the successful prosecutions of kickback schemes relating to U.S.-funded contracts in Afghanistan.  Given the DOJ's investigation here, meaningful and sophisticated interaction with the DOJ, by a seasoned former prosecutor, will be essential to advancing the class's interests as part of the PSC.

Since joining private practice in 2011, Ms. Justice has become a recognized leader in the class action bar.  Ms. Justice has successfully led litigation teams in complex class actions against numerous large institutions, including in *In Re: Lehman Brothers Equity/Debt Securities Litigation*, No. 08-cv-05523 (LAK) (GWG) (S.D.N.Y.) (co-lead counsel; $616 million recovery) and *Luther v. Countrywide Financial Corporation*, No. 12-cv-05125 (MRP) (MAN) (C.D. Cal.) (co-lead counsel; $500 million recovery), and is one of a select few who has successfully tried to

verdict a securities fraud class case brought under the Private Securities Litigation Reform Act—*In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (S.D.N.Y.), which resulted in a verdict in the class's favor in November 2014 following trial before the Honorable Shira A. Scheindlin in the Southern District of New York.

Her appointments in antitrust matters illustrate the respect she has earned from her peers and the judiciary alike, and her commitment to protecting the rights of those harmed by corporate fraud. Ms. Justice serves as co-lead counsel in *In re: Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litigation,* MDL No. 2842 (N.D. Ill.); *In re Zinc Warehousing Antitrust Litigation*, No. 14-cv-03728 (S.D.N.Y.); and *In re Allergan Generic Drug Pricing Securities Litigation,* No. 16-cv-9449 (D.N.J.) (securities fraud claims premised upon the company's participation in a widespread price-fixing conspiracy directed at certain generic drugs). Ms. Justice was also recently appointed to the Plaintiffs' Steering Committees in *In re: German Automotive Manufacturers Antitrust Litigation,* No. 3:17-md-02796 (N.D. Cal.) and *In re: Liquid Aluminum Sulfate Antitrust Litigation*, No. 16-md-2687 (D.N.J.).

      C.     **INTERIM LIAISON COUNSEL: FREED KANNER**

The Class will be served well by having the law firm of Freed Kanner London & Millen LLC appointed as Interim Liaison Counsel. As the local law firm with the most experience prosecuting price-fixing class actions in this district, Freed Kanner is ideally suited for this role. Not only is Freed Kanner adept at managing the administrative aspects of complex antitrust cases, but the firm would also bring its wealth of hard-earned experience and expertise to bear on the substantive matters that Class Counsel will confront as this case is litigated to its conclusion. Freed Kanner is a preeminent class action firm that has been appointed to numerous leadership positions in major cases in this district and across the United States. Prior to its founding in 2007 as a boutique class action litigation firm, the partners at Freed Kanner were among the pioneers

and leaders in the class action field, having previously been members of Much Shelist Freed Denenberg Ament & Rubenstein, P.C. ("Much Shelist Freed"). Over their decades of practicing class action litigation, the partners of Freed Kanner have been appointed to leadership positions in many of the largest class action cases in the country, including the numerous antitrust cases listed in their firm's CV (attached as Exhibit F). Freed Kanner's history of success litigating complex antitrust cases in this district demonstrates the firm's suitability to represent the interests of Plaintiffs and the Class as Interim Liaison Counsel in the Consolidated Action. Freed Kanner maintains offices in the Chicago area and will be able to essssssssffectively communicate with the Court and all parties as interim liaison counsel and to assist Interim Class Counsel.

### III. CONCLUSION

For all of these reasons, Plaintiffs respectfully request the Court make the following appointments: Hausfeld LLP as Interim Class Counsel, with Robins Kaplan LLP and Kessler Topaz Meltzer and Check, LLP to a Plaintiffs' Steering Committee, with Freed Kanner London & Millen LLC serving as Liaison Counsel.

Dated: November 16, 2018                                      Respectfully submitted,

Megan E. Jones                                                /s/ Stephanie A. Scharf
**HAUSFELD LLP**                                              Stephanie A. Scharf
600 Montgomery St #3200                                       SCHARF BANKS MARMOR LLC
San Francisco, CA 94111                                       333 West Wacker Drive, Suite 450
(415) 633-1908                                                Chicago, IL 60606
mjones@hausfeld.com                                           (312) 726-6000
                                                              sscharf@scharfbanks.com

Megan E. Jones
**HAUSFELD LLP**
600 Montgomery St #3200
San Francisco, CA 94111
(415) 633-1908
mjones@hausfeld.com

Michael D. Hausfeld
Melinda R. Coolidge
**HAUSFELD, LLP**
1700 K Street NW #650
Washington DC, 20006
(202) 540-7200
mhausfeld@hausfeld.com
mcoolidge@hausfeld.com

Doug A. Dellaccio, Jr.
**CORY WATSON, PC**
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
(205) 328-2200
ddellaccio@corywatson.com

Hollis Salzman
Kellie C. Lerner
William V. Reiss
Jennifer Jones
Nathaniel Ament-Stone
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
(212) 980-7400
hsalzman@robinskaplan.com
klerner@robinskaplan.com
wreiss@robinskaplan.com
jjones@robinskaplan.com
nament-stone@robinskaplan.com

Aaron M. Sheanin
Tai S. Milder
**ROBINS KAPLAN LLP**
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
(650) 784-4040

Scott A. Martin
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
(646) 357-1100
smartin@hausfeld.com

Chris T. Hellums
Jon S. Mann
**PITTMAN, DUTTON & HELLUMS, P.C.**
2001 Park Place North, Suite 1100
Birmingham, AL 35203
(205) 322-8880
chrish@pittmandutton.com
jonm@pittmandutton.com

Craig K. Wildfang
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
(612) 349-8500
kcwildfang@robinskaplan.com

Steven A. Kanner
Michael J. Freed
Robert J. Wozniak
**FREED KANNER LONDON & MILLEN LLC**
201 Waukegan Road, Suite 130
Bannockburn, IL 60015

asheanin@robinskaplan.com
tmilder@robinskaplan.com

Joseph H. Meltzer
Kimberly A. Justice
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
jmeltzer@ktmc.com
kjustice@ktmc.com

James E. Cecchi
**CARELLA, BYRNE, CECCHI,**
**OLSTEIN,**
**BRODY & AGNELLO, P.C.**
Caroline F. Bartlett
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
jcecchi@carellabyrne.com

(224) 632-4500
skanner@fklmlaw.com
mfreed@fklmlaw.com
rwozniak@fklmlaw.com

John C. Goodson
Matt Keil
**KEIL & GOODSON P.A.**
406 Walnut Street
Texarkana, Arkansas 71854
(870) 772-4113
jgoodson@kglawfirm.com
mkeil@kglawfirm.com

17

## CERTIFICATE OF SERVICE

       I certify that on November 16, 2018, I filed the foregoing using the Court's CM/ECF system, which will send e-mail notification of the filing to all counsel of record. These documents are available for viewing and downloading via the CM/ECF system.

                                                                       /s/ Stephanie A. Scharf