**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION  *This Document Relates to All Actions* | MDL No. 2867  No. 18 C 6785  Honorable Virginia M. Kendall |

**JOINT STATUS REPORT IN RESPONSE
TO THE COURT'S NOVEMBER 2, 2018 ORDER**

**A.**     **The Nature of the Claims**

**Plaintiffs' Position**

On July 26, 2018, reports surfaced that the United States Department of Justice was investigating whether defendants Sinclair Broadcast Group, Inc. and Tribune Media Co., and other unidentified local television station owners were manipulating the price of television advertising. After the July 26 report, class actions were filed alleging an unlawful conspiracy among some or all of Defendants Sinclair Broadcast Group, Inc., Tribune Media Co., Gray Television, Inc., Hearst Television Inc., Nexstar Media Group., Inc., and Tegna Inc. to fix the prices of local spot advertising in various Designated Market Areas ("DMAs"), in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. One complaint, *John O'Neil Johnson Toyota, LLC v. Gray Television, Inc.*, No.1:18-cv-2913 (D. Md.), alleges violations of various state antitrust, consumer protection, and unjust enrichment laws. This Status Report represents the consensus of the plaintiffs in all actions. Collectively, all actions are referred to as the "Consolidated Actions." A list of all filed actions is attached as Appendix A.

The Consolidated Actions generally allege that Defendants artificially inflated the price of local television advertising spots from at least January 1, 2014, through the present, including by sharing confidential information with each other. This week, six broadcast TV companies including Sinclair Broadcast Group and Tribune Media agreed to settle a civil antitrust suit filed by the U.S. Department of Justice accusing them of illegally sharing competitively sensitive information.[1]

**Defendants' Position**

Defendants deny the allegations and all liability to Plaintiffs. Plaintiffs' complaints—which are based on nothing more than a vague news report—fail to meet the pleading standards set by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Among other things, the complaints do not allege a plausible conspiracy among Defendants, any anticompetitive effects from the allegedly unlawful conduct, or facts demonstrating antitrust injury or antitrust standing. Plaintiffs' reference to the DOJ's investigation and related consent decrees only confirms the deficiency of their allegations. The DOJ took no testimony, the settlements certain

---

[1] https://www.justice.gov/atr/case/us-v-sinclair-broadcast-group-inc-et-al

1

Defendants entered into were without any admission of fault or wrongdoing, and no penalties were sought or imposed. There are no allegations much less concessions of any sort of improper pricing conduct.[2]

**B. Pending Motions, Including Matters before the Judicial Panel on Multidistrict Litigation ("JPML")**

*1. Identify All Pending Motions.*

Aside from motions for leave to appear *pro hac vice*, the parties are not aware of any motions pending before the Court.

*2. Motions Pending before the JPML*

The parties are not aware of any motions pending before the JPML.

**C. Consolidated Complaint**

**Direct Purchaser Plaintiffs' Position**

Because some Plaintiffs assert claims only under federal antitrust laws while others also assert damage claims under state antitrust laws, separate consolidated class action complaints for the Plaintiffs who are asserting federal claims only and the Plaintiffs who are also asserting state claims would be appropriate. Plaintiffs propose that Consolidated Class Action Complaints be filed within 45 days after the appointment of interim lead counsel by the Court.

**Position of Plaintiffs with Indirect Purchaser Claims**

Plaintiffs asserting indirect purchaser claims in addition to federal law claims agree to the filing of separate Consolidated Complaints for entities asserting additional indirect purchaser claims and entities asserting only direct purchaser claims.

**Defendants' Position**

Plaintiffs' antitrust and state law claims should be included in a single consolidated complaint, as is common practice in MDLs and elsewhere, except to the extent those claims are being asserted on behalf of separate proposed classes of direct and indirect purchasers. Plaintiffs' position that they will file two consolidated complaints otherwise undermines the efficiency of the MDL process and serves no legitimate purpose, as it would result in two parallel actions in which they would be pursuing the same federal claims on behalf of the same putative classes.

