**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION** | ) ) ) ) ) ) ) ) | **MDL No. 2867** <br> **Case No. 18-cv-06785** <br><br> **Judge Virginia M. Kendall** |

**PETITION FOR APPOINTMENT AS CO-LEAD COUNSEL BY
CUNEO GILBERT AND LADUCA, LLP AND CLIFFORD LAW OFFICES, P.C.**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................3

INTRODUCTION ............................................................................................1

Preliminary Statement....................................................................................2

Argument ....................................................................................................3

A.    The Court Should Appoint CGL and Clifford Law as Co-Lead Counsel for Plaintiffs with Indirect Purchaser Claims ................................................3

B.    Proposed Co-Lead Counsel Have Worked Diligently on Behalf of the Class. ...............................................................................................4

C.    Proposed Lead Counsel and Supporting Counsel Have Formidable Experience and Extensive Knowledge of the Applicable Law..............................5

    1.    Cuneo Gilbert & LaDuca ............................................................6

    2.    Clifford Law Offices ..................................................................9

D.    The Firms Have Extensive Experience Leading MDLs and Complex Litigations ..............................................................................................12

    1.    Cuneo Gilbert..........................................................................12

    2.    Clifford Law Offices ................................................................13

E.    The Firms' Attorneys Are Knowledgeable and Resourceful................................13

F.    CGL and Clifford Law are Free from Conflicts ...................................................14

# TABLE OF AUTHORITIES

**CASES**

*DIK Drug Co. v. Altana Pharma AG*, 2008 WL 2264586 (D. N.J. 2008)...................................17

*Galanti, et al. v. The Goodyear Tire & Rubber Company*, D.N.J., No. 03-cv-209 ......................9

*In re Certainteed Corporation Roofing Shingles Products Liability Litigation*, MDL 1817.......................................................................................................................................9

*In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 373 (M.D.N.C. 2003) ...............................6

*In re Enron Corp. Sec. Litig.*, S.D. Tex., No. H-01-3624............................................9

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262, Case No. 11-2262 (Oct. 18, 2011 S.D.N.Y.). ....................................................................................2

*In re OSB Antitrust Litig.*, 2007 WL 2253425 (E.D. Pa. 2007)....................................17

*In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 351 (E.D.N.Y. 2000)...................6

*Order Regarding Auto Dealers' Motion For An Award Of Attorneys' Fees, Reimbursement Of Litigation Expenses, And A Set Aside For Future Litigation Expenses From Round Three Settlements*, 2:12-cv-00102. ECF No. 568 (E.D. Mich. Nov. 5, 2018). ....................................................................................8

*Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181 (11th Cir. 2003) ................18

**RULES**

Fed. R. Civ. P. 23 Advisory Committee Note (2003)...................................................6

Fed. R. Civ. P. 23(g)(1)(B) ...........................................................................................6

Fed. R. Civ. P. 23(g)(2)..................................................................................................7

Fed. R. Civ. P. 23(g)(3)..................................................................................................6

Federal Rules of Civil Procedure, Rule 23(g)................................................................7

**REGULATIONS**

Manual for Complex Litigation-4th at ¶ 10.221 .......................................................4, 7

Manual for Complex Litigation-4th at ¶ 21.271 ...........................................................6

Plaintiff, John O'Neil Johnson Toyota LLC, individually and on behalf of all others similarly situated ("Plaintiff"), through its attorneys, Jonathan W. Cuneo, Victoria Sims, Robert A. Clifford and Shannon McNulty and pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, respectfully submits this Motion for the Co-Appointment of Cuneo Gilbert and LaDuca, LLP ("CGL") and Clifford Law Offices, P.C. ("Clifford Law"), as Co-Lead Counsel for Plaintiffs with Indirect Purchaser claims, and in support thereof, states as follows:

**<u>INTRODUCTION</u>**

The plaintiffs in this action seek recovery of overcharges paid for advertising time as a result of collusion by the Defendants, who are owners of local television stations. This case involves claims by entities such as advertising agencies, who purchased advertising time from the Defendants directly. However, in the case of John O'Neil Johnson, the case also involves claims by a business that purchased advertising time indirectly, through entities like advertising agencies, who passed the damages on to it. As far as CGL and Clifford Law are aware, no other counsel besides CGL and Clifford Law seeks to serve as lead counsel for such plaintiffs.

