# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>LOCAL TV ADVERTISING ANTITRUST LITIGATION<br><br>*This Document Relates to All Actions* | MDL No. 2867<br>No. 18 C 6785<br><br>Honorable Virginia M. Kendall |

# **CONFIDENTIALITY ORDER**

The Parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.** **Definitions**.

**(a)** "Action" means the above-captioned action, and any and all cases consolidated or coordinated with it.

**(b)** "Discoverable Information" means all materials produced or adduced in the course of discovery, including Documents, ESI, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom.

**(c)** "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(l)(A).

**(d)** "ESI" shall have the same meaning and scope as it has in Federal Rule of Civil Procedure 34(a)(1)(A).

**(e)** "Party" means a Party to the Action that has executed this Stipulation.

**(f)** "Producing Party" means any Party or non-Party who produces Discoverable Information.

**(g)** "Receiving Party" means a Party in the Action to whom Discoverable Information is produced.

**2.** **Scope**. Discoverable Information shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

1

under the applicable legal principles. The failure of this Order to address any particular issue is without prejudice to any position that a Party may take on that issue. Each Party or non-party who designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Overuse of the confidentiality designations is discouraged.

    **3.**    **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party as set forth in this Paragraph. Produced information that falls within one or more of the following categories may be designated as "CONFIDENTIAL": (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a Party to the case. Produced information may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when it contains competitively sensitive information such as non-public proposed or actual pricing or other contract or sales terms, sales and inventory data or strategic planning information, the disclosure of which information would, in the good faith opinion of the producing party, adversely affect the producing party's business, commercial or financial interests or be reasonably likely to cause competitive injury to the producing party. Where a producing party produces information that contains proposed or actual pricing or other contract or sales terms of another party, the producing party shall designate such information "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Information or documents that are available to the public may not be designated as Confidential Information.

**4.     Designation.**

**(a)**     A Party may designate Discoverable Information as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Confidentiality Designations")" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  Confidentiality Designations shall be applied prior to or at the time of the documents are produced or disclosed. Applying Confidentiality Designations to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents containing Confidentiality Designations shall also be so marked, except that indices, electronic databases or lists of documents that do not contain portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)**     The designation of Discoverable Information as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.[1]

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party.  By asserting Confidentiality Designations with respect to Discoverable Information pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

**5. Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the fourteenth day after the transcript is delivered to counsel for the party whose witness was deposed or the witness. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

**6. Protection of Confidential Material.**

**(a) General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

**(b) Limited Disclosures of "CONFIDENTIAL" Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Information designated as "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (1)-(12). Subject to these requirements, the following categories of persons may be allowed to review Information designated as "CONFIDENTIAL":

(1) **Counsel.** Counsel for the Parties and employees of counsel who have responsibility for the action;

4

(2) **Parties.** Individual parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel**;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons or entities who provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation);

(9) **Jury consultant.** Professional jury or trial consultants (and their staff) and mock jurors to whom disclosure is reasonably necessary for this Action and who are assisting counsel for a Party, provided that they have signed Attachment A;

(10) **Mediator.** Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

(11) **Insurers' counsel.** The counsel representing the insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team; and

(12) **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

    **(c)**     **Limited Disclosures of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information.** Counsel for the parties shall not disclose or permit the disclosure of any information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person or entity except:

(1)     **Outside counsel**. Outside counsel for the parties and employees of outside counsel who have responsibility for the action;

(2)     **Defendants' In-House Litigation Counsel**. Defendants' in-house litigation counsel who will be involved in the defense of its client (the "Client") in this action, who are not and will not be counseling its Client on business decisions or transactional matters where the CONFIDENTIAL – ATTORNEYS' EYES ONLY designated-information may be relevant and who sign the agreement in the form of Attachment B hereto ("Defendants' In-House Litigation Counsel") and its Client's legal department staff, temporary employees and consultants who work for Defendants' In-House Litigation Counsel for the purpose of assisting in the conduct of this action (such as copying services, database managers, paralegals and clerical assistants) who likewise are not and will not be involved in counseling its Client on business decisions or transactional matters where the CONFIDENTIAL – ATTORNEYS' EYES ONLY designated-information may be relevant;

(3)     **The Court and its personnel**;

(4)     **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(5)     **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)     **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     **Witnesses at depositions**. During their depositions, witnesses in this action to whom Counsel has a good-faith basis to believe disclosure is reasonably necessary and who have signed the Attachment A, Acknowledgment of Understanding and Agreement to be Bound, provided that (i) the witness is an author, addressee, or recipient of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material; or (ii) the witness is a source of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material; or (iii) the witness is a current employee of the producing party or producing non-party and has lawful access to the specific document containing

6

the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to be disclosed; or (iv) the witness is a former employee of the producing party or producing non-party and had lawful access to the specific document containing the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to be disclosed.

