**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION | Case No. 18-06785<br>MDL No. 2867<br><br>Judge:   Hon. Virginia M. Kendall |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GRAY TELEVISION, INC.**

**I.      INTRODUCTION**

Plaintiffs do not directly allege any claims against Gray TV: "Plaintiffs do not allege, at this time, that [Gray Television, Inc. ("Gray TV")] participated in the alleged conduct directly; merely that Gray TV is liable for the acts of Raycom Media, Inc., which it acquired." (ECF ¶ 20.) This bare allegation that Gray TV is liable is not enough to state a claim. Instead, Plaintiffs must allege facts demonstrating that it is appropriate to pierce the corporate veil and hold Gray TV responsible for the acts of its subsidiary, Raycom Media, Inc. ("Raycom").

Plaintiffs, however, do not purport to plead—and plead no facts that might—pierce the corporate veil. There are no facts even suggesting that Raycom is "a sham entity designed to defraud investors and creditors." *Eagle Air Transp., Inc. v. Nat'l Aerotech Aviation Delaware, Inc.*, 75 F. Supp. 3d 883, 896 (N.D. Ill. 2014) (quoting *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 496 (Del.2003)). Because Plaintiffs have not pled these facts, Gray TV is not a proper party to this lawsuit and the claims against it should be dismissed.

**II.      STATEMENT OF FACTS**

Plaintiffs filed their Consolidated Amended Complaint on April 3, 2019, in which they purport to allege claims "aris[ing] from a price fixing cartel facilitated by an anticompetitive information exchange between and among certain major television station owners and operators to artificially inflate the prices of broadcast television spot advertisements in violation of Section 1 of the Sherman Act (15 U.S.C. § 1)." (ECF 223 ¶ 1.) Plaintiffs allege claims against nine defendants, including Gray TV. (*Id.* ¶¶ 19-27.)

All of the defendants—except Gray TV—"entered into consent decrees with the DOJ." (*Id.* ¶ 18.) Because Gray TV did not enter a consent decree with DOJ, "Plaintiffs do not allege, at this time, that Gray TV participated in the alleged conduct directly; merely that Gray TV is liable for the acts of Raycom Media, Inc., which it acquired." (*Id.* ¶ 20.) Indeed, as Plaintiffs allege again and again, their only possible theory of liability against Gray TV is as the owner of Raycom Media, Inc.

- "Gray Television, Inc. (***through its acquisition of Raycom Media, Inc.***) . . . ." (*Id.* ¶ 2

1.

(emphasis added));

- "As mentioned below, while Gray Television, Inc. was not named as a defendant in any of the suits brought by the DOJ, in January of 2019, *it finalized the acquisition of Raycom Media, Inc., and thereby assumed liability for the acts of the acquired entity*." (*Id.* ¶ 5 n.2 (emphasis added));

- "Each of the Defendants named herein entered into consent decrees with the DOJ, *except Gray Television, Inc., which purchased an entity (Raycom Media, Inc.) that did so.*" (*Id.* ¶ 18 (emphasis added));

- "The DOJ also filed the Judgments and the Statement as to all Defendants except for Gray TV (*after these dates, Gray TV finalized its acquisition of Raycom, which was implicated in the DOJ filings*), for violating Section 1 . . . ." (*Id.* at ¶ 60 (emphasis added));

- "The Judgments mandate Defendants' (*and Gray TV, by virtue of its acquisition of Raycom*), conduct for seven years, wherein Defendants must [refrain from certain activities and engage in other certain requirements]." (*Id.* at ¶ 61 (emphasis added)).

Other than basic background, (*Id.* ¶ 20), and information about the acquisition of Raycom, (*Id.* ¶ 132), these are the sum total of Plaintiffs' substantive allegations against Gray TV.

### III. LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570).

### IV. ARGUMENT

Plaintiffs seek to hold Gray TV liable for the alleged conduct of its subsidiary, Raycom. To do so, however, Plaintiffs must allege (and ultimately prove) facts permitting the Court to

pierce the corporate veil. *See Eagle Air Transp., Inc. v. Nat'l Aerotech Aviation Delaware, Inc.*, 75 F. Supp. 3d 883, 896-897 (N.D. Ill. 2014). Because Plaintiffs plead no facts which would justify piercing the corporate veil between Raycom and Gray TV, Plaintiffs' claims against Gray TV should be dismissed. *See id.* at 896-897 (dismissing claim where alleged facts were insufficient to pierce the corporate veil); *Gumino v. First Data Corp.*, 2017 WL 1478115 at *4 (N.D. Ill. Apr. 25, 2017) (same).

