IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Local TV Advertising Antitrust Litigation | MDL No. 2867<br>No. 18 C 6785<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM ORDER**

This matter is before the Court on Plaintiffs' Motion to Quash and/or For Protective Order Regarding Subpoenas Issued to Absent Class Members [ECF No. 523] ("Motion"). The Motion is fully briefed [ECF Nos. 523, 540, 543] and has been referred to this Magistrate Judge for resolution. *See* [ECF Nos. 618, 619]. For the reasons set forth below, the Motion is granted.

The Court assumes the parties' familiarity with the facts of this case and its procedural history and will not recount that information in this Order. Briefly, as relevant to the resolution of this Motion, Defendants served or attempted to serve document subpoenas on 20 companies (the "Subpoenaed Plaintiffs") in August and September 2021. The Subpoenaed Plaintiffs previously filed their own individual lawsuits but now are part of this multidistrict litigation and members of the putative class that the named class representatives seek to have certified. Plaintiffs (as used here, the putative class representatives on behalf of the proposed class) object to the subpoenas and argue that the discovery Defendants seek is improper because, among other reasons, the Subpoenaed Plaintiffs are "absent" class members not normally subject to discovery. Defendants disagree and argue the Subpoenaed Plaintiffs are "putative," not absent, class members because a class has not yet been certified and they, therefore, do not have any heightened protection from discovery that might be available to absent class members after a class is certified. Defendants also point out that the Subpoenaed Plaintiffs are separately named parties in this case in their own right by virtue of originally having filed lawsuits that remain pending. Those separate actions appear to be dormant at this time though. The parties met and conferred for about five months between September 2021 and January 2022, but were unable to reach resolution, and on January 28, 2022, Plaintiffs filed this Motion to Quash and/or For Protective Order Regarding Subpoenas Issued to Absent Class Members [ECF No. 523].

In their Motion, Plaintiffs argue there is a general prohibition against obtaining from absent class members the type of information Defendants are seeking in their subpoenas, and discovery of absent class members is permitted only on rare

occasions. Plaintiffs argue Defendants must satisfy a heightened standard and make a "strong showing" that: "(1) the discovery is necessary; (2) the discovery seeks information that the proponent does not already have; (3) the request is not designed to whittle down the class or take unfair advantage of absent members; and (4) a full response will not require absent class members to seek the assistance of counsel." *See* Plaintiffs' Memorandum in Support of Motion [ECF No. 523], at 5 (citing *Zollicoffer v. Gold Standard Baking, Inc.*, 2020 WL 6825688, at \*2 (N.D. Ill. Nov. 20, 2020); *Bell v. Woodward Governor Co.*, 2005 WL 8179364, at \*1 (N.D. Ill. Nov. 7, 2005); *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 340 & n.24 (7th Cir. 1974)). Defendants disagree and contend they only need to satisfy the general discovery standard set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedures for their subpoenas, whether the Subpoenaed Plaintiffs are characterized as parties or putative class members. Defendants say they are not required to meet any heightened standard for discovery applicable to absent class members since a class has not been certified in this case as of now.

The Court agrees with Defendants that the Subpoenaed Plaintiffs are putative class members of an as-yet uncertified class for all the reasons set forth in Defendants' Memorandum of Point and Authorities in Support of Opposition to Plaintiffs' Motion [ECF No. 540], at 6-9. Under those circumstances, the Court finds that Defendants do not need to satisfy a heightened standard arguably applicable to discovery of absent class members after a class has been certified. That said, however, district courts generally recognize that "[d]iscovery from absent members of the putative class [i.e., putative class members] is not the norm." *Dennis v. Greatland Home Health Servs, Inc.*, 2020 WL 11563081, \*3 (N.D. Ill. Nov. 10, 2020) (quoting 1 McLaughlin on Class Actions § 3:9 (17th ed. 2020)). Further, and in any case, consistent with Rule 26 of the Federal Rules of Civil Procedure, courts have an obligation to monitor discovery and to ensure that the information sought is proportional to the needs of a case and kept within acceptable boundaries delineated by relevance. That is particularly true when discovery is directed to putative class members who are not active participants in the litigation.

Defendants argue their subpoenas are narrowly targeted to obtain information necessary for them to oppose class certification. The Court has reviewed the document subpoenas and disagrees with Defendants that the discovery they seek is narrow in scope. Defendants are seeking a very large amount of information from the Subpoenaed Plaintiffs as putative class members. They seek all documents and communications created over a multi-year time-period relating to a wide variety of matters including advertising and marketing strategies, budgets, expenditures, business structure and organization, etc. Defendants say they need the information because the Subpoenaed Plaintiffs are differently situated than the two named class representatives who they characterize as a predominantly local advertiser and a small advertising agency that purchases low-cost spot advertising on behalf of small, local law firms. Defendants' Response [ECF No. 540], at 3-4. Defendants say these

companies are not representative of the putative class, which includes large national and multinational firms likely to engage in advertising that is different in kind and scope than that conducted by the named class representatives.

