**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION**<br><br>**This document applies to all actions.** | **Master Docket No. 18-06785**<br><br>**MDL No. 2867**<br><br>**Hon. Virginia M. Kendall** |

## STIPULATION AND [PROPOSED] ORDER CONCERNING DEPOSITIONS

This Stipulation and Order Concerning Depositions ("Deposition Protocol Order") may be modified at any time by agreement of the parties or by order of the Court. All parties reserve all rights to seek relief from the Court from any provision for good cause.

### I.      NUMBER OF DEPOSITIONS AND PROCEDURES

Pursuant to the Stipulation and Order Governing Discovery (ECF No. 440) ("Discovery Order"), the following provisions are incorporated into this Deposition Protocol Order:

### A.      Generally

This Stipulation shall govern all depositions of Party and Non-Party fact witnesses, including, but not limited to, depositions of present and former employees of the Parties, Rule 30(b)(6) witnesses, and fact depositions of Non-Parties taken pursuant to Rule 45 subpoenas or otherwise. It does not apply to expert depositions.

### B.      Fact Depositions

1.      Plaintiffs shall take up to [**Plaintiffs**: one thousand and fifty hours of depositions (with no deposition taking less than 4 hours of Defendant's witnesses] OR [**Defendants**: one hundred (100)] depositions] of Defendant's witnesses]. Plaintiffs will have sole discretion to allot the number of depositions per Defendant as they deem fit [**Defendants**: except that no Defendant family shall be subject to more than 20 depositions].

2.	[**<u>Plaintiffs</u>**: After the total number of depositions are taken, either side may request to meet and confer for additional depositions. Such consent shall not be unreasonably withheld if the witness is on the party's initial disclosures.]

3.	Defendants shall take up to [**<u>Plaintiffs</u>**: fifteen (15) depositions of Plaintiffs (not counting their Rule 30(b)(6) deposition] OR [**<u>Defendants</u>**: twenty (20)] depositions of Plaintiffs (not counting their Rule 30(b)(6) deposition]

---

### *<u>DISPUTE NO. 1</u>*

**_Plaintiffs' Position:_**

**Number of Defendant Depositions**:  Defendants' initial disclosures have identified more than **600** witnesses[1] "likely to have discoverable information," Fed. R. Civ. P. 26(b)(1), that Defendants "may use to support [their] claims or defenses." *Id*.  And during dozens of meet-and-confers used to identify potential document custodians, Defendants and Plaintiffs agreed upon at least **600** individuals to produce documents.  (This is all in addition to an unknown number of ShareBuilders witnesses, because that Defendant was only recently added to the case.)

Plaintiffs have reasonably asked for a proportion of the relevant witnesses to depose at the outset, and requested a total of 1050 hours of depositions of Defendants' witnesses, which is roughly equivalent to 150 depositions at 7 hours/deposition.[2] Defendants have countered with a maximum of 100 depositions. The case for Plaintiffs' larger number is straightforward: even at 150 depositions,

---

[1] *See* summary attached as Exh. A.
[2] Under Plaintiffs' proposal, each deposition "counts" for a minimum of 4 hours, so that the total number of depositions may exceed 150.

Plaintiffs will be required to make difficult choices about which witnesses to depose and are likely to be able to take fewer than one in four of the witnesses (150 out of more than 600) that Defendants have identified as likely to have knowledge relevant to a claim or a defense, or disclosed in meet-and-confers. True, 150 is a large number in the abstract, but this is a case with more than a dozen defendants (most of them operating TV stations around the country). It is no surprise that Defendants identified more than 600 witnesses with knowledge of their multi-year, nationwide conspiracy: but they cannot insist on the right to present testimony from these witnesses while handcuffing Plaintiffs in discovery.

Defendants cite *In re Turkey Antitrust Litigation*, No. 19-cv-08318, ECF No. 496 (N.D. Ill. Oct. 8, 2021), where there were 90 total depositions, based on 10 depositions per each of the 9 Defendants. In *Turkey*, however, there were just **103** total document custodians. *See* ECF No. 344-1 at 5. The deposition limit in *Turkey* therefore meant that approximately 87% of the custodians could be deposed. Here, by contrast, there are over 600 potential document custodians. If the Court were to follow the ratio from *Turkey*, the same reasoning suggests that the Court should order more than 500 depositions, approximating 87% of the total custodians. That result would plainly be excessive, and Plaintiffs do not seek it.

Plaintiffs have also proposed limits in terms of hours as opposed to depositions because it allows Plaintiffs to choose to take truncated depositions while not artificially limiting the number of depositions that Plaintiffs are permitted. For example, if there is a discrete issue that is the subject of deposition that would only require three hours, Plaintiffs should not be required to sacrifice an

entire seven-hour deposition. However, Plaintiffs have agreed that no matter the length of the deposition, it shall count as four hours so that there is some certainty on the number of depositions permitted to Plaintiffs.

**Limitations on Defendant Families'**: Defendants have also requested a sub-limit of 20 depositions for each "family" of Defendants. Such a limit is unnecessary and counterproductive. One or two of the Defendants are smaller than others, but that generally means that they have fewer witnesses in their initial disclosures. Griffin, for example, is Oklahoma-based and identified only five witnesses in its Rule 26 disclosures, while Sinclair, a large, national, publicly-traded company, listed *175 witnesses*. It would be nonsensical to limit Plaintiffs to only 20 Sinclair depositions, or fewer than one in eight (20 out of 175) of its witnesses. Imposing a rigid cap on Plaintiffs' Defendant-specific discovery also ignores the fact that the proof, the documents, and the nature of the scheme of a cartel is difficult to predict and may require very different discovery approaches. Finally, if Plaintiffs continue to reach additional settlements with Defendants, Plaintiffs should be able to concentrate their efforts on the remaining defendants in the case.

