# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION | Master Docket No. 18-06785<br><br>MDL No. 2867<br><br>The Honorable Judge Virginia M. Kendall |

## MOTION FOR LEAVE TO PROVISIONALLY FILE PLAINTIFFS' MOTION TO COMPEL RAYCOM TO ADD CEO PAT LAPLATNEY AS A CUSTODIAN UNDER SEAL

Plaintiffs in the above captioned action, through their undersigned counsel, and pursuant to Local Rule 26.2 of the Local Rules of the United States District Court for the Northern District of Illinois, hereby move this Court for leave to provisionally file their Motion to Compel Raycom to Add CEO Pat LaPlatney as a Custodian ("MTC LaPlatney") under seal for 45 days, during which time the Parties will attempt to reach agreement on which portions of the MTC LaPlatney, if any, should remain under seal. In support, Plaintiffs state as follows:

1. The MTC LaPlatney references certain documents produced by Defendants in this action and designated as "Confidential Information" under the Confidentiality Order (ECF No. 194) entered by the Court.

2. The Confidentiality Order sets forth various categories of documents that the Parties may designate as Confidential Information (either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"). *See* ECF No. 194, ¶ 3.

3. The Confidentiality Order further instructs that "[a]ny Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2" *Id.*, ¶ 8.[1]

---

[1] Separate from the filing of Confidential Information, the Confidentiality Order also includes a procedure for challenging designations, including a meet and confer requirement before seeking judicial intervention, with the designating party having the burden of persuasion (*see* ECF No. 194, ¶ 10).

4. Under Local Rule 26.2(c), "[a]ny party wishing to file a document or portion of a document electronically under seal in connection with a motion, brief or other submission must: "provisionally file the document electronically under seal" and "move the court for leave to file the document under seal." L.R. 26.2(c).

5. In compliance with Local Rule 26.2(c), Plaintiffs will file a public-record version of the MTC LaPlatney that redacts references to any material that the Parties agree—or the Court determines—is properly designated under the Confidentiality Order and should remain under seal. Plaintiffs presently take no position on—and reserve the right to oppose at the appropriate time—any request by Defendants to permanently seal materials referenced in the MTC LaPlatney.

6. Plaintiffs informed Defendants that they intend to cite to or discuss certain material designated by Defendants as Confidential Information in the MTC LaPlatney. Plaintiffs further suggested that the MTC LaPlatney remain provisionally sealed for 45 days to afford the Parties time to negotiate and determine what material, if any, should remain under seal beyond that time and be redacted in a public version of the MTC LaPlatney.

7. Should Defendants seek to maintain any materials under seal beyond that time, they may move to permanently seal portions of the MTC LaPlatney and the 45-day provisional sealing period will be extended pending resolution of any such request. Any designated material for which a motion to permanently seal is not filed upon expiration of the 45-day sealing period would become unsealed.

8. "A party hoping to file materials in secret must justify the claim of secrecy and 'analyze the applicable legal criteria or contend that any document [] legitimately may be kept from public inspection despite its importance to the resolution of the litigation." *Motorola Solutions, Inc. v Hytera Communications Corp.*, 367 F. Supp. 3d 813, 816 (N.D. Ill. 2019)

(quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). *See also id*. at 815 (noting that "parties had already been warned about the 'strong norm that judicial proceedings are open to public view.'") (quoting *Matter of Hussein*, 866 F.3d 832, 835 (7 Cir. 2027). *See also In re Disposable Contact Lens* Antitrust Litig., No. 3:15-md-2626, Dkt. 1074 (M.D. Fla. Nov. 14, 2019) (order granting motion to temporarily file under seal) (attached hereto as **Exhibit A**).

WHEREFORE, Plaintiffs request this Court grant them leave to provisionally file their Motion to Compel Raycom to Add CEO Pat LaPlatney as a Custodian under seal.

Dated: July 25, 2022

Respectfully submitted,

*/s/ Robert J. Wozniak*
**FREED KANNER LONDON & MILLEN LLC**
Robert J. Wozniak
Steven A. Kanner
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
skanner@fklmlaw.com
rwozniak@fklmlaw.com

*Plaintiffs' Liaison Counsel*

**HAUSFELD LLP**
Megan E. Jones (admitted *pro hac vice*)
600 Montgomery St. #3200
San Francisco, CA 94111
(415) 633-1908
mjones@hausfeld.com
Hilary K. Scherrer (admitted *pro hac vice*)
Nathaniel C. Giddings (admitted *pro hac vice*)
888 16th Street, N.W.
Suite 300
Washington, DC 20006
hscherrer@hausfeld.com
ngiddings@hausfeld.com

*Plaintiffs' Lead Counsel*

**ROBINS KAPLAN LLP**
Meegan Hollywood (admitted *pro hac vice*)
Matthew J. Geyer
399 Park Avenue, Suite 3600
New York, NY 10022
(212) 980-740
mhollywood@robinskaplan.com
mgeyer@robinskaplan.com

*Plaintiffs' Steering Committee*

**FREED KANNER LONDON &
MILLEN LLC**
Kimberly A. Justice
923 Fayette Street
Conshohocken, PA 19428
(610) 234-6487
kjustice@fklmlaw.com

*Plaintiffs' Steering Committee*