IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>LOCAL TV ADVERTISING ANTITRUST LITIGATION | MDL No. 2867<br><br>No. 18 C 6785<br><br>Honorable Virginia M. Kendall |

**DEFENDANTS' STATUS REPORT FOR**
**DECEMBER 13, 2022 STATUS CONFERENCE**

This case is set for a status conference before the Court on Tuesday, December 13, 2022 at 9:45 a.m. Defendants respectfully submit this report to review the status of this litigation and to highlight the key issues that are now before the Court.

**I.     The Current Status of this Litigation**

Despite the massive amount of discovery Defendants have produced, Plaintiffs still have not uncovered any evidence that Defendants engaged in a nationwide conspiracy to fix prices for broadcast television spot ads. Defendants have produced over 14 million documents from over 600 custodians, along with terabytes of transactional data for the 127 local geographic markets ("Designated Market Areas" or "DMAs") in this case. As summarized in Section II below, discovery to date does not support Plaintiffs' allegations.

Plaintiffs, however, continue to demand yet more documents to try to prove a nonexistent conspiracy. Plaintiffs have filed 17 motions to compel and are vowing to file several more, even though the deadline for such motions has long passed. Plaintiffs' new demands seek to upend the parties' longstanding agreements regarding the scope of discovery, made more than 18 months ago, for no clear purpose other than continuing to fish for evidence to support their spurious claims. These never-ending demands for additional discovery will undoubtedly lead to Plaintiffs requesting further extensions of the case schedule and Defendants being forced to bear further

expenses that are not proportionate to the needs of this case.

Meanwhile, Plaintiffs continue to refuse to respond to narrowly targeted discovery of the four named Plaintiffs on two key issues critical to both the claims and defenses in this litigation: (1) whether the two named Plaintiffs that are advertising agencies (the "Ad Agency Plaintiffs") purchased spot ads on their own behalf or as mere agents for their advertiser clients, and (2) the relevant product market. Defendants' motion to compel discovery on those issues is pending resolution by the Court. Newly produced evidence, which we summarize in Section III below, further supports Defendants' right to this discovery.

To assist the parties in moving forward, Defendants respectfully request that the Court:

(i) resolve Defendants' motion to compel discovery from Plaintiffs (Dkt. No. 652);

(ii) appoint a special master to resolve Plaintiffs' privilege log challenges as expeditiously as possible (Dkt. Nos. 727-733);

(iii) set a deadline for Plaintiffs to move for approval of the three settlements they reached months ago; and

(iv) set a deadline for Plaintiffs to seek leave to file a Fourth Amended Complaint.

**II.     What Party Discovery Has Shown about Plaintiffs' Claims**

In denying Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, the Court emphasized that although the allegations were sufficiently plausible to state a claim under Section 1 of the Sherman Act, Plaintiffs would have to develop additional evidence through discovery to support those allegations. (Dkt. No. 392, at 22, 27-28.) The Court likewise left open the question of how Plaintiffs could possibly satisfy the rigorous requirements of Rule 23 to certify a nationwide class across 127 local geographic markets. (*Id.* at 33-34.)

After years of wide-ranging discovery, Plaintiffs still have no direct evidence of a price-fixing conspiracy among Defendants in even a single DMA, let alone a nationwide conspiracy

across all 127 DMAs. Further, it is now evident that the circumstantial evidence Plaintiffs relied on in their Complaint does not withstand scrutiny. As discovery has shown:

- The pacing information Defendants received from two national sales representative firms did not contain any information about pricing or inventory. Instead, they only contained highly aggregated information regarding a station's estimated national sales revenue for the current quarter as compared to its national sales revenue at the end of the same quarter the previous year.

- The Defendants' employees Plaintiffs have deposed have testified that they did not and could not use pacing information to fix or artificially inflate spot ad prices or to ascertain a competitor's inventory or pricing.

- Those employees testified that pacing information is primarily used to benchmark a station's performance as compared to other stations in the same DMA.

- The employees confirmed that each of the 127 DMAs in this case is a separate local geographic market for spot advertising, as Plaintiffs themselves allege, and that pricing for spot ads is set at the local level in each DMA based on local supply and demand conditions.

**III. What Third-Party Discovery Has Shown About Plaintiffs' Claims**

Since the October 20, 2022 status conference, Defendants have obtained new evidence supporting their need for discovery from Plaintiffs on the issues briefed in Defendants' motion to compel discovery from Plaintiffs. (Dkt. No. 652.)

