UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>LOCAL TV ADVERTISING ANTITRUST LITIGATION<br><br>*This Document Relates to All Actions* | MDL No. 2867<br>No. 18 C 6785<br><br>Honorable Virginia M. Kendall |

**GRIFFIN COMMUNICATIONS, LLC'S OPPOSITION TO PLAINTIFFS' DISCOVERY MOTION NO. 19 TO COMPEL GRIFFIN COMMUNICATIONS TO PRODUCE DOCUMENT WITHHELD AS PRIVILEGED AND TO REFER THIS MOTION TO SPECIAL MASTER LEVIE**

# TABLE OF CONTENTS


TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION ..... 1

II. PLAINTIFFS' MOTION IS UNTIMELY, AND SHOULD BE REJECTED ON THAT BASIS ALONE ..... 2

III. UNDER WELL-ESTABLISHED PRINCIPLES, THE MEMO IS PRIVILEGED ..... 3

IV. PLAINTIFFS' ATTEMPTS TO UNDERCUT THE CLAIM OF PRIVILEGE SHOULD BE REJECTED ..... 6

A. This Issue is Not About "Notes" ..... 6

B. Whether the Memo Discussed A Meeting With CoxReps Does Not Change the Analysis ..... 7

C. The Communication Was Made in Order to Obtain Legal Advice ..... 9

D. Mr. Deaver's Memo Was Appropriately Provided to Griffin's Lawyer ..... 9

E. The Memo Is Factual Work Product ..... 10

V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Colloid Co. v. Old Republic Ins. Co.*,
1993 WL 195270 (N.D. Ill. 1993) ....................8

*Babych v. Psychiatric Sols., Inc.*,
271 F.R.D. 603 (N.D. Ill. 2010)....................4

*Banks v. CBOCS W., Inc.*,
No. 01 C 0795, 2004 WL 723767 (N.D. Ill. Apr. 1, 2004)....................2

*Breneisen v. Motorola, Inc.*,
No. 02C50509, 2003 WL 21530440 (N.D. Ill. July 3, 2003) ....................11

*Doe v. Soc'y of the Missionaries of the Sacred Heart*,
No. 11 C 02518, 2014 WL 1715376 (N.D. Ill. May 1, 2014) ....................11

*Espejo v. Santander Consumer USA, Inc.*,
No. 11-cv-8987, 2014 WL 6704382 (N.D. Ill. Nov. 25, 2014)....................8

*Fed. Election Comm'n v. Christian Coal.*,
178 F.R.D. 61 (E.D. Va.) ....................8

*FTC v. Boehringer Ingelheim Pharm., Inc.*,
778 F.3d 142 (D.C. Cir. 2015)....................5, 11, 12

*In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*,
357 F.3d 900 (9th Cir. 2004) ....................5

*Heriot v. Byrne*,
257 F.R.D. 645 (N.D. Ill. 2009)....................7

*Martin v. Bally's Park Place Hotel and Casino*,
983 F.2d 1252 (3d Cir.1993)....................5

*Meier v. Pac. Life Ins. Co.*,
No. 20-CV-50096, 2021 WL 6125774 (N.D. Ill. Mar. 19, 2021)....................8

*Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete Prod., Inc.*,
140 F.R.D. 373 (E.D. Wis. 1991) ....................7

*Neuder v. Battelle Pac. Nw. Nat. Lab'y*,
194 F.R.D. 289 (D.D.C. 2000)....................8

*Packman v. Chicago Tribune Co.*,
267 F.3d 628 (7th Cir.2001) ....................................................................................2

*Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*,
No. 84 C 6746, 1991 WL 214062 (N.D. Ill. Oct. 15, 1991) ....................................................5

*Sandra T.E. v. S. Berwyn Sch. Dist. 100*,
600 F.3d 612 (7th Cir. 2010) ....................................................................................4

*SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties, LLC*,
No. 01-cv-9291, 2003 WL 193071 (S.D.N.Y. Jan. 29, 2003) ............................................4, 11

*In re Sulfuric Acid Antitrust Litig.*,
231 F.R.D. 331 (N.D. Ill. 2005)....................................................................................2

*Todd v. Societe Bic*,
No. 90 C 5487, 1991 WL 93266 (N.D. Ill. May 22, 1991) ....................................................5

*Upjohn Co. v. United States*,
449 U.S. 383 (1981)....................................................................................4

*Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*,
334 F.R.D. 149 (N.D. Ill. 2020)....................................................................................11

*Wier v. United Airlines*,
2021 WL 1517975 (N.D. Ill. Apr. 16, 2021) ....................................................................9, 10

**Other Authorities**

Advisory Committee Notes on 1970 Amendment to Fed. R. Civ. Proc. 26(b)(3)..........................8

Fed. R. Civ. P. 26(b)(3)....................................................................................10

## I. INTRODUCTION

Plaintiffs' Discovery Motion No. 19 should be rejected for multiple reasons:

1. The motion is completely untimely, since motions to compel were due on September 1, 2022, *see* Minute Entry [ECF No. 708] adopting briefing schedule outlined in Stipulation and Scheduling Order [ECF No. 704]. This motion concerns a document covered by a privilege log submitted by Griffin to Plaintiffs on January 31, 2022, long before the motion cutoff. Nor is there any newly discovered evidence that excuses this more than five month delay in filing.[1]

For this reason, the motion should be denied without submission to the Special Master. Such submission is unnecessary, given the untimely nature of the motion.

2. This item need not even have been contained in Griffin's log, since it was presumptively not required to be logged under the Stipulation and Order Regarding the Production of Documents and Electronically Stored Information ("ESI Order") [ECF No. 442], given its relationship to the DOJ investigation. Like other items concerning the DOJ investigation or this case, it should not be subject to challenge.

3. As the privilege log and the accompanying Declaration of Richard Mullins (Exhibit 1) explain, this communication falls within a core category of attorney-client privileged communication: facts communicated to a lawyer for the purpose of obtaining legal advice. It is also undoubtedly work product, since it was prepared at the direction of counsel and is directly related to the DOJ investigation. Plaintiffs have offered nothing but speculation and inapposite arguments to the contrary.

For all these reasons, Plaintiffs' motion should be denied.

[1] Plaintiffs did file a timely motion concerning Griffin's privilege log on September 1, but did not address the entry at issue here.

## II. PLAINTIFFS' MOTION IS UNTIMELY, AND SHOULD BE REJECTED ON THAT BASIS ALONE

First, Plaintiffs' motion should be denied as untimely. Unlike the other discovery motions recently filed by Plaintiffs relating to privilege issues, Plaintiffs' Motion with regard to Griffin concerns a privilege log entry provided to Plaintiffs long before the September 1, 2022 motion cutoff in this case. *See* Exhibit 1, Mullins Decl. ¶8 (log produced on January 31, 2022). This motion is therefore more than five months late.

This alone is a sufficient reason to deny the motion, since it will only expand and prolong litigation in a case where there is already a substantial burden from the many lengthy, but timely filed, motions on the privilege issue. Numerous cases in this District and Circuit have rejected untimely motions to compel. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332 (N.D. Ill. 2005) ("[M]otions to compel filed after the close of discovery are almost always deemed untimely."). *See also Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir.2001); *Banks v. CBOCS W., Inc.*, No. 01 C 0795, 2004 WL 723767 at *1 (N.D. Ill. Apr. 1, 2004).

Plaintiffs cannot claim that they obtained more information after September 1 that caused them to bring this motion. Depositions occurred after that date, but there is nothing Plaintiffs learned from the depositions that they did not already know by virtue of a document produced long before the motion to compel deadline. Indeed, their motion relies on that document. *See* Exhibit D to Declaration of Joshua Mathew [ECF No. 932-1], attached to Discovery Motion No. 19, document produced on February 5, 2021. Exhibit 1, Mullins Decl. ¶8. The document says that there was a conference call/meeting involving Mr. Deaver, other Griffin employees, Mr. Mullins and employees of CoxReps. Plaintiffs infer that that conference call/meeting is the subject of the "Conference Call Recap.docx" document referred to in the privilege log. Exhibit G to Mathew Decl. [ECF No. 932-1] (Privilege ID No. 20). That inference could thus have been easily made

long before September 2022, based on a document Plaintiffs have had for two years. Therefore, there is no excuse for Plaintiffs' delay.

