# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# <u>EASTERN DIVISION</u>

| | |
|---|---|
| IN RE:<br>LOCAL TV ADVERTISING ANTITRUST LITIGATION<br><br>*This document applies to all actions.* | MDL No. 2867<br>No. 18 C 6785<br><br>Honorable Virginia M. Kendall |

**DEFENDANT RAYCOM MEDIA, INC.'S MOTION FOR LEAVE TO MAINTAIN RAYCOM'S OPPOSITION TO PLAINTIFFS' DISCOVERY MOTION NO. 17: TO COMPEL DEFENDANT GRAY MEDIA GROUP F/K/A RAYCOM MEDIA, INC. TO PRODUCE DOCUMENTS FROM PAT LAPLATNEY'S PRODUCTION WITHHELD AS PRIVILEGED UNDER SEAL**

Defendant Gray Media Group, Inc., formerly known as Raycom Media, Inc. ("Raycom"), through its undersigned counsel, and pursuant to Rule 26.2 of the Local Rules of the United States District Court for the Northern District of Illinois, hereby requests to maintain under seal Raycom's Opposition to Plaintiffs' Motion to Compel Raycom to Produce Documents from Pat LaPlatney's Production Withheld as Privileged ("Opposition to Motion to Compel"). In support, Raycom states the following:

1. On March 17, 2023, Plaintiffs filed their Motion to Compel Raycom to Produce Documents from Pat LaPlatney's Production Withheld as Privileged ("Motion to Compel"). ECF No. 930. In the Motion to Compel, Plaintiffs quote and reference certain documents produced by Raycom and other parties in this action that are designated as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Confidentiality Order entered by this Court, including Plaintiffs' marked-up draft of a version of the Raycom privilege log in

1

dispute. *See* ECF No. 194 ¶ 3.[1] The Court has already granted Plaintiffs' Motion to Seal Discovery Motion No. 17 and the accompanying Declaration of Nathaniel Giddings In Support of Plaintiffs' Motion to Compel ("Giddings Declaration"), permitting Plaintiffs' opening papers and exhibits to be filed completely under seal. *See* ECF No. 933.

2. In essentially every paragraph, Raycom's Opposition to Plaintiffs' Motion to Compel quotes and references certain paragraphs of the Plaintiffs' Motion to Compel and related exhibits that the Court ordered to remain under seal. ECF No. 933. Similarly, the Declarations of Thomas B. Henson and Sandy Breland, which accompany Raycom's Opposition, discuss and reference Raycom's privilege log pertaining to the custodial documents of Pat LaPlatney (which the Court has already permitted to be filed under seal) and documents described on that sealed privilege log. Finally, Raycom's motion also references and attaches two documents, each of which should remain under seal. The first, Exhibit A to the Declaration of Deepti Bansal, is the current draft of Raycom's privilege log for the documents in issue—that is, another version of a document that this Court has already recognized is properly sealed. *See* ECF 933. The second, Ex. B to the Bansal Declaration, should be sealed because it (1) is related to the documents discussed in the parties' submissions (and logged on Raycom's confidential privilege log), (2) pertains to Raycom's relationship with CBS, which is at times a negotiating counterparty, and (3) was produced to Plaintiffs at GMG02131726 bearing the "CONFIDENTIAL" designation.

3. A court may keep documents or portions thereof under seal "if there is good cause for sealing a part or the whole of the record." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Additionally, "a party hoping to file materials in secret

---

[1] The Confidentiality Order requires that "[a]ny Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2." ECF No. 194 ¶ 8.

must justify the claim of secrecy and 'analyze the applicable legal criteria or contend that any document [] legitimately may be kept from public inspection despite its importance to the resolution of the litigation.'" *Motorola Solutions, Inc. v. Hytera Communications Corp.*, 367 F. Supp. 3d 813, 816 (N.D. Ill. 2019). Here, Plaintiffs' Motion to Compel and Exhibits to the Giddings Declaration contain confidential, highly sensitive information, the public disclosure of which would cause Raycom significant competitive harm. The Court already has determined that there is good cause to maintain Plaintiffs' Motion to Compel and Exhibits to the Giddings Declaration fully under seal in this matter. *See* ECF No. 933. The Opposition to Motion to Compel and papers filed in support thereof frequently quote and reference the same portions of the Motion to Compel and Exhibits A, B, D, and H to the Giddings Declaration that the Court has ordered to remain under seal, along with declarations that reference evidence on reflected in those sealed Giddings exhibits, another version of Raycom's confidential privilege log (again, a document that the Court has already ordered sealed in a different version), and a single confidential internal Raycom document. Accordingly, Raycom respectfully requests leave to file its Opposition to Motion to Compel, the Declaration of Sandy Breland in support thereof, the Declaration of Thomas B. Henson in support thereof, and the Declaration of Deepti Bansal in support thereof (along with its exhibits) entirely under seal.

WHEREFORE, Raycom requests that this Court grant Raycom leave to file entirely under seal its Opposition to Plaintiffs' Motion to Compel and the papers submitted along with that motion.

| | |
|---|---|
| Dated: March 31, 2023 | *Respectfully submitted,* |

/s/ David E. Mills
**COOLEY LLP**
David E. Mills (*pro hac vice*)
(dmills@cooley.com)
Deepti Bansal (*pro hac vice*)
(dbansal@cooley.com)
J. Parker Erkmann (*pro hac vice*)
(perkmann@cooley.com)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
Tel.: (202) 842-7800
Fax: (202) 842-7899

Beatriz Mejia (*pro hac vice*)
(mejiab@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Tel.: (415) 693-2000
Fax: (415) 693-2222

Mazda K. Antia (*pro hac vice*)
(mantia@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Tel.: (858) 550-6000
Fax: (858) 550-6420

Alexander G. Galicki (*pro hac vice*)
(agalicki@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel.: (310) 883-6400
Fax: (310) 883-6500

Matthew L. Kutcher (SBN: 6275320)
(mkutcher@cooley.com)
444 W. Lake Street, Suite 1700
Chicago, IL 60606
Tel.: (312) 881-6500
Fax: (312) 881-6598

*Counsel for Defendant Gray Media Group, Inc.*