IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION**<br><br>*This document applies to all actions.* | Master Docket No. 18-06785<br><br>MDL No. 2867<br><br>Honorable Virginia M. Kendall |

### ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS CBS, FOX, THE COX ENTITIES, AND SHAREBUILDERS

THIS CAUSE came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlements with Defendants CBS, Fox, the Cox Entities, and ShareBuilders ("Motion"). Plaintiffs have entered into four separate proposed settlement agreements: (1) the CBS Settlement with CBS Corp. n/k/a ViacomCBS Inc. ("CBS"); (2) the Fox Settlement with Fox Corp. ("Fox"); (3) the Cox Entities Settlement with Cox Media Group, LLC ("CMG LLC"), Cox Enterprises, Inc. ("CEI"), CMG Media Corporation (f/k/a Terrier Media Buyer, Inc. and d/b/a Cox Media Group) ("CMG"), and Cox Reps, Inc. ("CoxReps") (CoxReps, CMG LLC, CEI, and CMG are collectively referred to herein as the "Cox Entities"); and (4) the ShareBuilders Settlement with ShareBuilders, Inc. ("ShareBuilders").[1] The Court, having reviewed the Motion, its accompanying memorandum and declaration, the proposed Settlement Agreements, and the file, hereby **ORDERS AND ADJUDGES** as follows:

1. Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreements.

---

[1] The CBS Settlement, the Fox Settlement, the Cox Entities Settlement, and the ShareBuilders Settlements are referred to collectively herein as the Settlements or the Settlement Agreements.

**A.      Preliminary Approval of the Settlement Agreements**

2.      The Court has jurisdiction over this Action and each of the parties to the Settlement Agreements. Upon review of the record, the Court finds that the proposed Settlement Agreements, which were arrived at by arm's-length negotiations by highly experience counsel, meets all factors under Federal Rule of Civil Procedure 23(e)(2) and will likely be granted final approval by the Court, subject to the Court's Fairness Hearing described below.

3.      The Court finds that the Settlements set forth in the Settlement Agreements are preliminarily determined to be fair, reasonable, adequate, and in the best interest of the Settlement Classes, raise no obvious reason to doubt its fairness, and raise a reasonable basis for presuming that the Settlements and their terms satisfy the requirements of Rules 23(a), 23(b)(3), and 23(e) so that an appropriate notice of the Settlements should be given.

**B.      Class Certification**

4.      The Settlement Classes meet the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3).

5.      As to the requirements of Rule 23(a), the Court expressly finds that (1) the Settlement Classes certified herein number in the thousands of entities, and joinder of all such entities would be impracticable; (2) there are questions of law and fact common to members of the Settlement Classes; (3) Plaintiffs claims are typical of the claims of the Settlement Classes they seek to represent for purposes of settlement; and (4) Plaintiffs are adequate representatives of the Settlement Classes.

6.      As to the requirements of Rule 23(b)(3), the Court expressly finds that the questions of law and fact common to the respective Settlement Classes predominate over any questions affecting any individual member of the Settlement Classes, and that a class action on behalf of the Settlement Classes is superior to other available means of adjudicating this dispute.

7. The Court certifies the four respective Settlement Classes (the "CBS Settlement Class," the "Fox Settlement Class," the "Cox Entities Settlement Class," and the "ShareBuilders Settlement Class"), each defined as follows:

> All persons and entities in the United States who purchased broadcast television spot advertising directly from one or more Broadcaster Defendants in a designated market area ("DMA") within which two or more of the Broadcaster Defendants sold broadcast television spot advertisements on broadcast television stations, including anyone who directly paid one or more Defendants for all or a portion of the cost of such broadcast television spot advertisements from January 1, 2014 to and including December 31, 2018 (the "Settlement Class Period"). For the sake of clarity, the DMAs within which two or more of the Broadcaster Defendants sold broadcast television spot advertisements on broadcast television stations are set forth in Appendix A to the consolidated Third Amended Antitrust Class Action Complaint dated March 16, 2022 and attached hereto.
>
> Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries, affiliates, officers, directors, employees, assigns, successors, agents, or co-conspirators; the court, court staff, defense counsel, all respective immediate family members of these excluded entities, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

8. The Court appoints Megan E. Jones of Hausfeld LLP as Settlement Class Counsel for each of the Settlement Classes.

9. Plaintiffs One Source Heating & Cooling, LLC, ThoughtWorx, Inc. d/b/a MCM Services Group, Hunt Adkins, Inc., and Fish Furniture will serve as class representatives on behalf of the Settlement Classes.

**C.  Escrow Agent**

10. The Court approves Plaintiffs' designation of Huntington National Bank as the Escrow Agent. Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities as are set forth in the Settlement Agreements.

11. The Court approves the establishment of escrow accounts for each of the Settlements under the Settlement as Qualified Settlement Funds ("QSFs") pursuant to Internal

Revenue Code § 468B, 26 U.S.C. § 468B, and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.

12. The funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreements and further order(s) of the Court.

**D. Other Provisions**

13. All proceedings in the Action as to CBS, Fox, the Cox Entities, and ShareBuilders are stayed until further order of the Court, except as may be necessary to implement the cooperation provisions set forth in the Settlement Agreements or otherwise comply with the terms of the Settlement Agreements.

**E. Notice to Settlement Class Members**

14. To the extent they have not already done so, Plaintiffs shall submit to the Court for approval a notice plan for purposes of advising members of the Settlement Classes, among other things, of the plan of distribution, their right to object to any/all of the Settlement Agreements, their right to exclude themselves from any/all of the Settlement Classes, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

**IT IS SO ORDERED** on this 14th day of June, 2023.

Hon. Virginia M. Kendall
**UNITED STATES DISTRICT JUDGE**