UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>LOCAL TV ADVERTISING ANTITRUST LITIGATION | MDL No. 2867<br>No. 18 C 6785 |
| *This Document Relates to All Actions* | Honorable Virginia M. Kendall |

## GRIFFIN COMMUNICATIONS, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF DISCOVERY MOTION NO. 20: FOR SPOLIATION SANCTIONS AGAINST DEFENDANT GRIFFIN COMMUNICATIONS, LLC

Defendant Griffin Communications, LLC ("Griffin") opposes Plaintiffs' Motion for Leave to File Supplemental Authority in Support of Discovery Motion No. 20 [ECF No. 996], because the case Plaintiffs proffer, *Miramontes v. Peraton, Inc.*, No. 3:21-CV-3019-B, 2023 WL 3855603 (N.D. Tex. June 6, 2023), applies an analysis which directly contradicts controlling Seventh Circuit law to wholly inapposite facts. It therefore provides no benefit to the Court:

1. *Miramontes* found that the deleted text messages in that case were "relevant", and therefore prejudicial, *Miramontes* at *5. But the standard in the Seventh Circuit is that any deleted documents must be "essential" or "crucial" to the claim. Griffin Communications, LLC's Brief in Opposition to Plaintiffs' Discovery Motion No. 20 [ECF No. 969] ("ECF. No. 969") at p.12. In fact, *Miramontes* collapses what 37(e) deems two separate elements: prejudice and relevance. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 958 (N.D. Ill. 2021).

2. In *Miramontes*, bad faith was found because there were no instructions given to preserve text messages. 2023 WL 3855603 at *6. In the Seventh Circuit, bad faith only exists if an action was taken "for the purpose of hiding adverse information."

1

48433872.7

ECF No. 969 at pp. 14-15. Indeed, the *Miramontes* court stated that "[b]ad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence," *Miramontes* at *6, but then never found evidence of such a purpose. Moreover, here, unlike in *Miramontes*, there was no failure to instruct that text messages should be preserved. Mr. Krier was aware of that instruction, but he incorrectly believed that they would be preserved in the cloud. ECF No. 969 at p.11.

3. In *Miramontes*, the deleted texts were deemed relevant because they were between two people who could have completed a document "that addressed why Miramontes was slated for termination" in that wrongful termination case. 2023 WL 3855603 at *6. Here, the evidence shows that Mr. Krier's texts were unlikely to matter, since he had a very limited role in broadcast advertising, ECF No. 969 at p.10. Moreover, any text messages he shared with his colleagues at Griffin were preserved by those colleagues. *Id.* The texts of the individuals who participated in pacing exchanges were all preserved. *Id.* at p.13.

Dated: June 21, 2023

/s/ David A. Ettinger
**HONIGMAN LLP**
David A. Ettinger (admitted *pro hac vice*)
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7368
dettinger@honigman.com

**HONIGMAN LLP**
William B. Berndt
155 North Wacker Drive
Suite 3100
Chicago, IL 60606
(312) 701-9376
wberndt@honigman.com

**MCAFEE & TAFT**
Mark Richard Mullins (admitted *pro hac vice*)
211 N. Robinson Ave.
10th Floor

2

48433872.7

Two Leadership Square Oklahoma City, OK 73102
(405) 552-2263
rick.mullins@mcafeetaft.com
*Counsel for Defendant Griffin Communications, LLC.*

3

48433872.7

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 21, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        /s/David A. Ettinger
                                        David A. Ettinger (admitted *pro hac vice*)
                                        2290 First National Building
                                        660 Woodward Ave.
                                        Detroit, MI 48226
                                        (313) 465-7368
                                        dettinger@honigman.com