**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| **IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION** | Master Docket No. 18-06785 |
|  | MDL No. 2867 |
| *This document relates to all actions.* | The Honorable Judge Virginia M. Kendall |

## TEGNA, RAYCOM, AND MEREDITH'S MOTION TO RECONSIDER AND VACATE ORDER COMPELLING PRODUCTION OF CUSTOMER CONTACT INFORMATION AND TO STAY PRODUCTION DEADLINE

Defendants TEGNA, Inc. ("TEGNA"), Gray Media Group (formerly known as Raycom Media, Inc.) ("Raycom") and Meredith Corporation ("Meredith") respectfully move the Court to reconsider and vacate that portion of its Order Appointing Settlement Administrator, Approving Settlement Notice Program, and Compelling Production of Customer Contact Information (ECF No. 994) ("Order") that compels TEGNA, Raycom, and Meredith to turn over their customer contact information to Plaintiffs' counsel, without any restriction or limitation on its use.

As demonstrated below, these Defendants did not have an opportunity to respond to Plaintiffs' request regarding customer contact information as part of their motion prior to the Court's Order, and Plaintiffs' request for the customer contact information is overbroad, premature before Plaintiff's motion for class certification, and unwarranted as a matter of law. Further, at this stage of the litigation, this information should at most be provided only to the prospective settlement administrator, and it should be shielded from Plaintiffs through appropriate confidentiality protocols.

1

## FACTUAL BACKGROUND

On March 17, 2023 (more than six months after the motion to compel deadline expired on September 1, 2022), Plaintiffs moved to compel production of customer contact data from TEGNA, Raycom, and Meredith responsive to Plaintiffs' Request for Production No. 52. (Pls.' Discovery Motion No. 16, ECF No. 929). Pursuant to the parties' agreed briefing schedule, TEGNA, Raycom, and Meredith filed their response to Plaintiffs' motion on April 10, 2023 (ECF No. 945), and Plaintiffs filed a reply on April 20, 2023. (ECF No. 957).

Plaintiffs' principal argument in Discovery Motion No. 16 was that customer contact information was ostensibly necessary to establish classwide impact for purposes of satisfying the predominance requirement for class certification.[1] In their opposition brief, TEGNA, Raycom, and Meredith pointed out that, to the contrary, "before a class has been certified," such information is not relevant or proportional to the needs of the case when Plaintiffs are merely "looking for information to support [their] anticipated motion for class certification." (Resp. to Discovery Motion No. 16 at 10 (quoting *Bilek v. Nat'l Cong. of Emps., Inc.*, No. 18 C 3083, 2022 WL 523108, at *1 (N.D. Ill. Feb. 22, 2022)*)). TEGNA, Raycom, and Meredith also showed why the cost and burden of retrieving and producing this information was not proportionate to the needs of the case and implicated the privacy interests of their customers. (*Id.* at 10–12).

Tucked in the very last two paragraphs of Plaintiffs' June 9, 2023 motion to appoint the settlement administrator and approve the notice program (ECF No. 988) ("Notice Motion"), however, Plaintiffs inserted a second motion to compel arguing that TEGNA, Raycom, and Meredith's customer contact information was necessary for purposes of settlement notice. (*Id.* at 10–11). Plaintiffs did not limit or constrain in any way the access or use of the requested customer

---

[1] Plaintiffs also made a passing argument that such information is necessary to effectuate class notice, which comprised one paragraph of their 14-page brief. Discovery Motion No. 16 at 9.

information. Indeed, they proposed that the information be turned over directly to them rather than to the proposed settlement administrator, without restrictions. Plaintiffs have no reason to treat this customer data request this way unless they intend to interfere with or put at risk TEGNA, Raycom, and Meredith's customer relationships.

In its apparent goal to evade the adversarial process, the Notice Motion was successful. On June 16, 2023, less than a week after Plaintiffs filed the Notice Motion, the Court granted the Notice Motion in its entirety, including the new request to compel TEGNA, Raycom, and Meredith to turn over their customer contact information on Plaintiffs' unilateral and unrestricted terms. (ECF No. 994). This was despite the fact that, hours *before* the Court issued its order granting the Notice Motion ("Notice Order"), TEGNA filed a Notice of Intent to Respond to the Notice Motion, which specifically "advise[d] the Court that TEGNA objects to certain aspects of the notice proposal and motion to compel and will submit its response on or before July 14th, which is seven days in advance of the next scheduled status hearing on July 21st, or at such other time as the Court directs." Def. TEGNA's Notice of Intent to Respond (ECF No. 992). Meredith and Raycom were preparing a similar Notice of Intent to Respond when the Court issued its Notice Order.

