**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br>LOCAL TV ADVERTISING ANTITRUST LITIGATION | MDL No. 2867<br>No. 18 CV 6785<br><br>Honorable Virginia M. Kendall |

# PLAINTIFFS' RESPONSE TO TEGNA, RAYCOM, AND MEREDITH'S MOTION TO RECONSIDER AND VACATE ORDER COMPELLING PRODUCTION OF CUSTOMER CONTACT INFORMATION AND TO STAY PRODUCTION DEADLINE

Plaintiffs file this response to TEGNA, Raycom, and Meredith's Motion to Reconsider and Vacate Order Compelling Production of Customer Contact Information and to Stay Production Deadline (ECF No. 1002) (the "Motion"). (TEGNA, Raycom and Meredith are collectively the "Movants.")

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Reflecting a fundamental misunderstanding of discovery and settlement in antitrust cases, TEGNA, Raycom, and Meredith's Motion ask for vacatur of the portion of the Court's Order Appointing Settlement Administrator, Approving Settlement Notice Program, and Compelling Production of Customer Contact Information (the "Notice Order," ECF No. 994) compelling production of their customer contact information cites just one antitrust case. Although every other Defendant in this case has produced these same data directly to Plaintiffs, and such data are routinely produced directly to plaintiffs in antitrust cases, Movants claim that this Court's order compelling them to do the same is "manifest error" warranting *vacatur* of the Notice Order.

Movants do not identify the requisite "manifest error" in the Court's reasoning that would necessitate reconsideration. Instead, they argue that "the Court should have the opportunity to receive and consider TEGNA, Raycom, and Meredith's arguments in opposition to [Plaintiffs'] new motion," but then incorporate by reference arguments they already made in an opposition to Discovery Motion No. 16—*which was filed on March 17, 2023 and is fully briefed*—similarly seeking to compel production of customer contact information addressing these exact same issues.[1] ECF No. 1002 at 4. Those arguments, which include unfounded (and unsupported) claims of

[1] Because the Court had not yet ruled on Discovery Motion No. 16 and because TEGNA, Raycom, and Meredith had previously argued that Plaintiffs' request was premature, Plaintiffs again requested this Court to compel TEGNA, Raycom, and Meredith to produce customer contact information in their Motion to Appoint Settlement Administrator, Approve Settlement Notice Program, and Compel Production of Customer Contact Information ("Notice Motion"). *See* ECF No. 988.

burden and privacy concerns, do not demonstrate "the wholesale disregard, misapplication, or failure to recognize controlling precedent," necessary for a motion for reconsideration. *Magic Sleep Mattress Co. v. Northfield Ins. Co.*, No. 16 C 7411, 2017 WL 2180505, at *2 (N.D. Ill. May 18, 2017).

Movants also seek to extend the July 6, 2023 deadline for production of their customer contact information. Yet, they resisted all overtures from Plaintiffs to minimize the burden of production; waited until three weeks after Plaintiffs' filed their Motion to Appoint Settlement Administrator, Approve Settlement Notice Program, and Compel Production of Customer Contact Information ("Notice Motion") and two weeks after the Court's Notice Order to raise this issue; and fail to acknowledge that any further delay will prejudice Plaintiffs and the Settlement Classes as notice is scheduled to commence on July 28, 2023 and steps are already being undertaken to prepare for that dissemination.

Although Plaintiffs believe that the Motion should be denied in its entirety, Plaintiffs are nevertheless agreeable to the Movants producing their customer contact information to the Settlement Administrator *for now* while the Court considers the production of such information directly to Plaintiffs as requested in Discovery Motion No. 16.[2] But this compromise only makes sense if this Court's July 6, 2023, production deadline remains in place.[3] Otherwise, the resulting delay will cripple the Court-ordered notice program, which is already underway.

## II. FACTUAL BACKGROUND

On March 17, 2023, after conferring with Movants for months, Plaintiffs filed their Discovery Motion No. 16, seeking to compel customer contact information from the three hold-

---

[2] To be clear, Plaintiffs are not waiving their rights with respect to Discovery Motion No. 16.

