**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>LOCAL TV ADVERTISING ANTITRUST LITIGATION | MDL No. 2867<br>No. 18 CV 6785<br><br>Honorable Virginia M. Kendall |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER,
VACATE, AND/OR STAY ORDERS REGARDING PRELIMINARY APPROVAL OF
SETTLEMENTS AND NOTICE (ECF NO. 1001)**

**Table of Contents**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................. 1

III. THE MOTION IS WITHOUT MERIT .......................................................................... 2

    A. Movants Lack Standing To Oppose Plaintiffs' Preliminary Approval And Notice Motions And To Seek Reconsideration And/Or A Stay Of The Court's Preliminary Approval And Notice Orders ........................................................................ 2

    B. Even If Movants Overcame The Standing Hurdle, They Have Not Identified Any Manifest Error Of Law Or Fact That Warrants Reconsideration. ...................................... 4

    C. This Court Followed Seventh Circuit Precedent In Granting Preliminary Approval Of The Settlements And Certification Of The Settlement Classes ................................... 5

        1. Non-Settling Defendants Had Ample Opportunity To Be Heard On Preliminary Approval ................................................................................................ 5

        2. The Court Conducted an Appropriately Rigorous Analysis and Appropriately Certified the Settlement Classes for Settlement Purposes Only .......... 6

    D. The Notice Program Complies With Seventh Circuit Precedent ....................................... 9

        1. Rule 23 and Due Process Require The Best Practicable Notice To All Settlement Class Members, Including Non-Settling Defendants' Customers ............ 9

        2. Movants' Requested Notice Language Is Unnecessary and Potentially Confusing ................................................................................................................ 11

        3. The Settlement Class Definition is Consistent with the Complaint's Definition ................................................................................................................ 12

    E. The Court Should Not Stay Preliminary Approval For Months Or Longer .................... 13

        1. Non-Settling Defendants Have Established No Hardship Warranting A Stay To Accommodate More Briefing ................................................................ 13

IV. CONCLUSION ................................................................................................................ 15

Plaintiffs file this response to Defendants' Motion to Reconsider, Vacate, and/or Stay Orders Regarding Preliminary Approval of Settlements and Notice (the "Motion," ECF No. 1001, or "Mot."). The Motion was filed by all of the non-settling defendants (collectively the "Movants" or "Non-Settling Defendants").

## I. INTRODUCTION

The Motion, which accuses the Court of failing to follow Seventh Circuit precedent and Rule 23 in preliminarily approving four settlements, reflects a fundamental misunderstanding of antitrust settlements and the approval and notice process thereof. It seeks to trample on the Due Process rights of settlement class members; seeks to deprive settlement class members of valuable and timely cooperation from the Settling Defendants; ignores the Court's prior ruling on the direct purchaser status of advertising agencies; and asserts harm that is purely speculative and no different from that incurred by every other non-settling defendant in an antitrust case. Movants, as non-settling defendants, lack standing to object to the settlements, including certification of the settlement classes. Even assuming, *arguendo*, they could overcome this standing bar, Movants have not identified any manifest error by the Court that would warrant reconsideration of the Preliminary Approval and Notice Orders. Nor have they identified any hardship or inequity that would warrant a stay. Accordingly, the Motion should be denied.

## II. FACTUAL BACKGROUND

On May 26, 2023, Plaintiffs filed their Motion for Preliminary Approval of Settlements with Defendants CBS, Fox, the Cox Entities, and ShareBuilders (the "Preliminary Approval Motion," ECF No. 982). On June 9, 2023, Plaintiffs filed their Motion to Appoint Settlement Administrator, Approve Settlement Notice Program, and Compel Production of Customer Contact Information (the "Notice Motion," ECF No. 988). On June 14, 2023, this Court issued an order preliminarily approving the settlements (the "Preliminary Approval Order"). ECF No. 991.

1

The next day—nearly a week after Plaintiffs filed their Notice Motion—TEGNA filed a Notice of Intent to Respond to Plaintiffs' Notice Motion ("Notice of Intent"). ECF No. 992. TEGNA's Notice of Intent did not disclose the nature of its objections to Plaintiffs' proposed settlement notice program (the "Notice Program"), but instead requested until July 14—five weeks after the Notice Motion was docketed—to file a response. *Id.* Approximately three hours later, this Court entered its Order Appointing Settlement Administrator, Approving Settlement Notice Program, and Compelling Production of Customer Contact Information (the "Notice Order"). ECF No. 994.

