**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION** | Master Docket No. 18 C 06785 <br><br> MDL No. 2867 <br><br> Honorable Virginia M. Kendall |

**DECLARATION OF GINA M. INTREPIDO-BOWDEN
IN RESPONSE TO DEFENDANTS' SEALED MOTION TO RECONSIDER, VACATE,
AND/OR STAY ORDERS REGARDING PRELIMINARY APPROVAL OF
SETTLEMENTS AND NOTICE**

I, Gina M. Intrepido-Bowden hereby declare and state as follows:

1.      I am a Vice President at JND Legal Administration LLC ("JND"). I am a judicially recognized legal notice expert with more than 20 years of legal experience designing and implementing class action legal notice programs. I have been involved in many of the largest and most complex class action notice programs, including all aspects of notice dissemination.

2.      I previously submitted a *Declaration on Proposed Settlement Notice Program*, dated June 9, 2023, for this matter (ECF No.988-1). In its June 14, 2023 Order, this Court approved the proposed Notice Program, including the Email Notice, Postcard Notice, Print Notice, Digital Notice, Long Form Notice, and Claim Form attached to my Declaration as Exhibits B to G (ECF No. 994).

3.      I submit this Declaration in response to Non-Settling Defendants' concerns regarding the proposed notices as outlined in *Defendants' Sealed Motion to Reconsider, Vacate, and/or Stay Orders Regarding Preliminary Approval of Settlements and Notice*, dated June 28, 2023 (ECF No. 1001).

1

4.     Regarding the proposed notices, Non-Settling Defendants object that nowhere in any of the proposed notices is there any mention that (1) the Non-Settling Defendants deny the existence of this alleged conspiracy, (2) the case is still in the discovery stage, or (3) the Court has neither considered nor granted certification of a litigation class nor adjudged any of them liable for any type of wrongdoing.

5.     For the Court's review, attached as Exhibits A-C, are three court-approved notices in other partial settlement situations. None of these court-approved notices include language that the non-settling defendants deny all wrongdoing. Instead, they refer to the settling defendants denying wrongdoing, as do the proposed notices here. None of the attached court-approved notices indicate that discovery is still ongoing and will not conclude for six months or more. Instead, they refer to the ongoing litigation with the non-settling or "other" defendants, as do the proposed notices here. None of the attached court-approved notices state that the court has not made any finding that a litigation class should be certified. Instead, they refer to the ongoing litigation with the non-settling or "other" defendants, as do the proposed notices here. None of the attached court-approved notices state that the court has not made any finding of an illegal conspiracy, liability or wrongdoing whatsoever. Instead, they state that the court has not decided who is right or wrong in the lawsuit, as do the proposed notices here.

6.     In my opinion, the proposed notice documents are designed to comply with Rule 23's guidelines for class action notices and the *FJC's Checklist*. The notices contain easy-to-read summaries of the Settlements and instructions on how to obtain more information. I leave it at the Court's discretion to make any notice content changes.

7.     As stated in my prior Declaration, the objective of the proposed Settlement Notice Program is to provide the best notice practicable, consistent with the methods and tools employed in other court-approved notice programs and to allow Settlement Class Members the opportunity

to review a plain language notice with the ability to easily take the next step and learn more about the proposed Settlements. The Settlement Classes here are comprised of direct purchasers from all Defendants, not just purchasers from the Settling Defendants. Thus, to provide the best practicable notice, JND designed a Notice Program that anticipated providing direct notice to all Settlement Class Members for whom contact information was available, not just those Settlement Class Members that purchased from the Settling Defendants.

8.     JND has served as the notice provider in numerous other antitrust cases. In my experience, when notice is required for classes that include purchasers from all of the defendants, like the Settlement Classes here, JND regularly uses customer contact information produced by all defendants, including non-settling defendants, to achieve the best practicable notice, and courts regularly order the production of such contact information to facilitate direct notice.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Philadelphia, Pennsylvania, this 5th day of July 2023.

_____

GINA M. INTREPIDO-BOWDEN

# - EXHIBIT A -

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

# If you purchased Packaged Tuna products directly from Bumble Bee, Chicken of the Sea, StarKist, or Thai Union Group between June 1, 2011 and July 31, 2015, you could be affected by a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT. REGISTER AT THE CASE WEBSITE, WWW.TUNADIRECTPURCHASERCASE.COM, TO RECEIVE UPDATES.**

You or your company have been identified as a member of a proposed settlement class. This notice is to:

- Provide information regarding a proposed Settlement with Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea ("Chicken of the Sea") and Thai Union Group PCL ("Thai Union"); a process and deadline for excluding yourself from the Settlement; and a process and deadline for objecting to the Settlement.
- Recommend that you register at the case website, www.TunaDirectPurchaserCase.com, to receive updates – you may not receive further notices about this case unless you register. If you are uncertain about how to proceed, you should promptly contact the Claims Administrator to discuss your options.

| YOUR LEGAL RIGHTS AND OPTIONS | | |
|---|---|---|
| **You May** | **Explanation** | **Deadline** |
| **OPTION 1** | | |
| **STAY IN THE SETTLEMENT CLASS, AND DO NOTHING** | • Give up your right to separately sue or continue to sue Settling Defendants for the claims in this case<br>• Participate in any monetary distributions to qualified Settlement Class Members<br>• Sign up for updates at the case website (optional) | **None** |
| **STAY IN THE SETTLEMENT CLASS, BUT OBJECT TO THE SETTLEMENT** | • Stay in the Settlement Class, but tell the Court what you do not like about the proposed Settlement—you will still be bound by the proposed Settlement unless you opt out of the Settlement Class | Postmarked by **April 28, 2022** |
| **STAY IN THE SETTLEMENT CLASS, AND ATTEND THE HEARING** | • Ask to speak in Court about the proposed Settlement by providing Notice of Intention to Appear<br>• **If you want your own attorney to represent you, you must pay for that attorney** | Postmarked by **April 28, 2022** |
| **OPTION 2** | | |
| **ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS ("OPT OUT")** | • Remove yourself from the Settlement Class and any of the benefits and releases pursuant to the Settlement<br>• Keep your right to sue or continue to sue Settling Defendants for the claims in this case | Postmarked by **April 28, 2022** |

Questions? Visit www.TunaDirectPurchaserCase.com or call toll-free at 1-866-615-0970
Please register at https://secure.TunaDirectPurchaserCase.com/register to receive updates.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .......................................................................................................... 3

    1.  Why did I receive this notice?

    2.  What is this lawsuit about?

    3.  What is a class action, and who is involved?

    4.  Why is there a proposed Settlement in this case?

    5.  Am I part of the Settlement Class?

    6.  I'm still not sure if I'm included.

    7.  Do I have a lawyer in this case?

    8.  How will the lawyers be paid?

**YOUR OPTIONS** ................................................................................................................. 5

    9.  What does the proposed Settlement provide?

   10.  What are the Settlement benefits being used for?

   11.  When do I get my payment?

   12.  What happens if I do nothing at all?

   13.  What am I giving up by staying in the Settlement Class?

   14.  What does it mean if I exclude myself from the Settlement Class?

   15.  How do I exclude myself from the Settlement Class?

   16.  How do I tell the Court that I don't like the proposed Settlement?

   17.  What is the difference between excluding myself and objecting?

   18.  When and where is the Court's Fairness Hearing?

   19.  Do I have to come to the hearing?

   20.  May I speak at the hearing?

**GETTING MORE INFORMATION** ............................................................................................ 8

   21.  How do I get more information?

# Basic Information

## 1. Why did I receive this notice?

You received this notice because your business may have purchased Packaged Tuna (canned or pouched tuna) directly from one or more of the Defendants from June 1, 2011 through July 31, 2015. You have the right to know about your rights or options in the proposed Settlement.[1]

The Court in charge of this case is the United States District Court for the Southern District of California (the "Court"). The case is called *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 DMS (MDD), MDL No. 2670.

