**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>LOCAL TV ADVERTISING ANTITRUST LITIGATION | MDL No. 2867<br>No. 18 CV 6785<br><br>Honorable Virginia M. Kendall |

**PLAINTIFFS' RESPONSE TO TEGNA, RAYCOM AND MEREDITH'S MOTION FOR EXTENSION OF TIME TO PRODUCE ADVERTISER AND AGENCY CONTACT INFORMATION (ECF NO. 1004)**

Plaintiffs submit this response to Defendants TEGNA, Raycom and Meredith's (collectively the "Movants") Motion for Extension of Time to Produce Advertiser and Agency Contact Information (the "Motion" or "Mot."), ECF No. 1004.

## I. INTRODUCTION

On June 15, 2023, the Court ordered Movants to produce, within 21 days of that date, customer contact information for purposes of providing settlement notice ("Notice Order"). *See* ECF No. 994. Rather than immediately notify Plaintiffs or the Court that production of such information would purportedly take at least 60 days—a fact Movants have apparently known for months[1]—they sat silently on their hands. They did not inform Plaintiffs or the Court of their known need for additional time or any other concerns related to preliminary approval or settlement notice until two late-night filings on June 28—two weeks after the Court's Preliminary Approval and Notice Orders. Plaintiffs filed their opposition to Movants' request to stay the July 6 production deadline on June 30, the eve of the long holiday weekend. In what now appears to be curious timing, Movants filed a second request for an extension of time at 9:25 ET on July 3—two business days before the Court-ordered production deadline.

The information the Court ordered Movants to produce is basic customer contact information already produced by every other Defendant in the case and regularly produced by defendants in antitrust cases like this one. Plaintiffs initially requested this information months ago, and there are now three motions addressing this issue on file. Despite this extensive briefing history, Movants have yet to submit any declarations, affidavits, or other evidence substantiating their purported production burdens. Nor have they explained their delay in raising the need for an

[1] As the Motion concedes, "for Raycom and Meredith, even at the time Plaintiffs first requested the advertiser and ad agency contact information from Moving Defendants, . . . it would have taken Raycom and Meredith approximately two months to pull the data." Mot. at 4.

extension with the Court. Given this lack of substantiation or demonstration of good cause for an extension, Movants' recalcitrance in working with Plaintiffs to minimize any production burdens, Movants' delay in seeking an extension, the curious timing of Movants' two June 28 filings, and the prejudice to Plaintiffs, the settlement class members, and the Settling Defendants, Plaintiffs oppose any extension of the production deadline.

## II. FACTUAL BACKGROUND[2]

Plaintiffs filed Discovery Motion No. 16 seeking the Movants' customer contact data on March 17, 2023.[3] *See* ECF No. 929. As Plaintiffs explained therein, the requested information had already been produced by every other Defendant in the case, defendants in antitrust cases regularly produced such information voluntarily and courts regularly ordered the production of such information, and Movants had not substantiated any production burdens. *Id.* at 13-14.

Because the Court had not yet ruled on Discovery Motion No. 16, Plaintiffs again requested the Court to compel TEGNA, Raycom, and Meredith to produce customer contact information in their Motion to Appoint Settlement Administrator, Approve Settlement Notice Program, and Compel Production of Customer Contact Information ("Notice Motion"), filed on June 9, 2023. *See* ECF No. 988. After filing their Notice Motion, and in a further effort to resolve the issue

---

[2] The full history of Movants' recalcitrance—unique among the Defendants—in providing basic information for class discovery and settlement class notice as well as other factual and legal arguments responsive to Movants' Motion are laid out comprehensively in Plaintiffs' briefing on Discovery Motion No. 16, *see* ECF No. 929; Plaintiffs' Response to TEGNA, Raycom, and Meredith's Motion to Reconsider and Vacate Order Compelling Production of Customer Contact Information and Stay Production Deadline, *see* ECF No. 1003; and Plaintiffs' Response to Defendants' Motion to Reconsider, Vacate, and/or Stay Orders Regarding Preliminary Approval of Settlements and Notice, *see* ECF No. 1006. Plaintiffs incorporate these filings herein by reference.

[3] Movants attempt to blame Plaintiffs for having to make a second data production after their original transactional data productions. Contrary to Movants' assertions, it is and always was Plaintiffs belief that their request for customer contact information was encompassed within their original data request. Movants balked at that position, and out of an abundance of caution, Plaintiffs served a separate request, RFP No. 52, specifically seeking customer contact information. As noted above, all Defendants except Movants have produced this information.

without the need for Court intervention, Plaintiffs had a meet and confer with TEGNA on June 12, during which Plaintiffs again asked whether TEGNA intended to withdraw its objection to producing customer contact information. TEGNA declined to do so. Notably, during that call, TEGNA raised no other concerns about the timing for production requested in Plaintiffs' Notice Motion. On June 13, Mr. Giddings followed up with TEGNA's counsel, asking that TEGNA inform Plaintiffs by Wednesday, June 14, whether TEGNA would withdraw its objection to producing customer contact information. TEGNA did not respond.