**D. Answers or Rule 12(b) Motions.**

*1. Answers*

Answers to at least one of the Consolidated Actions were filed prior to the JPML's ruling.[3]

---

[2] Defendants reserve the right to assert additional defenses and counterclaims to Plaintiffs' vague allegations and/or any new allegations contained in any amended complaint.

[3] *See Dozier Law Firm LLC v. Gray Television, Inc., et al.*, Case No. 1:18-cv-5392 (N.D. Ill.) (Answers filed by Gray Television, Inc., Hearst Communications, Nexstar Media Group, Inc., and Tegna Inc.).

    2.  *Answers or Rule 12(b) Motions to the Consolidated Amended Complaints*

The parties agree that if motions to dismiss under Federal Rule of Civil Procedure 12(b) are filed, they should proceed on the following schedule:

    i.    Motions to Dismiss to be filed 60 calendar days from the date upon which Plaintiffs file their consolidated complaint(s).

    ii.    Oppositions to Motion(s) to Dismiss to be filed within 60 calendar days from the date when Defendants file their Motion(s) to Dismiss; and

    iii.    Replies to be filed 30 calendar days from the date when Plaintiffs file their Oppositions.

**E.**    **Discovery Plan, Including Anticipated Electronic Discovery**

    1.  *DOJ Document Discovery*

**Plaintiffs' Position**

Discovery has not commenced in any of the Consolidated Actions. Plaintiffs do not seek to initiate discovery until the Court appoints interim lead counsel, as discussed below; however, Plaintiffs intend to seek immediate production of all documents produced by Defendants to the Department of Justice in connection with its investigation, and believe production should be ordered to occur in time to allow for those documents to be examined prior to filing of Consolidated Class Action Complaints.

Defendants argue that they should not have to produce the documents they previously produced to the DOJ. This issue has arisen repeatedly in antitrust litigation, and in the absence of a request by DOJ to stay or limit production, the vast majority of courts have ordered that the documents be produced. *See, e.g,* In re Broiler Chicken Antitrust Litig., No. 1:16-cv-08637, 2017 WL 4322823, at *3-4 (N.D. Ill. Sept. 28, 2017); In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig., No. 1:09-cv-03690 (ECF No. 75) (N.D. Ill. Mar. 4, 2010). In *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420 (N.D. Cal.)[4] the Court rejected the very argument made by defendants here and in response to defendants' argument that an early production of DOJ documents was unusual said, "Well, not according to all the district judges I spoke to at the last MDL conference . . .." August 8, 2014 Tr., 13-md-02420- ECF No. 502 at 82:25-83:2. Plaintiffs believe that argument regarding the merits of this dispute is inappropriate for purposes of this submission, and respectfully request the opportunity to fully brief this issue after the appointment of interim lead counsel.

**Defendants' Position**

No discovery, including of documents produced to the DOJ, should go forward until the Court has the opportunity to assess whether Plaintiffs are able to plead a viable antitrust claim. *See* Twombly, 550 U.S. 554. The complaints currently on file contain nothing more than bare assertions of a conspiracy, with no allegations of fact to support their claims. While Plaintiffs have said they intend to file at least one consolidated complaint, they should not be afforded pre-complaint (and one-sided) discovery of Defendants to figure out *whether* they can allege an antitrust violation.

---

[4] Relevant excerpts are attached as Appendix B.