The *Manual for Complex Litigation* states that the most important consideration in determining lead counsel is to ensure that the litigation proceeds efficiently and economically "without jeopardizing fairness to the parties." *Manual,* §10.221.

A leadership structure that includes counsel for purchasers with indirect claims is necessary to ensure fairness to such litigants and to serve their specific interests. These plaintiffs uniquely assert state law claims that purchasers who only assert direct, federal law claims do not have any motivation to litigate or pursue.

Appointing CGL and Clifford Law as counsel for plaintiffs with such claims ensures that the cases are vigorously prosecuted, without any conflicts of interest, while also facilitating the identification, management and coordinated resolution of issues unique to certain purchasers.

Courts have recognized that conflicts should be avoided in representation of classes. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262, Case No. 11-2262 (Oct. 18, 2011 S.D.N.Y.).

Proposed Co-Lead Counsel offer extensive experience in crafting and obtaining multi-state class certifications in antitrust, securities and consumer rights actions under a variety of state and federal laws, as well as supplying the necessary financial resources and actual trial experience. CGL and Clifford Law bring with them both extensive experience litigating complex class actions in this District and deep antitrust experience.

This two-firm team achieves the type of lean structure frequently favored by courts. Counsel will be able to devote sufficient resources to litigating this case, without the duplication and high fees and expenses that could result from the use of a large lead counsel team.

### Preliminary Statement

The firms of CGL and Clifford Law offer a powerful combination of the expertise, knowledge, integrity and resources necessary to prosecute this antitrust case against Defendants, as well as long histories of successfully prosecuting and bringing to trial class actions and MDL proceedings. Indeed, Mr. Cuneo and Ms. Sims, of CGL, focus on handling antitrust cases, and Mr. Cuneo is often sought for both representation and consultation on antitrust matters. Moreover, Mr. Clifford's practice focuses on the preparation and trial of complex, multi-party cases, substantially in Chicago, and he is frequently sought to serve as lead trial counsel in complex matters.

CGL and Clifford Law are fully committed to this litigation and its success and have personally allocated significant capital and personnel resources to prosecuting it. Moreover, both firms are committed to eliminating redundancies in the prosecution of this case, namely in the

work-up of the cases and evidence needed for trial.  Further, Petitioner's counsel have worked collaboratively with each other, and with the several other firms involved in this litigation.

Equally important for this Court and plaintiffs, Clifford Law is located, here, in Chicago, while CGL is headquartered in Washington, D.C., a short, direct flight away. Because one of the two firms applying for lead counsel is also located in Chicago, this team does not require separate liaison counsel and can instead offer an efficient two-firm team.

## Argument

### A.    The Court Should Appoint CGL and Clifford Law as Co-Lead Counsel for Plaintiffs with Indirect Purchaser Claims

Pursuant to Fed. R. Civ. P. 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In doing so, the Court should:

> inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately.

Manual for Complex Litigation-4th at ¶ 21.271. These factors for appointing interim class counsel are drawn from the Rule 23(g)(1) factors for selecting class counsel. Courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). While "[n]o single factor should necessarily be determinative in a given case," Fed. R. Civ. P. 23 Advisory Committee Note (2003), the experience and ability of the firms to handle class action litigation becomes crucial when all firms have undertaken independent investigations into the underlying facts and legal claims, as is the case here. If more

than one adequate applicant seeks to be designated, "the court must appoint the applicant best able to represent the interests of the class." See Fed. R. Civ. P. 23(g)(2) (emphasis added).

Further, a court may appoint more than one group to act in a leadership capacity "when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." Manual for Complex Litigation-4th at ¶ 10.221.

**B.    Proposed Co-Lead Counsel Have Worked Diligently on Behalf of the Class.**

The firms have undertaken a thorough investigation of Defendants' alleged unlawful conduct and have developed a case theory supported by the facts and the law. Counsel have interviewed their client and carefully analyzed their case to identify both direct and indirect, federal law and state law claims, all of which counsel has thus far zealously prosecuted. Indeed, Counsel's investigation resulted in the only complaint counsel is currently aware of that alleges indirect purchaser claims, under various applicable state laws.

Counsel has also researched the Defendants, including their statements and filings on the issues here, in order to gain an understanding of their collusive conduct and the television advertising industry that it has affected. CGL and Clifford Law thus stand ready to oppose Defendants' contemplated motions to dismiss, as they have successful done in numerous other cases of this kind.