In addition, where a party wishes to use "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material in an examination of a witness at a deposition in circumstances other than those enumerated above (*e.g.*, the witness or conduct of the witness is referenced or discussed in "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by an entity other than the witness's current or former employer), it may do so provided that (i) prior to any examination of a witness at a deposition concerning any such "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, the witness has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound and (ii) the party wishing to use "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material in the examination of the witness obtains consent from the producing party or non-party, which consent must be requested at least five (5) business days prior to the commencement of the deposition. The producing party shall not disclose to any other counsel either the fact of such a request or the identity of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material that is the subject of the request and shall not unreasonably withhold consent to use of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material. The producing party may, however, condition its consent on reasonable redaction of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material (*e.g.*, matters that do not relate to the subject on which the witness is to be questioned). All parties and all non-parties producing "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material will negotiate in good faith regarding the use and redaction of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material. In the event an agreement cannot be reached, the Court shall be asked to resolve the dispute. In the event that a dispute covered by this subparagraph is not resolved prior to the conclusion of the deposition in question, any party may apply to the Court for proposed relief, including to resume the deposition solely for the limited purpose of examining the witness on the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, and for an appropriate order on who should bear the costs of resuming the deposition if such relief is granted. No party shall make such an application to the Court absent a good faith basis for doing so.

Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Jury consultant.** Professional jury or trial consultants (and their staff) and mock jurors to whom disclosure is reasonably necessary for this Action and who are assisting counsel for a Party, provided that they have signed Attachment A;

(10) **Mediator.** Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

(11) **Insurers' counsel.** The counsel representing the insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team; and

(12) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(d)** **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**7.** **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony, unless otherwise ordered by the Court. If a Party designates a document as Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**8.** **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

**9.** **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

**10.** **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any Party. A Receiving Party may challenge a designation of confidentiality at any time. A Receiving Party does not waive its right to challenge a designation of confidentiality by electing not to a mount a challenge promptly after the original designation is disclosed. The following procedure shall apply to any such challenge.

**(a)** **Meet and Confer.** A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days.

**(b)** **Judicial Intervention.** A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in

9

detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

    **11.** **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

    **12.** **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

    **(a)** If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving Party must so notify the designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    **(b)** The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

    **(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The

designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13. Challenges by Members of the Public to Sealing Orders.** A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14. Obligations on Conclusion of Litigation.**

**(a) Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[2] or (3) as to documents bearing the notations, summations, or other mental

---

[2] The parties agree that the Receiving Party shall make reasonable efforts to destroy documents containing Confidential Information and that the Receiving Party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports. The Receiving Party's reasonable efforts shall also not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold

11

impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so.

**(c)     Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**15.     Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

**16.     No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule

---

obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order.  If requested by the Producing Party in writing, each Receiving Party must submit a written confirmation to the Producing Party stating that the Receiving Party has complied with this paragraph by the later of the 63-day deadline set forth above or 7 days after receiving the Producing Party's written request.

26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**18.** **Miscellaneous.**

**(a)** **Right to Object**. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**(b)** **Additional Parties**. In the event that a new Party is added, substituted, or otherwise brought into this Action, this Order will be binding on and inure to the benefit of the new Party once that new Party has executed the Acknowledge and Agreement to be Bound, subject to the right of the new Party to seek relief from or modification of this Order.

*So Ordered.*

Dated: February 15, 2019

_____
U.S. District Judge
Virginia M. Kendall

13

**WE SO MOVE and agree to abide by the terms of this Order**

*/s/ Megan E. Jones*
**HAUSFELD LLP**
Megan E. Jones
600 Montgomery St., #3200
San Francisco, CA 94111
(415) 633-1908
mjones@hausfeld.com

*Lead Counsel*

*/s/ Hollis Salzman*
**ROBINS KAPLAN LLP**
Hollis Salzman
399 Park Avenue, Suite 3600
New York, New York
(415) 633-1908
mjones@hausfeld.com

*Plaintiffs' Steering Committee*

*/s/ Kimberly A. Justice*
**KESSLER TOPAZ MELTZER & CHECK, LLP**
Kimberly A. Justice
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
kjustice@ktmc.com