As a preliminary matter, veil-piercing is an equitable doctrine governed by the law of the state in which the entity at issue was incorporated. *Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 610 (7th Cir. 2009). Because Raycom is a Delaware corporation, Delaware law supplies the applicable veil-piercing standard. *See id.*

To state a veil-piercing claim under Delaware law, "the plaintiff must plead facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud investors and creditors." *Eagle Air Transp., Inc. v. Nat'l Aerotech Aviation Delaware, Inc.*, 75 F. Supp. 3d 883, 896 (N.D. Ill. 2014) (quoting *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 496 (Del.2003)). Relevant facts include: (1) whether the company was adequately capitalized and solvent; (2) whether corporate formalities were observed; (3) whether the controlling shareholder siphoned company funds; and (4) whether the company functioned as a façade for the controlling shareholder. *Eagle Air Transp.*, 75 F. Supp. 3d at 896. There must also be "an element of fraud." *Id.*

Here, Plaintiffs plead no facts supporting any of these factors. The complaint contains no information about Raycom's capitalization, corporate formalities, or any of its interactions with Gray TV, much less facts suggesting anything fraudulent. Plaintiffs plead only that Gray TV acquired Raycom. *See* Section II, *supra*. Because these allegations are insufficient as a matter of law, Plaintiffs' claims against Gray TV should be dismissed. *See Eagle Air Transp.*, 75 F. Supp. 3d at 896-897 (dismissing claim where alleged facts were insufficient to pierce the corporate veil).

Moreover, Plaintiffs will be unable to plead any facts to pierce the corporate veil, even

with amendment. Gray TV acquired Raycom when Gray's wholly-owned subsidiary, East Future Group, Inc., merged with Raycom, with Raycom surviving the merger and becoming a wholly owned subsidiary of Gray. *See* Gray Television, Inc., Current Report (Form 8-K) at 2 (Jan. 3, 2019)[1]. As a result of this so-called "reverse triangle merger," Raycom assumed East Future Group, Inc.'s "debts, liabilities and duties," while continuing to be liable for its own liabilities. *See* Del. Code Ann. tit. 8, § 259(a); *Lewis v. Ward*, No. CIV.A. 15255, 2003 WL 22461894, at *4 n.18 (Del. Ch. Oct. 29, 2003), *aff'd*, 852 A.2d 896 (Del. 2004) ("If a reverse triangular structure is used, the rights and obligations of the target are not transferred, assumed or affected."). This commonplace corporate transaction, which was completed through a transparent process and approved by the FCC[2], provides no basis to pierce the corporate veil and hold Gray TV liable for Raycom's alleged conduct.

## V. CONCLUSION

For the foregoing reasons, Defendant Gray Television, Inc. respectfully requests that the Court grant this motion and dismiss all claims against Gray Television, Inc.

---

[1] *Available at* https://www.sec.gov/Archives/edgar/data/43196/000119312519001313/d681991d8k.htm. The Court can take judicial notice of Gray TV's SEC filings. *See Takara Trust v. Molex Inc.*, 429 F. Supp. 2d 960, 963 (N.D. Ill. 2006).

[2] *See* Federal Communications Commission, Memorandum Opinion and Order (Dec. 20, 2018), *available at* https://docs.fcc.gov/public/attachments/DA-18-1286A1_Rcd.pdf.

| | |
|---|---|
| Dated: June 19, 2019 | *s/ Mazda K. Antia*<br>**COOLEY LLP**<br>MAZDA K. ANTIA (*pro hac vice*)<br>(mantia@cooley.com)<br>JON F. CIESLAK (*pro hac vice*)<br>(jcieslak@cooley.com)<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>Telephone: (858) 550-6000<br>Facsimile: (858) 550-6420<br><br>JOHN C. DWYER (*pro hac vice*)<br>(dwyerjc@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>BEATRIZ MEJIA (*pro hac vice*)<br>(mejiab@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>J. PARKER ERKMANN (*pro hac vice*)<br>(perkmann@cooley.com)<br>1299 Pennsylvania Ave., NW<br>Suite 700<br>Washington, D.C. 20004<br>Telephone: (202) 842-7800<br>Facsimile: (202) 842-7299<br><br>PETER A. SILVERMAN<br>(psilverman@fslegal.com)<br>Figliulo & Silverman, PC<br>Ten South LaSalle Street, Ste. 3600<br>Chicago, IL 60602<br>Telephone: (312) 251-4600<br>Facsimile: (312) 251-4610<br><br>*Counsel for Defendants*<br>*Gray Television, Inc. and Raycom Media, Inc.* |

5.