Other than maybe Bon Ton Stores, Inc., however, it appears that the Subpoenaed Plaintiffs are just like the named class representatives as characterized by Defendants. In other words, they appear to be businesses that are predominantly local in nature (e.g., Walley's Auto Sales; Holmen Locker & Meat Market), small law firms (e.g., Cellino & Barnes, P.C.; Law Offices of Peter Miller), and an individual (Kevin Forbes). Defendants' Response [ECF No. 540], at 2, n.1. Defendants do not develop the record in this respect but most of the Subpoenaed Plaintiffs do not appear to be large or national much less international companies with advertising footprints that would be materially different from the named class representatives.[1]

The Court also is not convinced that Defendants' discovery is narrowly calibrated to obtain information they say is necessary to oppose class certification. Defendants say they seek information that may be relevant to whether Plaintiffs can use evidence common to all putative class members to prove an antitrust injury, but the Court questions how much more information Defendants need than they already have now (or can still develop in discovery) to make the argument that the two named class representatives are not typical or representative of a proposed class that includes much larger businesses or advertisers in different regions with assertedly different advertising methods, strategies, or footprints. Moreover, even if Defendants do need additional information, their subpoenas sweep much too broadly and encompass a very large amount of information that the Subpoenaed Plaintiffs as putative class members would need to search for and compile for production. That process is likely to be expensive and time consuming. That each of the Subpoenaed Plaintiffs hired a lawyer at one time to file a complaint on their behalf in cases that

---

[1] Defendants also say they expect documents produced by the Subpoenaed Plaintiffs "to demonstrate regional and advertiser-specific distinctions in the market for spot ads, the individualized nature of negotiations for spot advertising and the wide variance in prices that each advertiser paid because of these factors." Defendants' Response [ECF No. 540], at 5. While the Subpoenaed Plaintiffs may, indeed, have such documents, Defendants—many of whom are large, national media companies—also likely have documents in their possession, custody, or control that contain this kind of information. Defendants argue though that even if they already have some information they can use to oppose class certification, they do not have information about individual Subpoenaed Plaintiffs' "buying practices" or "advertising budgets, marketing strategies, or internal market analyses" and the named class representatives' document productions have been very limited in these respects. Defendants' Response [ECF No. 540], at 11-12. While that may be true, the Court disagrees that the broad subpoenas Defendants have served are calibrated to obtain the kind of targeted information Defendants say they are seeking. Rather, as discussed below, Defendants' subpoenas sweep extremely broadly in terms of the type of information being sought from the Subpoenaed Plaintiffs and the time-period for which it is sought, and that seriously implicates proportionality concerns within the meaning of Rule 26(b)(1).

have now been consolidated into this multidistrict litigation and are now largely inactive does not change the equation or ameliorate the burden. In the Court's view, for these reasons, the discovery Defendants seek is overbroad, unduly burdensome on putative class members, and not proportional to the needs of the case at this time.

Finally, in multiple footnotes throughout their briefs, the parties acknowledge and discuss Defendants' offers to narrow or withdraw certain of their requests for documents during the meet and confer process that preceded the filing of Plaintiffs' Motion. It is not clear to the Court if the parties reached any agreements, even tentative, that narrowed the scope of the subpoenas, but it does not appear that any firm agreements were reached before the Motion was filed and briefed. Moreover, it is not the Court's job, in the first instance, to blue pencil Defendants' overbroad subpoenas and modify them to encompass only information that is relevant and proportional to the needs of this case. If Defendants can live with obtaining information from fewer than all 20 Subpoenaed Plaintiffs, as they appear to have offered to do during the meet and confer process, and they significantly narrow the information they are seeking from a smaller subset of Subpoenaed Plaintiffs, or a Subpoenaed Plaintiff agrees to produce a narrower or more tailored set of documents, nothing in this Order is intended to foreclose those discussions or agreements along those lines. On this record, however, the Court will not enforce or require the Subpoenaed Plaintiffs to comply with the subpoenas as written.

For all these reasons, Plaintiffs' Motion to Quash and/or For Protective Order Regarding Subpoenas Issued to Absent Class Members [ECF. No. 523] is granted.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 5, 2022