It is true that other courts have from time to time imposed family deposition limits, as in the *Turkey* MDL where the limit was 10. But as explained above, the number of custodians in *Turkey* was far smaller than in this case – less than a third of the more than 600 custodians identified here.

**Right to Additional Depositions**: Plaintiffs' requested number of 1050 hours is subject to the proviso that, only if necessary, Plaintiffs shall have the right

to depose any witness previously disclosed by Defendants without having to go to Court. To that end, Plaintiffs have proposed that, rather than burdening the Court for every additional deposition request, if a witness has been placed on an initial disclosure list, that a party may depose that witness and "[c]onsent for such witnesses shall not be unreasonably withheld." Defendants' proposal includes no language about additional depositions. Thus, under Defendants' proposal, Sinclair can disclose 175 witnesses with relevant information, but Plaintiffs can only depose 20 witnesses, and have no right to depose any other witness on Sinclair's initial disclosure list. This request is permissive, not mandatory, meaning that Plaintiffs may never utilize this provision. Plaintiffs propose it because they do not think that the Court should be burdened with a request to depose a party placed on an initial disclosure list.

### *Defendants' Position*:

Plaintiffs' Third Amended Complaint alleges a *single*, nationwide conspiracy that purportedly turns on *common* questions of law and fact. (*See, e.g.*, Third Am. Compl. ¶¶ 302-304.) Yet, blaming Defendants, Plaintiffs now claim to need 1,050 hours of depositions, plus the right to even more hours if they decide to depose even more individuals. Discovery is tied to the nature of the case alleged, and Plaintiffs' purported need for nearly limitless hours to depose hundreds of individuals across the country belies their claim that their case relies on "common facts."

Through their request for more than 1,000 hours of depositions, Plaintiffs implicitly acknowledge a lack of common evidence for the 127 different geographic

markets they allege, each involving many different people, stations, advertising buyers, and other market participants. Defendants' proposal of 100 total depositions already exceeds what is reasonable and was offered in an attempt to avoid burdening the Court with this dispute. Defendants responded to Plaintiffs' initial demand for 150 depositions by increasing their offer from 80 to 100 depositions. Plaintiffs then moved the goalposts by demanding 1,050 *hours* of deposition with a nearly unlimited right to schedule more. With their proposed four-hour minimum for each deposition, Plaintiffs' new proposal would allow for *an initial* tranche of as many as 262 depositions (1,050 hours divided by the four-hour minimum per deposition), after which Plaintiffs would still have the right to demand dozens more depositions of each Defendant.

A limit on the number of depositions Plaintiffs can take of each Defendant family is critically important—lest Plaintiffs insist on taking dozens and dozens of individual depositions of each Defendant family, as they indicate they intend to do. To that end, Defendants propose a limit of 20 depositions of each Defendant family, excluding Rule 30(b)(6) depositions. Defendants' proposed limit is consistent with or even more generous than the approach generally taken in complex antitrust MDLs,[3] including the Court's recent Order Concerning Depositions in *In re Turkey Antitrust Litigation*, No. 19-cv-08318, ECF No. 496 (N.D. Ill. Oct. 8, 2021). In *In*

---

[3] *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, ECF. No. 995 at 54:1-10 (N.D. Ill. Aug. 31, 2018) (limit of 10 depositions per defendant family); *In re Lithium Ion Batteries Antitrust Litig*, No. 4:13-md-02420, ECF No 905 at ¶ I(D) (N.D. Cal. Oct. 19, 2015 (limit of 12 depositions per defendant family); *In re Credit Default Swaps Antitrust Litig.*, MDL No. 2476, ECF No. 334 at ¶ VI(G) (S.D.N.Y. Sept. 18, 2014) (limit of 11 depositions per defendant family); *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-02143, ECF No. 606 at ¶ (e) (N.D. Cal. July 17, 2012) (limit of 15 depositions per defendant family).

*re Turkey*, the Court set a maximum of 90 depositions of 10 defendant families, with no defendant family subject to more than 10 depositions, *including* Rule 30(b)(6) depositions. (*Id.* ¶ 1.) Plaintiffs' objection to *any limit* per Defendant family is unreasonable, out of step with the Court's general approach as exemplified by *In re Turkey*, and inconsistent with the governing standards of Federal Rules of Civil Procedure 1, 26, and 30.

In addition to abandoning the bedrock concept of per-party deposition limits set out in Rule 30(a)(2)(a)(i), Plaintiffs' proposal throws the proportionality standard of Rule 26 out the window. Defendants' burden and cost to prepare witnesses and defend their depositions does not depend on just the number of hours depositions take; they also are driven by the number of deponents and their locations. The burden and cost of two half-day depositions in different parts of the country (or even at the same location, for that matter) greatly exceed the burden and cost of one full-day deposition. Preparing and defending as many as 262 depositions—plus Rule 30(b)(6) depositions—of individuals scattered among the 127 DMAs across the country that Plaintiffs identify in their Complaint will needlessly cost tens of millions of dollars in fees and expenses. And that is before Plaintiffs demand a second tranche of dozens of additional depositions.

In arguing that there should be no limit on per-family depositions, Plaintiffs concede that they are not approaching this case in the way that Rule 26 requires, which is to pursue the discovery they actually need. Plaintiffs admit their true motivation is to impose maximum burden and expense on Defendants that do not settle, arguing that if Plaintiffs reach additional settlements with Defendants, they

should be able to "concentrate their efforts on the remaining defendants in the case." Whether a Defendant settles has no bearing on how many depositions Plaintiffs need from any other Defendant. Fewer Defendants necessarily should mean fewer depositions are needed; it does not mean that Plaintiffs get to fill the void by taking expensive and burdensome depositions they admittedly do not need.