On October 22, Defendants received a response to their subpoena from Carat USA, a major advertising agency, confirming that Carat acts as an agent when it purchases spot ads for an advertiser. Carat's response also confirmed that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, thus refuting the suggestion Plaintiffs' counsel made at the October 20 status conference that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████.[1] In those circumstances, ████████████

████████████████████████████████████████████████████████████████████████, the advertising agency could not have been injured and does not have standing to assert antitrust claims. Carat is the third major advertising agency to confirm that it generally acts as an agent in purchasing spot ads for an advertiser and ████████████████████████████

██████████████████████. Defendants are entitled to discovery from the Ad Agency Plaintiffs to determine whether they similarly operate as mere agents.

On November 4, Defendants received a production from Comcast, the largest cable operator in the United States, showing that ████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████. This new evidence underscores Defendants' need for discovery from Plaintiffs on how they spent their advertising dollars.

### IV. Special Master to Resolve Privilege Log Disputes

On November 3, 2022, the Court ordered the parties to jointly submit a list of proposed candidates for a special master to resolve Plaintiffs' motion to compel production of Defendants' privileged documents (Dkt. Nos. 727, 728, 729, 730, 731, 732, and 733) and Plaintiffs' motion to compel Defendants Nexstar, Raycom, Scripps, and TEGNA to produce privileged antitrust guidance (Dkt. No. 688). On November 28, the parties submitted their joint list (Dkt. No. 861) and await the Court's appointment of a special master.

---

[1] Ex. A (Carat's Supplemental Responses to Sinclair Subpoena) at 2-3 (stating that Carat's agreements with advertiser clients are "████████████████████████████████████████████" and provide that ████████████████████████████████████████████████████████████████████████████████████████████████████).

4

V. **Plaintiffs' Motion to Compel Sinclair to Produce Documents from Its Former General Counsel, Barry Faber (Dkt. No. 726)**

On September 1, 2022, Plaintiffs filed a motion to compel Defendant Sinclair Broadcast Group, Inc. to produce documents from its former General Counsel, Barry Faber. That motion was fully briefed on October 6. At the October 20 status conference, the parties asked the Court to hold that motion in abeyance while they negotiated a possible resolution. The parties have now resolved the motion, and Sinclair understands that Plaintiffs will file a notice of withdrawal.

VI. **Rule 30(b)(6) Depositions**

The parties exchanged draft Rule 30(b)(6) deposition notices in September 2022. The parties continue to negotiate the topics and scope of Defendants' Rule 30(b)(6) deposition notice to Plaintiffs and await a decision from the Court on Defendants' motion to compel to conclude those negotiations.

Regarding Plaintiffs' Rule 30(b)(6) deposition notice to Defendants, the parties' last meet-and-confer session was on October 14. At that meet-and-confer, Plaintiffs agreed to revise and narrow the dozens of topics listed in their notice. Plaintiffs still have not provided their revised notice to Defendants, despite Defendants following up multiple times. On December 8, Plaintiffs advised Defendants that they would like to "defer discussions" of the scope of the topics in their Rule 30(b)(6) notice "until after more depositions have taken place."

VII. **Defendants' Request to Set Deadlines for Plaintiffs to Seek Approval of Settlements and Leave to File a Fourth Amended Complaint**

During the October 20 status conference, Plaintiffs stated that they anticipated filing for preliminary approval of settlements they reached with Defendants Fox, CBS Corporation, and Cox Media Group by October 26 and, if they did not do so by that date, they would provide an update to Defendants. Plaintiffs have not provided that promised update.

Similarly, when the Court granted ShareBuilders' motion to dismiss in August 2022, it

5

allowed Plaintiffs a narrow opportunity to "*timely* amend their complaint" to allege "facts that plausibly implicate ShareBuilders." (Dkt. No. 716 at 16.) More than three months later, Plaintiffs have yet to say whether or when they intend to seek leave to file such an amended complaint.

At the October 20 status conference, Defendants asked the Court to set deadlines for Plaintiffs to seek approval of the settlements they have reached and to seek leave to file a Fourth Amended Complaint. The Court took that issue under advisement until the December 13 status conference. Defendants renew their request that the Court set deadlines for Plaintiffs to seek approval of the settlements they claim to have reached and to seek leave to file a Fourth Amended Complaint, preferably by the end of this year.