Indeed, Plaintiffs do not even cite any deposition testimony for these facts. The deposition testimony they attach to Mr. Mathews' declaration is entirely irrelevant to their argument. Plaintiffs cite deposition testimony to establish that Ms. Eddy-Dorn, CoxReps' counsel, who participated in the conference call/meeting, was not Griffin's counsel, but Griffin has never made that claim, on the log or otherwise. Deposition testimony is also utilized to explain that Wade Deaver, who provided the memo, is not a lawyer, but no such claim was ever asserted. Finally, deposition testimony of David Griffin is cited to the effect that Mr. Griffin called Cox prior to the meeting. This is completely irrelevant to the argument regarding privilege.

The second reason why Plaintiffs' motion should not be entertained is that the Deaver Memo is not even properly a document subject to a privilege challenge. The negotiated ESI Order [ECF No. 442] in this case specifically provided that documents that involve work product relating to either this litigation or the DOJ proceedings need not even be logged: "Documents Presumptively Excluded from the Privilege Logs . . . . [w]ork product created for or in anticipation of this litigation or the related DOJ investigation." ESI Order at 9.8 and 9.8.2.

That is exactly what the privilege log indicates is the subject of the Deaver Memo: "Memo prepared by Wade Deaver at the request of Richard Mullins* for the purpose of obtaining legal advice regarding governmental inquiry; prepared in anticipation of litigation." Mathew Declaration at Ex. G. Under the circumstances, the Deaver Memo is not subject to any dispute, since it need not even have been on the log. That should end this inquiry.

## III. UNDER WELL-ESTABLISHED PRINCIPLES, THE MEMO IS PRIVILEGED

Even if the privilege issue is entertained, Plaintiffs have provided no basis to reject the claim of privilege here. The explanation on the log and in Mr. Mullins' Declaration at ¶4, that the

document is a memo prepared by Mr. Deaver at the request of Mr. Mullins in order to obtain legal advice, involves a core application of the attorney-client privilege doctrine.[2] "The attorney-client privilege protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010). The privilege exists to protect "not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Babych v. Psychiatric Sols., Inc.*, 271 F.R.D. 603, 610 (N.D. Ill. 2010) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981)). As the Supreme Court also explained in *Upjohn*, 449 U.S. at 389 (cited by Plaintiffs):

> The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out. The purpose of the privilege is to encourage clients to make full disclosure to their attorneys.

The memo is also work product, since it was provided "for the purpose of obtaining legal advice regarding government inquiry; prepared in anticipation of litigation." Privilege Log, *supra*. *See also* Exhibit 1, Mullins Decl. ¶6. As Plaintiffs' own case states, "[w]ork product protection extends to documents prepared by non-lawyer employees at the direction and under the supervision of counsel and in anticipation of litigation." *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties, LLC*, No. 01-cv-9291, 2003 WL 193071, at *3 (S.D.N.Y. Jan. 29, 2003) (citing Fed. R. Civ. P.

---

[2] The last paragraph of p.3 in Plaintiffs' motion, and Exhibit E to Mr. Mathews' declaration cited therein, further confirm that Mr. Mullins requested a memo, and David Griffin, the CEO of Griffin, passed on the request to Mr. Deaver. *See* Exhibit E to Mathews Declaration [ECF No. 932-1]. (David Griffin email stating "Wade, Below is the request from Rick.")

While the log alone provides a sufficient basis for rejection of the Motion, Mr. Mullins' declaration and the documentary evidence further confirm that conclusion.

26(b)(3)). Here, it is undisputed that Mr. Deaver prepared the memo at Mr. Mullins' request in anticipation of the obviously pending Department of Justice inquiry.

Mr. Mullins' declaration explains that he specifically requested the memo in order to better understand the facts related to a just initiated Department of Justice investigation of Griffin so that he could advise Griffin regarding that investigation and litigation that could (and did) follow. Mullins Decl. ¶6. Under the circumstances, there is no room for doubt that this information was provided in anticipation of litigation. Indeed, the ESI Order [ECF No. 442] specifically contemplates that communications relating to the Department of Justice inquiry were work product. ESI Order at 9.8 and 9.8.2. *See also In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004), *Martin v. Bally's Park Place Hotel and Casino*, 983 F.2d 1252, 1260-1261 (3d Cir.1993) (investigations in the face of government inquiries were work product).

Of course, the work product privilege is even broader than the attorney-client privilege. "The work product protection is broader than the attorney-client privilege in that it is not restricted solely to confidential communications between an attorney and client." *FTC v. Boehringer Ingelheim Pharm., Inc.*, 778 F.3d 142, 149 (D.C. Cir. 2015).