## LEGAL STANDARD

"[D]istrict judges may reconsider interlocutory orders at any time before final judgment." *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). Indeed, reconsideration of a ruling prior to final judgment "is constrained only by the doctrine of the law of the case. And that doctrine is highly flexible, especially when a judge is being asked to reconsider [her] own ruling." *Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000).

Reconsideration is appropriate "to correct manifest errors of law or fact" in prior rulings. *Mitchell v. JCG Indus.*, 842 F. Supp. 2d 1080, 1082 (N.D. Ill. 2012) (citation omitted); *see also*

*Dahlstrom v. Sun-Times Media, LLC*, 346 F. Supp. 3d 1162, 1167 (N.D. Ill. 2018) (citing *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)) (citing failure to apply controlling precedent as a "manifest error"). In these circumstances, a motion for reconsideration allows the court to "correct its own errors." *Id.*; *see also, e.g.*, *In re: Sw. Airlines Voucher Litig.*, No. 11 C 8176, 2016 WL 3418565, at *4–5 (N.D. Ill. June 22, 2016) (Kennelly, J.) (granting motion to reconsider and to vacate order in settlement approval process after concluding that "prudence counsel[ed]" stricter compliance with Rule 23 approval procedures).

## ARGUMENT

I.     **The Court Should Reconsider and Vacate the Notice Order's Requirement That TEGNA, Raycom, and Meredith Produce Their Customer Contact Information.**

The Court should reconsider and vacate the Notice Order to the extent it compels TEGNA, Raycom, and Meredith to produce their customer contact information, for at least the following reasons:

*First*, the Court improperly ruled on the motion without allowing TEGNA, Raycom, and Meredith to respond. This, of course, implicates TEGNA, Raycom, and Meredith's due process rights. *See Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 542 (1985) (deprivation of a protected liberty or property interest requires notice and a meaningful opportunity to be heard); *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993) (The opportunity to respond is required under due process and the "concept of fair play and substantial justice."). And the Court should have the opportunity to receive and consider TEGNA, Raycom, and Meredith's arguments in opposition to the new motion.

*Second*, for brevity's sake, TEGNA, Raycom, and Meredith incorporate by reference the arguments in their Response to Plaintiffs' Discovery Motion No. 16. (ECF No. 945). That brief

showed that the requested customer contact information "is not relevant or proportional discovery … before a class has been certified." *Bilek*, No. 18 C 3083, 2022 WL 523108, at *1. Additionally, Plaintiffs would have TEGNA, Raycom, and Meredith bear the considerable expense of retrieving, organizing, and producing their customer contact data, further contributing to the burden and skewing the disproportionality of the request.

*Third*, Plaintiffs' arguments that TEGNA, Raycom, and Meredith's information is needed to disseminate class notice are without merit. Plaintiffs have not made any showing that TEGNA, Raycom, and Meredith's customer contact information is necessary to effectuate class notice.

*Fourth*, even if the Court were to conclude that TEGNA, Raycom, and Meredith's customer contact information were necessary to provide notice to the proposed settlement classes at this juncture, there is no reason why TEGNA, Raycom, and Meredith should have to produce it to *Plaintiffs* rather than to the settlement administrator under strict confidentiality requirements. *See, e.g.*, *Olean Wholesale Grocery Coop., Inc. v. Agri Stats, Inc.*, No. 19-cv-8318 (N.D. Ill. May 25, 2021), ECF No. 265 at 4 (ordering production of customer lists and contact information to settlement administrator only); *In re Pork Antitrust Litig.*, No. 18-cv-1776-JRT (D. Minn. Jan. 13, 2021), ECF No. 631 (same); *In re Visa Check/MasterMoney Antitrust Litig.*, No. CV-96-5238, 2002 WL 31528478, at *4 (E.D.N.Y. June 21, 2002) (ordering the class contact information to be sent directly to the settlement administrator and instructing the administrator to maintain the confidentiality of this customer contact information, not to share it with plaintiffs or their counsel, and to sign a confidentiality agreement).