[3] Alternatively, granting Discovery Motion No. 16 obviates the need for the Court to rule on Movant's Motion here.

out Defendants, TEGNA, Meredith, and Raycom.[4] *See* ECF No. 929. While briefing was ongoing, Plaintiffs continued to try to resolve the issue without the need for Court intervention, conferring with counsel for Meredith and Raycom on April 13, 2023, and with counsel for TEGNA on April 19, 2023. All three defendants continued to refuse production of this information. Discovery Motion No. 16 was fully briefed as of April 20, 2023. *See* ECF Nos. 945 (Opposition) and 957 (Reply). Among other things, Meredith, Raycom, and TEGNA argued in their opposition brief that the production of customer contact information was premature because Plaintiffs had not yet filed a motion for preliminary approval of the settlements they had reached. *See* ECF No. 945 at 1, 7.

On June 7, Plaintiffs' counsel Nathaniel Giddings emailed TEGNA's counsel requesting a meet and confer, explaining, "now that we've filed our preliminary approval brief, we'd also like to discuss when TEGNA will be producing customer names and contact information." *See* Declaration of Megan Jones ("Jones Decl."), Ex. A. TEGNA's counsel proposed a meet and confer for Monday, June 12. *Id.*

Plaintiffs proceeded with the filing of their Notice Motion on June 9, 2023. Notwithstanding that filing, and in an effort to resolve the issue amicably, Plaintiffs went ahead with the meet and confer scheduled for June 12, during which Plaintiffs again asked whether TEGNA intended to withdraw its objection to producing customer contact information. TEGNA declined to do so. Notably, during that call, TEGNA raised no other concerns about Plaintiffs' proposed Notice Program, including as to the timing for production. On June 13, Mr. Giddings followed up with TEGNA's counsel, asking that TEGNA inform Plaintiffs by Wednesday, June 14, whether TEGNA would withdraw its objection to producing customer contact information. TEGNA did not respond.

[4] The parties' extensive meet and confer history is set forth in detail in Discovery Motion No. 16. *See* ECF No. 929.

On June 15, 2023, TEGNA filed a notice of intent to respond to Plaintiffs' Notice Motion ("Notice of Intent") and requested until July 14—five weeks after the Notice Motion was filed—to respond. *See* ECF No. 992. While TEGNA's Notice of Intent stated that it "objects to certain aspects of the notice proposal and motion to compel," the filing provided no further information regarding the nature of TEGNA's objections. Later that day, the Court granted Plaintiffs' Notice Motion. *See* ECF No. 994.

On June 22, 2023, Plaintiffs emailed Movants, offering to evaluate a sample of their customer data and to confer about format in order to minimize the burden of production. *See* Jones Decl., Exs. B & C. Movants did not respond or otherwise raise any concerns about the substance of Plaintiffs' notice program before filing the Motion on the evening of June 28.

## III. LEGAL STANDARD

It is well established in this District and Circuit that "'[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, , 1269 (7th Cir. 1996)). To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Regarding the "manifest error" prong, the Seventh Circuit has explained that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 101 (E.D. Va.

1983); *see also* *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.' "); *Mitchell v. JCG Indus.*, 842 F. Supp. 2d 1080, 1082–83 (N.D. Ill. 2012).

## IV. THE MOTION IS WITHOUT MERIT

### A. CUSTOMER DATA ARE ROUTINELY PRODUCED IN ANTITRUST CASES, AND ORDERING THEIR PRODUCTION TO PLAINTIFFS HARDLY CONSTITUTES MANIFEST ERROR

Every Defendant other than the Movants has produced customer names, emails, and address information, subject to the protective order and at their own expense. Thus, the Court's Notice Order simply directed TEGNA, Raycom and Meredith to do what every other Defendant had already agreed to do. Not surprisingly, these sorts of data are routinely produced in antitrust class action cases. *See In re Domestic Airline Travel Antitrust Litig.*, 322 F. Supp. 3d 64, 66 (D.D.C. 2018) (ordering the production of customer email addresses by non-settling defendants); ECF No. 929 at 8 (collecting cases).[5]

Plaintiffs' reasons for seeking this data, which include for providing direct notice to settlement class members and assessing classwide impact, are set forth in detail in Discovery Motion No. 16. *See* ECF No. 929. Movants' supposition that Plaintiffs "intend to interfere with or put at risk TEGNA, Raycom and Meredith's customer relationships," *see* ECF No. 1002 at 3, is wholly unfounded and ignores the stipulated protective order that is in place here. *See, e.g.*, *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (explaining that protective orders or other mechanisms should be used to allow production of subscriber lists when there are concerns

[5] *See also* *PC Medics Inc. v. BellSouth Telecomm.*, 2009 WL 10711877, at *2 (D.S.C. Jan. 9, 2009) (compelling the defendant to produce class member names and addresses prior to class certification); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 813-15 (C.D. Cal.2007) (same); *Babbitt v. Albertson's, Inc.*, 1992 WL 605652 at *6 (N.D. Cal. Nov. 30, 1992) (same).

of misuse). Plaintiffs have, for years, operated under the protective order in this case and will continue to do so. *See* *Mervyn v. Atlas Van Lines, Inc.*, 2015 WL 12826474, at *3 (N.D. Ill. Oct. 23, 2015) (noting that *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 354 (1978) "specifically disclaimed a holding that there was a default rule against production of class members' identities" when such identities are relevant under normal discovery rules). Thus, requiring Movants to produce data directly to Plaintiffs (like every other defendant in this case) can hardly constitute "manifest error."