On June 29, 2023—nearly five weeks after Plaintiffs filed their Preliminary Approval Motion, nearly three weeks after Plaintiffs filed their Notice Motion, and two weeks after the Court granted both of those motions—the Non-Settling Defendants filed their Motion. ECF No. 1001. None of the Non-Settling Defendants informed Plaintiffs of their objections before filing.[1]

### III. THE MOTION IS WITHOUT MERIT

#### A. Movants Lack Standing To Oppose Plaintiffs' Preliminary Approval And Notice Motions And To Seek Reconsideration And/Or A Stay Of The Court's Preliminary Approval And Notice Orders

As the Seventh Circuit held three decades ago, the general rule is that "non-settling defendants in a multiple defendant litigation context have no standing to object to the fairness or adequacy of the settlement by other defendants." *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 246 (7th Cir. 1992) (quotation omitted).[2] In order to overcome this general rule, a non-settling

---

[1] Notably, Plaintiffs had a meet and confer with TEGNA on June 12, 2023 during which Plaintiffs raised their request for customer contact information. TEGNA did not identify any of the concerns it now raises.

[2] *See also Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 501 (7th Cir. 2012); *Lucas v. Vee Pak, Inc.*, 2017 WL 6733688, at *12 (N.D. Ill. Dec. 20, 2017) (non-settling defendants have no standing to object); Wright, Miller & Cooper, Federal Practice & Procedure § 1797.4 ("[T]he court typically will not consider objections by non-settling Defendants as they have no standing to object to a settlement to which they are not parties."). *Accord Chesemore v. Fenkell*, 829 F.3d 803, 815 (7th Cir. 2016).

defendant is required to prove "plain legal prejudice." *Id.* "Plain legal prejudice" is construed narrowly: it "include[s] any interference with a party's contract rights or a party's ability to seek contribution or indemnification. A party also suffers plain legal prejudice if the settlement strips the party of a legal claim or cause of action, such as a cross-claim or the right to present relevant evidence at trial." *Id.* at 247. "That a settling defendant creates a tactical disadvantage for another defendant is not sufficient to support standing to object; the prejudice to the nonsettling defendant must be legal, such as (for example) interference with contractual or contribution rights or the stripping away of a cross-claim." *Jamie S.*, 668 F.3d at 501.

Movants here have not asserted anything of the sort. Rather, they assert that they have standing to object "to the lack of opportunity to be heard, the proposed content of the notice, and the impact it *might* have on the Non-Settling Defendants' customer relationship and the local TV advertising industry as a whole, which implicates the Non-Settling Defendants' due process rights." Mot. at n.5 (emphasis added). They cite no cases for the proposition that a non-settling defendant's lack of opportunity to be heard at preliminary approval, in and of itself, constitutes plain legal prejudice.[3]

Moreover, the purported harm they allege here—the impact on their customer relationships—is wholly speculative. *See* Mot. at 12 (asserting that there "*could be* severe and unjustified reputation harm"; that "the disruption to their business relationship is *potentially* seismic"; and "the notice *could* sour customers on Non-Settling Defendants' services").[4] Movants

---

[3] Movants' reliance on *Rock River Health Care, LLC v. Eagleson*, 14 F.4th 768 (7th Cir. 2021), and *City of Los Angeles v. David*, 538 U.S. 715 (2003), is misplaced as neither addresses the standing of non-settling defendants to object to preliminary approval or notice motions or what constitutes the necessary "legal prejudice" to convey standing under such circumstances.

[4] Notably, notice of the proposed settlement will likely not be the first time Defendants' customers learned of Defendants' misconduct. The specific allegations of this case have been publicly known *since 2018* when Movants were identified in the *Wall Street Journal* as targets in the U.S. Department of Justice's ("DOJ")

3

cite no authority for the proposition that such speculative harm rises to the level of legal prejudice recognized by the Seventh Circuit. *See, e.g., Agretti*, 982 F.2d at 246-47; *Jamie S.*, 668 F.3d at 501.