Certain Direct Purchaser Plaintiffs—the named Class Representatives: Olean Wholesale Grocery Cooperative, Inc., Pacific Groservice Inc. d/b/a PITCO Foods, Piggly Wiggly Alabama Distributing Co., Inc., Howard Samuels as Trustee in Bankruptcy for Central Grocers, Inc., Trepco Imports and Distribution Ltd., and Benjamin Foods LLC—sued on behalf of a proposed class. The companies they sued are called the Defendants and include Chicken of the Sea and Thai Union, Bumble Bee Foods LLC, StarKist Co., Dongwon Industries Co. Ltd., and Lion Capital (Americas), Inc.

A proposed Settlement has been reached with Chicken of the Sea and Thai Union only ("Settling Defendants"). The Direct Purchaser Plaintiffs will continue their lawsuit against StarKist Co., Dongwon Industries Co. Ltd., and Lion Capital (Americas), Inc. ("non-settling Defendants"). Bumble Bee Foods LLC is in bankruptcy. A trial date has not yet been scheduled.

This notice explains that:

- ✓ The Settlement Class is affected by a proposed Settlement with Settling Defendants

- ✓ You have legal rights and options that you may exercise before the Court decides whether to approve the Settlement

## 2. What is this lawsuit about?

Direct Purchaser Plaintiffs allege that Defendants conspired to fix, raise, and maintain the prices that direct purchasers paid for Packaged Tuna and that, as a result, members of the Class paid more than they otherwise would have. Defendants have denied all liability for this conduct and/or assert that their conduct was lawful or exempt from the antitrust laws, or that their conduct did not cause injury, among other defenses. The Court has not decided who is right.

The Direct Purchaser Plaintiffs have reached a proposed Settlement with Chicken of the Sea and Thai Union. While these Settling Defendants deny all allegations, they have agreed to settle this action to avoid the uncertainties and risks of further litigation. The Direct Purchaser Plaintiffs' lawsuit is proceeding against non-settling Defendants.

---

[1] This lawsuit is only on behalf of direct purchasers of Packaged Tuna, that is, entities such as retailers, wholesalers, and distributors that bought Packaged Tuna directly from one or more of the Defendants. There are separate class actions pending on behalf of indirect purchasers (i.e., persons who did not purchase directly from the Defendants), including consumers and commercial food preparers.

Please register at the case website, www.TunaDirectPurchaserCase.com, to receive updates regarding the progress of the Settlement and any resolution of claims against the non-settling Defendants. The case website will be updated as circumstances change, so check back regularly for updates.

### 3. What is a class action, and who is involved?

In a class action lawsuit, one or more persons or businesses called class representatives sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action settlement or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

### 4. Why is there a proposed Settlement in this case?

The Court did not decide in favor of either Direct Purchaser Plaintiffs or the Settling Defendants. Trials involve risks to both sides; therefore, Direct Purchaser Plaintiffs and the Settling Defendants have agreed to settle the case. The proposed Settlement requires Chicken of the Sea and Thai Union to pay money to members of the Settlement Class. Direct Purchaser Plaintiffs and their attorneys believe the Settlement is in the best interests of the Settlement Class. The lawsuit is proceeding against the non-settling Defendants.

### 5. Am I part of the Settlement Class?

You are a Settlement Class Member if you or your company directly purchased Packaged Tuna Products (excluding tuna salad kits and cups and salvage purchases) within the United States, its territories and the District of Columbia from any Defendant at any time between June 1, 2011 and July 31, 2015. Packaged Tuna Products means shelf-stable tuna sold for human consumption and packaged in either cans or pouches. Excluded from the Settlement Class are all governmental entities; Defendants and any parent, subsidiary, or affiliate thereof; Defendants' officers, directors, employees, and immediate families; and any federal judges or their staffs.

While the proposed Settlement is only with Chicken of the Sea and Thai Union, the Settlement Class includes persons (including businesses and companies) who purchased Packaged Tuna from *any* of the Defendants. If you are a Settlement Class Member and do not exclude yourself, you will be eligible to participate in any monetary distributions to qualified Settlement Class Members and you will be bound by the results of the proposed Settlement.

### 6. I'm still not sure if I'm included.

If you are still not sure if you are included in the Settlement Class, please review the detailed case information, available at www.TunaDirectPurchaserCase.com. You may also call the Claims Administrator at 1-866-615-0970.

### 7. Do I have a lawyer in this case?

The Court has appointed Hausfeld LLP as Class Counsel. Their contact information is provided below. If you wish to remain a Settlement Class Member, you do not need to hire your own lawyer because Class Counsel is working on your behalf.

If you wish to pursue your own case separate from this one, or if you exclude yourself from the Settlement Class, these lawyers will no longer represent you. You may need to hire your own lawyer if you wish to pursue your own lawsuit against the Defendants.

## 8. How will the lawyers be paid?

You will not have to pay any attorneys' fees or costs out-of-pocket. Under the Settlement, Attorneys' fees and litigation expenses have been determined by an arbitrator in the amount of $4,410,636.71 in past out of pocket expenses and fees of $1,539,363.29, for a total of $5.95 million. This amount is subject to final approval by the Court and will be paid separately from the Settlement Fund. Class Counsel's motion for approval of their fees and costs will be posted on the case website prior to the deadline for objections.

Class Counsel is compensated on a contingent fee basis and any further compensation will only occur if there are further class settlements or a class-wide judgment against any non-settling Defendants.

# Your Options

## 9. What does the proposed Settlement provide?

If the proposed Settlement is approved, the Settling Defendants will pay a Settlement Amount calculated as 3.20% of the combined Chicken of the Sea and Thai Union sales of Packaged Tuna Products to Class Members between June 1, 2011 and July 31, 2015. When calculating the Settlement Amount, sales to individuals that opt out or exclude themselves from the Settlement Class will not be included. The Settling Defendants will also pay legal fees and costs in addition to and separate from the Settlement Amount as explained above.