The next day, on June 15, TEGNA filed a notice of intent to respond to Plaintiffs' Notice Motion ("Notice of Intent") and requested until July 14—five weeks after the Notice Motion was filed— to respond. *See* ECF No. 992. While TEGNA's Notice of Intent stated that it "objects to certain aspects of the notice proposal and motion to compel," the filing provided no further information regarding the nature of TEGNA's objections, including with respect to the timing or resources required for the production. Later that day, the Court granted Plaintiffs' Notice Motion, including their request to compel customer contact information (the "Notice Order"). *See* ECF No. 994.

On June 22, 2023, Plaintiffs emailed Movants, offering to evaluate a sample of their customer data and to confer about format in order to minimize the burden of production (so that the data could be correctly pulled once). *See* ECF No. 1003. Movants did not respond or otherwise raise any concerns about the substance of Plaintiffs' Notice Program before filing two motions on the evening of June 28.[4] *Id.* at 4.

[4] Notably, Plaintiffs had a meet and confer with TEGNA on June 12, 2023 during which Plaintiffs raised their request for customer contact information. TEGNA did not raise any concerns about the timing of its production during that call.

Late that night—two weeks after the Notice Order—Movants filed their Motion to Reconsider and Vacate Order Compelling Production of Customer Contact Information and Stay Production Deadline ("Motion to Stay"). *See* ECF No. 1002. That same night, Movants, along with the other non-settling defendants, filed a Motion to Reconsider, Vacate, and/or Stay Orders Regarding Preliminary Approval of Settlements and Notice ("Motion to Vacate"). *See* ECF No. 1001.

On June 30, 2023, Plaintiffs filed their response to the Motion to Stay. *See* ECF No. 1003. Notwithstanding the fact that they already filed a request to stay and extend the production deadline, *see* ECF No. 1002, and Plaintiffs had already responded thereto, *see* ECF No. 1003, on July 3 at 9:25 p.m. ET—in the middle of a holiday weekend—Movants filed the present Motion, a second request for an extension of time to comply with this Court's Notice Order.[5] *See* ECF No. 1004. Plaintiffs filed their response to Movants' Motion to Vacate on July 5, 2023. *See* ECF No. 1006.

## III. ARGUMENT

### A. Movants Have Not Demonstrated Good Cause For An Extension

Pursuant to Federal Rule of Civil Procedure 6 (b)(1)(A), courts may grant extensions of time upon a showing of "good cause." "Good cause means 'a valid reason for delay.'" *Cunningham v. Roundy's Illinois, LLC*, 2022 WL 17740421, at *7 (N.D. Ill. Dec. 16, 2022) (quoting *Coleman v. Milwaukee Bd. Of Sch. Dirs.*, 290 F.3d, 932, 934 (7th Cir. 2002)). "Courts may consider circumstances such as the reason for the delay, the length of the delay, the danger of prejudice,

[5] The Motion blandly states that Movants "inquired whether Plaintiffs opposed their request" and that "Plaintiffs did not respond." Mot. at 1 n.1. Left unstated is the fact that Movants made their "inquiry" at 4:36 p.m. ET on July 3, during the Independence Day weekend, and then filed the Motion not quite five hours later, at 9:25 p.m. ET, on the same day.

and whether the moving party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Movants here have not demonstrated good cause warranting an extension.

As an initial matter, Movants have not explained why they waited until two weeks after the Notice Order to raise any concerns about the Court-ordered production deadline. Nor did they reach out to Plaintiffs regarding an alternative production date or respond to Plaintiffs' inquiry about production format during that period. And while they claim that an extension is necessary because of production burdens, they still have not produced any declarations, affidavits, or other evidence substantiating their burden claims, despite three opportunities to do so now—in opposition to Discovery Motion No. 16, in support of their Motion to Stay, and in support of this Motion.[6] Under these circumstances, it is impossible for the Court to determine whether good cause exists. *Cunningham*, 2022 WL 17740421 at *7 (explaining that it is "impossible" to determine whether good cause exists when the moving party makes "no argument as to why they were unable to meet the deadline").

### B. Movants' Motion to Stay and Motion To Vacate Are Without Merit And Not An Appropriate Basis To Extend The Production Deadline

As Plaintiffs explained in their response to the Motion to Stay, which seeks to stay or vacate the portion of the Notice Order compelling production of customer data, because such data is regularly produced in antitrust cases like this one, Movants identified no manifest error warranting

---

[6] Other than vague statements, Raycom and Meredith do nothing to substantiate any burden in terms of time or cost. *See, e.g.*, Mot. at 2 (claiming that it is "impossible for Defendants Raycom and Meredith" to meet deadline); *id.* at 4 (stating that "burden . . . is significant for Defendants Raycom and Meredith"); *id*. (describing time to completion "for Raycom and Meredith"). And as to TEGNA, the Motion is oddly silent, effectively conceding that there is no burden.