3

The mere fact that some Defendants provided documents to the government "'does not mean that everyone else has an equal right to rummage through the same records.'" *Nexstar Broad., Inc.* v. *Granite Broad. Corp.*, 2011 WL 4345432, at *4 (N.D. Ind. Sept. 15, 2011) (quoting *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007)). As an initial matter, with no operative complaint filed, Plaintiffs' allegations are largely unknown, making it impractical if not impossible for Defendants at this stage to try to determine which documents produced to DOJ are responsive to Plaintiffs' allegations. The process of re-reviewing and re-producing in this circumstance would impose a substantial and unwarranted burden—and one that would fall entirely on the shoulders of Defendants. That problem is exacerbated by Plaintiffs' ill-defined reference to the DOJ's "investigation." Tribune, for example, produced over **3 million documents** to DOJ in connection with the potential merger between Tribune and Sinclair. Most of those documents have nothing to do with the issues presented here, and to the extent some potentially do, they have not been segregated or identified as such. Furthermore, in addition to re-reviewing for relevance and privilege, Defendants would need to review their productions for competitively sensitive information before making any documents available to Plaintiffs and to their co-Defendants (who are also among their primary competitors in certain markets).

Courts in this Circuit and elsewhere have cited similar burdens when staying the production of documents previously provided to the government pending the resolution of a motion to dismiss. *Nexstar*, 2011 WL 4345432, at *4; *see also In re: Pre-Filled Propane Tank Antitrust Litig.*, 2015 WL 11022887, at *3 (W.D. Mo. Feb. 24, 2015) (granting defendants' motion for stay of discovery in antitrust litigation, including a stay on production of documents previously produced to the FTC in a related investigation); *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008) (granting defendants' motion for a stay of discovery in antitrust litigation, including a stay of documents previously produced to governmental agencies, because defendants' "need to review such a large volume of documents prior to producing them would be a significant burden"); *In re GPU*, 2007 WL 2127577, at *5 (granting defendants' motion to stay discovery in multidistrict antitrust litigation, including production of documents previously produced to the SEC, pending court's resolution of motion to dismiss).

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' request for "immediate" discovery of documents previously produced to DOJ. If the Court is inclined to grant Plaintiffs' request, or to allow any other discovery to proceed prior to a ruling on motions to dismiss, Defendants request an opportunity to fully brief the issue and to further articulate the production burden they would face. The parties agree that this issue should be the subject of full briefing and motion practice.

2. *Discovery Schedule*

Plaintiffs proposed that to maximize efficiency, a discovery schedule should be set after the Court appoints interim lead counsel. Defendants agree. The Manual for Complex Litigation provides that Plaintiff's Lead Counsel shall be responsible for coordinating pretrial activities of plaintiffs, including "working with opposing counsel in developing and implementing a litigation plan," determining and presenting the plaintiffs' position "on all matters arising during pretrial proceedings" and "coordinat[ing] the initiation and conduct of discovery on behalf of plaintiffs[.]" *Manual for Complex Litigation, Fourth* §§ 10.221, 10.222 and 40.22 (2004). After this Court appoints interim lead counsel, the parties should propose a comprehensive discovery

schedule, including both fact and expert discovery. Following the leadership appointment, the parties should also meet and confer about the exchange of relevant information prior to the commencement of discovery, including the identity of custodians and other sources of relevant information.

3. *Preservation of Evidence*

The parties do not believe an order directing the preservation of evidence is necessary at this time. The parties do intend to address preservation issues as part of the negotiations of an Electronic Discovery Protocol.

4. *Electronic Discovery*

In accordance with the Federal Rules of Civil Procedure, the parties intend to meet and confer with the intention of filing a proposed Electronically Stored Information ("ESI") Protocol within 30 calendar days after the filing of the consolidated complaint(s).

5. *Confidentiality Order*

**Plaintiffs' Position**

Plaintiffs believe that it will be most efficient to negotiate the Confidentiality Order after appointment of Lead Counsel and therefore propose filing a proposed, agreed-upon confidentiality order within 21 calendar days of the Court's leadership appointments, or if agreement cannot be reached will submit the matter to the Court for resolution.

**Defendants' Position**

Defendants are willing to work with Plaintiffs to file a proposed, agreed-upon confidentiality order by the December 14, 2018 deadline set by the Court. As set forth above, no discovery should occur prior to resolution of motions to dismiss; however, in no event should any document production be required until an agreed-upon confidentiality order is entered.