In addition, counsel has carefully followed and reviewed the news reports and Justice Department filings associated with the government investigation of Defendants' conspiracy and intends to vigorously pursue discovery from Defendants to prove their violations of state and federal antitrust, consumer protection and unjust enrichment laws.

Counsel also reviewed the individual complaints and dockets in this action, to familiarize itself with the progress and facts of other cases consolidated in this MDL, in order to prepare to

cooperatively and effectively work with the other attorneys in this case and to aid in coordinating these cases into an efficient MDL.

Counsel's work in this case even before being appointed lead counsel demonstrates its commitment. Among other things, the firms have: worked out a stipulation with Defendants regarding answers to the complaint, worked on a joint status report, participated on numerous calls with other Plaintiffs' groups to organize the case and filings and begun work on a consolidated amended complaint.

### C. Proposed Lead Counsel and Supporting Counsel Have Formidable Experience and Extensive Knowledge of the Applicable Law.

The second and third enumerated factors under Rule 23(g)—counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action and counsel's knowledge of the applicable law—also strongly support appointment of Plaintiffs' Proposed Lead Counsel. Courts appointing lead counsel have placed great emphasis on proposed class counsel's experience and knowledge of applicable law. *See generally In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 351 (E.D.N.Y. 2000) ("Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class."); *In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 373 (M.D.N.C. 2003).

Here, Proposed Co-Lead Counsel have significant experience leading the prosecution of complex matters, including class actions, antitrust actions, fraud claims, related statutory causes of action, unjust enrichment, and injunctive relief claims. They have repeatedly served as lead or co-lead counsel in such cases, have obtained multi-million dollar verdicts and settlements in complex litigation, are well-versed in the applicable law, and will draw on their substantial knowledge and experience to effectively represent plaintiffs and the putative class in this matter.

1.      **Cuneo Gilbert & LaDuca**

a.      **Relevant Experience Representing Small Businesses,**
        **such as the Claimants Here**

Cuneo Gilbert & LaDuca ("CGL") specializes in representing small businesses, often retailers, like its client and proposed class members here, in antitrust litigation. CGL is lead counsel for independent pharmacies in the *Generic Pharmaceuticals Pricing Antitrust Litigation*, Case No. 16-MD-2724. CGL is lead counsel for commercial food preparers in the *Packaged Seafood Products Antitrust Litigation*, Case No. 15-md-02670-JLS-MDD. CGL also represents hospitals in the *National Prescription Opiate Litigation, U.S. District Court*, Case No. 17-md-02804. CGL is thus particularly well-poised to address the unique issues of small retailers.

CGL is already serving as co-lead counsel for a class that includes automobile dealers, like the class of Plaintiffs with Indirect Purchaser claims in this case. CGL is interim co-lead counsel for the Dealership Class in the *Automotive Parts Antitrust Litigation*, 12-md-02311, a case based on the largest antitrust conspiracy in history.[1] In that litigation, CGL has represented a class of dealerships seeking damages in thirty jurisdictions, as well as nearly forty individual dealerships, since 2012, when it was appointed interim co-lead counsel by Senior Judge Marianne O. Battani, in the Eastern District of Michigan.

The *Automotive Parts* litigation encompasses forty-two cases, concerns a price-fixing and bid-rigging conspiracy that lasted nearly two decades and includes over seventy defendant families. In the six-plus years that CGL has represented this class of dealerships, it has recovered more than $300 million. This is the largest dealership class recovery CGL is aware of.

---

[1]  https://www.reuters.com/article/carparts-dojprobe/auto-parts-price-fixing-probe-has-expanded-doj-official-idUSL1N0BF74T20130215 (Former Deputy Attorney General Scott Hammond described it thusly: "I say (it is) the biggest with respect to the impact on U.S. business and consumers, and the number of companies and executives that are subject to the investigation.")

In its representation, CGL has led the dealerships' claims past dozens of motions to dismiss, creating significant favorable caselaw in the Sixth Circuit, prevailed in the majority of discovery disputes seeking burdensome discovery from the Dealerships, and gotten the Dealership class certified many times over, in the settlement context. Indeed, CGL has prevailed on the majority of contested motions in the case.