*Plaintiffs' Steering Committee*

*/s/ Robert J. Wozniak*
**FREED KANNER LONDON & MILLEN LLC**
Robert J. Wozniak
201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
rwozniak@fklmlaw.com

*Liaison Counsel*

**WE SO MOVE and agree to abide by the terms of this Order**

*/s/ Jay Cohen (with permission)*
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Jay Cohen (admitted *pro hac vice*)
William Michael (admitted *pro hac vice*)
Daniel H. Levi (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
jaycohen@paulweiss.com
wmichael@paulweiss.com
dlevi@paulweiss.com

Gerald P. Meyer
**MOLOLAMKEN LLP**
300 N. LaSalle St.
Chicago, IL 60654
(312) 450-6700
gmeyer@mololamken.com

*Counsel for Defendants Tribune Media Company and Tribune Broadcasting Company, LLC*

*/s/ Ross B. Bricker (with permission)*
**JENNER & BLOCK LLP**
Ross B. Bricker
Rachel S. Morse
Andrew Merrick
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
rbricker@jenner.com
rmorse@jenner.com
amerrick@jenner.com

*Counsel for Defendant TEGNA Inc.*

*/s/ Jerome S. Fortinsky (with permission)*
**SHEARMAN & STERLING LLP**
Jerome S. Fortinsky (admitted pro hac vice)
599 Lexington Avenue
New York, New York 10022-6069
(212) 848-4000

14

| | |
|---|---|
| Dated: February 13, 2019 | jfortinsky@shearman.com |
| | Brian Hauser<br>401 9th Street, N.W.<br>Suite 800<br>Washington, DC 20004-2128<br>(202) 508-8000<br>brian.hauser@shearman.com |

*/s/ Gregory J. Scandaglia (with permission)*
**SCANDAGLIA RYAN LLP**
Gregory J. Scandaglia
55 E. Monroe Street, Suite 3440
Chicago, IL 60603
(312) 580-2020
gscandaglia@scandagliaryan.com

*Counsel for Defendant Sinclair Broadcast Group, Inc*

*/s/ Evan R. Chesler (with permission*)
A member of the firm
**CRAVATH SWAINE & MOORE LLP**
Evan R. Chesler (admitted *pro hac vice*)
Julie A. North (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
echesler@cravath.com
jnorth@cravath.com

Eva M. Saketkoo (admitted *pro hac vice*)
**HEARST CORPORATION**
300 West 57 Street, 40th Floor
New York, NY 10019
(212) 841-7000
esaketkoo@hearst.com

Natalie J. Spears
**DENTONS US LLP**
233 South Wacker Drive, Suite 5900
Chicago, IL 60606
(212) 649-2046
natalie.spears@dentons.com

*Counsel for Defendant Hearst Television Inc.*

*/s/ Eliot A. Adelson (with permission)*
**KIRKLAND & ELLIS LLP**
Eliot A. Adelson (admitted *pro hac vice*)
555 California Street, 29th Floor
San Francisco, CA 94104
(415) 439-1400
eliot.adelson@kirkland.com

James H. Mutchnik
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
james.mutchnik@kirkland.com

*Counsel for Defendant Nexstar Media Group, Inc.*

*/s/ Mazda K. Antia (with permission)*
**COOLEY LLP**
Mazda K. Antia (admitted *pro hac vice*)
4401 Eastgate Mall
San Diego, CA 92121
(858) 550-6400
mantia@cooley.com

John C. Dwyer (admitted *pro hac vice*)
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5228
dwyerjc@cooley.com

Beatriz Mejia (admitted *pro hac vice*)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
(415) 693-2145
mejiab@cooley.com

*Counsel for Defendant Gray Television, Inc.*

Dated: February 13, 2019

## ATTACHMENT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br><br>LOCAL TV ADVERTISING ANTITRUST LITIGATION<br><br>*This Document Relates to All Actions* | MDL No. 2867<br>No. 18 C 6785<br><br>Honorable Virginia M. Kendall |

## ACKNOWLEGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____  Signature: _____

**ATTACHMENT B**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE:<br><br>LOCAL TV ADVERTISING ANTITRUST LITIGATION<br><br>*This Document Relates to All Actions* | MDL No. 2867<br>No. 18 C 6785<br><br>Honorable Virginia M. Kendall |

**IN-HOUSE LITIGATION COUNSEL
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms, including with respect to the restrictions imposed by Paragraph 5(c)(2); The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Address: _____

Client: _____

Date: _____   Signature: _____