Plaintiffs' sole justification for the extraordinary number of depositions they seek is that Defendants collectively identified in their initial disclosures more than 500 individuals. But initial disclosures typically include many more individuals than will be deposed or appear as trial witnesses because Rule 26 requires broad disclosure of every person who is "likely" to have any "discoverable" information that is potentially relevant to a litigation. It is not possible in most cases and would be wildly inefficient to depose *every* individual who has *potentially* relevant information, and the Federal Rules do not contemplate doing so. To the contrary, Federal Rule 30(a)(2)(a)(i) sets a presumptive limit of 10 depositions per party, regardless of the number of individuals identified in a party's initial disclosures.

Here, Plaintiffs have not explained why they would need to depose *every* individual who may have *any* knowledge touching on their broad set of allegations about Defendants' broadcast television spot advertising businesses. The reality is that Plaintiffs do not need deposition testimony from all such individuals. Plaintiffs' complaint that they will need to exercise judgment in selecting who they depose is no different than any other case subject to deposition limits in line with the Federal Rules. To the extent Plaintiffs are concerned that they will not have the

ability to depose trial witnesses, that concern is unfounded: the Deposition Protocol Order already requires the parties to make available for deposition at least 60 days before the trial any trial witness who has not already been deposed.

Plaintiffs also argue that a departure from the reasonable standard set *In re Turkey* is warranted because there were fewer "custodians" in that case. As the document they cite makes clear, "custodians" refers to custodians for document production – not individuals identified in initial disclosures. *In re Turkey Antitrust Litig.*, No. 19-cv-08318, ECF No. 344-1 at 5 (N.D. Ill. Dec. 20, 2021). Plaintiffs do not cite any information about how many individuals the 10 defendant families in *In re Turkey* identified in their initial disclosures, or how many individuals were identified in the initial disclosures of the four other cases that Plaintiffs cite. Nor do Plaintiffs cite *any* cases where a court in a complex antitrust MDL ordered anywhere near the scope of deposition discovery that Plaintiffs seek here.

In addition, the number of document custodians in this case is the direct result of Plaintiffs' unreasonable demands for multiple station-level custodians from each Defendant, plus a slew of corporate-level custodians. Having themselves driven up the number of document custodians, Plaintiffs cannot use that number as a basis to depose hundreds of individuals that *Plaintiffs* insisted Defendants include as custodians in this case.

The Court should reject Plaintiffs' proposal and impose reasonable limits, as it did in *In re Turkey*.

4.      Any witness placed on a Witness List for trial shall be made available for deposition at least 60 days before trial. If documents for that witness have not been produced,

documents shall be produced at least 90 days before trial.

5.      In accordance with Federal Rule of Civil Procedure 30(d), depositions of a witness shall be limited to seven (7) hours on the record conducted in a single day, except upon agreement of the witness or the party producing the witness.

6.      For purposes of this Deposition Protocol Order, any settling Defendant will be treated as a Defendant (and not as a Non-Party), unless and until the settling Defendant is formally dismissed from the case.

7.      If any individuals have been employed by more than one Defendant, they may be deposed only once. If, upon the receipt of a deposition notice, a party becomes aware that a witness currently employed by the receiving party was previously employed by another party, and the noticing party has not expressed knowledge of this fact, the party receiving the notice shall make this fact known within a reasonable time after learning about the witness's prior employment. In such circumstances, the parties will confer and agree on how such individuals shall be counted for purposes of the total limit imposed by Paragraph I.B.

**C.      30(b)(6) Depositions**

1.      Depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) will be limited to a total of [**Plaintiffs:** twenty-one (21) hours] OR [**Defendants**: fourteen hours (14) hours] per Defendant family and [**Plaintiffs:** seven (7) hours per Named Plaintiff where a single witness serves as a deponent, and no more than ten (10) hours per Named Plaintiff where multiple witnesses serve as the Rule 30(b)(6) deponents for the Named Plaintiff] OR [**Defendants**: fourteen hours (14) hours per Plaintiff.]

## *DISPUTE NO. 2*

### *Plaintiffs' Position:*

The parties dispute the amount of time allowed for Rule 30(b)(6) depositions of both Defendants (Plaintiffs: 21 hours/Defendants: 14 hours) and the named Plaintiffs (Plaintiffs: 7 hours (10 if multiple representatives)/Defendants: 14 hours). Here, the Plaintiffs' position is based on the nature of the case and the size of the Defendants. It would not be surprising to see Rule 30(b)(6) notices for the Defendants (several of whom, again, own hundreds of TV stations) have 100 deposition topics requiring testimony from multiple representatives. Even covering those topics in 21 hours will be a struggle, and may require extensions, but at least 21 hours is the right place to start (as Plaintiffs envision accepting written answers for certain topics).

By contrast, depositions of the named Plaintiffs should be far shorter. This is not, for example, a traditional business dispute where the plaintiffs and the defendants are both knowledgeable about a failed contract. Rather, Plaintiffs are more akin to local consumers who purchased a product at inflated prices and with little or no knowledge of the illegal practices that boosted the price. By definition, Plaintiffs' witnesses will know far less and should sit for much shorter depositions. Rule 23(a)(4) requires only that the named Plaintiffs be "adequate," not that they demonstrate superhuman feats of endurance by sitting for two full days of deposition.

### *Defendants' Position:*

Defendants propose a limit of 14 hours per Rule 30(b)(6) deposition of any

Plaintiff or Defendant family. This limit allows for fulsome Rule 30(b)(6) testimony and is even more generous than the Court's Order Concerning Depositions in the *In re Turkey* litigation, which limited all Rule 30(b)(6) depositions to seven hours where a single witness served as the deponent or 10 hours where multiple witnesses served as the deponent. No. 19-cv-08318, ECF No. 496 at ¶ 3.