Dated: December 9, 2022

Respectfully submitted,

/s/ Gregory J. Scandaglia

**HUGHES HUBBARD & REED LLP**
William J. Kolasky (*pro hac vice*)
Philip A. Giordano (*pro hac vice*)
1775 I Street, N.W.
Washington, DC 20006
(202) 721-4600
william.kolasky@hugheshubbard.com
philip.giordano@hugheshubbard.com

Fara Tabatabai *(pro hac vice)*
One Battery Park Plaza
New York, NY 10004
(212) 837-6000
fara.tabatabai@hugheshubbard.com

**SCANDAGLIA RYAN LLP**
Gregory J. Scandaglia
55 E. Monroe Street, Suite 3440
Chicago, IL 60603
(312) 580-2020
gscandaglia@scandagliaryan.com

*Counsel for Defendant Sinclair Broadcast Group, Inc.*

**COOLEY LLP**
David E. Mills *(pro hac vice)*
(dmills@cooley.com)
Deepti Bansal *(pro hac vice)*
(dbansal@cooley.com)
J. Parker Erkmann *(pro hac vice)*
(perkmann@cooley.com)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
Tel.: (202) 842-7800
Fax: (202) 842-7899

Beatriz Mejia *(pro hac vice)*
(mejiab@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Tel.: (415) 693-2000
Fax: (415) 693-2222

Mazda K. Antia *(pro hac vice)*
(mantia@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Tel.: (858) 550-6000
Fax: (858) 550-6420

Alexander G. Galicki *(pro hac vice)*
(agalicki@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel.: (310) 883-6400
Fax: (310) 883-6500

Matthew L. Kutcher (SBN: 6275320)
(mkutcher@cooley.com)
444 W. Lake Street, Suite 1700
Chicago, IL 60606
Tel.: (312) 881-6500
Fax: (312) 881-6598

*Counsel for Defendant Gray Media Group, Inc.*

**MORRISON & FOERSTER LLP**
Eliot Adelson (admitted *pro hac vice*)
Bonnie Lau (admitted *pro hac vice*)
Margaret A. Webb (admitted *pro hac vice*)
425 Market Street
San Francisco, CA 94105
(415) 268-7000
eadelson@mofo.com
blau@mofo.com
mwebb@mofo.com

David D. Cross (admitted *pro hac vice*)
Mary G. Kaiser (admitted *pro hac vice*)
Joseph C. Folio III (admitted *pro hac vice*)
2100 L Street NW
Washington, D.C. 20037
(202) 887-1500
dcross@mofo.com
mkaiser@mofo.com
jfolio@mofo.com

**MOLOLAMKEN LLP**
Megan Cunniff Church (Bar No. 6281234)
Matthew J. Fisher (Bar No. 6326897)
300 N. LaSalle St.
Chicago, IL 60654
(312) 450-6716
mchurch@mololamken.com
mfisher@mololamken.com

*Counsel for Defendants Dreamcatcher Broadcasting LLC, Nexstar Media Group, Inc., Tribune Broadcasting Company, LLC, and Tribune Media Group, Inc.*

**BAKER & HOSTETLER LLP**
Gregory J. Commins, Jr. (admitted *pro hac vice*)
1050 Connecticut Ave., NW Suite 1100
Washington, DC 20036
Telephone: (202) 861-1536
Facsimile: (202) 861-1783

7

**JENNER & BLOCK LLP**
Ross B. Bricker (Ill. Bar No. 3126882)
John F. Ward, Jr. (Ill. Bar No. 6208004)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-5474
(312) 222-9350
rbricker@jenner.com
jward@jenner.com

*Counsel for Defendant TEGNA, Inc.*

**HONIGMAN LLP**
David A. Ettinger (admitted pro *hac vice)*
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(312) 465-7368
dettinger@honigman.com

**MCAFEE & TAFT**
Mark Richard Mullins (admitted *pro hac vice)*
211 N. Robinson Ave., 10th Floor
Two Leadership Square
Oklahoma City, OK 73102
(405) 552-2263
rick.mullins@mcafeetaft.com

*Counsel for Defendant Griffin Communications, LLC*

gcommins@bakerlaw.com
Bridget S. McCabe (admitted *pro hac vice)*
Dyanne J. Cho (admitted *pro hac vice*)
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: (310) 820-8800
bmccabe@bakerlaw.com
dcho@bakerlaw.com

John M. Touhy (NDIL 3128400)
191 North Wacker Drive, Suite 3100
Chicago, IL 60606-1901
(312) 416-6200 phone
(312) 416-6201 facsimile
jtouhy@bakerlaw.com

*Counsel for Defendant The E.W. Scripps Company*

8