While the work production privilege is qualified, it can be overcome only where the information cannot otherwise be obtained without undue hardship. The case law makes clear that where the same information can be obtained through, for example, depositions, such hardship does not exist. *Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, No. 84 C 6746, 1991 WL 214062 at *2 (N.D. Ill. Oct. 15, 1991). *See also Todd v. Societe Bic*, No. 90 C 5487, 1991 WL 93266 at *1 (N.D. Ill. May 22, 1991) (motion to compel denied where the court noted that the "depositions were a

good opportunity for plaintiff's counsel to get the 'substantial equivalent' of the information contained in the investigator's report").

That is certainly the case here. The Cox conference call/meeting was the subject of (very brief) deposition testimony provided by David Griffin. *See* Exhibit 2, Griffin Dep. at 174:5-16. Mr. Deaver could also have been asked about the call during his deposition, but Plaintiffs did not choose to do so. There is clearly no need for production of the privileged memo in order to apprise Plaintiffs of the meeting.[3]

For all these reasons, the claim of privilege here is rock solid.

## IV. PLAINTIFFS' ATTEMPTS TO UNDERCUT THE CLAIM OF PRIVILEGE SHOULD BE REJECTED

Plaintiffs offer a number of arguments as to why the privilege ought not to apply here. But these arguments all involve mischaracterizations of the facts or misstatements of the law. They should all be rejected.

### A. This Issue is Not About "Notes"

First, Plaintiffs try to argue that what is protected here are "notes" of a meeting, and that such notes may not be privileged. But the log and Mr. Mullins' declaration both make clear that what is being discussed are not notes, but a memo written by Mr. Deaver to Mr. Mullins. Unlike notes of a meeting (which may or may not have been taken in order to obtain legal advice), there is no reason to doubt that a memo addressed to a lawyer who was retained to provide advice on the DOJ inquiry was provided for exactly that purpose.[4]

---

[3] It is noteworthy that Plaintiffs sought to file this untimely Motion to obtain Mr. Deaver's memo when they did not bother to ask him in his deposition about the meeting that was the subject of the memo.

[4] The documents Plaintiffs cite refer to possible notes that are not Mr. Deaver's, and therefore are not the subject of the log entry. Exhibit E to Mathew Declaration (Deaver email to David Griffin refers to "your notes.").

**B. Whether the Memo Discussed A Meeting With CoxReps Does Not Change the Analysis**

Next, Plaintiffs try to argue that the involvement of third parties (CoxReps personnel) on the conference call/meeting negates the privilege claim. But there is no indication that Mr. Deaver's memo was provided to CoxReps or any third parties. Mr. Mullins' declaration says the opposite. Exhibit 1, Mullins Decl. ¶6.

If Mr. Deaver summarized materials discussed on a conference call with CoxReps, that does not destroy the confidential nature of the communication. *See e.g. Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete Prod., Inc.*, 140 F.R.D. 373, 378 (E.D. Wis. 1991) (written notes, comments, and observations made by corporate employees at depositions in a lawsuit were protected by attorney-client privilege because they were taken for the purpose of seeking legal advice.). If materials disclosed at a deposition (which inevitably involved another party, i.e. the lawyer taking the deposition) can remain confidential, so can a communication between Griffin and its agent, CoxReps.

Moreover, CoxReps is not an unaffiliated third party here. It was and is Griffin's agent in the negotiation of national advertising contracts. *See* Exhibit 3 (excerpt from CoxReps Master Agreement with Griffin, GRIFFIN-MDL_0099717 at p.0099718) (CoxReps was appointed Griffin's "sole and exclusive sales representative" for national advertising sales). *See also* Exhibit 4, Shawn Jordan Dep. at 155:1-5 (CoxReps is Griffin's "partner"). As such, sensitive discussions with CoxReps about the subject of a Department of Justice inquiry would certainly be viewed by Griffin as confidential.

Indeed, this would be the case even in the potentially more fraught case where legal advice was shared with CoxReps, which is not true here. "[T]he attorney-client privilege applies to third parties who are agents of either the lawyer or the client. *Heriot v. Byrne*, 257 F.R.D. 645, 665

(N.D. Ill. 2009); *American Colloid Co. v. Old Republic Ins. Co.*, 1993 WL 195270, *1-2 (N.D. Ill. 1993) (communications between American Colloid's attorney, and employees of Marsh & McLennan, Inc., and insurance brokerage firm that handles all of the company's insurance business, were privileged). The attorney—client privilege "accommodates a principal/agent relationship which involves a non-employee agent working within the scope of his authority." *Meier v. Pac. Life Ins. Co.,* No. 20-CV-50096, 2021 WL 6125774 at *2 (N.D. Ill. Mar. 19, 2021).