Producing the customer contact information only to the settlement administrator would facilitate settlement notice without permitting Plaintiffs to unfairly commandeer TEGNA, Raycom, and Meredith's production of customer contact information for purposes of aiding their

litigation efforts without making an independent showing that such discovery is reasonable and proportionate to the needs of the case. *Bilek*, No. 18 C 3083, 2022 WL 523108, at *1; *see Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 925 (N.D. Ill. 2019) ("Under Rule 26, the discovery sought must not only be relevant, but it must be 'proportional' to the needs of the case, 'considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" (citation omitted)).

Finally, if the Court determines that customer contact information should be provided, then TEGNA, Raycom, and Meredith request reimbursement for any costs incurred in providing that information. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. at 340, 358 (1978) ("a district court exercising its discretion under Rule 23(d) should be considerably more ready to place the cost of the defendant's performing an ordered task on the representative plaintiff, who derives the benefit …"); *Bakov v. Consol. World Travel, Inc.*, 68 F.4th 1053, 1057–58 (7th Cir. 2023) (at the pre-certification stage, "when liability has yet to be determined" and "a class action consists mainly of allegations … notice costs appropriately should fall on the representative plaintiff").

## II. The Court Should Stay the Deadline for TEGNA, Raycom, and Meredith to Comply With The Notice Order's Requirement to Produce Customer Contact Information Until Resolution of Their Motion to Reconsider.

The Notice Order set a deadline of July 6, 2023 for TEGNA, Raycom, and Meredith to produce customer contact information to Plaintiffs. TEGNA, Raycom, and Meredith note that leaving the production deadline in place would effectively moot TEGNA, Raycom, and Meredith's motion before the Court has had sufficient time to consider TEGNA. Raycom, and Meredith's

arguments.[2] A brief stay of this deadline will not prejudice Plaintiffs. Accordingly, TEGNA, Raycom, and Meredith respectfully request that the Court stay the deadline to produce their customer contact information until either (1) the Court has resolved this Motion; or (2) sixty days from now, whichever is later.

For these reasons, as well as the reasons explained in the Non-Settling Defendants' concurrent filing regarding, *inter alia*, reconsideration and vacatur of the preliminary approval order and Notice Motion (ECF No. 1000), Plaintiffs' Notice Motion should be vacated and Plaintiffs' motion to compel should be denied. In the alternative, the Court should order further briefing on these issues. The Court also should enter a stay of the deadline for TEGNA, Raycom, and Meredith to produce this information until the resolution of this Motion, or sixty days from now, whichever is later.

## CONCLUSION

For the foregoing reasons, the Court should vacate the Notice Order, deny Plaintiffs' motion to compel customer contact information, order further briefing on the issues raised in this Motion, and grant any such other relief as the Court deems just and proper.

Dated: June 28, 2023     Respectfully submitted,

                 /s/ *Ross B. Bricker*
                 **JENNER & BLOCK LLP**
                 Ross B. Bricker (Ill. Bar No. 3126882)
                 John F. Ward, Jr. (Ill. Bar No. 6208004)
                 353 N. Clark Street
                 Chicago, IL 60654-5474
                 (312) 222-9350
                 rbricker@jenner.com
                 jward@jenner.com

---

[2] In addition, Raycom and Meredith note it is not feasible for them to produce the requested customer contact information by the requested date. Raycom and Meredith estimate that it will take sixty days to do so.

*Counsel for TEGNA Inc.*


/s/ David E. Mills
**COOLEY LLP**
David E. Mills (*pro hac vice*)
(dmills@cooley.com)
Deepti Bansal (*pro hac vice*)
(dbansal@cooley.com)
J. Parker Erkmann (*pro hac vice*)
(perkmann@cooley.com)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
Tel.: (202) 842-7800
Fax: (202) 842-7899

Beatriz Mejia (*pro hac vice*)
(mejiab@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Tel.: (415) 693-2000
Fax: (415) 693-2222

Mazda K. Antia (*pro hac vice*)
(mantia@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Tel.: (858) 550-6000
Fax: (858) 550-6420

Alexander G. Galicki (*pro hac vice*)
(agalicki@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel.: (310) 883-6400
Fax: (310) 883-6500

Matthew L. Kutcher (SBN: 6275320)
(mkutcher@cooley.com)
444 W. Lake Street, Suite 1700
Chicago, IL 60606
Tel.: (312) 881-6500
Fax: (312) 881-6598

8

*Counsel for Defendant Gray Media Group, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 28, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

*/s Ross B. Bricker*
Ross B. Bricker