### B. TO THE EXTENT THE NOTICE PROGRAM AFFECTED MOVANTS' "RIGHTS," THEY HAVE ALREADY BEEN HEARD

Contrary to Raycom, Meredith, and TEGNA's assertion, there is no federal rule that requires courts to hold a hearing on the forms of notice in class actions or to solicit input on notice from non-settling defendants, and Defendants do not cite a single class case that suggests otherwise. Plaintiffs submitted a brief, the forms of notice, and a multi-page declaration from an experienced notice provider with decades of experience upon which the Court based its decision. There is nothing improper about this Court's decision based on such a record.

As discussed above, Discovery Motion No. 16 seeks to compel the same information that Plaintiffs' Notice Motion sought to compel. Discovery Motion No. 16 is fully briefed, so Movants have been fully heard on the issue, and the Court should deem any arguments not raised in the context of that motion waived. Plaintiffs merely included the request for customer contact information in the Notice Motion because the Court had not yet ruled on Discovery Motion No. 16.[6]

[6] Defendants' reliance on *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985), for the proposition that this Court improperly ruled on the motion "without allowing TEGNA, Raycom, and Meredith to respond," ECF No. 1002 at 4, is wholly misplaced. That decision dealt with notice requirements in a loss-of-employment case, not this Court's supervisory authority under Rule 23. Unlike the respondent in *Loudermill*, Movants have not lost any identifiable "life, liberty or property right."

### C. MOVANTS HAVE NOT SUBSTANTIATED ANY PURPORTED BURDEN

Regurgitating their arguments in opposition to Plaintiffs' Discovery Motion No. 16, Movants again make a burden argument without any evidence. But merely writing the word *burden* over and over does not create actual burden. "[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome." *See* *Perry v. City of Gary, Ind.*, 2009 WL 2253157, at *4 (N.D. Ind. July 27, 2009); *Sols. Team v. Oak St. Health, MSO, LLC*, 2021 WL 3022324, at *4 (N.D. Ill. July 16, 2021) (internal quotations and citation omitted).

Movants did not previously articulate any burden in correspondence, during meet and confers, or in their opposition to Plaintiffs Discovery Motion No. 16. *See* Decl. of M. Hollywood in Supp. of Pls.' Discovery Mot. No. 16 (ECF No. 955-1) Ex. B. at 25-26, Ex. C at 6-9; Opp. to Disc. Mot. No. 16 at 2, 12 (ECF No. 945) (merely stating that the burden of producing this information is "meaningful"). Even their most recent filing does not contain a single affidavit or any evidence describing any burden involved in producing the ordered data.

Despite ignoring all overtures from Plaintiffs seeking to facilitate production and minimize the costs to produce customer data, Raycom, Meredith, and TEGNA now request an extension of time to comply with the Court's Notice Order. *See* ECF No. 1002 at 6-7 (requesting the deadline be extended until either "(1) the Court has resolved this Motion; or (2) sixty days from now, whichever is later"). Notably, Defendants waited until three weeks after Plaintiffs filed their Notice Motion and two weeks after the Court's Notice Order to raise these concerns with Plaintiffs or the Court, with no explanation for their delay.[7] Their assertion that "[a] brief

[7] Pursuant to the Court's Individual Practices, a party "seeking an extension of time must contact all other parties in the case to determine if they object to the extension." *See*

stay of this deadline will not prejudice Plaintiffs" ignores the fact that the Notice Program laid out a tight, multi-step schedule with deadlines for providing notice to settlement class members, and the Settlement Administrator has already started moving it forward. Any further delay could result in unnecessary costs relating to securing publication spots and printing.