Additionally, such harm is no different than what any other non-settling defendant suffers when notice of a partial settlement is sent out to a class comprised of purchasers from both settling and non-settling defendants. *E.g., In re Viatron Computer Sys. Corp. Litig.*, 614 F.2d 11, 14-15 (1st Cir. 1980) (non-settling defendant lacked standing to object to settlement notice); *In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, at *4, *6-8 (E.D. Mich. Aug. 2, 2010) (non-settling defendants lacked standing to object to certification of settlement class); *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir. 1979) (citing cases).

Accordingly, the Non-Settling Defendants' Motion should be denied on this basis alone.

**B.     Even If Movants Overcame The Standing Hurdle, They Have Not Identified Any Manifest Error Of Law Or Fact That Warrants Reconsideration.**

It is well established in this District and Circuit that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). As discussed in more detail below, Movants neither present newly discovered evidence, nor demonstrate "the wholesale disregard, misapplication, or failure to recognize controlling precedent," necessary for a motion for reconsideration. *Magic Sleep Mattress Co. v. Northfield*

---

antitrust investigation and then entered into consent decrees to terminate and refrain from the unlawful sharing of competitively sensitive information. These settlements are still available on the DOJ's website. Given this public record, it is not plausible that notice of the settlements will result in "seismic harm" to the Non-Settling Defendants' business relationships. Mot. at 12.

4

*Ins. Co.*, 2017 WL 2180505, at *2 (N.D. Ill. May 18, 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

      C.    **This Court Followed Seventh Circuit Precedent In Granting Preliminary Approval Of The Settlements And Certification Of The Settlement Classes**

Movants accuse this Court of "perfunctory" action in issuing its Preliminary Approval Order, Mot. at 6; giving Plaintiffs and the Settling Defendants a "judicial rubber stamp," *see id*. at 7; and failing to conduct a "piercing and thorough analysis of the issues." *Id*. Movants lack any basis for these unfounded allegations.

      1.    **Non-Settling Defendants Had Ample Opportunity To Be Heard On Preliminary Approval**

Movants complain that "[t]he Court has not considered the 'amount of opposition' to the settlement process, because it granted preliminary approval without permitting any 'affected parties' to respond at all, including by not accepting any briefing from the Non-Settling Defendants." Mot. at 7. Movants' argument is wholly disingenuous, and they cite no authority for the proposition that they are entitled to be heard on preliminary approval.

Plaintiffs filed their Preliminary Approval Motion and copied all Defendants on an email to the Court attaching the proposed Preliminary Approval Order on May 26, 2023. The Court preliminarily approved the settlements on June 14, 2023—nearly three weeks later. During that intervening period, Defendants did not raise any concerns with Plaintiffs, Settling Defendants, or the Court about preliminary approval. They then waited another two weeks after the Preliminary Approval Order—until June 29, 2023, which was nearly five weeks after Plaintiffs filed the Motion—to raise any concerns with the Court (and Plaintiffs). Thus, Movants had ample

5

opportunity to be heard and have only themselves to blame for their own dilatoriness.[5]

Contrary to Movants' assertions, this Court was not required to hold a hearing before issuing the Preliminary Approval Order. Although Rule 23(e)(2) requires a hearing at *final* approval, it is silent as to preliminary approval (which the Court has scheduled). The Seventh Circuit has expressly held that such hearings are within the District Court's discretion, and "there is no ironclad requirement of such a hearing." *Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust Co.*, 834 F.2d 677, 684 (7th Cir. 1987). *See also In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1133 (7th Cir. 1979).[6] Indeed, courts in this District often decide preliminary approval motions on the papers. *See, e.g.*, *In re Turkey Antitrust Litig.*, 19-cv-8318-VMK (N.D. Ill. May 25, 2021), ECF No. 265 (order preliminarily approving settlement with Tyson in multidefendant antitrust case without hearing); *Lechuga v. Elite Eng'g, Inc.*, 20-cv-3378-EEB (N.D. Ill. Feb. 4, 2022), ECF No. 53 (order preliminarily approving class settlement without hearing). Thus, this Court's choice not to hold a hearing on the Preliminary Approval Motion was solely within its discretion and can hardly constitute manifest error.