## 10. What are the Settlement benefits being used for?

Settlement Class Members who make a claim will be entitled to receive cash, with the actual amount received depending on the number of claims and the volume of commerce represented in those claims. Using an online portal, Settlement Class Members will be able to check their claim volume, and in the event that their own data suggests that a different claimed volume of commerce is appropriate, they can provide that information, and it will be considered by the Claims Administrator, subject to audit.

Additionally, a portion of the Settlement Amount may be used by the Claims Administrator to administer notice and to administer the distribution of Settlement proceeds, as well as to pay Service Awards to the named Class Representatives for their work in the case. The Claims Administrator currently estimates its costs will be approximately $100,000.00. Class Counsel intend to ask the Court to approve Service Awards in the amount of $5,000.00 for each of the Class Representatives.

To the extent there are any undistributed funds following an initial distribution to Settlement Class Members, the Claims Administrator, upon the recommendation of Class Counsel and approval by the Court, will either make subsequent distributions to Settlement Class Members, or, if it is infeasible to do so in light of the amount of undistributed funds and the costs of Administration, will distribute those funds to the Center for Public Interest Law at the University of San Diego School of Law.

## 11. When do I get my payment?

Class Counsel does not intend to distribute any proceeds from the Settlement to qualifying Settlement Class Members at this time. Instead, they intend to combine any distribution of the Settlement proceeds with

proceeds from *future* settlements or other recoveries in the litigation with non-settling Defendants. In the event that Class Counsel determine that distribution should proceed at an earlier time, they will seek approval of the Court before doing so. Please register at the case website, www.TunaDirectPurchaserCase.com, for updates. The case website will be updated as circumstances change, so check back regularly.

## 12. What happens if I do nothing at all?

If you do nothing, you will remain a member of the Settlement Class, and you can participate in any recoveries pursuant to the proposed Settlement with the Settling Defendants, if approved by the Court. Please register at the case website, www.TunaDirectPurchaserCase.com, for updates.

## 13. What am I giving up by staying in the Settlement Class?

Unless you exclude yourself from the Settlement Class, you are staying in the Settlement Class. By staying in the Settlement Class, you can't sue, continue to sue, or be part of any other lawsuit against Settling Defendants that makes claims based on the same legal issues alleged or could have been alleged in this case. All Court orders will apply to you and legally bind you. The Released Claims are detailed in the Settlement Agreement, available at www.TunaDirectPurchaserCase.com.

## 14. What does it mean if I exclude myself from the Settlement Class?

Excluding yourself or opting out of the Settlement Class means you remove yourself from the Settlement and its benefits and releases. If you have a pending lawsuit against any of the Settling Defendants involving the same legal issues in this case, speak to your lawyer in that case immediately.

## 15. How do I exclude myself from the Settlement?

To exclude yourself from the Settlement your Request for Exclusion must include: (a) the name (including any formerly known names, doing business as names, etc.), address and telephone number of the person(s) seeking exclusion; and (b) a signed statement that "I/we hereby request that I/we be excluded from the **Proposed Settlement Direct Purchaser Class** in the In re Packaged Seafood Products Antitrust Litigation." You must mail your Request for Exclusion, postmarked by **April 28, 2022**, to:

*Tuna Direct Purchaser Case* – EXCLUSIONS
c/o JND Legal Administration
PO Box 91241
Seattle, WA 98111

## 16. How do I tell the Court that I don't like the proposed Settlement?

If you stay in Settlement Class, you can object to the proposed Settlement if you don't like part or all of it. The Court will consider your views.

To object to the Settlement, you must send a written objection that includes:

- Your Notice of Intention to Appear;
- Proof of membership in the Settlement Class; and
- The specific grounds for the objection and any reasons why you desire to appear and be heard, as well as all documents or writings that you desire the Court to consider.

Questions? Visit www.TunaDirectPurchaserCase.com or call toll-free at 1-866-615-0970
Please register at https://secure.TunaDirectPurchaserCase.com/register to receive updates.

Your written objection must be filed with the Court and mailed to Class Counsel and the Settling Defendants' counsel at the addresses below. Your objection must be postmarked (or mailed by overnight delivery) no later than **April 28, 2022**.

| **The Court:** | **Class Counsel:** | **Settling Defendants' Counsel:** |
|---|---|---|
| United States District Court Judge, The Honorable Dana M. Sabraw James M. Carter and Judith N. Keep United States Courthouse Courtroom 13A 333 West Broadway San Diego, CA 92101 | Michael P. Lehmann Bonny E. Sweeney Christopher L. Lebsock Samantha J. Stein Hausfeld LLP 600 Montgomery Street Suite 3200 San Francisco, CA 94111 415-633-1908 PackagedTuna@Hausfeld.com | John Roberti Allen & Overy LLP 1101 New York Avenue, NW Washington DC 20005 202-683-3862 john.roberti@allenovery.com <br><br> John Terzaken SIMPSON THACHER & BARTLETT LLP 900 G Street, NW Washington DC 20001 202-636-5858 john.terzaken@stblaw.com |

## 17. What is the difference between excluding myself and objecting?

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement. If you exclude yourself from the Settlement, you have no standing to object because the Settlement no longer affects you.

## 18. When and where is the Court's Fairness Hearing?

The Court will hold a Fairness Hearing on the Settlement at 1:30 p.m. PT on **June 17, 2022** at the United States District Court for the Southern District of California, James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, CA 92101, Courtroom #13A. At the hearing, the Court will consider (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate to Settlement Class Members, and whether the judgment should be entered dismissing the claims of Direct Purchaser Plaintiffs and all Settlement Class Members against Chicken of the Sea and Thai Union on the merits and with prejudice; and (ii) whether to approve any application by Class Counsel for an award of attorneys' fees and payment of costs and expenses, and any Service Awards to the named Class Representatives.

If there are objections, the Court will consider them. You may attend and ask to speak at the Fairness Hearing if you filed an objection as instructed in Question 15, but you don't have to. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long the Court will take to decide. The date of the hearing may change without further notice to the Settlement Class, so please register at the case website or check the case website for updates.

## 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. If you send an objection to the proposed Settlement, you do not have to come to the

Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing or trial, but it's not necessary.

| 20. May I speak at the hearing? |
|---|

Yes. If you did not request exclusion from the Settlement, you may ask permission for you or your own attorney to speak at the Fairness Hearing, at your own expense. To do so, you must submit a written objection as instructed in Question 16. Your Notice of Intention to Appear must be postmarked no later than **April 28, 2022**, and it must be sent to the Court, Class Counsel, and the Settling Defendants' counsel at the addresses provided in Question 16. You cannot ask to speak at the hearing if you exclude yourself from the Settlement Class.