vacatur or stay of the Notice Order. *See* ECF No. 1003. And as Plaintiffs explained in response to the Motion to Vacate, which objects to certification of the settlement classes and the dissemination of notice to customers of the Non-Settling Defendants, the Non-Settling Defendants, including Movants, lack standing to object to preliminary approval of the settlements (including certification of the settlement classes and notice of the settlements), they identified no manifest error by the Court in granting preliminary approval or approving the Notice Program, nor did they identify any hardship or inequity warranting a stay, as the only harm they identify—potential harm to their business relationships with their customers—is purely speculative.[7] *See* ECF No. 1006. Thus, these motions are wholly without merit and should not be used as a basis to extend the production deadline.[8]

**C. Movants' Unfounded Allegations That Plaintiffs Will Misuse The Requested Data Is Not An Appropriate Basis For An Extension**

Movants also argue that denial of an extension of time would enable Plaintiffs "to use the information to prematurely contact the advertisers and agencies with whom Moving Defendants transacted." Mot. at 3. But this argument misses the point. Movants' customers are in the settlement classes and have a Due Process right to notice of the settlements. Plaintiffs have no intention of violating the Protective Order or any other Court order governing the use of such information, just as they have done to date with the very same data produced by all other Defendants. *See, e.g.*, *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (explaining

---

[7] The timing of Movants' Motion is curious. They filed their Motion to Stay and Motion to Vacate—both of which are wholly without merit, bordering on frivolous—on the eve of a holiday weekend. And now they argue that because the Court has not yet ruled on those motions, they are entitled to an extension of the production deadline.

[8] While Plaintiffs believe the motions can be summarily denied, to the extent the Court needs more time to consider them, it could simply grant Plaintiffs' Discovery Motion No. 16, in order to make clear that Movants customer contact information should be produced.

that protective orders or other mechanisms should be used to allow production of subscriber lists when there are concerns of misuse). Movants' citation to *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 354 (1978), which they also cite to in their Motion to Stay, does not save them. *See Mervyn v. Atlas Van Lines, Inc.*, 2015 WL 12826474, at *3 (N.D. Ill. Oct. 23, 2015) (noting that *Oppenheimer*, 437 U.S. at 354 "specifically disclaimed a holding that there was a default rule against production of class members' identities" when such identities are relevant under normal discovery rules).

### D. Plaintiffs, The Settlement Classes, And Settling Defendants Will Be Prejudiced By An Extension Of Time

The Court must also weigh the prejudice to Plaintiffs, the Settlement Classes, and the Settling Defendants, which Movants dismiss. Because Movants raised no concerns with the Court or with Plaintiffs immediately after the Notice Order was issued, JND, the Court-appointed settlement administrator, was moving forward with the Notice Program, including procuring advertising spaces for publication notice and preparing for the dissemination of the email and post card notices. If production of Settlement Class member data does not occur by July 6, the carefully balanced schedule for dissemination of class notice, leading to the October 17, 2023 final approval hearing, as well as the distribution of settlement funds, will likely be delayed until 2024.

### E. Movants Do Not Explain The Need For A 60-Day Extension

Finally, it is unclear why Movants require an extension of at least 60-days. *See* Mot. at 1 ("The Moving Defendants seek a 60-day extension of that deadline or until such time as the Court has ruled on the Moving Defendants' currently pending Motion to Reconsider and Vacate Order Compelling Production of Customer Contact Information and To Stay Production Deadline (ECF No. 1002) (the "Motion to Reconsider"), whichever is later."). Raycom and Meredith concede (albeit, without evidentiary support), that production will take "at least a month." TEGNA is

notably silent. Movants' request for at least 60 more days ignores the fact that this data was ordered to be produced 21 days ago.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs ask this Court to deny the Motion. To the extent the Court is inclined to provide a brief reprieve of the July 6, 2023 deadline, Plaintiffs request that the Court not extend the deadline beyond July 14, 2023, which is the last day for the productions that will permit JND to maintain the current Notice Program schedule. Plaintiffs also request that the Court order Movants to cover Plaintiffs' costs for responding to Movants' three motions (ECF Nos. 1001, 1002, and 1004) as well as any costs incurred in delaying the Notice Program.

Dated: July 6, 2023

Respectfully submitted,

/s/ *Robert J. Wozniak*
Robert J. Wozniak
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
rwozniak@fklmlaw.com

*Liaison Counsel*

Hilary K. Scherrer
Nathaniel C. Giddings
Farhad Mirzadeh
In Kyung "Jane" Shin
**HAUSFELD LLP**
888 16th Street NW, Suite 300
Washington, DC 20006
(202) 540-7200
mhausfeld@hausfeld.com
hscherrer@hausfeld.com
ngiddings@hausfeld.com
fmirzadeh@hausfeld.com
jshin@hausfeld.com

Megan E. Jones
**HAUSFELD LLP**
600 Montgomery St. #3200
San Francisco, CA 94111
(415) 633-1908
mjones@hausfeld.com

*Lead Counsel*

Meegan Hollywood
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite
3600 New York, NY
10022
(212) 980-740
mhollywood@robinskaplan.com

Kimberly A. Justice
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
(610) 234-6487
kjustice@fklmlaw.com

*Plaintiffs' Steering Committee*