6. *Status of Settlement Discussions*

No settlement discussions have occurred to date. The parties believe that it is premature to request a settlement conference before lead counsel is appointed.

7. *Tag along cases*

The Consolidated Actions are identified in the attached Appendix A. The parties will timely notify the Court of any additional tag-along cases.

8. *Management Issues*

The parties do not anticipate any other management issues for the Court to address at this time.

Dated: November 16, 2018         Respectfully submitted,

                                                /s/ Robert S. Kitchenoff

Lesley E. Weaver
**BLEICHMAR FONTI & AULD LLP**
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: 415-445-4003
Fax: 415-445-4020
lweaver@bfalaw.com

*Counsel for Plaintiff One Source Heating & Cooling, LLC*

Warren T. Burns
Will Thompson
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
Email: wburns@burnscharest.com
wthompson@burnscharest.com

Korey Nelson
Amanda Klevorn
Lydia Wright
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

*Counsel for Plaintiffs LM SAC, LLC, d/b/a Jaguar Little Rock*
*and Land Rover Little Rock and Owens Murphy Jaguar Land Rover VW,*
*and Southern Chevrolet Cadillac, Inc.*

Robert A. Clifford
Shannon S. McNulty
**CLIFFORD LAW GROUP, P.C.**
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
Telephone: 312/899-9090
312/251-1160 (fax)
rac@cliffordlaw.com
smm@cliffordlaw.com

James E. Cecchi
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
Caroline F. Bartlett
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
jcecchi@carellabyrne.com

Doug A. Dellaccio, Jr.
**CORY WATSON, PC**
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
(205) 328-2200
ddellaccio@corywatson.com

Jonathan W. Cuneo
Victoria Sims
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave., NW
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
vicky@cuneolaw.com

*Counsel for John O'Neil Johnson Toyota, LLC*

**DICELLO LEVITT & CASEY LLC**
Adam J. Levitt
John E. Tangren
Amy E. Keller
Adam Prom
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
alevitt@dlcfirm.com
jtangren@dlcfirm.com
akeller@dlcfirm.com
aprom@dlcfirm.com

*Counsel for The Bon-Ton Stores*

Michael J. Freed
Steven A. Kanner
Douglas A. Millen
Robert J. Wozniak
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
mfreed@fklmlaw.com
skanner@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com

*Counsel for Thoughtworx, Inc. d/b/a MCM Services Group*

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Brittany N. Resch
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
220 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:   (612) 333-8844
Facsimile:   (612) 339-6622
Email:        dgustafson@gustafsongluek.com
              dhedlund@gustafsongluek.com
              mlooby@gustafsongluek.com
              bresch@gustafsongluek.com

*Counsel for Plaintiffs Dozier Law Firm and Curb Appeal Madison LLC*

Anthony D. Shapiro
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:   (206) 623-7292
Facsimile:   (206) 623-0594
Email:        tony@hbsslaw.com

*Counsel for Plaintiff Gibbons Ford, LP*

Megan E. Jones
**HAUSFELD LLP**
600 Montgomery St #3200
San Francisco, CA 94111
(415) 633-1908
mjones@hausfeld.com

Michael D. Hausfeld
Melinda R. Coolidge
**HAUSFELD, LLP**
1700 K Street NW #650
Washington DC, 20006
(202) 540-7200
mhausfeld@hausfeld.com
mcoolidge@hausfeld.com

*Counsel for Randal S. Ford, d/b/a Ford Firm*

Joseph R. Saveri
Steven N. Williams
Jiamie Chen
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
E-mail: jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
jchen@saverilawfirm.com

*Counsel for Holmen Locker & Meat Market*

Gary L. Specks
**KAPLAN FOX & KILSHEIMER LLP**
423 Sumac Road
Highland Park, Illinois 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580
Email: gspecks@kaplanfox.com