The *Automotive Parts* litigation also involved many different parties, with varied interests, including a stand-alone direct purchaser advancing an individual action, a direct purchaser class, an end-payor (consumer) class, and state attorneys general. CGL has coordinated and worked together with all of these different parties, in party and third-party discovery, as well as motion practice, and is prepared to engage in the same type of cooperation with the purely direct purchaser litigants and other counsel in this action.

Both Judge Battani and Special Master Gene J. Esshaki have recognized CGL's hard work on behalf of dealerships and Judge Battani has awarded CGL attorneys' fees numerous times in multiple rounds of settlements. For instance, in the most recent order granting the fees requested by CGL and its co-counsel, as co-lead counsel for the Dealerships, the court stated that "Counsel for the auto dealers achieved excellent results while litigating claims against defendants that are represented by some of the most skilled and prominent antitrust defense lawyers in the world." *Order Regarding Auto Dealers' Motion For An Award Of Attorneys' Fees, Reimbursement Of Litigation Expenses, And A Set Aside For Future Litigation Expenses From Round Three Settlements*, 2:12-cv-00102. ECF No. 568, at 7 (E.D. Mich. Nov. 5, 2018).

### b.    Other Relevant Experience and Achievements

CGL has achieved success for a range of clients by: helping to recover billions of dollars in shareholder litigation, obtaining compensation for Holocaust survivors, and working to recover hundreds of millions of dollars for homeowners with defective construction materials.

CGL has years of experience litigating and prosecuting complex class actions such as this case, including such cases such as the *Enron Securities Litigation* where more than $7 billion was recovered for defrauded investors[2] and CertainTeed's defective organic shingles litigation where the firm served as Co-lead Counsel in an MDL that secured a settlement valued at more than $700 million.[3] CGL and Mr. Cuneo were also lead counsel in *Galanti v. Goodyear Tire & Rubber Company*,[4] a case involving a tremendous schism among the plaintiffs' lawyers -- replete with competing injunctive requests, objections and acrimony. CGL brought the factions together for a binational settlement, of over $340 million.

CGL's attorneys have extensive experience in the antitrust realm and class action litigation. Mr. Cuneo, one of CGL's named partners who will work on this litigation, is well versed in the issues of indirect purchaser litigation and has worked on antitrust issues for nearly 40 years, both as a litigator and a public servant. Mr. Cuneo previously worked at the Federal Trade Commission and then as Counsel to the House Committee with jurisdiction over the antitrust laws. He is also the co-editor of a textbook, THE INTERNATIONAL HANDBOOK OF PRIVATE ENFORCEMENT OF COMPETITION LAW (Edward Elgar Publishing Inc., 2010). In 2016, the American Antitrust Institute awarded Mr. Cuneo its Alfred Kahn Award of Lifetime Achievement, an award whose other recipients include the prime minister of Italy. Mr. Cuneo is also one of CGL's primary attorneys working on the aforementioned *Automotive Parts Antitrust Litigation.*

---

[2] *In re Enron Corp. Sec. Litig.*, S.D. Tex., No. H-01-3624
[3] *In re Certainteed Corporation Roofing Shingles Products Liability Litigation*, MDL 1817
[4] *Galanti, et al. v. The Goodyear Tire & Rubber Company*, D.N.J., No. 03-cv-209

Ms. Sims, who will be joining Mr. Cuneo in this Litigation, is also counsel in the *Automotive Parts Antitrust Litigation*, where she has served as the direct interface with dealerships in making productions, defending depositions and successfully briefing and arguing a variety of motions. Ms. Sims's work in that case has been recognized by the American Antitrust Institute, which named her as a recipient of its Award for Outstanding Antitrust Litigation Achievement by a Young Lawyer. Ms. Sims has also co-authored a chapter in the in the handbook PRIVATE ENFORCEMENT OF THE ANTITRUST LAW IN THE UNITED STATES, (Albert A. Foer and Randy M. Stutz, eds., 2012).

With its wealth of experience both in cases representing dealerships and in other cases, CGL will be a valuable asset to the Lead Counsel team in this case. CGL's firm resume is attached as Ex. A. The biographies of Jonathan W. Cuneo and Victoria Sims are attached as Exhibits B and C.