Plaintiffs' proposal, on the other hand, would allow them to take 21 hours of Rule 30(b)(6) testimony from each Defendant – *three times* the limit under the Federal Rules of Civil Procedure – while subject to a limit of only seven hours of Rule 30(b)(6) themselves (or 10 hours total if a Plaintiff designates multiple Rule 30(b)(6) witnesses). Plaintiffs argue that 21 hours of Rule 30(b)(6) testimony from each Defendant family is necessary because they intend to serve Rule 30(b)(6) notices that include more than 100 deposition topics – well beyond what is reasonable for a Rule 30(b)(6) deposition. Plaintiffs also state that they may require *more* than 21 hours to complete their Rule 30(b)(6) depositions of Defendant and that Plaintiffs view the 21-hour limit as simply a "place to start," rather than a true limit. Again, Plaintiffs' desire for a nearly unlimited right to take depositions of Defendants is not consistent with the Federal Rules or this Court's approach in *In re Turkey*. Plaintiffs have not justified their need for three full days of Rule 30(b)(6) testimony from each Defendant family, particularly in light of the voluminous document and written discovery to date, and the extensive deposition discovery they would obtain from percipient witnesses under either party's proposal.

2.  No more than seven (7) hours will be conducted in a single day on the

record except upon agreement of the witness(es) and the party producing the witness.

        3.     All parties reserve a Rule 30(b)(6) deposition on authentication and admissibility to take place 60 days before trial for any record placed on an exhibit list. The time limit for such depositions shall not be governed by the limits set forth herein but shall be separately negotiated once Exhibit Lists are propounded and shall consist of time sufficient to address admissibility and authenticity issues.

        4.     In the event that any witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness. The total collective deposition time for said percipient witness **[Plaintiffs**: shall be conferred on by the parties, and any dispute shall be resolved by the Court] OR [**Defendants**: will be limited to ten (10) hours].

---

### *DISPUTE NO. 3*

***Plaintiffs' Position***:

        Plaintiffs believe it is premature to limit the number of hours for witnesses who will testify as a Rule 30(b)(6) witness and in their individual capacity. Rather, the parties should confer about the proposed topics first, and then arrive at the number of hours for a witness to testify. For example, if John Smith is going to testify about fifteen Rule 30(b)(6) topics but is also the VP of Sales of a Defendant, ten hours of deposition testimony may be inadequate. The more sensible approach is for the parties to confer after Rule 30(b)(6) witnesses are identified. Otherwise, Defendants could potentially limit deposition time of key witnesses by designating

---

them as Rule 30(b)(6) deponents.

***Defendants' Position***:

Defendants' proposal that depositions of witnesses serving in both a Rule 30(b)(6) and individual capacity be limited to 10 hours is reasonable and consistent with the limits in *In Re Turkey*. No. 19-cv-08318, ECF No. 496 at ¶ 3. Plaintiffs' proposal that the parties meet-and-confer to agree on time limits for *each* deposition of *each* dual-capacity witness is inefficient, creates uncertainty, and risks burdening the Court with disputes over individual deposition limits – contrary to the purpose of entering a Deposition Protocol Order to address those issues in advance. To conserve party and judicial resources, the Deposition Protocol Order should set a presumptive hours limit on dual-capacity witness depositions in line with the limit in *In re Turkey*. To the extent Plaintiffs believe that they need more than 10 hours with a particular dual-capacity witness, despite the efficiencies gained from questioning such a witness in one sitting, they always have the ability to seek relief from the Court.

### D.    <u>Non-Party Depositions</u>

1.    Absent good cause shown, the maximum number of depositions of Non-Parties shall be thirty (30) depositions per side (excluding former employees of Defendants or Plaintiffs), which shall count as party depositions pursuant to paragraph (I)(A)(1) above.

2.    For avoidance of doubt, putative class members not named as class representatives or plaintiffs in any of the cases consolidated into this MDL shall be counted as Non-Parties, except that, where such plaintiffs have filed notices of voluntary dismissal, they will be considered Non-Parties. Plaintiffs reserve their rights to oppose such depositions, and nothing

in this paragraph shall prohibit such opposition.

3.      Depositions of Defendants who have settled with Plaintiffs or otherwise been dismissed from the case ("Settling Defendants") shall be counted as party depositions.

4.      Where a deponent is represented by counsel who does not already represent a party to the above-referenced litigation (*e.g.*, a Non-Party or a present or former employee of a Defendant with separate counsel), then the noticing party shall provide a copy of this deposition protocol to the deponent's counsel along with the deposition subpoena or notice.

## II.    ALLOCATION OF DEPOSITION TIME

### A.    Number of Questioning Attorneys

1.      As to all depositions noticed by Plaintiffs, a single attorney shall lead the questioning for Plaintiffs.

2.      As to all depositions noticed by Defendants, Defendants' counsel shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition and shall inform Plaintiffs how many counsel intend to question the witness at least two (2) business days before the deposition.

### B.    Cross-Noticing of Depositions

1.      The parties need not cross-notice the depositions of their own current employees or former employees who have consented to the deposition. Counsel for a witness or for the party that is the witness's employer will have no more than one (1) hour beyond deposing counsel's seven (7) hours (or longer, if by agreement of Counsel or Court order) to examine the witness at the conclusion of direct examination without need for a cross-notice. Deposing counsel may reserve a portion of their seven (7) hours with the witness to conduct further redirect examination, which can be used if no time is used by counsel for the witness.

2. In the event a Plaintiff or Defendant cross-notices the deposition of a current employee of a co-Plaintiff or co-Defendant, the noticing parties and the witness will meet and confer on the appropriate duration of the cross-noticed portion of the deposition. The presumption will be that the noticing party shall have the full seven (7) hours of time permitted by the Federal Rules of Civil Procedure. The cross-noticing party may have additional time beyond the noticing party's seven (7) hours to depose their co-parties' current employee as agreed with their co-parties.