The cases cited by Plaintiffs involved facts, and issues, that are far afield from the relevant question in this case. *Neuder v. Battelle Pac. Nw. Nat. Lab'y*, involved a decision that certain meeting deliberations were not privileged because the meetings' "primary function was to make a business decision, not to obtain legal advice." 194 F.R.D. 289, 296 (D.D.C. 2000). In *Espejo v. Santander Consumer USA, Inc.*, No. 11-cv-8987, 2014 WL 6704382 at *2 (N.D. Ill. Nov. 25, 2014), unlike this case, there was no communication to an attorney provided in order to obtain legal advice. The issue was whether an attorney's "knowledge of what was said at [a] meeting with . . . a third-party governmental entity" would itself be privileged. Of course, the privilege applies to communications, not underlying facts. The 1970 Advisory Committee Notes on the Federal Rules explain that "one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable." Advisory Committee Notes on 1970 Amendment to Fed. R. Civ. Proc. 26(b)(3).

Griffin has not argued that the participants in the meeting could not be asked to testify about the meeting. Indeed, Mr. Griffin did so. *See* Exhibit 2.

Similarly, *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 61, 72 (E.D. Va.) found that certain meeting minutes were not privileged under discussion of "[w]aiver principles." Thus, the fact that a third party was present at a meeting that would otherwise be privileged meant that

the privilege was waived. Here there is no claim of waiver and no assertion that Mr. Deaver's memo was shared with any outsider.

In any event, if there were any doubt about the confidentiality of the material, that would not affect any claim of work product. *See* discussion, *supra* in Section III.

### C. The Communication Was Made in Order to Obtain Legal Advice

Plaintiffs then argue that it makes no sense that Mr. Mullins would have needed a memo concerning the conference call/meeting, since he was on the conference call. But, as Mr. Mullins' declaration explains, he requested an explanation because he had previously done very little work for Griffin and did not understand much of the substance or the background information relating to the conference call. Exhibit 1, Mullins Decl. ¶5-6. Certainly, Plaintiffs' speculation as to Mr. Mullins need for the information should not be credited over the log and the Mullins Declaration. *See e.g. Wier v. United Airlines*, 2021 WL 1517975, at *7 (N.D. Ill. Apr. 16, 2021) (cited by Plaintiffs). ("The Court will not cast doubt onto the privilege log descriptions based on counsel's speculation."); ("Plaintiff's counsel infers that Nash could not have been providing legal advice, as a diligent in-house attorney would have responded earlier. . . The Court declines to make this leap.")

### D. Mr. Deaver's Memo Was Appropriately Provided to Griffin's Lawyer

Plaintiffs also argue that Mr. Mullins was not Mr. Deaver's personal lawyer. However, as the declaration explains, Mr. Mullins is certainly Griffin's lawyer (as he is in this litigation), and Mr. Deaver was directed to provide the information by his superior, David Griffin, Griffin's CEO, at Mr. Mullins' request. Exhibit 1, Mullins Decl. ¶4. "The log, coupled with the additional background information United has provided in its opposition, sufficiently indicates that the United employees involved in the communications at issue were no mere 'bystander witnesses'

and communicated 'at the direction of [their] corporate employer and on its behalf.'" *Wier, supra* at *10.

Plaintiffs also argue that information from Mr. Deaver is not privileged because it is information that is "available from upper-echelon management," Motion No. 19 at p.7. But Mr. Deaver is Griffin's Vice President of Sales. Mathew Declaration at Exibit F (Deaver Dep. 37:15-20). As the top sales official at Griffin, he himself is quite clearly "upper-echelon management" at Griffin. Moreover, he is the most knowledgeable senior official at Griffin on sales matters. Rob Krier, Griffin's COO, "leave[s] all the pricing and everything to Wade." Exhibit 5, Krier Dep.60:14-19. David Griffin, Griffin's CEO explained that he would "rely on Mr. Deaver" for information regarding the role of CoxReps executives. Exhibit 2, Griffin Dep. 93:2-23.