These Defendants have been aware of Plaintiffs' request for months and surely knew that this Court was likely to order production given the extensive legal precedent as well as the other Defendants' voluntary production of such information. Given the extensive and unsupported delays already incurred, the Court should not extend the deadline for Raycom, Meredith, and TEGNA to produce customer contact information. *See* *Gevas v. Wexford Health Sources*, 2021 WL 5795308, at *3 (N.D. Ill. Dec. 7, 2021) (ordering production after holding that "Plaintiff offers no explanation for why he was unable to complete any necessary investigation").[8]

**D. MOVANTS ARE NOT ENTITLED TO BE REIMBURSED FOR THE COST OF PRODUCTION OF CUSTOMER DATA.**

There is no basis for this Court to order Plaintiffs to pay costs associated with Movants' production, particularly unsubstantiated costs. "Cost-shifting is not to be considered in every case involving the discovery of electronic data, which in—today's world—includes virtually all cases…. The Supreme Court has instructed that the presumption is that the responding party must bear the expense of complying with discovery requests…. Any principled approach to electronic

https://www.ilnd.uscourts.gov/judge-info.aspx?IuUaWzNcEoMY5hIRh/FAXg== (Motion Practice). Counsel for Movants did not confer with Plaintiffs or Settling Defendants regarding their request for an extension of time to produce customer data prior to their filing.

[8] To the extent the Court is inclined to extend the deadline to produce customer information, Plaintiffs request a Motion to Show Cause Hearing where competent technical employees from Movants are ordered to attend and where they can be questioned by this Court and counsel about the feasibility of producing this data. *See* ECF No. 1002 at n.2 (estimating without providing affidavits or other evidence that "it will take 60 days to do so"). Plaintiffs are concerned that Movants view this Court's deadline to produce data as flexible (referencing the Court's deadline to produce as "the requested date") when the opposite is the case: Plaintiffs' notice provider needs a date certain in order to take the requisite steps to effectuate notice. *Id.*

evidence must respect this presumption." *DeGeer v. Gillis*, 755 F. Supp.2d 909, 928 (N.D. Ill. 2010) (internal quotations and citations omitted).

Importantly, Plaintiffs' request for customer contact information was made in a properly served request for production, with which every other Defendant besides Movants complied. Movants are likewise required to comply with their discovery obligations, and there is no reason for this Court to order cost-shifting with respect to *party* discovery, particularly where no costs have even been established.

In discussing cost-shifting in the Rule 23 context, the Supreme Court held in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), that is within a district court's discretion to order a defendant in a class action to perform a necessary task related to notice when "the defendant may be able to perform [the] task with less difficulty or expense than could the representative plaintiff." *Id.* at 356. When considering who should bear the cost of performing the task, the Court held that the standard for determining whether the cost should shift to the representative plaintiff is whether the expense is "substantial." *Id.* at 359. Movants have not described ***any*** expense involved with the production of their customer contact information, let alone a "substantial" expense. Because Movants have not met their burden to shift costs, this Court should deny their request.

## V. CONCLUSION

For the foregoing reasons, Movants' Motion for Reconsideration should be denied. As noted above, however, as a compromise to effect the notice plan entered by this Court, Plaintiffs are agreeable to Movants producing their customer contact information to the Settlement Administrator *for now* while the Court considers production directly to Plaintiffs as requested in Discovery Motion No. 16. But Plaintiffs can only accept this compromise if this Court's July 6, 2023, production deadline remains in place and all of their rights are reserved with respect to

Discovery Motion No. 16.

If necessary, Plaintiffs are available for a conference at the Court's convenience to resolve this issue.

Dated: June 30, 2023

Respectfully submitted,

*<u>/s/ Robert J. Wozniak</u>*
Robert J. Wozniak
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
rwozniak@fklmlaw.com

***Liaison Counsel***

Megan E. Jones
**HAUSFELD LLP**
600 Montgomery St. #3200
San Francisco, CA 94111
(415) 633-1908
(415) 358-4980
mjones@hausfeld.com

Hilary K. Scherrer
Nathaniel C. Giddings
Farhad Mirzadeh
Jane Shin
**HAUSFELD LLP**
888 16th Street NW, Suite 300
Washington, DC 20006
(202) 540-7200
mhausfeld@hausfeld.com
hscherrer@hausfeld.com
ngiddings@hausfeld.com
fmirzadeh@hausfeld.com
jshin@hausfeld.com

***Lead Counsel***

Meegan Hollywood
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas, Suite 2600
New York, NY 10019
(212) 980-740
mhollywood@robinskaplan.com

Kimberly A. Justice
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
(610) 234-6487
kjustice@fklmlaw.com

***Plaintiffs' Steering Committee***