        **2. The Court Conducted an Appropriately Rigorous Analysis and Appropriately Certified the Settlement Classes for Settlement Purposes Only**

Because common issues predominate in antitrust cases, classes are regularly certified for

---

[5] Movants attempt to blame Plaintiffs for not noticing the Motion for Preliminary Approval and Notice Motion for presentment, but Local Rule 5.3(b), which otherwise requires that all motions be noticed for presentment, is suspended pursuant to N.D. Ill. Fifth Amended General Order 21-0027 (October 11, 2022).

[6] Although Seventh Circuit courts conduct preliminary hearings from time to time, *see* Mot. at 6 (citing *In re AT & T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010)), no court has overruled *General Motors* and *Mars Steel*'s holdings that preliminary hearings are *not* required, and courts have repeatedly affirmed *General Motors* and its progeny, even after recognizing that such hearings are not uncommon. *E.g.*, *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994) (following *Mars Steel*); *In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1083 (N.D. Ill. 2021) (same); *AIG v. ACE INA Holdings, Inc.*8, 2011 WL 3290302, at *6 (N.D. Ill. July 26, 2011) (following *In re General Motors*).

6

both settlement and litigation purposes. *In re Steel Antitrust Litig.*, 2015 WL 5304629, at *5 (N.D. Ill. Sept. 9, 2015) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)); *see also* ECF No. 982 at 25-26.[7] In their Preliminary Approval Motion, Plaintiffs submitted detailed briefing addressing each of the Rule 23(a) and 23(b) factors for class certification in this case specifically. *See* ECF No. 892 at 22-28. There is nothing unusual or atypical about the Preliminary Approval Order, in which the Court certified the settlement classes on the papers.

Notwithstanding this usual path to settlement class certification and the fact that discovery is still ongoing, Movants selectively submit evidence in opposition to class certification, and then accuse the Court of "presum[ing] away a central contested issue that has evidence on both sides, superimposing Plaintiffs' view of the disputed evidence onto the class certification question without a full record of the benefit of adversarial briefing." Mot. at 10.[8] Tellingly, however, Defendants do not cite a single example of a case taking into consideration, let alone *requiring* consideration of, non-settling defendants' views and/or evidence related to certification of a settlement class.[9]

---

[7] As the Supreme Court has recognized, the class certification burden is lower for "settlement-only class certification," because the Court "need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620 (internal citation omitted). Furthermore, there is an overriding public interest in settling litigation, and this is particularly true for class actions. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."); *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 312 (7th Cir. 1980) ("It is axiomatic that the federal courts look with great favor upon the voluntary resolution of litigation through settlement."), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). Class action settlements minimize the litigation expenses of the parties and reduce the strain such litigation imposes upon already scarce judicial resources. *Armstrong*, 616 F.2d at 312-13. This Court's Preliminary Approval Order must be reviewed in light of this precedent.

[8] Had this truly been a concern of the Non-Settling Defendants, surely they would have raised it with the Court sooner than five weeks after the Preliminary Approval Motion was filed.

[9] *Simpson v. Dart*, 23 F.4th 706, 713 (7th Cir. 2022), upon which Movants rely, addresses the propriety of certification of a litigation class, not the propriety of certification of a settlement class. It also arises in the context of a civil rights case, not an antitrust case.

7

To remedy their concerns, Defendants suggest that the Court add clarifying language to the Preliminary Approval Order indicating "that the Court has not yet determined whether a national class—or any class—would be appropriate for the litigation going forward." Mot. at 10. Such language is unnecessary. Non-Settling Defendants' rights to contest certification of a litigation class are in no way impugned by preliminary certification of the Settlement Classes or the Preliminary Approval Order. Indeed, the Preliminary Approval Order contains clear language indicating the provisional or limited certification of the Settlement Classes (not litigation classes):

- Subheading A: "**Preliminary** Approval of **Settlement** Classes"

- Paragraph 3: "The Court finds that the Settlements set forth in the Settlement Agreements are **preliminarily** determined to be fair, reasonable, adequate…"

ECF No. 991 at 2.