# Getting More Information

| 21. How do I get more information? |
|---|

Please register for updates at the case website, www.TunaDirectPurchaserCase.com. For more detailed information about the case, visit the case website, call 1-866-615-0970, or speak with Class Counsel directly at:

Hausfeld LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
415-633-1908
PackagedTuna@Hausfeld.com

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION.**

**If you have *any* questions about this Notice, please do not hesitate to call 1-866-615-0970 or email Class Counsel directly at PackagedTuna@Hausfeld.com**

Dated: January 26, 2022                                                    The Honorable Dana M. Sabraw

# - EXHIBIT B -

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

# If you farmed Kona coffee in the Kona District and then sold that coffee, you may be able to get benefits in a class action settlement

*A federal court authorized this notice. This is NOT a solicitation from a lawyer.*

- Proposed Settlements have been reached with, in alphabetical order, BCC Assets LLC d/b/a Boyer's Coffee ("BCC"), Cameron's Coffee and Distribution Company ("Cameron's"), Copper Moon Coffee, LLC ("Copper Moon"), Cost Plus Inc. ("Cost Plus"), and Pacific Coffee, Inc., d/b/a Maui Coffee Company ("MCC") (collectively "Settling Defendants") in a class action lawsuit. Also included as Settling Defendants are the retailer defendants to the extent they sold Settling Defendants' products. The lawsuit is about the alleged mislabeling of coffee as originating from the Kona region. The Settling Defendants deny the Plaintiffs' allegations, but have agreed to settle the class action to avoid the time and expense of continuing the lawsuit.

- There are other defendants involved in the lawsuit. However, they are not involved in the Proposed Settlements. The lawsuit continues against those defendants to the extent they still have any products at issue.

- You are a member of the Settlement Class for each Proposed Settlement if you farmed Kona coffee in the Kona District and then sold that coffee between February 27, 2015 and February 17, 2021. The full class definition is described under Question 3, below.

- If approved by the Court, a gross settlement amount of $7,005,750 will be distributed among the Settlement Class Members on a pro-rata basis, less Court-awarded attorneys' fees and expenses, as calculated by Settlement Class Members' reported sales volumes, less any voluntary contributions for the benefit of the Kona region. Settling Defendants will also modify the label of any coffee products labeled as "Kona," or "Kona Blend."

| A SUMMARY OF YOUR RIGHTS AND CHOICES | |
|---|---|
| **SUBMIT A CLAIM FORM** | • Submit a valid claim to receive money from the Proposed Settlements as outlined in Question 5.<br>• Be bound by the Proposed Settlements.<br>• Give up your right to sue or continue to sue Settling Defendants for the claims in this case.<br><br>**Due Date:   <u>TBD</u>** |
| **EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT(S) ("OPT OUT")** | • Remove yourself from the Settlement Class as outlined in Questions 7 and 8.<br>• Receive no payment.<br>• Keep your right to sue or continue to sue Settling Defendants for the claims in this case.<br><br>**Due Date:  <u>Post-marked on or before May 5, 2021</u>** |
| **OBJECT OR COMMENT ON THE PROPOSED SETTLEMENT(S)** | • Write the Court about why you do not like the Proposed Settlement(s) as outlined in Question 13.<br><br>**Due Date:  <u>Post-marked on or before May 5, 2021</u>** |
| **SPEAK AT THE FINAL HEARING** | • If you submit a Notice of Appearance, you may speak to the Court about the Proposed Settlements at the Final Hearing set for June 18, 2021.<br><br>**Due Date:  <u>Post-marked on or before May 5, 2021</u>** |
| **DO NOTHING** | • Receive no payment.<br>• Be bound by the Proposed Settlements.<br>• Give up your right to sue or continue to sue Settling Defendants for the claims in this case. |

| WHAT THIS NOTICE CONTAINS |
|---|

1.  **Why did I receive this Notice?** ...................................................................................................4

2.  **What is this lawsuit about?** .......................................................................................................4

3.  **How do I know if I am part of the Settlement Class?** .............................................................4

4.  **I am still not sure if I am included.** ..........................................................................................5

5.  **What do the Proposed Settlements provide?** ..........................................................................5

6.  **What do I need to do to remain a Settlement Class Member?** ..............................................5

7.  **Can I get out of the Settlement Class?** .....................................................................................5

8.  **How do I get out of the Proposed Settlements?** .......................................................................6

9.  **Do I have lawyers representing my interests in the case?** ......................................................6

10.  **How will the lawyers be paid?** ..................................................................................................6

11.  **Should I get my own lawyer?** ....................................................................................................6

12.  **Who are the Class Representatives and how will they be compensated?** ...................................7

13.  **Can I object or comment on the Proposed Settlement?** ..........................................................7

14.  **Will there be a Hearing on the Proposed Settlement?** ............................................................7

15.  **Must I attend the hearing?** ........................................................................................................8

16.  **May I speak at the Hearing?** .....................................................................................................8

17.  **How do I get more information about the Proposed Settlements?** ..........................................8

| 1. | Why did I receive this Notice? |
|---|---|

Records show that you farmed Kona coffee in the Kona District and sold Kona coffee between February 27, 2015 and February 17, 2021. For more detail, please refer to Question 3 below.

The Court sent you this Notice to inform you of Proposed Settlements in the class action lawsuit *Corker, et al. v. Costco Wholesale Corp., et al.*, No. 1:19-cv-00290, United States District Court for the Western District of Washington. This Notice outlines the terms of the Proposed Settlements, who is a Settlement Class Member, your right to remain a member of the Settlement Class in any of the Proposed Settlements, how Settlement funds will be paid, how to comment on or object to any of the Proposed Settlements, and how to exclude yourself from the Settlement Class in any of the Proposed Settlements.

Judge Lasnik of the United States District Court for the Western District of Washington is overseeing this class action.

Those who brought the lawsuit are the "Plaintiffs," and the parties being sued are the "Defendants." As noted above, there were other Defendants in this lawsuit who had not reached settlements with the Plaintiffs at the time this notice was issued. Those Defendants not included in the definition of Settling Defendants are not part of the Proposed Settlements.

| 2. | What is this lawsuit about? |
|---|---|

Plaintiffs allege that the Settling Defendants falsely advertised and falsely designated coffee as originating from the Kona region in violation of the federal Lanham Act. Plaintiffs seek monetary damages and other relief allowed under the Lanham Act.

Although the Settling Defendants deny Plaintiffs' claims for liability and damages they have agreed to settle the class action to avoid the time and expense of continuing the lawsuit.

A more complete description of the lawsuit is available at www.KonaCoffeeSettlement.com, or in the file for the lawsuit maintained by the United States District Court for the Western District of Washington. See Question 17, below. Additionally, should you have questions regarding the lawsuit, you can submit them in writing to Class Counsel at the addresses provided under Question 13 of this Notice.

The Court has not ruled in favor of Plaintiffs or Settling Defendants. Instead, both sides agreed to the Proposed Settlements before the case proceeded to a trial. Plaintiffs and their counsel believe that the Proposed Settlements are best for all members of the proposed Settlement Class.

| 3. | How do I know if I am part of the Settlement Class? |
|---|---|

The Settlement Class includes all persons and entities who, between February 27, 2015 and February 17, 2021, farmed Kona coffee in the Kona District and then sold their Kona coffee.