Elana Katcher (admitted pro hac vice)
Robert N. Kaplan
Gregory K. Arenson
Jeffrey P. Campisi
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor

New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
Email: ekatcher@kaplanfox.com
rkaplan@kaplanfox.com
garenson@kaplanfox.com

*Counsel for Advertising Agency Plaintiff Crowley Webb and Associates, Inc.*

Daniel R. Karon
Beau D. Hollowell
**KARON LLC**
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Telephone: (216) 551-9175
Facsimile: (216) 241-8175
Email: dkaron@karonllc.com
bhollowell@karonllc.com

*Counsel for Hoglund, Chwialkowski & Mrozik, P.L.L.C.*

John C. Goodson
Matt Keil
**KEIL & GOODSON P.A.**
406 Walnut Street
Texarkana, Arkansas 71854
(870) 772-4113
jgoodson@kglawfirm.com
mkeil@kglawfirm.com

*Counsel for Law Offices of Peter Miller, P.A.*

Joseph H. Meltzer
Kimberly A. Justice
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
jmeltzer@ktmc.com
kjustice@ktmc.com

*Counsel for Law Offices of Peter Miller, P.A.*

10

Jeffrey A. Klafter
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone:   (914) 934-9200 x 301
Facsimile:   (914) 934-9220
Email:       jak@klafterolsen.com

*Counsel for Northtown Automotive Companies, Inc.*

Gregory S. Asciolla*
Karin E. Garvey *
Robin A. van der Meulen*
Brian Morrison*
Jonathan Crevier*
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
rvandermeulen@labaton.com
bmorrison@labaton.com
jcrevier@labaton.com

*(pro hac vice pending)

*Counsel for The Bon-Ton Stores*

Katrina Carroll
Kyle A. Shamberg
**LITE DEPALMA GREENBERG, LLC**
111 West Washington Street, Suite 1240
Chicago, IL 60602
Telephone:   (312) 750-1256
Email:       kcarroll@litedepalma.com
             kshamberg@litedepalma.com

*Counsel for Hoglund, Chwialkowski & Mrozik, P.L.L.C*

11

Barbara J. Hart
Scott V. Papp (pro hac vice application forthcoming)
Peter Demato, Jr. (pro hac vice application forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Email: bhart@lowey.com
spapp@lowey.com
pdemato@lowey.com

**MASSEY & GAIL LLP**
Leonard A. Gail
Hillary Coustan
50 East Washington Street,
Suite 400
Chicago, IL 60602
(312) 283-1590
lgail@masseygail.com
hcoustan@masseygail.com

*Counsel for Plaintiff Mowrer For Iowa*

James M. Terrell
**METHVIN TERRELL, PC**
2201 Arlington Avenue South
Birmingham, Alabama 35205
Tel.: 205-939-0199
Fax: 205-939-0399
jterrell@mmlaw.net

*Counsel for Plaintiff One Source Heating & Cooling, LLC*

R. Brent Irby
**MCCALLUM, HOAGLUND & IRBY, LLP**
905 Montgomery Highway, Suite 201
Vestavia Hills, AL 35216
Telephone:  (205) 824-7767
Email:       birby@mhcilaw.com


*Counsel for Plaintiff Dozier Law Firm LLC*

**MCLAFFERTY LAW FIRM, P.C**.
David P. McLafferty
923 Fayette Street
Conshohocken, PA 19428
(610) 940-4000
dmclafferty@mclaffertylaw.com

*Counsel for My Philly Lawyer*

**McCUNE WRIGHT AREVALO, LLP**
Derek Y. Brandt
100 N. Main St., Suite 11
Edwardsville, IL 62025
618-307-6116
dyb@mccunewright.com

*Counsel for Plaintiff Forbes*

Daniel J. Mogin (CA Bar No. 95624)
Jennifer M. Oliver (CA Bar No. 311196)
Jodie M. Williams (CA Bar No. 247848)
**MOGINRUBIN LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
(619) 687-6611
dmogin@moginrubin.com
joliver@moginrubin.com
jwilliams@moginrubin.com