###      2.      Clifford Law Offices

Mr. Clifford and his firm are highly capable and competent class and trial counsel, unquestionably capable of more than adequately representing the interests of the class[5]. Further, Mr. Clifford's work in promoting civility in the profession is widely known and recognized by both courts and professional associations, and likely to prove useful in seamlessly coordinating the commons issues of this case, while managing the equally distinct aspects of this MDL. Mr. Clifford is Chicago-based, and therefore very well-versed in the local rules of this District, as well as fully accessible to this Court and counsel on an ongoing and immediate basis.

Clifford Law Offices has established a national reputation for protecting consumers' and patients' rights, having been named by the National Law Journal as one of the Top 10 Litigation

---

[5]  See Exhibit D, Clifford Law Offices Firm Profile.

Boutiques in the country. NLJ also named his firm one of the top 20 "Plaintiff's Hot List" and as one of the 25 "Go-To" plaintiffs' law firms in the country. More recently, Clifford Law Offices was named to the 2018 Best Lawyers® in America list in several areas of law including Commercial Litigation; Bet-the-Company Litigation; Personal Injury Litigation – Plaintiffs; Mass Tort Litigation / Class Actions – Plaintiffs; Product Liability Litigation – Plaintiffs; and, Qui Tam Law.

Mr. Clifford has worked on a number of complex litigation lawsuits over the past three decades including multi-district and class cases. One of his most distinguished accomplishments was serving as counsel for all of the interests that lost property after the 9/11 World Trade Center Towers attack. Numerous lawsuits were filed against American Airlines and United Airlines for their multiple failures in properly screening the terrorists who eventually boarded these flights. These complex, and often contentious, suits were brought on behalf of insurance companies and business interests from around the globe. With Robert A. Clifford as counsel, the cases settled in 2012 for $1.2 billion.

Mr. Clifford also has served as liaison counsel or lead counsel in several commercial jet crashes. More recently, Bob Clifford was Co-Lead Counsel in the *Hale v. State Farm* class case pending before Judge Herndon in the Southern District of Illinois which settled for $250,000,000.00 moments before Bob Clifford was to cross-examine his first State Farm witness. He was also Co-Lead Counsel in the *Pella Proline Windows* case pending before Judge Sharon Johnson Coleman in this District. (*Hale v. State Farm Mut. Ins*., 3:12-cv-00660, SD-IL; *Eubank v. Pella Corp*., 1:06-cv-04481, ND-IL).

Mr. Clifford has received many awards and accolades recognizing his professionalism and leadership, which are detailed in his *curriculum vitae* attached, hereto, as Exhibit E. He was

10

named as the recipient of the 2014 American Inns of Court Professionalism Award for the Seventh Circuit. The award is given to a lawyer whose life and practice has demonstrated "sterling character and unquestioned integrity, coupled with ongoing dedication to the highest standards of the legal profession and the rule of law."

Mr. Clifford is committed to promoting the profession, having served a number of leadership positions in a variety of bar and scholarly associations. He has been inducted into the International Society of Barristers, the Inner Circle of Advocates and the American Law Institute, a group of 3,000 prominent judges, lawyers and academics from around the world who are selected on the basis of professional achievements in the law. Mr. Clifford was selected to participate in a select group of aviation consultants who advised the Rand Institute for Civil Justice, a California-based think tank, on the investigation process of the National Transportation Safety Board. Mr. Clifford also has been asked to sit on the Rand Institute's Board of Overseers.

For the past ten years, Mr. Clifford has provided what is believed to be one of the largest single CLE programs addressing ethics in the profession. Mr. Clifford serves as moderator, and has assembled many of the nation's most talented authorities on a variety of legal subjects to present at his firm's free CLE program, attended by more than 2,600 lawyers and judges.

Mr. Clifford endowed the first Chair on Tort Law and Social Policy to his alma mater, De Paul University College of Law. This generous gift provides for an annual symposium where academicians, lawyers and judges from across the country gather to speak on a timely topic of interest dealing with the relationship between tort law, popular culture and societal needs. Mr. Clifford has never been sanctioned by any Court.

### D. The Firms Have Extensive Experience Leading MDLs and Complex Litigations

Here we provide the Court with some of the MDL and large-scale cases where the Firms were appointed as lead, co-lead counsel or were appointed to an active leadership role.