3. For the avoidance of doubt, the parties shall not use cross-notices to attempt to circumvent the time allocation requirements of Sections II.A. and II.B, above.

4. To the extent Plaintiffs or Defendants cross-notice a Non-Party for deposition, the parties shall meet and confer in good faith regarding the division of time among the parties. Absent a specific agreement among the parties or Court order, the sides will divide evenly the time allotted for the examination of the witness. Parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a deposition. The court-reporter service shall maintain a total running time for the deposition to measure compliance with the time limitations and the time allocation provisions above. If any technical issues are encountered during depositions that affect the recording or transcription of the testimony, then the parties will go off the record and such time will not count against the allocated time limits.

5. Any notice of deposition or subpoena served on a current or former employee of a co-Defendant or on a Non-Party by any Defendant shall be deemed as notice on behalf of all Defendants, with each Defendant having the opportunity to attend and ask questions at the deposition.

### III.   SCHEDULING AND LOCATION OF DEPOSITIONS

#### A.   Generally

1.   Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing, and taking of depositions.

2.   Counsel shall not unilaterally take steps to schedule and notice a party deposition without consulting in advance with counsel for the witness or any party that is the employer of the witness.

3.   Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure, and all notices shall be served on all parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all parties.

#### B.   Notice Email Addresses

1.   For Plaintiffs, all deposition notices shall be sent to TVAds@hausfeld.com.

2.   For Defendants, all deposition notices shall be sent to external-localtvads-jdg@cooley.com.

#### C.   Notice Timing

1.   The parties agree that they will work in good faith to provide no fewer than fourteen (14) days' notice to schedule depositions.

2.   The noticed party will respond to the party issuing notice within seven (7) calendar days and, unless otherwise agreed to by the parties, will accept the requested date or counter-propose alternative dates on which the witness and his or her counsel will be available within twenty-one (21) days of the initial requested date or an otherwise mutually agreed upon

date chosen by the parties.

        3.      The parties agree that they will work in good faith to accommodate the preferred deposition start and end time of each deposed witness.

        4.      All parties agree to make good faith efforts to respond promptly and to meet and confer in good faith consistent with the local rules and their ethical obligations. Disputes that cannot be resolved through the meet and confer process shall be decided by the Court.

        5.      Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling or by other relief obtained from the Court. However, the parties and non-parties shall make all reasonable efforts to accommodate reasonable requests for continuances of depositions due to unforeseen circumstances, such as illnesses or dependent care needs of attorneys or deponents.

        **D.**      <u>**Notice of Non-Party Depositions**</u>

        1.      A party may serve a deposition subpoena on a Non-Party without consulting any opposing party; however, the serving party will contemporaneously provide the opposing parties with the as-served copy of the subpoena on the same day it is served.

        2.      An opposing party will inform the noticing party within seven (7) calendar days of service on the Non-Party whether the opposing party intends to cross-notice the third party's deposition. Regardless of whether an opposing party cross-notices the deposition, the parties shall coordinate with each other and with the witness (or counsel for the witness) on scheduling the deposition.

        3.      Only the schedules of the attending counsel shall be considered in setting such a date. Deposing counsel shall serve a copy of this order along with the subpoena to any third party.

## IV. IN-PERSON DEPOSITIONS

### A. Generally

1.      For in-person depositions, the witness and the attorney questioning the witness shall presumptively be unmasked, and the party first noticing the deposition shall presumptively be able to notice it as either in-person or remote.

2.      If any party or witness objects to the manner of taking or the location of the deposition, they must raise that objection at least fourteen (14) days before the scheduled date. The parties, the witness, and counsel shall then use their best efforts to resolve any such objection, including through use of advance COVID-testing.

3.      If they are unable to resolve the objection and a court decision is required, the preference for in-person testimony expressed in Fed. R. Civ. P. 43(a) shall apply.

### B. Exhibits For In-Person Depositions

1.      **Real Time Text Feeds**. Counsel noticing the deposition shall make arrangements so that a conference call line and a real-time text feed are available during every in-person deposition so that other counsel may attend the deposition remotely. Any party requesting, for example, additional real-time text feeds or equivalent electronic reporting shall be responsible for the cost of any additional services requested.

2.      **Electronic Exhibits.** A party may utilize electronic exhibits in connection with a deposition so long as the party arranges for the technology to permit presentment of the electronic exhibit at the deposition to the witness and counsel. The parties will provide electronic copies of exhibits introduced during the course of a deposition, either via email, deposition exhibit software, or via a pre-arranged FTP or file-sharing site, to ensure that opposing counsel and attending counsel may participate in the deposition. Deposing counsel shall not begin questioning

a witness concerning an electronic exhibit until that exhibit has been received by counsel representing the witness.

3.      **Hard Copy Exhibits**: With respect to any hard copy exhibit used in a deposition, "sufficient copies" shall mean a copy for the witness, a copy for defending counsel, and if practical, no more than five courtesy copies for attending counsel. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition, such as stating the Bates number for each exhibit on the record so counsel may view such documents electronically in their document review software.

## V.    <u>REMOTE DEPOSITION PROTOCOL</u>

### A.    <u>Vendor and Platform</u>

1.      The Parties will ensure that the vendor selected for court reporting, videography, and remote video deposition services provides a platform sufficient to permit the deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer to participate in a deposition without attending the deposition in person. Details regarding the video conferencing to be used for each deposition will be made available to all Parties at least seven (7) calendar days before the deposition.