### E. The Memo Is Factual Work Product

Plaintiffs' challenge to the work product privilege is even more weak. Plaintiffs argue that the *fact* work product privilege only applies if the work product reveals the lawyer's *mental impressions*. But this completely conflates the two different kinds of work product. It is hornbook law that work product disclosing the mental impressions of the lawyer is absolutely protected, while fact work product (which does not disclose such information) is still subject to a qualified privilege. *See* Fed. R. Civ. Proc. 26(b)(3), which states that "documents . . . that are prepared in anticipation of litigation" are privileged subject to a "substantial need/undue hardship" test, but that documents that involve "disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney . . ." are absolutely banned from disclosure. Plaintiffs get the issue exactly backwards by suggesting that the only documents which are privileged are those which disclose the attorney's mental impressions. When that is the case, there is an absolute privilege. When that is not the case, however, there is nevertheless a qualified privilege. If Plaintiffs were correct, there would only be one category of work product, "mental impressions", not two.

Courts in this district have upheld "fact" work product protection for general factual information provided in response to attorney's request without inquiry as to whether they revealed an attorney's mental impressions or thought processes. *Breneisen v. Motorola, Inc.*, No. 02C50509, 2003 WL 21530440, at *2 (N.D. Ill. July 3, 2003). ("Chronological histories" treated as work product). As the court explained in *Doe v. Soc'y of the Missionaries of the Sacred Heart*, No. 11 C 02518, 2014 WL 1715376, at *3 (N.D. Ill. May 1, 2014), "[c]ourts distinguish between 'fact' (or 'ordinary') work product and 'opinion' work product: while fact work product includes raw factual information, opinion work product includes counsel's mental impressions, conclusions, opinions, or legal theories." Thus, "raw" factual information is protected by the qualified privilege. And Plaintiffs cannot, and do not, claim that they meet the "undue hardship" standard.

The cases cited by Plaintiffs are not to the contrary. The statement in *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties LLC*, No. 01-cv-92991, 2003 WL 193071, at *3 (S.D.N.Y. Jan. 29, 2003) that "underlying facts are always discoverable" is irrelevant here. As discussed *supra*, Griffin is not claiming that the underlying facts of the meeting cannot be discovered. In fact, they have been the subject of deposition testimony. The issue is whether Mr. Deaver's *communication* to Griffin's attorney is discoverable. That is a very different matter.

In *Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 334 F.R.D. 149, 159 (N.D. Ill. 2020), work product protection was denied in the case of "financial analyses" which a lawyer "review[ed] . . . for legal accuracy." That is clearly not work product, and not what is at issue in this case.

Plaintiffs' citation of *F.T.C. v. Boehringer Ingelheim Pharm., Inc.*, 778 F.3d 142, 152 (D.C. Cir. 2015) grossly misstates what the case holds and also misquotes the decision. The referenced

discussion in the case involved only whether certain communications were "opinion" work product. The D.C. Circuit in *Boehringer* stated that "[o]pinion work product protection is warranted only if the selection or request reflects the attorney's focus in a meaningful way." 778 F.3d at 151-152. The discussion which Plaintiffs misquote states that the information in question could not be viewed as "opinion work product" because it "does not reveal any insight into counsel's legal impressions or their views of the case." *Id*. at 152. The Court therefore concluded that the factual communication was in fact privileged, but was subject to the qualified privilege for "fact" work product, even though it did not reveal the insights which Plaintiffs claim is required. *Id*. at 153. The same analysis applies here.

## V. CONCLUSION

For the foregoing reasons, the Motion to Compel should be denied.

Dated: March 31, 2023

*/s/ David A. Ettinger*

**HONIGMAN LLP**
David A. Ettinger (admitted *pro hac vice)*
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7368
dettinger@honigman.com

**HONIGMAN LLP**
William B. Berndt
155 North Wacker Drive
Suite 3100
Chicago, IL 60606
(312) 701-9376
wberndt@honigman.com

**MCAFEE & TAFT**
Mark Richard Mullins (admitted *pro hac vice*)
211 N. Robinson Ave.
10th Floor
Two Leadership Square Oklahoma City, OK
73102
(405) 552-2263
rick.mullins@mcafeetaft.com
*Counsel for Defendant Griffin Communications, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/David A. Ettinger
David A. Ettinger (admitted *pro hac vice*)
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7368
dettinger@honigman.com