Moreover, Plaintiffs do not dispute that certification of the Settlement Classes is for settlement purposes only and is not determinative of, or even a factor in considering, whether a litigation class may be certified at a later date. *See, e.g.*, *Lucas*, 2017 WL 6733688, at * 2 (acknowledging that (i) provisional certification of settlement class occurs at preliminary approval with final certification occurring after fairness hearing and (ii) recognizing that the certification of a settlement class is not dispositive of certification of litigation class against non-settling defendant) (citations omitted).[10]

Contrary to Movants' assertions, the Court's Preliminary Approval Order would be misleading "only to the extent that the *Court itself* believed that it was bound to adhere to the rulings in these orders as it issued subsequent decisions in this case." *Cason-Merenda v. Detroit*

---

[10] *See also* Manual for Complex Litigation, Fourth, § 21.633 ("[t]he judge should make a preliminary determination that the proposed class satisfies the criteria" of Rule 23); § 13:16 Newberg on Class Actions (5th ed. 2017) ("Just as the settlement approval unfolds through two levels of judicial review (preliminary and final), so, too, does the motion for settlement class certification.").

8

*Med. Ctr.*, 2010 WL 446452, at *1 (E.D. Mich. Jan. 28, 2010) (rejecting similar arguments by non-settling defendants, and holding that "[t]he non-settling Defendants may rest assured that the Court is mindful of the distinct sets of standards that govern the pending class certification and summary judgment motions in this case, and that nothing in the preliminary approval process will prejudge or conclusively resolve the issues raised in those motions.").

If, however, the Court finds it necessary to appease Defendants' concerns, Plaintiffs would not object to the Court adding the word "provisionally" to Paragraph 7:

> The Court **provisionally** certifies the four respective Settlement Classes (the "CBS Settlement Class," the "Fox Settlement Class," the "Cox Entities Settlement Class," and the "ShareBuilders Settlement Class"),…

*See Sandee's Bakery v. Agri Stats, Inc., et al*, Case No. 1:20-cv-002295 (N.D. Ill. July 28, 2021), ECF No. 196 at ¶ 5 (order granting preliminary approval of settlement in antitrust case).

### D. The Notice Program Complies With Seventh Circuit Precedent

#### 1. Rule 23 and Due Process Require The Best Practicable Notice To All Settlement Class Members, Including Non-Settling Defendants' Customers

Defendants appear to have a fundamental misunderstanding of how antitrust settlements work generally and who is in the Settlement Classes here. To be clear, the Settlement Classes include direct purchasers from *all* Defendants, not just from Settling Defendants. Yet, without citation, Defendants complain that, "[u]nlike a typical class action settlement, in which notice is sent only to the customers of settling defendants, in this case the planned settlement notices are to be sent to *all* the Non-Settling Defendants' customers, as well as customers of the Settling Defendants. *See* Mot. at 11; *see also id.* at 12 (requesting that notice be sent only to "the customers of Settling Defendants that are entitled to relief under the proposed settlements").[11]

---

[11] Movants also claim they lacked an opportunity to be heard about objections to the Notice Program. Mot

9

Contrary to what the Non-Settling Defendants seem to believe, Rule 23 requires the Court to direct notice "in a reasonable manner to *all* class members who would be bound" by a proposed settlement, allowing them to stay in, opt out or object. *Id.* Failure to give adequate notice would therefore violate class members' rights under the Due Process Clause." *Serv. Spring, Inc. v. Cambria Spring Co.*, 1984 WL 2926, at *2 (N.D. Ill. Jan. 6, 1984) (emphasis added). Moreover, the Court must determine that notice of a proposed settlement to class members is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *In re TikTok, Inc., Consumer Privacy Litig.*, 565 F. Supp. 3d 1076, 1091 (N.D. Ill. 2021) (quoting Fed. R. Civ. P. 23(c)(2)(B)).

To that end, Plaintiffs' settlement administrator (JND Legal Administration) designed a Notice Program providing direct notice to *all* Settlement Class Members for whom contact information was reasonably available, not just those Settlement Class Members that purchased from the Settling Defendants. *See* Declaration of Gina Intrepido-Bowden submitted herewith ("Intrepido-Bowden Decl."), ¶ 7. There is nothing atypical about Plaintiffs' plan to disseminate notice to Non-Settling Defendants' customers. *Id.*, ¶ 8.[12] Tellingly, Defendants cite no examples of antitrust settlements in which the class included customers of all defendants and notice was provided only to customers of the settling defendants. Nor are Plaintiffs aware of any.