Excluded from the Settlement Class are the Settling Defendants, any Judges to whom the case is assigned, and their immediate families and staffs.

**If you are a Settlement Class Member and the Judge approves the Proposed Settlements in these cases, you will be bound by all orders and judgments of the Court and by the Court's final resolution of the Settlement Class claims in the lawsuit. See Question 13 for your right to comment on or object to the Proposed Settlements.**

### 4. I am still not sure if I am included.

If you are still not sure if you are part of the Settlement Class, please visit www.KonaCoffeeSettlement.com, email info@KonaCoffeeSettlement.com or call (toll-free) 1-833-667-1227. You may also contact Class Counsel (See Question 9).

**Please do not contact the Court.**

### 5. What do the Proposed Settlements provide?

The Proposed Settlements provide money for Settlement Class Members and require the Settling Defendants to modify the label of any coffee products labeled as "Kona" or "Kona Blend.".

Under the Proposed Settlement, the Settling Defendants will make a total payment of $7,005,750. BCC will make a payment of $1,125,000. Cameron's will make a payment of $4,900,000. Copper Moon will make a payment of $360,000. Cost Plus will make a payment of $200,000. MCC will make a payment of $420,750. The Settlement Amount will be distributed to Settlement Class Members on a pro-rata basis, less Court-awarded attorneys' fees and expenses, as calculated by Settlement Class Members' reported sales volumes, less any voluntary contributions for the benefit of the Kona region.

You do not need to do anything at this time. **However, you will need to submit a claim form to receive a payment in the Proposed Settlements at a later time.** You will be notified when the deadline to submit your claim form for payment is determined. You may also check the Settlement Website, www.KonaCoffeeSettlement.com, for updates.

In exchange for the benefits received by the Class, the Settling Defendants and retailer Defendants to the extent they sold the Settling Defendants' products will be released from claims the Settlement Class Members may have against them relating to the claims asserted in the lawsuit, including claims relating to the Settling Defendants' labeling of coffee products that use the word "Kona."

### 6. What do I need to do to remain a Settlement Class Member?

If you want to remain a Settlement Class Member, you do not need to take any action. However, if you want to receive your payment in the Proposed Settlements, you will need to submit a claim form at a later time to be determined (See Question 5 above). Class Counsel will represent your interests as a member of the Settlement Class. You have the right to retain your own counsel, but do not have to do so.

### 7. Can I get out of the Settlement Class?

If you don't want to be in the Settlement Class in any or all of the Proposed Settlements and you want to keep the right to sue one or more of the Settling Defendants about the same claims on your own, you must take steps to get out of the Settlement Class. This is called excluding yourself from or "opting out of" the Settlement Class. By excluding yourself, you keep the right to file your own lawsuit. If you exclude yourself from the Settlement Class, you will not receive any benefits from the Proposed Settlements.

## 8.  How do I get out of the Proposed Settlements?

To exclude yourself from ("opt out of") the Settlement Class, you must send a letter personally signed by you that includes all of the following:

a)  Your name, address, and telephone number;
b)  The following Civil Action Number: 2:19-cv-000290; and
c)  A statement that you want to be excluded from the Settlement Class.

Your request for exclusion letter must be mailed first class, postage pre-paid, **postmarked on or before May 5, 2021,** to:

Kona Coffee Farmers Settlement Administrator
c/o JND Legal Administration
P.O. Box 91232
Seattle, WA 98111

Although you can exclude yourself from one of the Proposed Settlements with a particular Settling Defendant or Settling Defendants, you cannot exclude yourself from only part of a Settlement or Settlement Class.  As to each Settling Defendant, you must either remain a Settlement Class Member or exclude yourself from the entire Settlement.  Also, please remember that you can't exclude yourself by phone or by sending an email.

## 9.  Do I have lawyers representing my interests in the case?

The Court has appointed the following law firms to represent the Settlement Class:

Paul Richard Brown
Nathan T. Paine
Karr Tuttle Campbell
701 5th Ave, Suite 3300
Seattle, WA 98104

Jason L. Lichtman
Daniel E. Seltz
Lieff, Cabraser, Heimann
  & Bernstein, LLP
250 Hudson St., 8th Floor
New York, NY 10013

Andrew R. Kaufman
Lieff, Cabraser, Heimann
  & Bernstein LLP
222 2nd Ave South, Suite 1640
Nashville, TN 37201

These lawyers are called "Class Counsel."  You do not have to directly pay Class Counsel.  If you want your own lawyer, and to have that lawyer appear in court, you may hire one at your own expense.

## 10.  How will the lawyers be paid?

Class Counsel will request that the Court award Class Counsel partial reimbursement of their Litigation Expenses to date, totaling $600,000, approve an Incentive Payment to the Class Representatives, and award attorneys' fees to Class Counsel in an amount not exceeding $3 million, or 25 percent of the total  economic value of the Settlements, whichever is less.  The Court, at its own discretion, may award less than these requested amounts without further notice to the Settlement Class Members.  Any attorneys' fees, expenses, and incentive payments awarded by the Court will be paid from the Settlement Funds.  Again, if you choose to hire your own attorney, you will be responsible for that attorney's fees and expenses.

## 11.  Should I get my own lawyer?

You don't need to hire your own lawyer, but you may elect to do so.  If you want your own lawyer to speak for you or to appear in Court, you or your lawyer must file a Notice of Appearance.

Question 16 explains how to submit a Notice of Appearance. If you hire a lawyer to appear for you in the lawsuit, you will have to pay that lawyer on your own.

**You should also consult your own tax advisor regarding the tax consequences to you of the proposed settlement, including, without limitation, any tax reporting obligations you may have with respect to the proposed settlement.**

| **12.   Who are the Class Representatives and how will they be compensated?** |
| --- |

If the Proposed Settlements are approved, the Court will appoint Plaintiffs Bruce Corker d/b/a Randho Aloha, Colehour Bondera and Melanie Bondera d/b/a Kanalani Ohana Farm, and Robert Smith and Cecelia Smith d/b/a Smithfarms as Class Representatives. The Class Representatives work with Class Counsel on behalf of all Settlement Class Members to present the views of Settlement Class Members to Class Counsel and the Court. The Class Representatives may each be entitled to an Incentive Payment Award not to exceed $20,000 per farm if approved by the Court.

| **13.   Can I object or comment on the Proposed Settlement?** |
| --- |

If you have comments about, or disagree with, any aspect of the Proposed Settlements, including the requested attorneys' fees, you may express your views to the Court through a written response to the Proposed Settlements. Only Settlement Class Members who have not opted out can object or comment. The written comment or objection should include your name, address, and telephone number. In addition, any objection must include (a) a written statement of your objection, (b) a written statement of the grounds or reasons for your objection, (c) copies of any papers, briefs, or other documents supporting your objection, and (d) a statement that that it relates to Civil Action Number: 2:19-cv-000290. The document must be signed to ensure the Court's review. In order to be considered by the Court, your comment or objection must be postmarked on or before May 5, 2021, and mailed to:

Clerk of the Court
United States District Court, Western District of Washington
700 Stewart Street, Suite 2310
Seattle, WA 98101

Your comment or objection must also be mailed to the following attorneys:

<u>Class Counsel</u>
Jason L. Lichtman
Daniel E. Seltz
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson St., 8th Floor
New York, NY 10013

| **14.   Will there be a Hearing on the Proposed Settlement?** |
| --- |

The Court will hold a Final Approval Hearing on June 18, 2021, to consider whether the Proposed Settlements are fair, reasonable, and adequate. The Hearing will be on June 18, 2021 at 1:30 p.m. PT. A link to the proceedings will be posted on the Settlement Website as soon as it is available. At the Hearing, the Court will decide whether to approve the Proposed Settlements and the motion for attorneys' fees and expenses. If comments or objections have been received, the Court will consider them at this time.