Jennifer M. Oliver
**MOGINRUBIN LLP**
One America Plaza
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-798-5361
joliver@moginrubin.com
www.moginrubin.com

*Attorneys for Plaintiff, The Barnes Firm, L.C.*

Garrett D. Blanchfield
Brant D. Penney
**REINHARDT WENDORF & BLANCHFIELD**
332 Minnesota Street, Suite W1050
St. Paul, MN 55101
Telephone: (651) 287-2100
Email: g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com

*Counsel for Plaintiff Hoglund, Chwialkowski & Mrozik, P.L.L.C.*

**ROBBINS ARROYO LLP**
BRIAN J. ROBBINS
GEORGE C. AGUILAR
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)
E-mail: brobbins@robbinsarroyo.com
gaguilar@robbinsarroyo.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
JAMES E. BARZ (IL Bar # 6255605)
FRANK RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
E-mail: jbarz@rgrdlaw.com
frichter@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
PATRICK J. COUGHLIN
DAVID W. MITCHELL
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619-231-1058
619-231-7423 (fax)
E-mail: patc@rgrdlaw.com
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

*Attorneys for Plaintiff Masseys Jewelers*

Hollis Salzman
Kellie C. Lerner
William V. Reiss
Jennifer Jones
Nathaniel Ament-Stone
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
(212) 980-7400
hsalzman@robinskaplan.com
klerner@robinskaplan.com
wreiss@robinskaplan.com
jjones@robinskaplan.com
nament-stone@robinskaplan.com

Aaron M. Sheanin
Tai S. Milder
**ROBINS KAPLAN LLP**
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
(650) 784-4040
asheanin@robinskaplan.com
tmilder@robinskaplan.com

Craig K. Wildfang
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
(612) 349-8500
kcwildfang@robinskaplan.com

*Counsel for Clay, Massey & Assocs., P.C.*

**RUPP BAASE PFALZGRAF CUNNINGHAM, LLC**
Arthur N. Bailey
Marco Cercone
1600 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 664-2967
bailey@ruppbaase.com
Cercone@ruppbaase.com

*Counsel for Advertising Agency Plaintiff Crowley Webb and Associates, Inc.*

Simon Bahne Paris
Patrick Howard
Charles J. Kocher
**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 575-3986
Facsimile: (215) 496-0999
Email: sparis@smbb.com
phoward@smbb.com

Stephanie A. Scharf
**SCHARF BANKS MARMOR LLC**
333 West Wacker Drive, Suite 450
Chicago, IL 60606
(312) 726-6000
sscharf@scharfbanks.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Christopher M. Burke
Walter W. Noss
600 W. Broadway, Suite 3300
San Diego, CA 92101
619-233-4565
cburke@scott-scott.com
wnoss@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo
Thomas K. Boardman
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
212-223-6444
jguglielmo@scott-scott.com
tboardman@scott-scott.com

*Counsel for Plaintiff Forbes*

Jayne Conroy
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th floor
New York, New York 10016
Tel.: 212-784-6400
Fax: 212-213-5949
JConroy@simmonsfirm.com

Justin Presnal
**SIMMONS HANLY CONROY LLC**
One Court Street
Alton, Illinois
62002
Tel.: 618-259-2222
Fax: 618-259-2251
jpresnal@simmonsfirm.com

*Counsel for Plaintiff One Source Heating & Cooling, LLC*

**SPECTOR ROSEMAN & KODROFF, P.C**.
Eugene A. Spector
William G. Caldes
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300
espector@srkattorneys.com
bcaldes@srkattorneys.com

*Counsel for My Philly Lawyer*

**SUSMAN GODFREY L.L.P.**
Kalpana Srinivasan
Steven Sklaver
Bryan Caforio
Oleg Elkhunovich
1900 Avenue of the Stars,
Suite 1400
Los Angeles, CA 90067
(310) 789-3100
ksrinvasan@susmangodfrey.com
ssklaver@susmangodfrey.com
oelkhunovich@susmangodfrey.com
bcaforio@susmangodfrey.com