#### 1. Cuneo Gilbert

- Judge Marianne Battani and Special Master Gene J. Esshaki, *Automotive Parts Antitrust Litigation*, Case No. 12-md-02311 (Interim Co-Lead Class Counsel for Automobile Dealership Plaintiffs, in a case concerning the largest price-fixing and bid-rigging case in antitrust history. Recovered nearly $300 million for dealerships in thirty jurisdictions and prevailed on the majority of the contested motions.)

- Judge Patricia A. Seitz, *Rosner v. United States*, Case No. 01-1859-CV-PAS (Represented Hungarian Holocaust survivors whose property found on the "Gold Train" in the final days of World War II was appropriated by the U.S. government and obtained a first-of-its-kind statement by the U.S. government acknowledging its part in the events.)

- Judge Cynthia M. Rufe, *In Re Generic Pharmaceuticals Pricing Antitrust Litigation*, Case No. 16-MD-2724 (Lead Counsel for Independent Pharmacies in thirty jurisdictions alleging a conspiracy to fix the prices of generic drugs.)

- Judge Stanley Chesler, *Galanti v. Goodyear Rubber Co.*, Case No. 3:03-cv-00209 (Co-lead counsel in action resulting in a bi-national settlement of approximately $345 million for purchasers of defective radiant heating hose.)

- Raymond Ikola[6], *Benson v. Kwikset Corporation*, Case No. 00CC01275 (The "Labels Matter" case where Cuneo Gilbert & LaDuca obtained a landmark decision from the California Supreme Court.)

- Judge Victoria Chaney[7], *Colgan v Leatherman Tool Group*, Case No. BC 247 889 (Action alleging inaccurate "Made in the USA" labeling. Cuneo Gilbert & LaDuca obtained significant injunctive relief following a hard-fought trial.)

- Judge Janis L. Sammartino, *In re: Packaged Seafood Products Antitrust Litigation*, Case No. 15-md-02670-JLS-MDD (Lead Counsel for Commercial Food Preparers representing putative classes in 27 jurisdictions alleging a conspiracy to fix the prices of shelf-stable canned seafood.)

---

[6] Served as trial judge in the noted action; now serving as judge on the California Court of Appeal.

[7] Served as trial judge in the noted action; now serving as judge on the California Court of Appeal.

### 2. Clifford Law Offices

- *In re September 11 Litigation, 21 MC 101 (AKH) Alvin K. Hellerstein*, (E.D. NY) Judge Daniel Patrick Moynihan.

- A*ir Crash Disaster near Roselawn, Indiana on October 31, 1994*, (N.D. Ill.) Honorable Judge Ruben J. Castillo

- *In Re: Air Crash At Lexington, Kentucky, August 27, 2006*, (E.D. KY), Honorable Judge Karl Forester (Now Deceased)

- *In Re: Air Crash Near Clarence Center, New York On February 12, 2009*, (W.D. NY), Honorable Judge William M. Skretny (Chief Judge)

- *In Re: Air Crash Near Point Mugu, California On January 31, 2000*, (N.D. CA), Honorable Judge Charles R. Breyer

- *Gregory Greene, et al.v. Mark Karpeles, et al.* (Mt. Gox Bitcoin Exchange Litigation), (N.D. Ill.), Honorable Judge Gary Feinerman

- *Eubanks v. Pella Windows Corporation* (Pella Proline Litigation), (N.D. Ill.), Honorable Judge James B. Zagel and Honorable Judge Sharon Johnson Coleman

- *In Re Sears, Roebuck & Co. Front-loading Washer Products Liability Litigation,* (N.D. Ill.), Honorable Magistrate Judge Mary H. Rowland

- *In Re: Herbal Supplements Marketing And Sales Practices Litigation*, (N.D. Ill.), Honorable Judge Amy J. St. Eve

- *Hale v. State Farm,* Case No. 3:12- cv-00660 (S.D. Ill).

### E. The Firms' Attorneys Are Knowledgeable and Resourceful.

The Cuneo and Clifford Firms have extensive knowledge of the relevant substantive and procedural law regarding the state law and antitrust claims at issue and have spent decades applying that knowledge to successfully and efficiently prosecute complex class actions. Both firms have a diverse and well-regarded set of attorneys that routinely work-up and bring to trial cases of this complexity. Both firms also have the ability to allocate the type of capital needed to fund litigation of this type. Messrs. Cuneo and Clifford have devoted their careers to securing the

resources, in terms of attorneys and staff, discovery and experts, and the funding needed to advance the rights and claims of plaintiffs.