### B.    <u>Remote Administration of Oath and Recording of Video</u>

1.      The Parties agree and the Court finds that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness. Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Federal Rule of Civil Procedure 28, the Parties agree and the Court finds that

extenuating circumstances warrant proceeding with the administration of such oaths remotely and that the transcripts and video recordings may be used by or against all Parties in this litigation to the same extent that would otherwise be permissible under applicable court orders, rules of court, rules of procedure and rules of evidence.

2.      The Parties further stipulate and the Court finds, pursuant to Federal Rule of Civil Procedure 29(a), that the recorded video provided in a digital file by the court reporting service or platform vendor may be used as if it was a recording prepared by a certified videographer, and that each side will waive any objections based on authenticity.

3.      The Parties will cooperate on technical issues regarding the digital file (*e.g.*, assuring audio and video quality, displaying exhibits, removing segments that were off the record, and affixing time stamps). The individual administering the oath to the witness shall ask the witness to swear that he or she is who he or she claims to be.

C.      **Video Conferencing**

1.      Where the witness, defending counsel, and/or deposing counsel appear for a deposition remotely, then a video conferencing service will be utilized and such video may be recorded for later use in proceedings in this case, including trial. The video-conferencing software must have sufficient security features in place to prevent the public disclosure of protected information designated under the Confidentiality Order in this litigation.[4]

2.      Deposing counsel and defending counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means. If necessary, this shall include arranging for the witness to participate in a "test run" of the video

---

[4] For purposes of this protocol, use of Zoom technology with a passcode-protected meeting room shall constitute sufficient security features.

conferencing software.

3.     The video conferencing service should display the witness, defending counsel, and deposing counsel on the video screen at all times, unless one or more counsel must be taken off screen to display an exhibit; however, the witness should always be on screen (other than during breaks).

4.     In the event any additional individuals are physically present in the room where the remote deposition is proceeding pursuant to Section V.G below, all such individuals will remain on screen at all times during the pendency of the remote deposition (other than during breaks).

5.     There should be no unrecorded or unnoted conversations between the witness and any counsel involved in this case (including defending counsel) during a remote deposition while the witness is on the record, and deposing counsel may ask the witness and his/her counsel to certify, on the record, that no such conversations have taken place.

6.     Furthermore, witnesses in depositions taken pursuant to this Deposition Protocol Order shall not use or consult any means of communications while on the record during the deposition (other than the audio and video communications used to conduct the deposition itself), including without limitation electronic communications (email, text, social media) and other communications (phone), and all counsel attending the deposition will also stipulate, on the record and at the beginning and end of each deposition, that they (and any individual working with them) will not communicate and have not communicated with the witness (respectively) while the witness is on the record other than in the presence of the court reporter and videographer.

7.     Nothing in this Deposition Protocol Order prevents a witness from seeking

advice regarding the application of a privilege or immunity from testifying during the course of a deposition taken pursuant to this order in accordance with the law.

**D.**  **Deposition Recording.**

1.  In addition to recording the deposition by stenographic means, the deposing Party may record the deposition by video. The video recording shall be limited to the witness; however, this provision is separate from, and does not supplant, Section V.C as to the individuals that should be displayed (rather than recorded for the official deposition video) during the Deposition.

2.  Deposing counsel is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony.

**E.**  **Technical Issues.**

1.  **Audio or Visual Issues**. Should technical issues, such as audio or video issues, prevent the court reporter, witness, deposing counsel, or defending counsel from reliably seeing one another, hearing one another, or, in the case of the court reporter, transcribing the testimony at any point during a deposition taken pursuant to this Deposition Protocol Order, the deposition shall be recessed until the technical issue is resolved. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken pursuant to this Deposition Protocol Order and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another to address the problem, including but not limited to rescheduling the deposition. The Parties will also act in good faith to account for any time lost to technical issues to permit deposing counsel to use the full time permitted for the deposition.

2.  **Making Objections**. If a technical issue prevents defending counsel from

hearing a question and/or interposing a timely objection on the record, then defending counsel shall notify the deposition attendees as soon as possible (*e.g.*, by using the chat features of the video conference or emailing counsel). Defending counsel's objection to that question is preserved if (i) the objection is asserted promptly on the record after the technical issue is resolved, or (ii) if the technical issue cannot be resolved and the deposition is continued, the objection is in writing to deposing counsel, attending counsel, and the court reporter within three (3) business days of receiving the rough transcript that includes the question at issue.

      **F.**      <u>**Remote Deposition Exhibits:**</u>

      1.      **Generally**. Deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition can be shown to the witness and defending counsel in a manner that enables the witness and defending counsel to independently review the exhibits during the course of the deposition. Such means of marking and using exhibits for the deposition may include, by way of example: (a) sending a sealed courtesy copy of pre-marked exhibits to the witness (and/or defending counsel, if requested) via Fed Ex, U.S. Postal Service, or UPS in advance of the deposition; (b) emailing pre-marked exhibits to the witness, defending counsel, attending counsel, and the court reporter in advance of the deposition; (c) using a video conferencing platform or other electronic application for presenting deposition exhibits (e.g., Remote Counsel/Cameo, eDepoze, or Zoom screen-sharing) that enables deposing counsel to share exhibits with the witness, court reporter, defending counsel, and attending counsel; or (d) any other means agreed to by deposing counsel and defending counsel. If the remote means utilized does not permit marking of exhibits remotely, counsel shall either pre-mark exhibits or direct the witness and other attendees as to how exhibits should be marked. In all events, deposing counsel, defending counsel, and all other counsel attending the deposition

shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to exhibits used by examining counsel during the deposition, such as by stating the Bates number for each exhibit on the record so counsel may view such documents electronically.