---

at 1, n.5. Plaintiffs filed the Notice Motion on June 9, 2023. Although the Court issued the Notice Order on June 15, 2023, Defendants still waited another two weeks—until late in the evening of June 28—to raise their concerns with Plaintiffs and the Court. As noted above, Plaintiffs met and conferred with TEGNA on June 12, three days after Plaintiffs filed their Notice Motion, yet TEGNA said nothing on that call.

[12] *See, e.g., Olean Wholesale Grocery Coop. v. Agri Stats, Inc.*, No. 19-cv-8318, ECF No. 265 at 3 (N.D. Ill. May 25, 2021) (preliminary approval order directing notice, including individual notice via mail and email, to *all* members of a class that was comprised of direct purchasers from defendants); *In Re Broiler Chicken Antitrust Litig.,* Case No. 1:16-cv-08637, ECF No. 4341 at 3 (N.D. Ill. Feb. 25, 2021) (same); *Kleen Prods. LLC v. Packaging Corp. of Amer.*, No. 10-cv-5711, ECF No. 634 at 7 (N.D. Ill. May 6, 2014) (same); *In Re Pork Antitrust Litig.*, Case No. 0:18-cv-01776, ECF No. 870 at 4-5 (D. Minn. May 5, 2021) (same).

10

To do as Movants suggest—disseminate notice only to customers of the Settling Defendants simply because the notice *may* cause Non-Settling Defendants reputational harm— would violate the Due Process rights of a substantial majority of the Class here. It would also prejudice the Settling Defendants by creating the risk that class members who do not receive notice would not be bound by the Settlement and could then sue the Settling Defendants—a ludicrous and wholly unnecessary result.

### 2. Movants' Requested Notice Language Is Unnecessary and Potentially Confusing

Movants concede that this Court "has nearly complete discretion to determine the form and content of a settlement notice." Mot. at 13 (quoting *Kaufman v. Am. Exp. Travel Related Servs., Inc.*, 283 F.R.D. 404, 406 (N.D. Ill. 2012)). Yet, they insist that it was error for the Court to omit four statements from the notice: "(1) that the Non-Settling defendants deny all wrong-doing; (2) discovery is still ongoing and will not conclude for six months or more; (3) the Court has not made any finding that a litigation class should be certified; and (4) the Court has not made any finding of an illegal conspiracy, liability or wrongdoing whatsoever." *Id*. Notably, they do not cite a single antitrust settlement notice including such language.

The proposed notices here are designed to comply with Rule 23's guidelines for class action notices and the *Federal Judicial Center's Checklist*. *See* Intrepido-Bowden Decl., ¶ 6. And significantly, the Long Form Notice already states, "These proposed Settlements are with these four Settling Defendants only and do not dismiss the claims against other defendants. Several other defendants remain in the case, and Plaintiffs' lawsuit will continue against them." ECF 988-1 at Ex. F. Movants' proposed language, on the other hand, is not typical of settlement notices. *See* Intrepido-Bowden Decl., ¶ 5 (citing examples of other court-approved notices); *see also Olean*, ECF No. 264-1 at Ex. B (N.D. Ill. May 21, 2021). Including this detailed language could be

11

confusing to potential class members who are laypeople, not lawyers. *See* Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, ("it is also simply good practice to recognize that communicating legal information to laypeople is hard to do").[13]

Nevertheless, if this Court determines that the Notice Program should be adjusted, Plaintiffs would not object to revising Long Form Notice Question No. 2 as follows:

> However, Plaintiffs' case is still proceeding against other Defendants, who deny all wrongdoing. Those other Defendants may be subject to separate settlements, judgments, or class certification orders. If applicable, you will receive a separate notice regarding the progress of the litigation and any resolution of claims against the other Defendants.