Note: The Hearing may be postponed to a different date without additional notice. Settlement Class Members should check the Settlement Website, www.KonaCoffeeSettlement.com to confirm that the date has not been changed.

| **15. Must I attend the hearing?** |
| --- |

Attendance is not required, even if you properly mailed a written objection or comment. Class Counsel is prepared to answer the Court's questions, including concerning objections or comments. If you or your lawyer still want to attend the Hearing, you are welcome to come at your own expense. However, it is not necessary that you attend. If you filed an objection to or comment about the Proposed Settlements, as long as the objection or comment was postmarked before the deadline, the Court will consider it, regardless of whether you or your privately retained attorney appear at the Hearing.

| **16. May I speak at the Hearing?** |
| --- |

If you want to speak or have your own lawyer speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance must refer to *Corker, et al. v. Costco Wholesale Corp., et al.*, No. 2:19-cv-00290, United States District Court for the Western District of Washington, and state that you or your lawyer wish to enter an appearance at the Final Approval Hearing. It must also include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than May 5, 2021. You cannot speak at the Hearing if you asked to be excluded (i.e., "opt out") from the Proposed Settlement Class.

The Notice of Appearance must be filed with the Court at the address provided under Section 13 above and also mailed to the attorneys listed in Section 13 above.

| **17. How do I get more information about the Proposed Settlements?** |
| --- |

This notice summarizes the Proposed Settlements and your rights and options as a Settlement Class Member. To find out more information, visit www.KonaCoffeeSettlement.com, call 1-833-667-1227, or write to:

Kona Coffee Farmers Settlement Administrator
c/o JND Legal Administration
P.O. Box 91232
Seattle, WA 98111

If you have a question about whether or not you are in the Settlement Class, or about your rights and options as a Settlement Class Member, you may contact the Class Counsel (see Question 9).

All court records, including the Settlement Agreement and other documents for the Lawsuit, may be examined in person and copied at the United States District Court, Western District of Washington, United States Courthouse, 700 Stewart Street, Suite 2310, Seattle, WA 98101.

**PLEASE DO NOT TELEPHONE THE COURT, THE CLERK OF THE COURT,
OR THE SETTLING DEFENDANTS.**

- EXHIBIT C -

# If you purchased Broiler chicken directly from a Broiler Chicken Producer for use or delivery in the United States from January 1, 2008 through August 18, 2017, a class action settlement may affect your rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action antitrust lawsuit filed on behalf of Direct Purchaser Plaintiffs ("Plaintiffs") with Defendant Fieldale Farms Corporation ("Fieldale Farms" or "Settling Defendant"). This Settlement only applies to Fieldale Farms and does not dismiss claims against other Defendants in the case entitled *In re Broiler Chicken Antitrust Litigation*, N.D. Ill. Case No. 1:16-cv-08637.

- The Court has not decided whether Fieldale Farms did anything wrong, and Fieldale Farms denies any wrongdoing.

- If approved by the Court, the Settlement will resolve a lawsuit over whether Fieldale Farms combined and conspired in restraint of trade, the purpose and effect of which was to suppress competition and to allow Fieldale Farms and other Broiler chicken producers to charge supra-competitive prices for Broilers during the Class Period, in violation of federal law. If approved, the Settlement will avoid litigation costs and risks to Direct Purchaser Plaintiffs and Fieldale Farms, and will release Fieldale Farms from liability to the class of Direct Purchaser Plaintiffs.

- The Settlement requires Fieldale Farms to pay $2,250,000. In addition to this monetary payment, Fieldale Farms has agreed to cooperate in good faith with Direct Purchaser Plaintiffs in the ongoing litigation against the non-settling Defendants, including producing documents and other relevant information.

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

| Your Legal Rights and Options in this Settlement | |
|---|---|
| **Object** | Write to the Court about why you don't like the Settlement. Objections must be postmarked or received by October 15, 2018. |
| **Attend the Fairness Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | You will remain part of the Settlement, and you may participate in any monetary distribution to qualified purchasers. The Settlement will resolve your claims against Fieldale and you will give up your rights to sue Fieldale about the legal claims in this case. You will be bound by the judgment. |
| **Ask to be Excluded** | This is the only option that allows you ever to be part of any *other* lawsuit against Fieldale Farms about the legal claims in this case. Requests for Exclusion must be postmarked or received by October 15, 2018. |

- **Questions? Read on and visit www.broilerchickenantitrustlitigation.com or call toll-free 1-866-552-1178.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................................Page 2
1. Why did I receive a notice?
2. What is this lawsuit about?
3. What is a class action, and who is involved?
4. Why is there a settlement?
5. What if you received previous communications regarding this lawsuit?

**WHO IS IN THE CLASS** ...............................................................................................................Page 4
6. Am I part of the Class?
7. Are there exceptions to being included?
8. I'm still not sure if I'm included.

**THE FIELDALE SETTLEMENT BENEFITS** ....................................................................................Page 4
9. What does the Fieldale Settlement provide?
10. What are the Fieldale Settlement benefits being used for?
11. What am I giving up by staying in the Settlement Class?
12. What happens if I do nothing at all?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .......................................................................Page 5
13. How do I exclude myself from the Fieldale Settlement?
14. If I don't exclude myself, can I sue Fieldale Farms for the same thing later?

**OBJECTING TO THE SETTLEMENT** ............................................................................................Page 5
15. How do I tell the Court that I don't like the Settlement?
16. What is the difference between excluding myself and objecting?

**THE LAWYERS REPRESENTING YOU** .........................................................................................Page 6
17. Do I have a lawyer in this case?
18. How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING** ..........................................................................................Page 6
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to come to the hearing?
21. May I speak at the hearing?

**GETTING MORE INFORMATION**..................................................................................................Page 7
22. How do I get more information about the Settlement?