*Counsel for Plaintiff Mowrer For Iowa*

Samuel J. Strauss
**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
Email: sam@turkestrauss.com

*Counsel for Plaintiff Curb Appeal Madison LLC*


Kenneth A. Wexler
Justin N. Boley
Tyler Story
**WEXLER WALLACE LLP**
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Email: kaw@wexlerwallace.com
jnb@wexlerwallace.com
tjs@wexlerwallace.com

*Counsel for Plaintiffs Dozier Law Firm LLC; Gibbons Ford, LP; Curb Appeal Madison LLC; and Holmen Locker & Meat Market*

Robert S. Kitchenoff
**WEINSTEIN KITCHENOFF & ASHER LLC**
100 South Broad Street, Suite 705
Philadelphia, PA 19110-1061
(215) 545-7200
(215) 545-6535
kitchenoff@wka-law.com

*Counsel for Walley's Auto Sales, Inc.*

**WOOD LAW FIRM, LLC**
E. Kirk Wood
P. O. Box 382434
Birmingham, AL 35238-2434
205-908-4906
ekirkwood1@bellsouth.net

*Counsel for Plaintiff Forbes*

18

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Jay Cohen (admitted *pro hac vice*)
William Michael (admitted *pro hac vice*)
Daniel H. Levi (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
jaycohen@paulweiss.com
wmichael@paulweiss.com
dlevi@paulweiss.com

**MOLOLAMKEN LLP**
Gerald P. Meyer
300 N. LaSalle St.
Chicago, IL 60654
Telephone: (312) 450-6700
Facsimile: (312) 450-6701
gmeyer@mololamken.com

*Counsel for Defendants Tribune Media Company and Tribune Broadcasting Company, LLC*

**KIRKLAND & ELLIS LLP**
Eliot A. Adelson (admitted *pro hac vice*)
555 California Street, 29th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
eliot.adelson@kirkland.com

James H. Mutchnik
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
james.mutchnik@kirkland.com
*Counsel for Defendant Nexstar Media Group, Inc.*

**SHEARMAN & STERLING LLP**
Jerome S. Fortinsky (admitted *pro hac vice*)
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
jfortinsky@shearman.com

Brian Hauser
401 9th Street, N.W.
Suite 800
Washington, DC 20004-2128
Telephone: (202) 508-8000
Facsimile: (202) 508-8100
brian.hauser@shearman.com

**SCANDAGLIA RYAN LLP**
Gregory J. Scandaglia
55 E. Monroe St.
Suite 3440
Chicago, IL 60603
Telephone: (312) 580-2020
Facsimile: (312) 782-3806
gscandaglia@scandagliaryan.com

*Counsel for Defendant Sinclair Broadcast Group, Inc.*

**CRAVATH SWAINE & MOORE LLP**
Evan R. Chesler (admitted *pro hac vice*)
Julie A. North (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
echesler@cravath.com
jnorth@cravath.com

*Counsel for Defendant Hearst Television Inc.*


| | |
|---|---|
| **JENNER & BLOCK LLP** | **COOLEY LLP** |
| Ross B. Bricker | Mazda K. Antia (admitted *pro hac vice*) |
| Rachel S. Morse | 4401 Eastgate Mall |
| 353 N. Clark St. | San Diego, CA 92121 |
| Chicago, IL 60654 | Telephone: (858) 550-6400 |
| Telephone: (312) 222-9350 | Facsimile: (858) 550-6420 |
| Facsimile: (312) 527-0484 | mantia@cooley.com |
| rbricker@jenner.com | |
| rmorse@jenner.com | *Counsel for Defendant Gray Television, Inc.* |

*Counsel for Defendant TEGNA Inc.*