### F.      CGL and Clifford Law are Free from Conflicts

Importantly, CGL and Clifford Law are able to represent the claims of purchasers with indirect claims without conflict. Plaintiffs with indirect purchaser claims purchase their advertising time from members of the Direct Purchaser Class, who pass their damages on to the Indirects. Therefore, the other firms petitioning for leadership, who represent Direct Purchaser plaintiffs, may not also represent Indirect Purchasers. *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1195 (11th Cir. 2003).

Further, plaintiffs with indirect claims who also possess direct claims, like John O'Neil Johnson, may be pressured to waive their direct claims, either in a pleading or settlement context, if they are not represented by independent counsel. Indirect Purchasers must have counsel who will preserve all of their claims. They therefore require separate representation from Direct Purchasers.

Courts have acknowledged that, in antitrust cases, conflicts or tensions exist among any class members who are differently situated as to issues of damage calculation and the application of the pass-on defense. *See In re OSB Antitrust Litig.*, 2007 WL 2253425, at *5 (E.D. Pa. 2007) (re-seller cannot adequately represent consumers because it cannot be deemed to credibly address the pass-through issue on behalf of consumers); *DIK Drug Co. v. Altana Pharma AG*, 2008 WL 2264586, at *2 (D. N.J. 2008) (recognizing conflicts between classes of direct and indirect purchasers who seek different types of damages).

In situations such as this, where classes of plaintiffs have inherent conflicts with one another, courts will appoint separate lead counsel for the respective classes. For example, in *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262, Case No. 11-2262 (Oct. 18, 2011

14

S.D.N.Y.), the court appointed two separate sets of lead counsel because there were distinct categories of plaintiffs and because the firms acknowledged a potential conflict in representing both groups of plaintiffs. *Memorandum and Order*, at 2-3. There, Judge Naomi Reice Buchwald summarized her reasoning:

> We have concluded that separate putative classes should be maintained for those plaintiffs who engaged in over-the-counter transactions and those plaintiffs who purchased financial instruments on an exchange. *These two classes may be differently positioned at various stages of the litigation, creating a potential conflict in their joint representation.* For example, the issue of antitrust standing could be raised with respect to the exchange-based plaintiffs, who admittedly did not purchase products directly from any of the defendants. We express no opinion at this time as to the merits of such an argument, but the likelihood that the argument will be raised is sufficient to generate a conflict. Similarly, separate representation is advisable because the two categories of plaintiffs may require different treatment in the event of settlement.
>
> A far more commonsense approach is to divide plaintiffs into two putative classes and *appoint interim lead counsel for each class*. There is ample precedent for this approach at the pre-certification stage. In fact, the framework has been adopted specifically in the context of antitrust cases in which there are two distinct groups of plaintiffs, one of whom more "directly" interacted with the defendants than the other.

*Id*. at 5-6 (emphasis added).

Similarly, in the *Automotive Parts Antitrust Litigation*, MDL 2311 (E.D. Mich.), the Court appointed separate counsel for direct purchasers, automobile dealerships and consumers, avoiding conflicts between parties who purchased from one another and offering each class independent representation.

## CONCLUSION

For all of the reasons set forth above, Cuneo Gilbert & LaDuca LLP and Clifford Law Offices, P.C. respectfully request to be appointed lead counsel for plaintiffs with indirect purchaser claims.

Filed: November 16, 2018

/s/ Shannon M. McNulty
Robert A. Clifford
Shannon M. McNulty
**CLIFFORD LAW OFFICES, P.C**.
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
Telephone:  (312) 899-9090
312/251-1160 (fax)
rac@cliffordlaw.com
smm@cliffordlaw.com

JJonathJonathan W. Cuneo
Victoria Sims
**CUNEO GILBERT & LaDUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
vicky@cuneolaw.com

16

<u>**CERTIFICATE OF SERVICE**</u>

I, Shannon M. McNulty, an attorney, hereby certify that on November 16, 2018, I served the **PETITION FOR APPOINTMENT AS CO-LEAD COUNSEL BY CUNEO, GILBERT AND LADUCA AND CLIFFORD LAW OFFICES, P.C.,** by causing a true and accurate copy of such papers to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Shannon M. McNulty*
Shannon M. McNulty
smm@cliffordlaw.com
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
312.899.9090

17