2. **Hard Copy Exhibits**. At the sole discretion of deposing counsel, a remote deposition may be conducted using hard copy exhibits as the official exhibits. Deposing counsel may choose to mail any hard copy potential exhibits such that they are received by the witness and defending counsel at least two calendar days before the deposition (with tracking information available upon request) and may choose to provide a copy of the exhibits to the court reporter. If deposing counsel elects to do so, deposing counsel shall seal such hard copy potential exhibits. Anyone receiving sealed hard copy potential exhibits agrees that the sealed potential exhibits must remain sealed and unopened until the deposition begins and the witness is instructed on the record to open a sealed hard copy exhibit (at which time others in possession of sealed exhibit folders may open the sealed exhibit as well). Deposing counsel may ask the witness and others receiving sealed exhibits to confirm, on the record, that no exhibit was opened prior to the deposition. At the conclusion of a deposition, deposing counsel may ask that the witness and others receiving sealed potential exhibits confirm that any unused potential exhibits have remained and will remain sealed. Then, any unused hard copy potential exhibits will be returned, unopened, to the counsel who provided those hard copy potential exhibits with a self-addressed return envelope or box, or, if agreed to by deposing counsel, shredded. Nothing in this paragraph is intended to prevent, or in fact prevents, counsel from preparing for the deposition until the time that it occurs, or from introducing during the deposition additional exhibits not previously mailed in hard copy, including by electronic means otherwise provided herein.

3. **Electronic Exhibits**: A Party may utilize electronic exhibits in connection with a deposition so long as the Party arranges for the technology to permit the presentment of the electronic exhibit at the deposition to the witness and counsel. Deposing counsel shall not begin questioning a witness concerning an electronic exhibit until that exhibit has been received by defending counsel. For the avoidance of doubt, the official exhibit will remain the electronic copy presented to the witness and all participants.

4. **Exhibit Specialist**: Deposing counsel may elect to have an exhibit specialist remotely attend a remote deposition to ensure that exhibits are properly displayed during the deposition. If deposing counsel utilizes an exhibit specialist, deposing counsel will act in good faith to make their exhibit specialist available to assist defending counsel or other attending counsel with presenting exhibits to the witness during cross-examination or redirect. For clarity, Confidential or Highly Confidential information may be disclosed to such exhibit specialists during the course of a deposition without violating the Confidentiality Order, and such exhibit specialists shall be bound by the Confidentiality Order.

G. **Physical Attendance of Counsel.**

1. Unless otherwise agreed, the following provisions shall govern physical attendance at a Remote Deposition, provided appropriate social distancing and/or other local health and safety rules or regulations are observed, including any health and safety requirements of the facility where the witness will sit. If the witness elects to have its defending counsel physically present at the remote deposition, the following provisions shall govern physical attendance.

2. **Party Depositions**. In the event the witness is a current or former employee of a Defendant and is represented by counsel for that Defendant, then Plaintiffs shall

have the right (but not the obligation) to send one (and only one) attorney to the deposition in person and each Non-Settling Defendant shall have the right (but not the obligation) to send one (and only one) attorney to the deposition in person.

3. **Non-Party Depositions**. In the event the witness is either (i) a Non-Party, or (ii) a current or former employee of a Defendant who is not represented by counsel for that Defendant, then the Non-Party may have his or her attorney(s) physically present at the deposition as defending counsel, Plaintiffs shall have the right (but not the obligation) to send one (and only one) attorney to the deposition in person, and each Non-Settling Defendant shall have the right (but not the obligation) to send one (and only one) attorney to the deposition in person. For purposes of this Protocol, Settling Defendants will not be deemed Defendants and will be treated as Non-Parties. All attorneys shall wear a face mask and the deponent shall be permitted to wear a clear face shield provided it does not obstruct the witness' face.

**H.     Other Remote Deposition Logistics.**

1. The time shown on the transcript and video shall be the local time in the place where the deponent is located.

2. Witnesses will testify on the record that they do not have any notes or documents available to them while the deposition is on the record, other than any that are disclosed and provided to all Parties.

3. Both the court reporter and the deposition vendor or videographer will maintain an official record of the deposition. Accordingly, both will need to agree when proceedings are on or off the record. Once proceedings go on the record, and absent extenuating circumstances, all Parties must agree before the record stops.

4. All objections to the use and admissibility of the transcript or video of a

deposition taken pursuant to this order based solely on the fact that the deposition was taken by remote means are deemed waived.

5. All participants in a remote deposition shall enable both an audio and video connection at all times during a remote deposition and shall take care to minimize background noise during the conduct of a remote deposition. The audio connection shall be muted except when necessary.

6. All participants other than the witness, deposing counsel, and defending counsel may turn off their video feed during the remote deposition.

## VI. **CONDUCT OF DEPOSITIONS**

### A. **Generally**

1. Regardless of location or whether a deposition is taken in-person or remotely, all depositions shall be conducted in accordance with applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of Illinois, applicable standing orders regarding attorney conduct, ethical rules governing conduct of attorneys, and standard practice and rulings of courts in the United States District Court for the Northern District of Illinois. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief for violations.

### B. **Objections**

1. The parties agree that under Federal Rule of Civil Procedure 30(d)(1), objections are to be stated "concisely" and in a "non-argumentative and non-suggestive manner." Although counsel may state the grounds for an objection, an objection to "form" shall preserve every objection to a question that is otherwise available under the Federal Rules of Evidence.

2.     The parties agree that one objection by plaintiff or defendant can be relied upon by all plaintiffs or defendants respectively. Speaking objections are prohibited.

3.     Under no circumstances should any counsel interject, "if you know," or otherwise coach a deponent. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, and other persons to whom the contents of the statement have been disclosed.