### 3. The Settlement Class Definition is Consistent with the Complaint's Definition

In an attempt to invent an issue where none exists, Movants allege there is inconsistency between how the class is defined in the Third Amended Complaint and how the Settlement Classes are defined. Mot. at 13-14. But the two class definitions are not materially different—both target the same direct purchaser class members. Any supposed confusion is pure conjecture by Movants.[14] It is clear from Defendants' data who the direct purchasers are. And this Court has already rejected Defendants' argument that an advertising agency's alleged principal-agent relationship to its clients negates its direct purchaser antitrust standing. *See In re Loc. TV Advert. Antitrust Litig.*, No. 18 C 6785, 2023 WL 1863046, at *2-4, n.6 (N.D. Ill. Feb. 9, 2023). Nor does

---

[13] *See* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf

[14] Contrary to Movants' assertions, there is no requirement that the class a plaintiff ultimately seeks to certify be identical to the class definition pled in a complaint. *See, e.g., In re Motorola Sec. Litig.*, 644 F.3d 511, 518 (7th Cir. 2011) (noting that a "district court has the authority to modify a class definition at different states in litigation.") (citing S*chorsch v. Hewlett-Packard Co*., 417 F.3d 748, 750 (7th Cir. 2005) (noting that judges and litigants regularly modify class definitions)). In fact, "litigants are free to modify a class via a court-approved settlement agreement." *Id*. (citing *Mehling v. N.Y. Life Ins. Co.*, 246 F.R.D. 467, 473-74 (E.D. Pa. 2007) (approving a settlement that modified the class definition). To the extent there are any material differences in the class definitions—and Plaintiffs do not believe there are any—do not affect the rights of the Non-Settling Defendants in any way.

the Settlement Class definition make it likely that JND, an experienced settlement administrator in numerous other antitrust cases, will be unable to evaluate, audit and validate class member claims.[15]

### E. The Court Should Not Stay Preliminary Approval For Months Or Longer

#### 1. Non-Settling Defendants Have Established No Hardship Warranting A Stay To Accommodate More Briefing

Movants urge this Court to vacate its Preliminary Approval and Notice Orders and stay proceedings in order for Movants to submit additional briefing and be heard at a hearing. Mot. at 14-15. They also suggest that a stay pending a decision on class certification would be appropriate. *Id.* at 13. However, they cite no precedent for a stay under the circumstances that exist here.[16] Nor do they remotely satisfy the legal requirements for a stay.

Courts have the power to stay proceedings to promote "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That inherent authority includes the power "to stay proceedings where the party seeking the stay would be spared 'hardship or inequity,' the prejudice to the non-movant would be comparatively minor, and the

---

[15] To the extent there are any concerns about whether any entity is the direct purchaser entitled to recovery of settlement proceeds, such concerns can be addressed in the context of settlement administration with evidentiary submissions, as suggested by the court in *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 506 (S.D.N.Y. 1996). But these are concerns more appropriately raised by the Settling Defendants, and do not affect the rights of the Non-Settling Defendants.

[16] The cases relied on by Movants are inapposite as they do not address the propriety of a stay requested by non-settling defendants or whether non-settling defendants have a clear case of equity or hardship stemming from a proposed settlement notice. *See Bilek v. Nat'l Cong. of Emps., Inc.*, 2022 WL 523108, at *1 (N.D. Ill. Feb. 22, 2022) (denying a motion to compel production of class members names and contact information where, unlike here, plaintiff "[did] not argue that putative class members' names and addresses are critical or even relevant to her ability to support class certification"); *In re NCAA Student-Athlete Concussion Inj. Litig.*, 314 F.R.D. 580, 589 (N.D. Ill. 2016) (court appointed settlement objector to present additional arguments related to class certification); *McFadden v. Bd. of Educ. for Ill. Sch. Dist. U-46*, 2006 WL 681054, at *7 (N.D. Ill. Mar. 13, 2006) (denying class certification in a case alleging violations of the Equal Education Opportunity Act of 1974 because "the lack of clarity and seeming contradictions in the first amended complaint and plaintiffs' briefs prevent a proper analysis of the full spectrum of Rule 23(a)'s considerations").

stay would significantly advance judicial economy." *Freed v. Friedman*, 215 F. Supp. 3d 642, 658 (N.D. Ill. 2016) (quoting *Landis,* 299 U.S. at 255). The proponent of the stay has the burden to show that a stay is appropriate. *Wisc. Laborers Health Fund v. Dane Cnty. Cont., LLC*, 2023 WL 3309951, at *1 (W.D. Wis. Apr. 13, 2023) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