## BASIC INFORMATION

| 1. Why did I receive a notice? |
| --- |

All Defendants including Fieldale Farms produce Broiler chicken. Defendants' records show that you may have purchased Broiler chicken products directly from one or more of the Defendants for use and delivery in the United States between January 1, 2008 and August 18, 2017. The list of Defendants is in Section 2 below. The Court authorized this notice because you have a right to know about the proposed settlement of certain claims against Fieldale in this class action lawsuit and about your options before the Court decides whether to approve the class action settlement between Defendant Fieldale Farms and Direct Purchaser Plaintiffs ("Settlement"). If the Court approves it, and after objections and appeals are resolved, you will be bound by the judgment and terms of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

| 2. What is this lawsuit about? |
| --- |

This class action is called *In re Broiler Chicken Antitrust Litigation*, N.D. Ill. Case No. 1:16-cv-08637 and is pending in the United States District Court for the Northern District of Illinois. U.S. District Court Judge Thomas M. Durkin is in charge of this class action.

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

2

Direct Purchaser Plaintiffs allege that Defendants and their co-conspirators conspired and combined to fix, raise, maintain, and stabilize the price of Broilers, beginning at least as early as January 2008, and that their principal method for doing this was to coordinate their output and limit production, with the intent and expected result of increasing prices of Broilers in the United States, in violation of federal antitrust laws.

The Defendants and co-conspirators named in Direct Purchaser Plaintiffs' Second Consolidated Amended Complaint are producers of Broiler chicken and Broiler chicken products in the United States. The Defendants are: Fieldale Farms; Koch Foods, Inc.; JCG Foods of Alabama, LLC; JCG Foods of Georgia, LLC; Koch Meat Co., Inc.; Tyson Foods, Inc.; Tyson Chicken, Inc.; Tyson Breeders, Inc.; Tyson Poultry, Inc.; Pilgrim's Pride Corporation; Perdue Farms, Inc.; Perdue Foods LLC; Sanderson Farms, Inc.; Wayne Farms, LLC; Mountaire Farms, Inc.; Mountaire Farms, LLC; Mountaire Farms of Delaware, Inc.; Peco Foods, Inc.; Foster Farms, LLC; House of Raeford Farms, Inc.; Simmons Foods, Inc.; George's, Inc.; George's Farms, Inc.; O.K. Foods, Inc.; O.K. Farms, Inc.; O.K. Industries, Inc.; Claxton Poultry Farms, Inc.; Norman W. Fries, Inc.; Harrison Poultry, Inc.; Mar-Jac Poultry, Inc.; Mar-Jac Poultry MS, LLC; Mar-Jac Poultry AL, LLC; Mar-Jac AL/MS, Inc.; Mar-Jac Poultry, LLC; Mar-Jac Holdings, LLC; and their related entities.

Direct Purchaser Plaintiffs have reached a proposed settlement with one Defendant, Fieldale Farms, but the Direct Purchasers' case is proceeding against all other Defendants. If applicable, you will receive a separate notice regarding the progress of the litigation and any resolution of claims against other Defendants.

Settling Defendant Fieldale Farms vigorously and affirmatively denies all allegations of wrongdoing in this lawsuit and would allege numerous defenses to Plaintiffs' claims if the case against it were to proceed. Despite its belief that it is not liable for, and has strong defenses to, the Claims asserted by the Direct Purchaser Plaintiffs, Fieldale agreed to settle this action to avoid the further expense, inconvenience, disruption, and burden of this litigation and any other present or future litigation arising out of the facts that gave rise to this litigation, to avoid the risks inherent in uncertain complex litigation and trial, and thereby to put to rest this controversy.

## 3. What is a class action, and who is involved?

In a class action lawsuit, one or more people or businesses called class representatives sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action Settlement, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

## 4. Why is there a settlement?

The Court did not decide in favor of Direct Purchaser Plaintiffs or Fieldale Farms. Direct Purchaser Plaintiffs believe they may have won at trial and possibly obtained a greater recovery. Fieldale Farms believes the Direct Purchaser Plaintiffs may not have won at a trial. But trials involve risks to both sides, and therefore Direct Purchaser Plaintiffs and Fieldale Farms have agreed to a settlement. The Settlement requires Fieldale Farms to pay money, as well as cooperate with Direct Purchaser Plaintiffs. This cooperation includes producing relevant documents, making current or former employees available for interviews and depositions, and providing a description of certain facts known to Fieldale that the Direct Purchaser Plaintiffs contend are relevant to the conduct at issue in the litigation. Direct Purchaser Plaintiffs and their attorneys believe the Settlement is in the best interests of all Class Members.

## 5. What if you received previous communications regarding this lawsuit?

You may have received other communications regarding this lawsuit, including solicitations by other attorneys seeking to represent you as a Direct Action Plaintiff in an individual lawsuit against Defendants. These communications were not approved by the Court and did not come from Court-appointed Plaintiffs' Class Counsel. You should carefully review this notice and your rights as a Class Member before deciding whether to opt out or stay in the Class. If you have questions about this litigation and your rights as a Class Member, please contact Co-Lead Class Counsel whose contact information is listed in question 15 below.

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

3

## WHO IS IN THE CLASS

### 6. Am I part of the Class?

The Court decided that, for settlement purposes, Class Members are defined as:

> All persons (including businesses and companies) who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this notice, or their respective subsidiaries of affiliates, for use or delivery in the United States from at least as early as January 1, 2008 until August 18, 2017.

If you satisfy these criteria, then you are a Class Member, subject to the exception listed in Section 7 below.

While this Settlement is only with Fieldale Farms, the Class includes persons (including businesses and companies) who purchased Broiler chicken from **any** of the Defendants or their co-conspirators. If you are a Class Member and do not exclude yourself, you may be eligible to participate in any additional settlements which may arise with any other Defendants in the case.

### 7. Are there exceptions to being included?

Yes. Specifically excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from this Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator.

If you are in one of these categories, you are not a Class Member and not eligible to participate in the Settlement.

### 8. I'm still not sure if I'm included.

If you are still not sure if you are included, please review the detailed information contained in the Settlement Agreement, available for download at www.broilerchickenantitrustlitigation.com. You may also call the Settlement Administrator at 1-866-552-1178 or call or write to Co-Lead Counsel at the phone numbers or addresses listed in question 15 below.

## THE FIELDALE SETTLEMENT BENEFITS

### 9. What does the Fieldale Settlement provide?

If the Settlement is approved, Fieldale Farms will pay $2,250,000 to resolve all Direct Purchaser Class Members' claims against it in this litigation against Fieldale Farms. In addition to this monetary benefit, Fieldale Farms has also agreed to cooperate in good faith with Direct Purchaser Plaintiffs in the litigation against the other Defendants. This cooperation includes producing relevant documents; making current or former employees available for interviews and depositions; and providing a description of the principal facts known to Fieldale Farms that are relevant to the litigation.