4.     [**<span style="color:red">Plaintiffs</span>**: Deponents and their counsel must make a good-faith effort to prepare for depositions and to refresh witness memories on important matters in the suit about which the witness reasonably should be expected to have knowledge. Deponents who claim to lack recollection during their deposition but who later claim at trial to have had their memories refreshed in the interim, may be, among other things, impeached with their previous failures of recollection during their depositions or be subject to preclusion.]

---

### *DISPUTE NO. 4*

**_Plaintiffs' Position_:**

This case involves a large number of witnesses, and challenges conduct going back to at least January 1, 2014, the beginning of the Class Period. Third Am. Complt., D.E. #556 at ¶ 302. Plaintiffs have therefore requested a rule[5] – applying to both the named Plaintiffs and to defense witnesses – requiring counsel to "make a good-faith effort" to prepare witnesses for deposition by refreshing their memories "on important matters . . . about which the witness should reasonably be

---

[5]     https://www.cand.uscourts.gov/wp-content/uploads/judges/alsup-wha/WHA-Supplemental-CMC-Order.pdf

expected to have knowledge." Defendants have objected to this requirement.

The basis for Plaintiffs' request is straightforward. Given the fact that events stretching back eight years or more (to 2014 and beyond) are at issue, there is a genuine risk that Defendants' witnesses will claim – or feign – at deposition a lack of recollection about key events. And the vast majority of witnesses are likely to be beyond the subpoena power of this Court, because all Defendants but ShareBuilders are based outside of Illinois. As a result, Plaintiffs would be stuck at trial with either a video deposition from a witness who recalled nothing – or, if Defendants chose to bring the witness to trial, a witness who has now become more knowledgeable before the jury.

It is no answer to say that Plaintiffs can refresh the witness's recollection at the deposition itself, pre-trial. There is no guarantee that the combination of the parties' agreed-upon search terms and document custodians will cover all the key topics for all the key witnesses. The best approach is to impose a limited duty on a deponent's counsel – whether they represent Plaintiffs or Defendants – to take good-faith steps to prepare the witness on the important issues in the case.

Although Defendants claim that the proposed standard – "important matters in the case" is too subjective, this does not depart from what adequate preparation consists of in the normal course of litigation.

### ***Defendants' Position:***

Defendants recognize and take seriously their legal and ethical duty to prepare witnesses for deposition. Applicable rules and case law governing the duty to prepare a witness are already backstopped by the risk of possible discovery

sanctions for failure to do so. Plaintiffs' proposed addition to the Deposition Protocol Order is therefore unnecessary.

Plaintiffs' proposal is also impractical and inconsistent with the law. Plaintiffs' vague language that Defendants must prepare a witness to testify about "important matters in the [law]suit" is not a meaningful standard that can be followed and enforced. Additionally, Plaintiffs' proposal goes well beyond the available sanctions regarding witness preparation by providing for preclusion in the event that a deponent "who claim[ed] to lack recollection during their deposition . . . later claim[s] at trial to have had their memories refreshed in the interim." Under current law, such issues are decided on a case-by-case basis and require more specificity and nuance than Plaintiffs' proposal.

Counsel in this case are capable of abiding by their legal and ethical obligations without including a paragraph in the Deposition Protocol Order that is unnecessary, impractical, and mischaracterizes the law. Defendants therefore believe that Plaintiffs' proposed paragraph should be excluded.

5. If a dispute arises during a deposition and involves either a persistent obstruction of the deposition or a refusal to answer a material question on a ground other than privilege, counsel may attempt to arrange a telephone conference with the Court through the courtroom deputy. Any such conference should be attended by the same court reporter recording the deposition.

## VII. DEPARTING DOCUMENT CUSTODIANS AND FORMER EMPLOYEES

1. In response to a request for deposition in accordance with Section III above, if the witness is a former employee of any party and is not currently represented by counsel

for that party, counsel for that party shall, within five (5) business days of receiving the deposition notice for that witness, inform noticing counsel of the date of the witness's departure from the company, the last known address of the witness, whether counsel is authorized to accept service of the subpoena for the witness, and whether counsel will be representing the witness for the deposition.

2. In response to a request for deposition in accordance with Section III above, if the witness is a departing employee who intends to leave his or her employment before the deposition would occur, the party employing the witness shall, within five (5) days of receipt of the deposition notice, request that the witness appear for deposition at a date, place, and time convenient for the parties and the witness, consistent with the local rules and this Deposition Protocol Order, without the need for service of a third party subpoena or other formal judicial process on the witness, and shall inform the noticing party of the witness's response to such request.

3. If a departing employee agrees to appear without the need for service of a subpoena or other formal judicial process, the procedures for scheduling the deposition of a current employee of a party shall apply, and the deposition will be counted as a party deposition for proposes of Section I herein.

## VIII. <u>STANDARD STIPULATION</u>

The following stipulation shall apply to all depositions taken in this action (and any subsequent cases filed that are deemed by the Court to be consolidated with or related to this matter) and shall be included in each transcript by the court reporter:

1. Transcripts of depositions will be delivered from court reporters to counsel for the witness. Counsel shall promptly forward it to the witness for review, correction, and

signature under penalty of perjury. Absent agreement to the contrary, within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward any corrections to the court reporter, who will promptly notify all counsel of its receipt and any errata.

2.      If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature under penalty of perjury within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any errata submitted by the witness.

3.      Any witness who submits errata must do so in accordance with Federal Rule of Civil Procedure 30(e).

4.      The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

## IX.    **USE OF DEPOSITIONS**

The depositions taken by any party pursuant to this Deposition Protocol Order may be made available and used in any subsequent cases filed that are deemed by the Court to be consolidated with or related to this matter. Nothing in this paragraph prevents a party from objecting to the use of, or moving to exclude use of, a deposition from any subsequently related matter.


IT IS SO ORDERED.

Dated: _____, 2022


                                        _____

                                        HON. VIRGINIA M. KENDALL