Movants have demonstrated no hardship or inequity they would be spared by a stay. First, they claim reputational damage from being included in the class notice. Mot. at 15. But, as set forth above, such harm is speculative and minimal, particularly when weighed against settlement class members' Due Process rights to notice of the settlements and their options related thereto. Second, Movants raise the specter of conflicting or confusing claims between advertising agencies and their clients. *Id.* But any potential confusion has no impact on the rights of the Non-Settling Defendants. Movants ignore the fact that JND and Plaintiffs have access to Defendants' own transactional data, allowing JND to resolve any conflicts. And, as discussed above, JND can require evidentiary submissions to the extent there are any questions about whether entities are direct purchasers. Third, Movants oppose certification of a settlement class because it supposedly will tie their hands at class certification. *Id.* Again, as explained above, this concern is groundless. *Packaged Ice*, 2010 WL 3070161, at *1 (denying stay pending consideration of class certification).

Nor have Movants demonstrated that the burden to Plaintiffs, Settlement Class members, and Settling Defendants would be minor and that the stay would advance judicial economy. The additional briefing proposed by Movants will likely take months, which will prejudice Plaintiffs and the Settlement Classes. A valuable component of the settlement is the cooperation to be provided by the Settling Defendants upon preliminary approval, which will assist in Plaintiffs' prosecution of the litigation against the Non-Settling Defendants during the 100-plus depositions

14

that lie ahead.[17] The timeliness and value of cooperation that Plaintiffs will receive from the Settling Defendants would be jeopardized if the Court were to stay a decision on Preliminary Approval.

Additionally, each of the Settling Defendants entered into Settlement Agreements "to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the release, order, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted." *See* ECF Nos. 982-1 at 2 (CBS); 982-2 at 2 (Fox); 982-3 at 3 (Cox), and 982-4 at 3 (ShareBuilders). Requiring Settling Defendants to remain in litigation from which they have negotiated an exit prejudices their ability to get the finality for which they bargained. Any stay, and particularly one pending a class certification determination, increases expense and inconvenience, and delays finality for Settling Defendants.

Accordingly, Movants' request for a stay should be denied. *Cason-Merenda*, 2010 WL 446452, at *2 (denying stay of preliminary approval process at request of non-settling defendants); *Packaged Ice*, 2010 WL 3070161, at *1 (denying stay pending consideration of class certification).[18]

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully ask this Court to deny the Motion.

Dated: July 5, 2023

Respectfully submitted,

/s/ *Robert J. Wozniak*
Robert J. Wozniak
**FREED KANNER LONDON &
MILLEN LLC**

---

[17] Courts have routinely held that such cooperation provisions confer a substantial benefit on a class. *See, e.g., Packaged Ice*, 2010 WL 3070161, at *4 .

[18] If Movants' arguments in support of a stay were correct, it would mean that no partial settlement could ever be approved in a Rule 23(b)(3) class action until a litigation class was certified. This, of course, is not the law. Partial settlements in class actions are routine, unobjectionable and can provide substantial benefits to plaintiffs, to settling defendants and to the court.

15

<div style="display: flex;">

<div>

Hilary K. Scherrer
Nathaniel C. Giddings
Farhad Mirzadeh
In Kyung "Jane" Shin
888 16th Street NW, Suite 300
Washington, DC 20006
(202) 540-7200
mhausfeld@hausfeld.com
hscherrer@hausfeld.com
ngiddings@hausfeld.com
fmirzadeh@hausfeld.com
jshin@hausfeld.com

</div>

<div>

2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
rwozniak@fklmlaw.com

*Liaison Counsel*

Megan E. Jones
**HAUSFELD LLP**
600 Montgomery St. #3200
San Francisco, CA 94111
(415) 633-1908
mjones@hausfeld.com

</div>

</div>

*Lead Counsel*

Meegan Hollywood
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600 New York, NY 10022
Tel: (212) 980-740
Fax: (212) 980-7499
mhollywood@robinskaplan.com

Kimberly A. Justice
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6487
Fax: (224) 632-4521
kjustice@fklmlaw.com

*Plaintiffs' Steering Committee*

16