### 10. What are the Fieldale Settlement benefits being used for?

A portion of the Settlement proceeds are being used for the administration of the Notice by the Settlement Administrator. The remainder of the Settlement proceeds will remain available for any future notice, distribution to Class Members, or attorneys' fees, litigation expenses, and incentive awards to Plaintiffs and their counsel. At this time, Plaintiffs and their counsel are not seeking any attorneys' fees, non-administration expenses, or incentive awards from the Settlement proceeds. However, they may do so in the future, subject to additional notice to you and approval by the Court. Class Counsel do not intend to distribute any proceeds from the Fieldale Settlement to qualifying Class Members at this time, but instead intend to combine any distribution of the Fieldale Settlement proceeds with proceeds from future settlements or other recoveries in the litigation. You will be provided further notice of any such future settlements or recoveries.

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

### 11. What am I giving up by staying in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you can't sue, continue to sue, or be part of any other lawsuit against Fieldale Farms that pertains to the same legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. The Released Claims are detailed in the Settlement Agreement, available at www.broilerchickenantitrustlitigation.com.

You are not releasing your claims against any Defendant other than Fieldale Farms by staying in the lawsuit.

### 12. What happens if I do nothing at all?

If you do nothing, you will remain a member of the Settlement Class, and participate in this settlement and any future settlements or judgments obtained by Direct Purchaser Plaintiffs.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13. How do I exclude myself from the Fieldale Settlement?

If you do not want the benefits offered by the Fieldale Settlement and you do not want to be legally bound by the terms of the Settlement, or if you wish to pursue your own separate lawsuit against Fieldale, you must exclude yourself by submitting a written request to the Settlement Administrator stating your intent to exclude yourself from the Settlement Class. Your Exclusion Request must include the following: (a) your name, including the name of your business which purchased Broiler chicken, and address; (b) a statement that you want to be excluded from the Settlement Class in *In re: Broiler Chicken Antitrust Litigation*; and (c) your signature. You must mail or email your Exclusion Request, postmarked or received by October 15, 2018, to: Broiler Chicken Antitrust Litigation, c/o JND Legal Administration, PO Box 91343, Seattle, WA 98111 or info@broilerchickenantitrustlitigation.com.

### 14. If I don't exclude myself, can I sue Fieldale Farms for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Fieldale Farms for the same claims that the Settlement resolves. If you have a pending lawsuit against Fieldale Farms, speak to your lawyer in that lawsuit immediately to determine whether you must exclude yourself from this Settlement Class to continue your own lawsuit against Fieldale Farms.

By staying in the lawsuit you are not releasing your claims in this case against any Defendant other than Fieldale Farms.

## OBJECTING TO THE SETTLEMENT

### 15. How do I tell the Court that I don't like the Settlement?

If you are a Class Member and have not excluded yourself from the Settlement, you can object to the Settlement if you don't like part or all of it. The Court will consider your views.

To object, you must send a letter or other written statement saying that you object to the Direct Purchaser Plaintiffs' Settlement with Fieldale Farms in *In re: Broiler Chicken Antitrust Litigation* and the reasons why you object to the Settlement. Be sure to include your full name, the name of your business which purchased Broiler chicken, current mailing address, and email address. Your objection must be signed. You may include or attach any documents that you would like the Court to consider. Do not send your written objection to the Court or the judge. Instead, mail the objection to the Settlement Administrator, Co-Lead Counsel, and Counsel for Settling Defendant at the addresses listed below. Your objection must be postmarked no later than October 15, 2018.

| Settlement Administrator: | Direct Purchaser Plaintiffs' Co-Lead Counsel: | Counsel for Settling Defendant Fieldale Farms: |
|---|---|---|
| Broiler Chicken Antitrust Litigation c/o JND Legal Administration | W. Joseph Bruckner LOCKRIDGE GRINDAL NAUEN P.L.L.P. | B. Parker Miller Valarie C. Williams |

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

PO Box 91343
Seattle, WA 98111
(866) 552-1178

100 Washington Ave. S., Ste. 2220
Minneapolis, MN 55401
(612) 339-6900

Bruce L. Simon
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery St., Ste. 2450
San Francisco, CA 94104
(877) 391-8300

James Cash
Max Marks
ALSTON & BIRD LLP
1201 W. Peachtree St.
Atlanta, GA 30309
(404) 881-7000

## 16. What is the difference between excluding myself and objecting?

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit. If you exclude yourself, you have no standing to object because the case no longer affects you.

# THE LAWYERS REPRESENTING YOU

## 17. Do I have a lawyer in this case?

The Court has appointed W. Joseph Bruckner of Lockridge Grindal Nauen P.L.L.P. and Bruce L. Simon of Pearson, Simon & Warshaw, LLP as Co-Lead Counsel on behalf of Direct Purchaser Plaintiffs and Class Members. Their contact information is provided above in question 15.

If you wish to remain a Class Member, you do not need to hire your own lawyer because Co-Lead Counsel is working on your behalf.

If you wish to pursue your own case separate from this one, or if you exclude yourself from the Settlement Class, these lawyers will no longer represent you. You will need to hire your own lawyer if you wish to pursue your own lawsuit against Fieldale.

## 18. How will the lawyers be paid?

At this time, Co-Lead Counsel are not asking the Court to award any attorneys' fees from the Settlement with Fieldale Farms. In the future, Co-Lead Counsel may ask the Court to award attorneys' fees and reimbursement of reasonable and necessary litigation expenses from the Fieldale Settlement or any other settlement or other recovery in this litigation. At such time, and prior to any Court approval, Class Members will be provided with notice of the amount of fees or expenses sought by Class Counsel and the opportunity to be heard by the Court. You will not have to pay any fees or costs out-of-pocket.

# THE COURT'S FAIRNESS HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to. The Court will hold a Fairness Hearing at 9:00 a.m. on November 13, 2018, at the United States District Court for the Northern District of Illinois, Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois in Courtroom 1441. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## 20. Do I have to come to the hearing?

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

6

written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

| **21. May I speak at the hearing?** |
|---|

You may ask to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re: Broiler Chicken Antitrust Litigation*."  Be sure to include your name, including the name of your business which purchased Broiler chicken, current mailing address, telephone number, and signature.  Your Notice of Intention to Appear must be postmarked no later than October 15, 2018, and it must be sent to the Clerk of the Court, Co-Lead Counsel, and Defense Counsel.  The address for the Clerk of the Court is: Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois.  The addresses for Co-Lead Counsel and Defense Counsel are provided in Question 15.  You cannot ask to speak at the hearing if you excluded yourself from the Fieldale Settlement.

## GETTING MORE INFORMATION

| **22. How do I get more information about the Settlement?** |
|---|

This notice summarizes the proposed Settlement.  More details are in the Fieldale Settlement Agreement.  You can find a copy of the Settlement Agreement, other important documents, and information about the current status of the litigation by visiting www.broilerchickenantitrustlitigation.com.  You may contact the Settlement Administrator at info@broilerchickenantitrustlitigation.com or toll-free at 1-866-552-1178.  You may also contact Co-Lead Counsel at the address, phone number, and email address provided in Question 15.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

7