**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION | Case No. 1:18-CV-06785<br>MDL No. 2867<br><br>Hon. Virginia M. Kendall |

**NEXSTAR MEDIA GROUP, INC.'S OPPOSITION**
**TO PLAINTIFFS' DISCOVERY MOTION NO. 22:**
**TO COMPEL THE PRODUCTION OF WILLIAM ANDERSON FOR DEPOSITION**

## TABLE OF CONTENTS

**Page**


BACKGROUND ..... 2

LEGAL STANDARD ..... 4

ARGUMENT ..... 6

I. PLAINTIFFS' MOTION SHOULD BE DENIED AS UNTIMELY AND FOR FAILING TO MEANINGFULLY MEET AND CONFER. ..... 6

II. PLAINTIFFS' REQUEST TO DEPOSE MR. ANDERSON WOULD UPEND THE ESTABLISHED BOUNDARIES ON DISCOVERY. ..... 8

III. PLAINTIFFS' REQUEST IS DISPROPORTIONATE TO THE NEEDS OF THE CASE. ..... 9

IV. CONCLUSION ..... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*,
326 F.R.D. 171 (N.D. Ill. 2018)....................6, 8

*Barbour v. Memory Gardens Mgmt. Corp.*,
No. 3:06-CV-520, 2008 WL 1882847 (N.D. Ind. Apr. 23, 2008)....................5, 8

*In re Broiler Chicken Antitrust Litig.*,
No. 16 C 8637, 2020 WL 1046784 (N.D. Ill. Mar. 4, 2020)....................4, 9

*CSC Holdings, Inc. v. Redisi*,
309 F.3d 988 (7th Cir. 2002)....................11

*Feit Elec. Co. v. CFL Techs. LLC*,
No. 13 CV 9339, 2023 WL 3436346 (N.D. Ill. May 12, 2023)....................6

*Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*,
61 F.3d 1250 (7th Cir. 1995)....................9

*Kalra v. Alder Pollock & Sheenan, P.C.*,
No. 3:18-cv-00260-KAD, 2020 WL 7828790 (D. Conn. Dec. 31, 2020)....................9

*Little v. JB Pritzker for Governor*,
No. 18 C 6954, 2020 WL 1939358 (N.D. Ill. Apr. 22, 2020)....................8

*Loc. 744, Int'l Bhd. of Teamsters v. Hinckley & Schmitt, Inc.*,
76 F.3d 162 (7th Cir. 1996)....................11

*LoganTree LP v. Garmin Int'l, Inc.*,
339 F.R.D. 171 (D. Kan. 2021)....................8

*Mader v. Motorola Inc.*,
No. 92 C 8089, 1994 WL 535125 (N.D. Ill. Sep. 30, 1994)....................11

*Meds. Co. v. Mylan Inc.*,
No. 11 C 1285, 2013 WL 120245 (N.D. Ill. Jan. 9, 2013)....................4

*Metcalf v. Ross*,
No. 19 C 4623, 2021 WL 1577799 (N.D. Ill. Apr. 22, 2021)....................5

*Miller UK Ltd. v. Caterpillar, Inc.*,
No. 10 C 3770, 2013 WL 474380 (N.D. Ill. Feb. 7, 2013)....................6, 8

*Motorola Sols., Inc. v. Hytera Commc'ns Corp.*,
365 F. Supp. 3d 916 (N.D. Ill. 2019) ....................5

*Pirzadah v. Erie Lasalle Venture LLC*,
No. 21 C 2988, 2022 WL 17357770 (N.D. Ill. Dec. 1, 2022) ....................7

*Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am.*,
No. 03 C 760, 2004 WL 3021842....................4, 7, 8

*In re Sulfuric Acid Antitrust Litig.*,
231 F.R.D. 331 (N.D. Ill. Sept. 6, 2005)....................6

*Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*,
424 F.3d 542 (7th Cir. 2005) ....................5

*W. Bend Mut. Ins. Co. v. Cleland Homes, Inc.*,
No. 3:12-cv-580-JTM-CAN, 2013 WL 12334832 (N.D. Ind. Nov. 12, 2013)....................5

*West v. Miller*,
No. 05C4977, 2006 WL 2349988 (N.D. Ill. Aug. 11, 2006)....................4, 5, 7

**Other Authorities**

Federal Rules of Civil Procedure § 26(b)(1)....................5

Federal Rules of Civil Procedure § 37(a)(1)....................7

Local Rules § 37.2 ....................7

Here they go again. Never satisfied with the scope of discovery or timeline the Court has imposed for completing it, Plaintiffs now file another late motion to compel. To date, all Nexstar discovery (aside from structured data) has been limited to the Designated Market Areas ("DMAs") listed in Appendix A to Plaintiffs' Consolidated Third Amended Complaint ("TAC"). ECF No. 556. But now, Plaintiffs ask the Court to compel the deposition of a Nexstar employee, William Anderson, who never worked in one of the 127 Appendix A DMAs and is not one of the 173 Nexstar custodians. Plaintiffs' motion was filed nearly a year after the motions to compel deadline and nine months since the parties' last meet and confer. It also fails to address the parties' scope of discovery to date, omits a key communication, and cites as key evidence an email from a *different* William Anderson. This motion should be denied.

Plaintiffs' late and improper request to depose Mr. Anderson should be denied for several reasons. First, Plaintiffs' motion is untimely and they fail to establish "good cause" for their delay in seeking relief. *See* ECF No. 510. Plaintiffs have known about Mr. Anderson since at least March 2022, but did not ask to depose him until three weeks *after* the September 1, 2022 deadline for moving to compel. Moreover, the parties' last meet-and-confer about Mr. Anderson was on October 31, 2022, and then Plaintiffs waited ***nine months*** to file this motion. Plaintiffs' dilatory conduct alone is a basis to deny this motion.

Second, Plaintiffs' motion contravenes the limits on the scope of discovery. Specifically, with the narrow exception for structured data, discovery for Nexstar has been limited to the DMAs listed in Appendix A of the TAC.

Third, Plaintiffs' request is neither relevant nor proportional to the needs of the case, particularly at this stage of the litigation. Plaintiffs did not include Albuquerque in their list of relevant DMAs, nor did they identify Mr. Anderson as one of their 173 Nexstar custodians.

Plaintiffs' exhibits offer nothing more than mundane examples of testimony that nearly any of the 173 custodians could provide.

Finally, Plaintiffs' primary basis for seeking to depose Mr. Anderson—that he purportedly "directly participated in the exchange of competitively sensitive information"—is based on an email from a *different* William Anderson. Mot. at 8. Had Plaintiffs engaged in a meaningful meet and confer with Nexstar, Plaintiffs would have learned this before filing their motion. Instead, in the last meet and confer email about Mr. Anderson, in October 2022, Nexstar asked Plaintiffs for the basis for their request to depose Mr. Anderson. They did not disclose this email or even respond. Rather, they ignored our request, waited nine months to file this motion, and then failed to disclose our email in their motion.

The motion should be denied.

**BACKGROUND**

In April 2021, after lengthy negotiations, Nexstar and Plaintiffs reached an agreement on the scope of document discovery and the number of custodians. Declaration of Eliot Adelson in Support of Opposition ("Adelson Decl.") ¶ 3, Ex. A at 39-48 (memorializing the parties' "discussions and agreements" regarding "DMA-level custodians" and "corporate level custodians," respectively). Specifically, the parties agreed to limit document discovery and custodians to the DMAs listed in Appendix A of the TAC. *See id.* at 45 ("[W]e confirm the parties' agreement that Nexstar will only identify document custodians for the [DMAs] listed in Appendix A of . . . [the] Complaint."), 20 ("Plaintiffs will drop their request for DMA-level custodians for DMAs in which Plaintiffs do not allege anticompetitive conduct.").

By agreement, Plaintiffs were entitled to 173 Nexstar custodians, including at least one custodian in every DMA listed in Appendix A that had a Nexstar or Tribune station (137 custodians); 11 corporate executive custodians; and 25 "wildcard" custodians that Plaintiffs

selected after document discovery was substantially completed. On August 27, 2021, Nexstar certified substantial completion of its document production. *Id.* ¶ 4, Ex. B. A month later, Plaintiffs provided Nexstar with their final list of wildcard custodians. *Id.* ¶ 5, Ex. C. That list did not include Mr. Anderson or any Nexstar employees from the Albuquerque DMA.

Consistent with the parties' agreement not to select custodians outside the Appendix A DMAs, on August 5, 2021, the parties likewise limited the scope of their interrogatory responses to the DMAs listed in Appendix A. ECF No. 476 at 3. Although Plaintiffs attempted to "reserv[e] their rights," they neither challenged this limitation nor filed a timely motion to compel. *Id.*

In March 2022, Plaintiffs filed the TAC. ECF No. 556. In paragraph 143 of the TAC, Plaintiffs alleged that Mr. Anderson "joked" in an email, writing: "if the DOJ ever really does go through my emails looking for collusion I think we are safe because they won't understand what the hell we're talking about."[1] TAC ¶ 143. Nexstar produced this document to the Plaintiffs on May 28, 2021. Despite the reference to Mr. Anderson and Albuquerque's KRQE station in the TAC, Plaintiffs did not add Albuquerque, New Mexico to the list of 127 "relevant" DMAs in Appendix A when they filed the TAC. *See, e.g.,* TAC ¶¶ 10, 23, Appendix A.

On September 26, 2022, more than three weeks ***after*** the Court's deadline for filing motions to compel, and 16 months after receiving the Anderson email, Plaintiffs asked to take Mr. Anderson's deposition. Adelson Decl. ¶ 6. Nexstar objected to Plaintiffs' request "[b]ecause Albuquerque is not listed in Appendix A to the [TAC, and his] deposition testimony is outside the agreed-upon discovery limits in this case." *Id.* ¶ 7, Ex. D at 6. The parties met and conferred regarding Mr. Anderson's deposition in early and mid-October 2022, at which time

---

[1] Plaintiffs do not dispute that this comment was a joke. *See* Mot. at 7.

Nexstar asked Plaintiffs to identify their grounds for deposing Mr. Anderson because the request exceeded the parties' agreed-upon discovery limits. *See, e.g.*, *Id.* ¶ 7, Ex. D at 1-3; *id.* ¶ 8, Ex. E. On October 28, 2023, Plaintiffs repeated that Mr. Anderson was referenced in the TAC and claimed that "other documents produced in this case suggest that Mr. Anderson received competitor pacing information, including for DMAs implicated in the TAC." *Id.* ¶ 7, Ex. D at 2. Plaintiffs did not provide any details or documents. *Id.*

Tellingly, Plaintiffs' motion fails to provide the Court with Nexstar's response to the October 28 email. On October 31, 2022, Nexstar wrote that "this court in the *Broiler Chicken* litigation required the parties to adhere to their agreed-upon limits for discovery" and reiterated its request for Plaintiffs to provide documentary support for their position.[2] *Id.* at 1. Plaintiffs never responded. *Id.*

On July 19, 2023—nine months after the parties' last communication about Mr. Anderson and without notice or response to Nexstar—Plaintiffs filed this motion.

## LEGAL STANDARD

September 1, 2022 was the deadline for filing "any motions to compel without a showing of good cause." ECF No. 510. The Court has broad discretion over discovery matters, including to "deny motions as untimely due to unexplained or undue delay." *Meds. Co. v. Mylan Inc.*, No. 11 C 1285, 2013 WL 120245, at *2 (N.D. Ill. Jan. 9, 2013); *West v. Miller*, No. 05C4977, 2006 WL 2349988, at *5 (N.D. Ill. Aug. 11, 2006) (determining movant's "tardiness" due to undue delay). The "longer a party waits, the more likely a court will find a waiver." *See, e.g., id.* (citation omitted); *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am.*, No. 03 C 760, 2004 WL 3021842, at *4 (denying a motion to compel as "a clear case of too little, too late").

[2] Plaintiffs' claim that the parties are at impasse because "Nexstar failed to provide [] legal authority" to support its position, Mot. at 3, is false.

When evaluating good cause, a court primarily considers the diligence of the moving party. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). To assess diligence, courts "focus on three questions: (i) how long was the delay; (ii) was there an explanation for it; and (iii) what happened during the delay." *See West*, 2006 WL 2349988, at *5 (*citing Carbajal v. Household Bank, FSB*, No. 00 C 0626, 2003 WL 22159473, at *9 (N.D. Ill. Sept. 18, 2003)); *Barbour v. Memory Gardens Mgmt. Corp.,* No. 3:06-CV-520, 2008 WL 1882847, at *1-2 (N.D. Ind. Apr. 23, 2008) (denying motion to compel where party provided no excuse for missing case management deadline).

A party is entitled to discovery insofar as the discovery is both "relevant to any party's claim or defense *and* proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added); *see also, e.g., Motorola Sols., Inc. v. Hytera Commc'ns Corp*., 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) ("[R]elevance alone does not translate into automatic discoverability"—an "[a]ssessment of proportionality is essential."). On a motion to compel, the movant bears the initial burden of proving the information sought is relevant; failure to make that initial showing "can doom a motion." *West*, 2006 WL 2349988, at *2, 4 (finding a contract cited only once in plaintiff's complaint not relevant "even under its broadest definition at the discovery stage"). Accordingly, district courts carefully assess the actual needs of the parties and deny motions to compel that would not "assisted in the exploration of a material issue." *W. Bend Mut. Ins. Co. v. Cleland Homes, Inc*., No. 3:12-cv-580-JTM-CAN, 2013 WL 12334832, at *1 (N.D. Ind. Nov. 12, 2013) (quoting *Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1254 (7th Cir. 1995)); *Metcalf v. Ross*, No. 19 C 4623, 2021 WL 1577799, at *2 (N.D. Ill. Apr. 22, 2021) ("[C]ourts— with unerring consistency— have required that the moving party make out a case for more discovery. Insistence is not enough.")

In the course of discovery negotiations—in part to minimize judicial involvement—the parties may negotiate the scope of their discovery obligations and "lawyers are expected to honor the promises they have made to their adversaries." *BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, 326 F.R.D. 171, 172-74 (N.D. Ill. 2018) (concluding "[a]nything less would be unethical") (collecting cases); *see also Miller UK Ltd. v. Caterpillar, Inc.*, No. 10 C 3770, 2013 WL 474380, at *7 (N.D. Ill. Feb. 7, 2013) (finding that a party cannot renege on its agreement to narrow the scope of discovery).

## ARGUMENT

### I. PLAINTIFFS' MOTION SHOULD BE DENIED AS UNTIMELY AND FOR FAILING TO MEANINGFULLY MEET AND CONFER.

Plaintiffs' motion is untimely because it was filed after the motion to compel deadline and because Plaintiffs were dilatory in seeking relief from the Court.

September 1, 2022 was the deadline for filing "any motions to compel without a showing of good cause." ECF No. 510. Plaintiffs received production of Mr. Anderson's email on May 28, 2021, and mentioned him in their TAC, which was filed on March 16, 2022. TAC ¶ 143. Nonetheless, they waited until September 26, 2022—more than three weeks *after* the motion to compel deadline—to request Mr. Anderson's deposition. Plaintiffs do not explain, let alone justify, why they waited months to ask to depose an individual they argue has material information relevant to their case. This delay alone is sufficient grounds for the Court to deny Plaintiffs' motion.

Not only did Plaintiffs fail to meet the motion to compel deadline, but they also delayed filing this motion for nine months since the parties' last meet-and-confer. *See Feit Elec. Co. v. CFL Techs. LLC*, No. 13 CV 9339, 2023 WL 3436346, at *8 (N.D. Ill. May 12, 2023) ("[U]njustified delay weighs heavily in favor of finding the motion untimely."); *In re Sulfuric*

*Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. Sept. 6, 2005) ("The plaintiffs knew from the outset what [defendant's] position was, and they had the option to do something about it [by filing a motion to compel]. They cannot be heard to complain now about the conscious decision they made not to bring the matter to the court's attention."); *West*, 2006 WL 2349988, at *6 (denying motion to compel filed before the close of discovery as untimely, where movant delayed for four months); *Ridge Chrysler Jeep,* 2004 WL 3021842, at *5 (denying motion to compel before the close of discovery where "[p]laintiffs never again contacted [d]efendant about the discovery issues raised in the letter until it filed this [m]otion to [c]ompel" one year later). Although Plaintiffs argue that their late filing should be excused because the parties purportedly "reached impasse," Mot. at 9, Plaintiffs fail to address their nine-month delay in filing this motion since reaching that purported impasse. This delay is independent grounds for denying Plaintiffs' motion. *See Pirzadah v. Erie Lasalle Venture LLC*, No. 21 C 2988, 2022 WL 17357770, at *1 (N.D. Ill. Dec. 1, 2022) (quoting *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996)) ("Parties who wait until the last minute to file motions to compel . . . are 'playing with fire.'").

Separately, the Court should deny Plaintiffs' motion because of their failure to meaningfully meet and confer. Fed. R. Civ. P. 37(a)(1); LR 37.2. Nexstar provided Plaintiffs with an explanation of the facts and law supporting its position and requested the same from Plaintiffs. Plaintiffs' only response was to point to the single document in their TAC involving Mr. Anderson. Adelson Decl. ¶ 7, Ex. D at 2. Then, as now, they provided no explanation for why a non-Appendix A deponent should be relevant.

Now, nine months later, Plaintiffs raise several legal and factual arguments—including emails referencing a different William Anderson—that they never raised during the parties' meet

and confers. Had they properly done so, Nexstar could have corrected Plaintiffs' misunderstanding of the document. Plaintiffs' failure to meaningfully meet and confer is another independent basis for denying this motion. *See Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 1939358, at *7 (N.D. Ill. Apr. 22, 2020) (finding that failure to comply with the Local Rules "is in itself grounds to deny a discovery motion"); *Ridge Chrysler Jeep*, 2004 WL 3021842, at *4-6 (no valid meet and confer where Plaintiffs waited almost thirteen months to file); *Barbour*, 2008 WL 1882847, at *1-2 (one telephone conference four months prior to the motion is insufficient); *see also LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 178-80 (D. Kan. 2021) (repeating a position and requesting compliance with a discovery request does not satisfy a party's meet and confer obligations).

## II. PLAINTIFFS' REQUEST TO DEPOSE MR. ANDERSON WOULD UPEND THE ESTABLISHED BOUNDARIES ON DISCOVERY.

At the outset of discovery, the parties placed reasonable boundaries on what discovery would be necessary to address Plaintiffs' wide-ranging claims. Among the boundaries, the parties agreed to limit document discovery and interrogatories to the 127 DMAs listed in Appendix A of the TAC. With the limited exception of structured data discovery,[3] the parties have adhered to these boundaries. The Albuquerque DMA, where Mr. Anderson worked during the entire relevant time period, is not one of the 127 DMAs listed in Plaintiffs' complaint. Thus, if granted, Plaintiffs' motion would undermine the boundaries that the parties have placed on discovery, which courts are loath to do. *Cf. Miller*, 2013 WL 474380, at *7 (finding that a party cannot "renege on its agreement" to narrow the scope of discovery); *BankDirect Cap. Fin.*, 326 F.R.D. at 172-73 (in the course of discovery negotiations, "lawyers are expected to honor the promises they have made to their adversaries") (collecting cases).

[3] Nexstar agreed to produce structured data for all DMAs in light of Plaintiffs' representation that it was necessary for "yardstick" purposes. *See, e.g.*, Adelson Decl. ¶ 3, Ex. A at 82-83.

For example, in *In re Broiler Chicken Antitrust Litig*, this Court rejected a discovery motion filed under similar circumstances. The plaintiffs sought all documents that defendants produced to a grand jury. The court acknowledged that the documents may have been relevant to the DOJ's investigation of the same conduct, but denied the motion because it sought information that was "not responsive to the discovery requests implemented by the protocol agreements." *In re Broiler Chicken Antitrust Litig.,* No. 16 C 8637, 2020 WL 1046784, at *3 (N.D. Ill. Mar. 4, 2020). The court explained that the moving party's late interest in the information was "not a basis to usurp those agreements this far into the case." *Id.*; *see also Kalra v. Alder Pollock & Sheenan, P.C.*, No. 3:18-cv-00260-KAD, 2020 WL 7828790, at *4 (D. Conn. Dec. 31, 2020) (agreeing with defendants that documents were placed outside the scope of discovery on the basis of the parties' agreement and noting "[t]hat the Plaintiffs may now regret their agreement does not make it any less enforceable"). The Court should do the same here.

## III. PLAINTIFFS' REQUEST IS DISPROPORTIONATE TO THE NEEDS OF THE CASE.

In addition to violating the parties' discovery agreements, Plaintiffs' request to depose Mr. Anderson is not proportional to the needs of the case because any information that he might provide is not important or material for resolving the issues in this case. *See Israel Travel Advisory Serv.*, 61 F.3d at 1254 (denying motion to compel depositions that would not aid in "the exploration of a material issue").

***First***, Plaintiffs' own actions make clear that Mr. Anderson's testimony is not important. Plaintiffs did not identify Albuquerque as a relevant DMA and they did not select Mr. Anderson as one of their 173 custodians, including their 25 "wildcard" custodians, which speaks volumes about how little value Plaintiffs believe he provides to their case.

***Second***, Plaintiffs' exhibits do not show that Mr. Anderson's testimony would be relevant or important to resolving a material issue. Mot. at 6-8. Each exhibit is flawed:

- Exhibit A is Mr. Anderson's LinkedIn page, which Plaintiffs cite in support of their claim that "he has been '[o]verseeing TV . . . properties for Nexstar Broadcasting' since 1999." Mot. at 1. But Mr. Anderson's role as a sales manager is not unique (nearly all 173 Nexstar custodians are sales managers), and the oversight of sales in Albuquerque is not relevant as it is not an Appendix A DMA.
- Exhibit B is Mr. Anderson's 2017 performance review. Plaintiffs claim the remark that Mr. Anderson was "dialed into the market and well connected . . . with advertisers and decision makers in the market" shows that "his significant role extends far beyond the four walls of Nexstar." *Id.* at 1-2. That review is unremarkable for a sales manager and says nothing about the material issues here, namely, the use of pacing information or inappropriate contact with competitors in a DMA identified as relevant in the TAC.
- Exhibit C is an Albuquerque Journal article about Nexstar's acquisition of Albuquerque's CBS and Fox TV affiliate stations from Media General, and Mr. Anderson is quoted. Plaintiffs provide no explanation for why this article is relevant. *See id.* at 2.
- Exhibits D-E, which Plaintiffs claim show "direct communications with competitors in the Albuquerque DMA about 'giv[ing a competitor Nexstar's] data,'" are emails about Nexstar's decision to participate in the Miller Kaplan audit of the Albuquerque DMA. *Id.* at 2. Plaintiffs selectively quote the emails to claim that they are evidence of competitors sharing data but, on their face, the emails show nothing of the sort. *Id.* Rather, the stations that are part of the Miller Kaplan audit—which can only occur if all stations in the market participate—were discussing how the audit would be conducted. The use of market audits is not controversial and is not an issue challenged by Plaintiffs.

- Exhibit H, which Plaintiffs cite because it included Mr. Anderson's "estimate" for all stations in the Albuquerque market does not suggest that he communicated with competitors or received competitively sensitive information. *Id.* at 7. Moreover, Plaintiffs' purported need to show "how KRQE utilized" this information in performance reviews also ignores that Plaintiffs did not identify the Albuquerque DMA in their TAC. *Id.*
- Exhibit I, which Plaintiffs cite in support of their claim that Mr. Anderson "directly participated in the exchange of competitively sensitive information" is about a different William Anderson. *Id.* at 8. This email includes a William J. Anderson, not the William S. Anderson that worked at Nexstar's Albuquerque station and is the subject of this motion.

None of these exhibits show how testimony from Mr. Anderson would be important to the resolution of the relevant issues in this case. *See Loc. 744, Int'l Bhd. of Teamsters v. Hinckley & Schmitt, Inc.*, 76 F.3d 162, 165 (7th Cir. 1996) (affirming denial of motion to compel when movant had not shown the "relevance of the information sought"); *Mader v. Motorola Inc.*, No. 92 C 8089, 1994 WL 535125, at *3 (N.D. Ill. Sep. 30, 1994) (refusing to compel the deposition of Motorola's CEO because there were no documents, depositions, or witness statements showing his knowledge of or involvement in the alleged conduct). Moreover, Plaintiffs rely heavily on *CSC Holdings, Inc. v. Redisi,* but that case only underscores why Mr. Anderson's testimony is not required in this case. 309 F.3d 988 (7th Cir. 2002). The *CSC Holdings* court compelled the deposition of a witness because that witness "alone could provide the answer" to CSC's statute of limitations defense. *Id.* at 994. Here, nothing that Plaintiffs put forth about Mr. Anderson demonstrates that he is the only person that can provide the answer to anything material, much less materially add to the testimony of Nexstar's other custodians.

***Third***, Mr. Anderson's testimony would be duplicative or cumulative, at best. Plaintiffs' supposed bases to depose Mr. Anderson are overly general and could apply to nearly any of

Nexstar's 173 custodians. For example, Plaintiffs claim that a deposition of Mr. Anderson is necessary because "he had key knowledge of Nexstar's business practices," Mot. at 7, or can address if inventory affects pricing, *id.* at 6. However, Plaintiffs selected several general managers as custodians *in* DMAs that are at issue in this litigation who can testify about Nexstar's business practices and how a station prices ads. Plaintiffs also suggest that given Mr. Anderson has spent his entire career in the Albuquerque DMA, he can testify about "the exchange of pacing data with competitors, KRQE's antitrust compliance practices or policies, and other direct competitor contacts." *Id.* But, in addition to Plaintiffs not identifying Albuquerque as a relevant DMA in their complaint, Plaintiffs point to no evidence demonstrating that (this) Mr. Anderson had inappropriate communications with competitors. To the extent that Mr. Anderson's relevance to this litigation derives from his long-standing employment at Nexstar, he is no more "relevant" than Nexstar's 173 custodians.

## IV. CONCLUSION

The Court should not reward Plaintiffs' tactics. The Court has repeatedly urged the parties to move this matter forward and conclude discovery. *See* ECF No. 1021 at 49:6-9 ("We've got to keep you going. It's a 2018 [case]. We've got to get done. We've got to get -- we have to see the light at the end of the tunnel, right?"); ECF No. 921 at 9 (expressing concern about "significantly expand[ing] the scope of discovery in the final months of a years' long process"). Nonetheless, motions to compel continue "coming out of the sky every day like rain" as Plaintiffs continue their efforts to prolong discovery and impose additional burden. ECF No. 1011 at 20:12-13. This is Plaintiffs' *sixteenth* motion to compel filed after the Court's September 1, 2022 deadline. Although discovery is broad, it is not limitless. Plaintiffs' untimely motion would upend the limits on discovery for no good reason, when Plaintiffs have failed to show relevance or proportionality. Nexstar respectfully requests that this Court deny Plaintiffs' motion.

Dated: August 4, 2023

Respectfully submitted,

*/s/ Eliot Adelson*

MORRISON & FOERSTER LLP
Eliot Adelson (admitted *pro hac vice*)
Bonnie Lau (admitted *pro hac vice*)
Margaret A. Webb (admitted *pro hac vice*)
425 Market Street
San Francisco, CA 94105
(415) 268-7000
eadelson@mofo.com
blau@mofo.com
mwebb@mofo.com

David D. Cross (admitted *pro hac vice*)
Mary G. Kaiser (admitted *pro hac vice*)
Joseph C. Folio III (admitted *pro hac vice*)
2100 L Street NW
Washington, D.C. 20037
(202) 887-1500
dcross@mofo.com
mkaiser@mofo.com
jfolio@mofo.com

MOLOLAMKEN LLP
Megan Cunniff Church (Bar No. 6281234)
Matthew J. Fisher (Bar No. 6326897)
300 N. LaSalle St.
Chicago, IL 60654
(312) 450-6700
mchurch@mololamken.com
mfisher@mololamken.com

*Counsel for Defendants Dreamcatcher Broadcasting LLC, Nexstar Media Group, Inc., Tribune Broadcasting Company, LLC, and Tribune Media Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br>LOCAL TV ADVERTISING ANTITRUST LITIGATION | MDL No. 2867<br>No. 18 C 6785<br><br>Honorable Virginia M. Kendall<br><br>**DECLARATION OF ELIOT ADELSON IN SUPPORT OF NEXSTAR MEDIA GROUP, INC.'S OPPOSITION TO PLAINTIFFS' DISCOVERY MOTION NO. 22: TO COMPEL THE PRODUCTION OF WILLIAM ANDERSON FOR DEPOSITION** |

I, Eliot Adelson, declare as follows:

1. I am a partner at Morrison & Foerster LLP and an attorney of record for Defendants Dreamcatcher Broadcasting LLC, Nexstar Media Group, Inc., Tribune Broadcasting Company LLC, and Tribune Media Company (the foregoing collectively, "Nexstar") in this matter. I submit this declaration in support of Nexstar's Opposition to Plaintiffs' Discovery Motion No. 22: To Compel the Production of Bill Anderson for Deposition. I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently to them under oath.

2. In April 2021, after lengthy and detailed negotiations, the parties reached an agreement that allowed Plaintiffs to select DMA-level, corporate, and "wildcard" custodians. The agreement limited document discovery to the 127 DMAs listed in Appendix A to Plaintiffs' Consolidated Amended Complaints.

3. Attached as **Exhibit A** is a true and correct compilation of correspondence between Plaintiffs' counsel and counsel for Nexstar between March 3 and June 3, 2021,

reflecting the parties' negotiations regarding the scope of discovery and appropriate number of custodians in this matter.

4. Attached as **Exhibit B** is a true and correct copy of a letter from counsel for Nexstar to counsel for Plaintiffs certifying substantial completion of Nexstar's document production, dated August 27, 2021. Nexstar has produced over 5 million documents in this litigation.

5. Attached as **Exhibit C** is a true and correct copy of an email from Plaintiffs' counsel to counsel for Nexstar providing their selection of wildcard custodians, dated September 24, 2021.

6. On September 26, 2021, Plaintiffs asked to take the deposition of Mr. Anderson.

7. Attached as **Exhibit D** is a true and correct copy of the correspondence between Plaintiffs' counsel and counsel for Nexstar between September 26 and October 31, 2022, showing for example, Nexstar's response to Plaintiffs' email dated October 28, 2021.

8. Attached as **Exhibit E** is a true and correct copy of an email from counsel for Sinclair to Plaintiffs' counsel concerning Nexstar's objection to Mr. Anderson's deposition, dated October 5, 2022.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of August, 2023 at San Francisco, California.

*/s/ Eliot Adelson*
Eliot Adelson

# EXHIBIT A

HAUSFELD

GARY I. SMITH, JR.
Partner

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax

gsmith@hausfeld.com

March 3, 2021

**VIA EMAIL**

Mr. Eliot Adelson
MORRISON & FOERSTER LLP
425 Market St.,
San Francisco, CA 94105
EAdelson@mofo.com

Re: Discovery in *In re Local TV Advertising Antitrust Litigation*, MDL No. 2867 (N.D. Ill.)

Dear Eliot:

We've had four meet and confers regarding (1) Plaintiffs' Requests for the Production of Documents ("Requests") and (2) Nexstar's[1] Responses and Objections thereto ("Responses").[2] These meet and confers have been productive and have enabled us to reach agreement on many of the Requests and to identify those issues where potential issues remain. These discussions, as well as our understanding of where the parties stand as to the Requests and the Responses are summarized below.[3] I conclude by proposing a schedule aimed at ensuring the parties complete their meet and confers on structured and non-structured data issues by the March 26, 2021 deadline.

## I. REQUESTS & RESPONSES

### 1. Search Methodology

The parties agreed that the following Requests will be satisfied through the implementation of a search methodology (*e.g.*, search terms and custodians) either agreed to by the parties or entered by the Court (the "Search Methodology Requests"): **Request Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 16, 20, and 26**. For these Search Methodology Requests, Nexstar confirmed that it did not presently intend to withhold documents responsive to these requests on any basis other than privilege,[4] and that if Nexstar later determines that it will withhold responsive documents on the basis of any of its other stated objections,[5] that it would promptly inform Plaintiffs of such and

[1] "Nexstar" refers collectively to Defendants Dreamcatcher Broadcasting, LLC ("Dreamcatcher"); Nexstar Media Group, Inc. ("Nexstar Media"); and Tribune Broadcasting Company, LLC & Tribune Media Company (together "Tribune").
[2] January 22, 2021; February 2, 2021; and February 25, 2021.
[3] The headings in this letter are for organizational purposes only.
[4] Nexstar Objection No. 12.
[5] *E.g.*, Response to Request for Production No. 2, 3, 5, 8, 11, 13 17, 20, 21 (documents that are readily available

the basis for the withholding. The parties further agreed that if this were to occur, the parties would meet and confer in good faith regarding the same.

**A. Requests**

The parties' discussions—including the agreements reached and the outstanding issues—as to the other document requests are summarized below.

**1. *Request No. 1*: Documents Previously Produced to the DOJ**

Nexstar confirmed that it produced documents to the Department of Justice ("DOJ") related to (1) the Sinclair-Tribune merger review ("DOJ Merger Documents" or "Merger Investigation"), and (2) the pacing investigation ("DOJ Pacing Documents" or "Pacing Investigation"), which includes any documents pursuant to a cooperation agreement entered into between Nexstar and DOJ. Nexstar represents that Nexstar Media and Tribune produced documents related to the DOJ Pacing Investigation, but that Dreamcatcher did not.

In addition, Nexstar confirmed that there were no interviews or depositions conducted by DOJ related to its Pacing Investigation. Please confirm whether (1) this is true for each defendant you represent, including Dreamcatcher and Tribune; (2) any depositions or interviews of any of your clients occurred in connection with the Merger Investigation; and (3) if so, whether any Merger Investigation depositions or interviews discussed pacing and/or pricing of advertising.

Please also confirm whether Nexstar provided interrogatory responses (or written narrative responses to CIDs) to the DOJ as part of either the Merger Investigation or the Pacing Investigation, and if so, whether Nexstar will produce those responses in this case.

As to the DOJ Merger Documents, it is Nexstar's position that these documents largely overlap with what was produced to the DOJ in connection with the Pacing Investigation. You indicated that, given the overlap, Plaintiffs do not need the DOJ Merger Documents. To evaluate your position, Plaintiffs request that you provide the following: (1) CIDs issued in the Merger Investigation; (2) the search terms used to identify both the DOJ Merger Documents and the DOJ Pacing Documents, and (3) the number of pages and the number of documents produced by Nexstar in the Merger Investigation. Please confirm whether you will do so.

---

to plaintiffs); Objection No. 21 (definitions); Objection No. 25 (objections made by any other defendants in this action).

HAUSFELD



We also discussed whether Nexstar would produce the search methodology used for the DOJ Pacing Investigation, and communications with the DOJ regarding the same. Nexstar has taken the position that it will not produce such information. To the extent Nexstar is standing on this position, please confirm the basis/bases on which it is standing.[6]

And, as discussed, we request the communications that Nexstar had with DOJ regarding any of the above. Let us know if Nexstar intends to produce these communications and, if not, what its basis for withholding such communications is.

### 2. *Request No. 11*: Contracts with Cox, Katz, and Broadcasters

The parties discussed that there are certain categories of documents considered to be "go gets," including the following: (1) final, executed versions of its contracts with any Defendant (*e.g.*, Cox and Katz) in this case, including any amendments thereto, covering the Relevant Time Period;[7] (2) any form contracts (*e.g.*, form master services agreements) that Nexstar uses with advertisers; and (3) representative contracts with advertisers that are not covered by a form contract. Please confirm whether Nexstar will produce the documents identified in (1) through (3) above.

Please also confirm that Nexstar will not withhold any other non-privileged documents responsive to this request that hit on the search methodology.

### 3. *Request No. 14*: Organizational Charts

Consistent with our meet and confers, Nexstar has produced a sample of organizational charts to Plaintiffs.[8] You have represented that while there is some variation from station to station, the general roles and responsibilities are as follows:

- General Manager (GM): Oversees all activities of a broadcast station;
- Director of Sales (DoS): An interchangeable title with General Sales Manager and reports to GM and is responsible for all sales, including national, local, and digital;
- General Sales Manager (GSM): An interchangeable title with Director of Sales and reports to GM and is responsible for all sales, including national, local and digital;
- National Sales Manager: Reports GSM or DoS (or GM if GSM or DoS positions

[6] *See In re Peregrine Financial Group Customer Litigation*, 2015 WL 1344466 at *1 (N.D. Ill. Mar. 20, 2015) ("The party opposing discovery bears the burden of showing why discovery should be disallowed.")

[7] The parties agree that there should be a buffer in the Relevant Time Period and that is to be negotiated among all defendants jointly.

[8] Feb. 15, 2021 Letter from Eliot Adelson to Gary I. Smith, Jr. ("February 15 Letter").

are not filled) and is responsible for selling national advertising; and

- Local Sales Manager: Reports GSM or DoS (or GM if GSM or DoS positions are not filled) and oversees sales of local advertising at the station. There is typically one LSM per station.[9]

In addition, you stated that Nexstar employs a handful of regional sales managers (RSMs) across the country. Please confirm whether the RSM position is distinct from Regional Vice President position, and if so, in what way(s).[10]

Please also confirm that Nexstar's organizational structure (at the executive, national, and station level) did not materially change during the Relevant Period.

**1. *__Request No. 15__*: Documents Pertaining to Any Enterprise Resource Planning Platform**

Documents produced in discovery reference the use of the Strata platform which allows broadcasters to maintain inventory and price information.[11] Can Nexstar confirm whether it intends to search this centralized resource for responsive documents?

Please also let us know whether Nexstar has non-custodial sources of information that may contain responsive documents, such as a Customer Relationship Management ("CRM") system (*i.e.*, a platform in which employees record notes of their conversations with other market participants), shared drives,[12] or any portals in which information is uploaded and accessed. If such systems exists, we would like to discuss whether information stored in this system should be produced.

**3. *__Request Nos. 17 & 18__*: Documents Supporting Any Affirmative Defense and Supporting Any Claim of Arbitrability**

We stated our position that any documents Nexstar intends to use to support any of its affirmative defenses or to support a claim of arbitrability must be produced by the substantial completion deadline so that we could use any such documents during depositions. You agreed that Nexstar will make a good faith effort to produce relevant documents by the substantial

---

9 *Id*.

10 The organizational chart produced (NexstarTVAds-000000023) has a list of regional vice president market assignments but does not include the dates these individuals held those positions. The organizational chart also does not provide information the responsibilities of this position.

11 *E.g.*, NexstarTVAds-000008560; NexstarTVAds-000028629.

12 *E.g.*, NexstarTVAds-000196312 (describing the use of sharepoint to share documents).

completion deadline, but reserved rights to use documents produced at a later date. Plaintiffs reserve the right to oppose the use of belatedly produced documents.

**4. *Request No. 19*: Documents Pertaining to Antitrust Compliance**

We requested that Nexstar "go get" any (1) antitrust policies; (2) antitrust training manual, modules, or programming; (3) employee acknowledgements that they had received, reviewed, and/or understand (1) and/or (2) (including any reports or summaries regarding the same); and (4) internal policies or firewalls intended to prevent antitrust violations. Plaintiffs stated their view that other documents responsive to this request could be dealt with through the search methodology.

You indicated that it would be burdensome to retrieve every single signed employee acknowledgement but that you would produce examples of such documents. We disagree with this position, as any such acknowledgements are likely to be stored in an easily accessible, central repository. Please confirm whether this is or is not the case.

Please let us know if Nexstar is willing to produce these documents as "go-get" documents.

**5. *Request No. 21*: Documents Received from Non-Parties**

The parties agreed that it made sense to enter into an agreement to exchange documents produced by non-parties in this case pursuant to a subpoena or FOIA request within a set number of days. As discussed, Plaintiffs intend to raise this issue with the joint defense group.

**6. *Request No. 22*: Specific Categories of Documents for Custodians**

We requested that Nexstar confirm whether Nexstar is taking the position that any of the categories of documents specified in (a) through (i) of this request are beyond its possession, custody, or control. As an example, we asked whether Nexstar provided employees a cell phone for business purposes; you stated that you would check with your clients. Further, a quick review of the production you have provided show that some employees were using personal emails to conduct business matters.[13] Please confirm (1) whether Nexstar provided some or all of its employees with a cell phone (or funded the acquisition of a cell phone) for business purposes, and (2) the specific categories of documents responsive to this request that Nexstar is asserting are beyond its possession, custody, or control, if any.[14]

[13] *E.g.*, NexstarTVAds-000081293; NexstarTVAds-00078051; NexstarTVAds-000189246.

[14] Plaintiffs understand Nexstar's position as to sources of potentially relevant information outside its

In addition, we explained that while the search methodology would likely work for a large number of these categories, we did not think that it would work for mobile devices and calendars that have limited text. We anticipate that a modified search methodology will be necessary to retrieve responsive materials from those sources and will discuss one once we have received Nexstar's opening search methodology proposal.

**7. *Request No. 23*: Documents and Data Concerning Costs**

We discussed the importance of producing to Plaintiffs any information concerning fixed or variable costs in providing broadcast television spot advertising at the national, regional, or local level. Because this particular item is not likely to be found using an agreed upon search methodology, we discussed the likelihood that relevant information may be stored in centralized databases or spreadsheets. You stated that you would look into it. Please confirm whether this information is available from a centralized source, and if so, that Nexstar will produce it. If it is not, please provide a proposal for how Nexstar will identify and produce documents responsive to this request.

**8. *Request No. 24*: Documents Showing Market Share**

You agreed to look into whether Nexstar tracked its market share versus its competitors on a national level, regional level, and/or by DMA (for instance, as data in excel spreadsheets). Please confirm whether this information is available, and if so, that Nexstar will produce it.

**9. *Request No. 25*: Structured Data**

Thank you for confirming that Nexstar is "open to producing a sample of structured data."[15] Nexstar has confirmed that it uses WideOrbit and OSI, and at least one other unspecified platform. Please confirm the names of all platforms Nexstar uses or used to store structured data, as well as the dates each platform was used.

While we appreciate that Nexstar is seeking an expert to assist on structured data production, given the quickly approach March 26 deadline, we reiterate our request for a data sample pursuant to the ESI Protocol entered in this case.[16]

---

possession, custody, or control to be coextensive with its response to this question.

15 February 15 Letter.

16 ECF No. 442 at § 5.2 (providing that the "Requesting Party shall have the right to request and receive a

Finally, please confirm whether (and which of) Nexstar's structured databases, including its OSI and/or WideOrbit systems, track preemptions and cancelations, and confirm that this data will be produced as part of Nexstar's structured data sample.

**B. Responses**

We also discussed Nexstar Responses during our meet and confers. Our understanding as to a number are set forth below.

**1. Objections, Generally**

We stated our view that any general objections not incorporated into a response to a specific document request are waived under the Federal Rules of Civil Procedure. You stated that, in any event, the only general objection that Nexstar presently intended to withhold documents was an assertion of privilege, and that if Nexstar intended to withhold any documents on any other basis, that it would inform Plaintiffs of that fact.

**2. Objection No. 8: Geographic Scope**

As discussed in both our first and most recent meet and confer, Plaintiffs request data and documents from each DMA in which Nexstar has or had a broadcast station during the Relevant Period. Both data and documents from DMAs outside those listed in the Complaint are vital to understanding the effects of Nexstar's anticompetitive conduct.

You stated that you were willing to produce structured data from each DMA but have objected to providing documents from DMAs not identified in the complaint. We ask you to further consider this position in light of the fact that other Defendants are not restricting the geographic scope in this manner. Please confirm Nexstar's position.

**3. Objection No. 12: Relevant Period**

We agreed that the Relevant Period issue would be negotiated as between all Defendants as to data. As to the Relevant Period for documents, we are considering your recent proposal.

---

sample production in the format proposed by the Producing Party").

## II. NEXT STEPS

As you're aware, the parties' deadline to complete the meet and confer process is March 26, 2021. Given we have less than one month to finish this process, it is important that we continue working together to narrow the issues and, if possible, agree on a search methodology.

In order to stay on track, we thought it would be useful to propose a schedule that will guide our discussions over the month. As this schedule shows, there is a huge amount of work that needs to happen, and while the below is not intended to be a hard and fast schedule, we believe it will inure to our mutual benefit to keep to this schedule as much as practicable.

March 8, 2021:

- Nexstar produces a structured data sample and documents necessary to understand that data.[17]
- If doing so is not feasible, Nexstar informs Plaintiffs of a date certain by which it will produce a data sample and documents necessary to understand that data.[18]
- Nexstar responds to the non-structured data-related questions posed in this letter,[19] and raises any issues with our meet and confers or the above summary.
- Nexstar proposes a search methodology to be used for its production of non-structured data in this action.[20]

March 11, 2021:

- Plaintiffs propose questions about the data sample in writing to Nexstar.

March 12, 2021:

- Plaintiffs request any additional information they think they need to assess Nexstar's proposed search methodology.[21]

March 15, 2021 (Monday):

- Nexstar provides answers to Plaintiffs questions regarding the structured data sample.

---

17 Request No. 25.

18 Part I-B-11.

19 Parts I-B-1, 2, 3, 4, 5, 6, 9, 10.

20 *See* ESI Protocol § 4.1.1 ("After a Producing Party has had a reasonable opportunity to investigate potential data sources and search methodologies, the Producing Party shall make such disclosures regarding their planned search methodology as will permit the Receiving Party to evaluate the reasonableness of that methodology and enable meaningful meet and confers.").

21 *See* ESI Protocol § 4.1.3 ("On the basis of the Producing Parties' disclosures, the Requesting Party shall consider whether the custodians and methodology are reasonable and appropriate, and the Producing Party and Requesting Party shall meet and confer as needed. The Requesting Party shall have the right to request and receive reasonable additional information necessary to evaluate the proposal, and shall have the right to propose additional Requested Custodians or changes to methodology.").

HAUSFELD



- Nexstar provides answers to Plaintiffs' requests for additional information regarding Nexstar proposed search methodology.

March 17, 2021 (Wednesday):
- Plaintiffs provide Nexstar with any additional structured data fields they believe they need.
- Plaintiffs provide Nexstar with any proposed changes to Nexstar's proposed search methodology.

March 19, 2021 (Friday):
- The parties meet and confer regarding any requests made by Plaintiffs on March 16, 2021.

March 23, 2021 (Tuesday):
- Nexstar informs Plaintiffs which of Plaintiffs' March 16 requests it will agree to and which it will not.

March 26, 2021 (Friday):
- The parties meet and confer regarding Nexstar's March 23, 2021 position and reach agreement on what issues, if any, need to be brought to the Court's attention.

Our meet and confers have been productive, and we look forward to continuing to work with you in good faith to further narrow the issues in dispute.

Sincerely,

*/s/ Gary I. Smith, Jr.*
Gary I. Smith, Jr.
Partner

cc: Megan E. Jones
Nathaniel C. Giddings
Tamara Freilich
Farhad Mirzadeh
Bonnie Lau
Megan Gerking
Margaret Webb

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415 268 7000
FACSIMILE: 415 268 7522

WWW MOFO COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

March 17, 2021

Writer's Direct Contact
+1 (415) 268.7243
EAdelson@mofo.com

Via E-Mail (gsmith@hausfeld.com)

Gary I. Smith, Jr.
Hausfeld
325 Chestnut Street
Suite 900
Philadelphia, PA 19106

Re: *In re: Local TV Advertising Antitrust Litigation, MDL No. 2867* (N.D. Ill.)

Dear Gary:

On behalf of Defendants Dreamcatcher Broadcasting LLC ("Dreamcatcher"), Nexstar Media Group, Inc. ("Nexstar Media"), Tribune Broadcasting Company, LLC and Tribune Media Company (together "Tribune") (all entities collectively, "Nexstar"), we write in response to your letter dated March 3, 2021 ("Letter") regarding the parties' meet and confer process.

*Search Methodology.* The parties have agreed that Nexstar will implement a search methodology to identify documents responsive to the Plaintiffs' Requests for Production of Documents ("Requests") Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 16, 20 and 26. Nexstar proposed search terms to Plaintiffs on March 9, 2021 and Plaintiffs provided their counter proposal on March 11, 2021.

Nexstar confirms that it presently does not intend to withhold documents responsive to Plaintiffs' requests on any basis other than attorney-client privilege or attorney work product. Nexstar will inform Plaintiffs if Nexstar intends to withhold documents on any other basis and will meet and confer to the extent necessary.

*Request 1.* On January 28, 2021, Nexstar produced to Plaintiffs (i) the Department of Justice's ("DOJ") Civil Investigative Demands ("CID") to Nexstar, Tribune and Dreamcatcher in connection with the pacing investigation ("Pacing Investigation"), (ii) the documents produced in response to the pacing CIDs, and (iii) the documents produced in response to DOJ's subsequent requests for cooperation regarding pacing.

Nexstar Media confirms that DOJ did not conduct interviews or depositions in connection with the Pacing Investigation. DOJ conducted certain depositions of Tribune witnesses in

MORRISON | FOERSTER



connection with the Merger Investigation, and Nexstar is in the process of determining whether any of those depositions discussed any topics relevant to this civil litigation.

Neither Nexstar Media nor Tribune produced any interrogatory responses to the DOJ in connection with the Pacing Investigation or the Merger Investigation.

Tribune did not use search terms to identify the documents that it produced to DOJ in connection with the DOJ's review of the Tribune-Sinclair merger ("Merger Investigation"). Tribune produced over three million documents, approximately 7.8 million pages, in response to DOJ's Second Request. Many of those documents are irrelevant to the claims and defenses in this litigation, such as Tribune's agreements with multichannel video programming distributors relating to retransmission consent rights, documents regarding the Sinclair merger itself (including potential station divestitures), and personal calendar appointments and delivery notifications. Nexstar will apply the agreed (or Court-ordered) search methodology to the documents comprising the Tribune Merger Investigation production and will produce the non-privileged documents responsive to Plaintiffs' requests.

Nexstar stands by its position that Plaintiffs are not entitled to the search terms used to identify documents produced to DOJ in connection with the Pacing Investigation or related correspondence with DOJ. Nexstar has proposed search terms that are tailored to this case; the DOJ search terms are not relevant to devising appropriate search terms here.

*Request 11.* Nexstar agrees to produce the final, executed version of its contracts with Katz and CoxReps. Nexstar does not use form contracts with its advertisers. Nexstar agrees to produce a sample of representative contracts with advertisers.

*Request 14.* Nexstar Media confirms that its organizational structure has not materially changed during the Relevant Period. Nexstar does not employ any Regional Sales Managers (or use that title). Nexstar only employs Regional Vice Presidents.

*Request 15.* Nexstar no longer uses the Strata platform. The Strata platform pulled data from Nexstar's structured data platform, and thus data stored in the Strata platform is duplicative of the data stored in Nexstar's structured data platform. Nexstar therefore does not intend to search or produce data from the Strata platform.

Nexstar is in the process of determining whether it has any Customer Relationship Management ("CRM") system or shared drives that may contain responsive documents.

*Requests 17 & 18.* Nexstar confirms that it will produce documents supporting its affirmative defenses in accordance with the Court's discovery schedule and its obligations

under the Federal Rules. Nexstar will not purposefully withhold any such documents until depositions have concluded.

_Request 19._ Nexstar agrees to produce documents responsive to Plaintiffs' request to the extent they are available from a centralized source. Nexstar is in the process of determining where the documents requested in your letter pertaining to antitrust compliance are stored.

_Request 21._ Nexstar understands that Plaintiffs will be discussing the issue of documents received from non-parties on a global basis with all Defendants and therefore does not address that issue in this letter.

_Request 22._ Nexstar is in the process of determining whether any employee uses a company-provided mobile phone.

For any agreed custodians, Nexstar will apply agreed search terms to their Outlook calendars to search for relevant meetings and entries, but is not willing to produce their entire Outlook calendars because of concerns about privacy, overbreadth and lack of relevance.

_Request 23._ Nexstar does not store the cost information requested in your letter in a centralized location. Nexstar is in the process of determining whether it can collect and produce documents response to your request.

_Request 24._ Some Nexstar stations receive Miller Kaplan reports regarding their market share. Nexstar agrees to produce Miller Kaplan reports to the extent they are available from a centralized source. Nexstar does not track its market share at the national or regional level.

_Request 25._ Nexstar uses WideOrbit to store structured data and has previously used at least one additional system, OSI, to store structured data. Nexstar is in the process of identifying the fields available and responsive to Plaintiffs' requests and will produce a data sample as soon as practicable, likely early next week.

_General Objections._ As stated above, subject to agreement (or Court order) regarding search methodology, Nexstar does not presently intend to withhold responsive documents on any basis other than privilege.

_Objection 8._ Nexstar stands by its position that it will only produce documents from DMAs listed in the Complaint. Documents from DMAs not listed in the Complaint are irrelevant and disproportionate to the claims and defenses in this litigation. Further, it would be unduly burdensome and expensive to produce documents for all DMAs in which Nexstar has or had a broadcast station during the Relevant Period, which would require Nexstar to collect, search and produce large amounts of additional data.

MORRISON | FOERSTER



Nexstar is considering whether and to what extent it would be willing to produce structured data from DMAs outside those listed in the Complaint.

*Objection 12.* Nexstar understands that Plaintiffs will be discussing the issue of the Relevant Time Period for data on a global basis with all Defendants and therefore does not address that issue in this letter. As noted in your letter, Nexstar awaits a response to its proposal regarding the Relevant Period for documents.

We look forward to continuing our productive meet and confers regarding discovery matters. To the extent you have questions about any of the information Nexstar has produced or any of the positions we have outlined in this letter, Nexstar will work to provide prompt answers and meet and confer as necessary to narrow the issues in dispute.

Sincerely,

Eliot A. Adelson

cc: Megan E. Jones (mjones@hausfeld.com)
Farhad Mirzadeh (fmirzadeh@hausfeld.com)
Nathaniel C. Giddings (ngiddings@hausfeld.com)

**From:** Gary I. Smith, Jr.
**To:** Adelson, Eliot A.; Lau, Bonnie
**Cc:** Farley, Sarah; Megan E. Jones; Hilary K. Scherrer; Tamara Freilich; Farhad Mirzadeh; TVAds; Meegan F. Hollywood; Matthew J. Geyer; Kimberly A. Justice; Robert J. Wozniak; Steven A. Kanner; Brian M. Hogan; Nathaniel C. Giddings; Webb, Margaret A.; Farley, Sarah
**Subject:** RE: In re Local TV Advertising Antitrust Litigation
**Date:** Thursday, March 25, 2021 9:46:27 AM
**Attachments:** image001.jpg

---

**External Email**

---

Eliot,

A few lingering issues from your March 17 letter that we still need Nexstar's position on so that we can close these issues out tomorrow.

- Tribune Depositions from the proposed Sinclair-Tribune merger: have you ascertained whether any of those transcripts pertain to the allegations in this case and will you produce those transcripts?

- Interrogatory Responses: you confirmed that there were not interrogatory responses provided to the DOJ "in connection with the Pacing Investigation or the Merger Investigation" by Nexstar Media or Tribune. Does that representation extent to Dreamcatcher? Does that representation include narrative responses – to the extent you differentiate those from interrogatory responses? And finally, does that representation include interrogatory or narrative responses provided to the DOJ from Nexstar Media, Tribune, or Dreamcatcher, or any combination thereof? If no to any of those follow up questions, will Nexstar produce those materials to plaintiffs?

- CRM Non-custodial data sources: we've still not heard the result of Nexstar's investigation into this issue. Where do we stand?

- Structured Data Geographic Scope: Nexstar has still not given Plaintiffs its position on the production of structured data from DMAs not identified in the complaint. As we've discussed, those are relevant sources of benchmark data. Can we have Nexstar's position on that?

- Mobile Phones: Did Nexstar Media, Tribune, or Dreamcatcher pay for or issue cell phones to its employees?

Thanks and look forward to talking tomorrow,

Gary

**Gary I. Smith, Jr.**

Partner
GSmith@hausfeld.com
Pronouns: he/him/his

HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
www.hausfeld.com

The LEGAL 500 UNITED STATES TOP TIER 2020

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Wednesday, March 24, 2021 10:35 AM
**To:** Eliot Adelson <eadelson@mofo.com>; Lau, Bonnie <BLau@mofo.com>
**Cc:** Sarah Farley <sfarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; Margaret Webb <mwebb@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

Eliot,

Good talk yesterday. Here's where I understand Nexstar to be on custodians:

1. For the DMAs where Katz identified a relevant individual in their interrogatory narrative responses to the Department of Justice, the individuals will be custodians but capped at two per DMA. In those DMAs where Katz identified more than two individuals, Nexstar was open to either Nexstar or Plaintiffs selecting which two of the identified individuals would be custodians.
2. For the DMAs where Katz did not identify a relevant individual in their interrogatory narrative responses (e.g., the Tribune DMAs), the DOS/GSMs in DMAs in which Plaintiffs alleged anticompetitive conduct during the agreed upon or court ordered time period.
3. Nexstar asked that we narrow our corporate custodian ask to 10 corporate custodians.
4. Plaintiffs would get 25 supplemental custodians (either corporate or DMA-level), without any

objection from Nexstar, to be selected by Plaintiffs as discovery proceeds. The parties reserve all rights to seek, or oppose, any additional supplemental custodians over and above those 25.

After considering Nexstar's proposal, we would propose the following conceptual approach, which we hope will get things done:

1. For the DMAs where Katz identified a relevant individual in their interrogatory narrative responses to the Department of Justice, those individuals will be custodians but capped at two per DMA. In those DMAs where Katz identified more than two individuals, if Nexstar can provide some basic information on the tenure in those positions and general length of employment, Plaintiffs can then identify which two will be custodians.
2. For the DMAs where Katz did not identify a relevant individual in their interrogatory narrative responses (e.g., the Tribune DMAs), the DOS/GSMs in DMAs in which Plaintiffs alleged anticompetitive conduct during the agreed upon or court ordered time period. In DMAs where there was turnover, Plaintiffs would find it acceptable if they received custodians sufficient to cover approximately 80% of the agreed upon or Court-ordered time period for a given DMA. For the avoidance of doubt, we expect that this approach will include Mark Martin, who should have been the GSM for Tribune's KFOR station during the relevant period, and Kurt Krueger, who should have been the GSM for Tribune's KTVI/KPLR stations.
3. We will narrow our corporate custodian request to 11, which will include (1) Timothy Busch, (2) William Sally, (3) Andy Alford, (4) Doug Davis, (5) Mathew Rosenfield, (6) Theresa Underwood, (7) Mike Vaugh, (8) Traci Wilkinson, (9) Angela Betasso, (10) Patricia Golden, and (11) Melanie Webb – though we'll want some representations on the Regional Vice Presidents that they have sufficient tenure/length of employment – if they've been in their positions for a short period of time we may want to swap them for a predecessor that covers a longer period.
4. Plaintiffs would get 30 supplemental custodians (either corporate or DMA-level), without any objection from Nexstar, to be selected by Plaintiffs as discovery proceeds. The parties reserve all rights to seek, or oppose, any additional supplemental custodians over and above those 30.

Look forward to continuing our discussion Friday, though please feel free to reach out in the interim.

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct

+1 215 985 3270 Main
+1 215 985 3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, March 22, 2021 2:51 PM
**To:** Eliot Adelson <eadelson@mofo.com>; Lau, Bonnie <BLau@mofo.com>
**Cc:** Sarah Farley <sfarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; Margaret Webb <mwebb@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

Thanks for the quick response Eliot.

That sounds generally right, but let's discuss tomorrow to make sure we're on the same page about what a short period of time means for (1) and also discuss timing for (2).

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Monday, March 22, 2021 2:10 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Lau, Bonnie <BLau@mofo.com>
**Cc:** Sarah Farley <sfarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; Margaret Webb <mwebb@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

Hi Gary,

That makes sense on structured data. On search terms, I want to clarify that what we discussed was: (1) we would continue to work with you for a short period of time after March 26 to reach agreement (or not) on core search terms, and that (2) we could come back to you after that to propose narrowing/modification of the search terms if we find that particular terms are returning too many documents.

Is that your proposal?

Thanks,

Eliot

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, March 22, 2021 10:52 AM
**To:** Lau, Bonnie <BLau@mofo.com>; Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Farley, Sarah <SFarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A.

Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; Webb, Margaret A. <MWebb@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

**External Email**

---

Eliot, following up on the highlighted bit. We received confirmation of that understanding from Sinclair. Do we have that same understanding with Nexstar?

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Thursday, March 18, 2021 9:03 PM
**To:** Lau, Bonnie <BLau@mofo.com>; Eliot Adelson <eadelson@mofo.com>
**Cc:** Sarah Farley <sfarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings

<ngiddings@hausfeld.com>; Margaret Webb <mwebb@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

Eliot,

This is to follow up on our discussion this afternoon and my March 10, 2021 letter.

First, on custodians. In the interest of reaching a negotiated resolution, Plaintiffs propose the following:

1. Plaintiffs will drop their request for DMA-level custodians for DMAs in which Plaintiffs do not allege anticompetitive conduct.
2. Plaintiffs will drop their request for the LSMs in every DMA.
3. All individuals identified in Katz's narrative responses to the DOJ (Katz-2466736) will be DMA level custodians, as outlined in the enclosure to my March 10, 2021 letter.
4. For any DMA in which Plaintiffs alleged anticompetitive conduct but no individual is listed in Katz's narrative responses to the DOJ (including, by way of example only, Tribune stations, which Katz did not represent), the DOS/GSMs during the relevant time period will be DMA-level custodians.
5. The following individuals will be custodians: Kurt Krueger, Mark Martin, Wes Milbourn, and Joe Meredith.
6. Plaintiffs shall have the right to obtain up to 50 supplemental DMA-level custodians, without any objection from Nexstar, to be selected by Plaintiffs, as discovery proceeds. The parties reserve all rights to seek, or oppose, any additional supplemental custodians over and above these 50 additional custodians.
7. The corporate custodian request stands as outlined in our March 10, 2021 letter.

On time periods for unstructured data, Plaintiffs will make a proposal to the joint defense group, likely tomorrow morning.

Regarding the March 26, 2021 deadline, Plaintiffs understand that the parties will either reach agreement or impasse on the following issues by March 26, 2021: custodians, structured data time periods, unstructured data time periods, and a corpus of search terms agreed to "in principle," subject to further good faith negotiations and modification. Plaintiffs understand that the parties will continue to engage with one another in good faith about the following issues after the March 26, 2021 deadline: questions about structured data as well as negotiations and modifications to the corpus of search terms. The parties may raise, if necessary, disputes about those issues after the March 26, 2021 deadline. While to some extent this understanding is driven by the inherent nature of antitrust litigation, it is exacerbated by many defendants' failure to propose a search methodology at all, as well as by many defendants' failure to produce a data sample as required by the Court's ESI Order. Further, many of the defendants that have produced data samples and/or proposed search methodologies did so at a very late date and some have refused to answer reasonable follow up questions about the data samples. We intend to notify the Court of any defendants that are not willing to work with Plaintiffs in this manner, so we ask that Nexstar please confirm a mutual understanding on these points (or that Nexstar and Plaintiffs otherwise reach a mutually acceptable

understanding) by Monday March 22, 2021 at 2:00 p.m. ET.

Thanks and look forward to talking next week,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Lau, Bonnie <BLau@mofo.com>
**Sent:** Wednesday, March 17, 2021 5:42 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Eliot Adelson <eadelson@mofo.com>
**Cc:** Sarah Farley <sfarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; Margaret Webb <mwebb@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

Gary, please see attached. We look forward to discussing further on our call tomorrow.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Wednesday, March 3, 2021 5:00 PM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Farley, Sarah <SFarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer

<hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; Lau, Bonnie <BLau@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

**External Email**

---

Eliot, please see the attached. We look forward to continuing our discussions next week.

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Monday, March 1, 2021 12:49 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Sarah Farley <sfarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A.

Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; Lau, Bonnie <BLau@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

Hi Gary,

How about Wednesday at 8 Pacific or Thursday after 3 Pacific?

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, February 19, 2021 5:22 PM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Farley, Sarah <SFarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; Lau, Bonnie <BLau@mofo.com>
**Subject:** Re: In re Local TV Advertising Antitrust Litigation

**External Email**

---

2/25 at 1 PT works. We'll send an invite. Enjoy your weekend.

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900

Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

On Feb 19, 2021, at 4:23 PM, Adelson, Eliot A. <EAdelson@mofo.com> wrote:

Unfortunately that won't work here. How about 2/25 at 1 or 3 Pacific, or 2/26 at noon?

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Thursday, February 18, 2021 4:54 PM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>; Farley, Sarah <SFarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

**External Email**

---

We have a conflict at 11, but could do 10, 12, or 2 PT if any of those work on your end.

**Gary I. Smith, Jr.**

Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Thursday, February 18, 2021 7:15 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Sarah Farley <sfarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

Hi Gary,

How’s next Wednesday, February 24 at 11 Pacific?

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Wednesday, February 17, 2021 5:37 PM
**To:** Farley, Sarah <SFarley@mofo.com>; Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Tamara Freilich <tfreilich@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Brian M. Hogan <bhogan@fklmlaw.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>
**Cc:** Adelson, Eliot A. <EAdelson@mofo.com>; Lau, Bonnie <BLau@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation

**External Email**

---

Appreciate the letter, it's a helpful guidepost on the custodian issues.

Does Nexstar intend to disclose its intended search methodology for unstructured data per the parties' stipulation? ECF No. 442 Section 4.1.1. Just gaming this out with our March 26, 2021 deadline in mind, we think we'd need that from Nexstar by the end of next week. And while we appreciate Nexstar's openness to producing a data sample if necessary, we would reiterate our view that it is necessary and called for by the parties' stipulation. ECF No. 442 Section 5.2 ("The Requesting Party shall have the right to request and receive a sample production in the format proposed by the Producing Party."). We know you're working on it, but again, March 26 is approaching quickly.

Can you let us know your availability to continue our meet and confers? Thanks; looking forward to continuing our discussions, which have been productive.

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, April 9, 2021 3:30 PM
**To:** Lau, Bonnie; Adelson, Eliot A.
**Cc:** Folio III, Joseph Charles; Farley, Sarah; Webb, Margaret A.; TVAds
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Thanks Bonnie.

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Lau, Bonnie <BLau@mofo.com>
**Sent:** Friday, April 9, 2021 3:22 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Eliot Adelson <eadelson@mofo.com>
**Cc:** Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>; Margaret Webb <mwebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Gary,

We agree to your proposal.

Thanks,
Bonnie

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, April 5, 2021 9:46 AM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>;

Webb, Margaret A. <MWebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Eliot,

The reservation of rights on custodians over and above the 25 "as of right" custodians has been in every iteration of this proposal that Plaintiffs made to Nexstar. The same is true of Nexstar's inability to object to those as of right custodians. This was a material component of the agreement we thought we had reached on March 26. Nexstar's belatedly raised proposal allows Nexstar to reserve the right to oppose each and every one of Plaintiffs' 25 as of right custodians (on, ostensibly, any grounds other than a numerical concern), while forever cutting off Plaintiffs' rights to seek any additional custodians before deposition practice in this case has begun (indeed, before Nexstar's deadline to finish its document production on October 1, 2021). That is a lopsided bargain. It is also unworkable. Nexstar could, unintentionally or intentionally, produce documents revealing that a witness is highly relevant to the claims and defenses in this action for the first time after August 27, 2021 and then seek to bar Plaintiffs' access to that individual's custodial files regardless of relevance and proportionality considerations. Separately, a highly relevant witness may only be identified as such in witness testimony after deposition practice has begun. Plaintiffs cannot agree.

Separately, Plaintiffs' reservation of rights does not undermine the entire purpose of the as of right custodians. The as of right custodians gave Plaintiffs some comfort in foregoing their requests for the hundreds of custodians that Nexstar reserves the right to rely on in its defense of this action, yet refuses to offer as document custodians in this case. This does not suggest that Plaintiffs intend to use their reservation of rights as a free for all to seek a great many additional custodians; but we certainly cannot agree, as Nexstar now proposes, that all document discovery be closed at a very early stage of the case, regardless of what facts are uncovered as the case proceeds into deposition practice.

All that said, in the interest of moving this along, Plaintiffs are amenable to the following negotiated proposal:

1. Plaintiffs will agree to the timing for proposing the 25 supplemental custodians as of right as outlined below. This assumes rolling productions, and not a dump of all or nearly all documents at once, but we understand a document dump is not Nexstar's intention. This means that Nexstar can object to any custodian requested after August 27, 2021 (or Nexstar's notification of substantial completion, whichever is earlier) on any grounds. Again, I reiterate that it is not our intention to seek numerous supplemental custodians after August 27, 2021 (we may not seek any), but we must reserve rights for the reasons discussed above.
2. For the 25 as of right custodians, Nexstar can object on any normal grounds unless the requested custodian is listed in Nexstar's Rule 26(a) disclosures by name or category of position. If the custodian is listed in Nexstar's Rule 26(a) disclosures by name or category of position, Nexstar can raise objections concerning the accessibility of the custodial files or other concerns that present a unique circumstance or hardship (e.g., the custodian is deceased, the custodian retired before the preservation period and their files were not maintained).
3. For any custodians above the 25 as of right custodians, the parties reserve all rights and objections.

We think this proposal adequately protects both parties' interests, and we hope it is acceptable. If it is not, we unfortunately will have to revisit the hundreds of custodians that Nexstar continues to reserve the right to use in its defense of this action, but refuses to offer as document custodians.

I'll respond on search terms and our other outstanding issues in a separate email.

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Wednesday, March 31, 2021 4:22 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>; Margaret Webb <mwebb@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Gary,

We have a couple of changes to your proposal. With these, we should be able to wrap this up.

- Plaintiffs will get 25 supplemental custodians (either corporate or DMA-level), subject to typical objections from Nexstar, to be selected by Plaintiffs as discovery proceeds ("Wildcard Custodians").
    - [*Two comments: Under the wildcard, we would not object to you asking for up to 25, we reserve our right to object, on normal grounds, to specific custodians. Second, we do not agree to you preserving a right to seek additional custodians. The wildcard is intended to be a limit on the number of additional custodians. The entire purpose is undermined if you transform it into a minimum. If you want the right to seek additional witnesses, then we should dispose of the wildcard entirely, and you just preserve the right to seek additional witnesses.*]
- Plaintiffs will agree to endeavor in good faith to make their selections of Wildcard Custodians in a timely fashion, and no later than one month following substantial completion, as notified by Nexstar, or the substantial completion deadline of August 27, 2021, whichever is earlier.

Also, attached is our response to your proposed search terms. Again, this would be subject to later modification if certain terms return a burdensome number of documents.

- We ran plaintiffs' proposed terms in a few test markets and modified the terms that were generating very high hit counts. For some search strings, we removed or modified broad terms that hit on a high volume of documents, but which are unlikely to retrieve responsive documents (e.g., "update*" or "market" or "up"). For other search strings, we added modifiers designed to capture relevant documents and eliminate false hits.

- We tried running the personal email terms in the To/From/CC/BCC domain fields as you suggested during our meet and confer on March 23, but that did not meaningfully alter the hit count. Accordingly, we added modifiers to that term.

Thanks,

Eliot

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 26, 2021 2:08 PM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Eliot,

Following up on our discussion, Plaintiffs propose as follows: Plaintiffs will get 25 supplemental custodians (either corporate or DMA-level), without any objection from Nexstar, to be selected by Plaintiffs as discovery proceeds ("Wildcard Custodians"). The parties reserve all rights to seek, or oppose, any additional supplemental custodians over and above the Wildcard Custodians.

At this time, Plaintiffs will agree to endeavor in good faith to make their selections of Wildcard Custodians in a timely fashion, and no later than one month following the substantial completion deadline of August 27, 2021.

For what it's worth, we agree there should be a universal rule for Wildcard Custodians. Raycom did raise this same issue today, and while we don't agree with their date, it was a singular deadline for all DMAs to be triggered off of the substantial completion deadline (albeit, in the opposite direction, they proposed June 27, 2021). We agreed to continue our discussion with Raycom into next week.

I struggle to imagine that we can't resolve this one way or another, but because this timing issue was first raised today it may not be closed out today.

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 26, 2021 4:58 PM
**To:** Eliot Adelson <eadelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Eliot, let me know if this works. I trust you'll get this into the hands (inboxes) of those that need it – as I understand that universe is not everyone.

If all Defendants agree to produce structured data for all DMAs, inclusive of DMAs not identified in Appendix A to Plaintiffs' operative complaint, ECF No. 292 ("Non-Appendix A DMAs"), then Plaintiffs will agree not to use the fact of Defendants' production of structured data for Non-Appendix A DMAs to seek unstructured data from the Non-Appendix A DMAs.

For the avoidance of doubt, Plaintiffs reserve the right seek unstructured data from the Non-Appendix A DMAs on any other good faith basis, including, without limitation, public information, the Department of Justice's ongoing investigation, Plaintiffs' independent investigation, information contained in Defendants' unstructured data productions, information contained in structured productions from non-parties, information contained in unstructured data productions from non-parties, information contained in written discovery, and information learned in depositions.

Let us know if this gets us across the finish line.

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Friday, March 26, 2021 2:35 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Oct. 15 is good for all defendants

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 26, 2021 8:34 AM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Eliot,

We've been told by numerous defendants that there would be a joint proposal coming "soon." I didn't mean to ignore you on Wednesday, but that's why I didn't respond. I was a bit confused by the unilateral outreach (given what else I was hearing) and was waiting for the joint proposal. Is that not coming?

The 1:00 p.m. ET deadline was more of a reaction to us not receiving a joint proposal that many defendant said was imminent days ago than it was to our negotiations with Nexstar. You can consider that deadline "soft," but that doesn't mean we're not running out of daylight here.

Also, we're not wedded to April 2019 if we can reach a negotiated resolution, as we've discussed. We're happy to talk about a reasonable end date at 1:00 p.m. But if there's a joint proposal from Defendants, as we've been led to believe, we should hear it.

Thanks,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Friday, March 26, 2021 11:09 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Morning,

Where are you on Nexstar's end date? Last we heard, you were at April 2019, and I told you that's a non-starter for the reasons we've discussed. I sent you an email on Wednesday asking again, but haven't heard back. This issue has the potential to blow up all of the progress that we've made. As we've explained, the time period and other considerations are all closely tied together. And what's with the imposition of a deadline before we're supposed to meet and confer? It feels like we're taking steps backward.

Thanks,

Eliot

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105

**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 26, 2021 7:47 AM
**To:** CBS Local Antitrust <cbs.local.antitrus@weil.com>; Yehudah L. Buchweitz <yehudah.buchweitz@weil.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Garrett Shinn <gshinn@cgsh.com>; Lisa Pieters <lisa.pieters@weil.com>; Lau, Bonnie <BLau@mofo.com>; Smith, Robin A. <RSmith@mofo.com>; Gerking, Megan E. <MGerking@mofo.com>; Jeff White <jeff.white@weil.com>; Jennifer Giordano <jennifer.giordano@lw.com>; Allyson Maltas <allyson.maltas@lw.com>; Elyse Greenwald <elyse.greenwald@lw.com>; Gregory J. Commins <gcommins@bakerlaw.com>; Lee Simowitz <lsimowitz@bakerlaw.com>; Timothy Petre <tpetre@bakerlaw.com>; George Cary <gcary@cgsh.com>; Kenneth Reinker <kreinker@cgsh.com>; Stephen Houck <shouck@cgsh.com>; Molly Ma <mma@cgsh.com>; Nathan P. Eimer <neimer@eimerstahl.com>; Vanessa G. Jacobsen <vjacobsen@eimerstahl.com>; David A. Ettinger <dettinger@honigman.com>; William B. Berndt <wberndt@honigman.com>; Mark R. Mullins <rick.mullins@mcafeetaft.com>; John Thorne <jthorne@kellogghansen.com>; Joseph S. Hall <jhall@kellogghansen.com>; Julius P. Taranto <jtaranto@kellogghansen.com>; Derek Reinbold <dreinbold@kellogghansen.com>; David E. Mills <dmills@cooley.com>; M. Howard Morse <hmorse@cooley.com>; Deepti Bansal <dbansal@cooley.com>; James A. Morsch <jim.morsch@saul.com>; Adelson, Eliot A. <EAdelson@mofo.com>; Webb, Margaret A. <MWebb@mofo.com>; Farley, Sarah <SFarley@mofo.com>; Gerald Meyer <gmeyer@mololamken.com>; Mazda K. Antia <mantia@cooley.com>; Beatriz Mejia <mejiab@cooley.com>; David Burns <dburns@cooley.com>; Parker Erkmann <perkmann@cooley.com>; Peter Silverman <psilverman@fslegal.com>; Ross Bricker <rbricker@jenner.com>; Andrew Merrick <amerrick@jenner.com>; Shaun Van Horn <svanhorn@jenner.com>; Jay Simmons <jsimmons@jenner.com>; Huiyi Chen <hchen@jenner.com>; Philip.Giordano@hugheshubbard.com; william.kolasky@hugheshubbard.com; Brian M. Hogan <bhogan@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>
**Cc:** TVAds <TVAds@hausfeld.com>; William G. Caldes <BCaldes@srkattorneys.com>; Rachel E. Kopp <RKopp@srkattorneys.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Lesley Weaver <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Counsel,

On Friday March 19 Plaintiffs made a counter proposal on unstructured time period of January 1, 2013 to April 18, 2019 to the joint defense group, a proposal Plaintiffs made in good faith despite the fact that many Defendants had still not provided a response to Plaintiffs' March 12 proposal on unstructured data time period.

On Wednesday, we were told by numerous Defendants that we should expect a proposal from the joint defense group "shortly." It is March 26, the agreed upon deadline to complete meet and confers on unstructured data time period, and we still have not received that joint defense group proposal.

As Plaintiffs have repeatedly explained, their request for a unified time period – with the same "book ends" for all Defendants – is routine practice in antitrust cases and eminently reasonable. Moreover, all of Defendants' disparate proposals on unstructured time period fail to reach the date the first Defendant signed a consent decree with the Department of Justice: November 6, 2018.

While we are willing to work with you in good faith to negotiate an appropriate end date for unstructured time period, we cannot negotiate with silence. We ask that Defendants please provide their final positions on a unified time period for unstructured data by no later than 1:00 p.m. ET today.

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 19, 2021 11:01 AM
**To:** CBS Local Antitrust <cbs.local.antitrus@weil.com>; Yehudah L. Buchweitz <yehudah.buchweitz@weil.com>; fara.tabatabai@hugheshubbard.com; Garrett Shinn <gshinn@cgsh.com>; Lisa Pieters <lisa.pieters@weil.com>; BLau@mofo.com; RSmith@mofo.com; Megan Gerking <mgerking@mofo.com>; Jeff White <jeff.white@weil.com>; Jennifer Giordano <jennifer.giordano@lw.com>; Allyson Maltas <allyson.maltas@lw.com>; Elyse Greenwald <elyse.greenwald@lw.com>; Gregory J. Commins <gcommins@bakerlaw.com>; Lee Simowitz <lsimowitz@bakerlaw.com>; Timothy Petre <tpetre@bakerlaw.com>; George Cary <gcary@cgsh.com>; Kenneth Reinker <kreinker@cgsh.com>; Stephen Houck <shouck@cgsh.com>; Molly Ma <mma@cgsh.com>; Nathan P. Eimer <neimer@eimerstahl.com>; Vanessa G. Jacobsen <vjacobsen@eimerstahl.com>; David A. Ettinger <dettinger@honigman.com>; William B. Berndt <wberndt@honigman.com>; Mark R. Mullins <rick.mullins@mcafeetaft.com>; John Thorne <jthorne@kellogghansen.com>; Joseph S. Hall <jhall@kellogghansen.com>; Julius P. Taranto <jtaranto@kellogghansen.com>; Derek Reinbold <dreinbold@kellogghansen.com>; David E. Mills <dmills@cooley.com>; M. Howard Morse <hmorse@cooley.com>; Deepti Bansal <dbansal@cooley.com>; James A. Morsch <jim.morsch@saul.com>; Eliot Adelson <eadelson@mofo.com>; Margaret Webb <mwebb@mofo.com>; Sarah Farley <sfarley@mofo.com>; Gerald Meyer <gmeyer@mololamken.com>; Mazda K. Antia <mantia@cooley.com>; Beatriz Mejia <mejiab@cooley.com>; David Burns <dburns@cooley.com>; Parker Erkmann <perkmann@cooley.com>; Peter Silverman <psilverman@fslegal.com>; Ross Bricker <rbricker@jenner.com>; Andrew Merrick <amerrick@jenner.com>; Shaun Van Horn <svanhorn@jenner.com>; Jay Simmons <jsimmons@jenner.com>; Huiyi Chen <hchen@jenner.com>; Philip.Giordano@hugheshubbard.com;

william.kolasky@hugheshubbard.com; Brian M. Hogan <bhogan@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>
**Cc:** TVAds <TVAds@hausfeld.com>; William G. Caldes <BCaldes@srkattorneys.com>; Rachel E. Kopp <RKopp@srkattorneys.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Lesley Weaver <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>
**Subject:** In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Counsel,

We've received Raycom's and Meredith's counter proposal on time period for unstructured data, which is January 1, 2013 to September 16, 2018. While other defendants are standing on their last proposal, most defendants have not provided their response to Plaintiffs' March 12 proposal on unstructured data time periods. Nonetheless, we are mindful of the Court's March 26, 2021 deadline, and in a further good-faith effort to resolve this matter, Plaintiffs propose that **all defendants** produce unstructured data for the period from January 1, 2013 to April 18, 2019.

Thanks and enjoy your weekend,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is

prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

HAUSFELD

GARY I. SMITH, JR.
Partner

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax

gsmith@hausfeld.com

April 16, 2021

**VIA ELECTRONIC MAIL**

Eliot Adelson
MORRISON & FOERSTER LLP
425 Market St.,
San Francisco, CA 94105
EAdelson@mofo.com

Re: *In re Local TV Advertising Antitrust Litig.*, MDL No. 2867 (N.D. Ill.)

Dear Eliot:

I write to memorialize our discussions and agreements regarding custodians for Dreamcatcher Broadcasting LLC ("Dreamcatcher"), Nexstar Media Group, Inc. ("Nexstar Media"), and Tribune Broadcasting Company, LLC & Tribune Media Company (together, "Tribune") (collectively, "Nexstar Group"), which have been productive and cooperative.

**Nexstar Media**

Corporate Level Custodians:

1. Timothy Busch
2. William Sally
3. Andy Alford
4. Doug Davis
5. Matthew Rosenfield
6. Theresa Underwood
7. Mike Vaugh
8. Traci Wilkinson
9. Julie Pruett[1]

[1] Julie Pruett was inadvertently omitted from Plaintiffs' proposed list of corporate custodians. As such, please consider Julie Pruett (who was listed on Nexstar Group's Rule 26(a) disclosures) as Plaintiffs' first Wildcard Custodian selection, discussed in more detail below.

DMA-Level Custodians:

1. Group 1: For the DMAs identified in Katz-2466736, the Nexstar Media employees identified by Katz will be document custodians but will be capped at two total custodians per DMA in those DMAs where Katz identified more than two relevant contact persons. All such individuals have previously been identified for Nexstar Media in the enclosure to my letter of March 10, 2021 regarding the parties' custodian negotiations.

2. Group 2: For any DMAs identified in Appendix A that Nexstar operated in but that are not listed in Katz-2466736 (Champaign/Springfield-Decatur, IL; Davenport, IA-Rock Island-Moline, IL; Des Moines-Ames, IA; Dothan, AL; Knoxville, TN; Myrtle Beach-Florence, SC; Washington, DC; Wheeling, WV/Steubenville, OH), there will be one Nexstar Media custodian per DMA. That custodian will be selected based on position (with DOSs/GSMs being preferred to VPs/GMs, LSMs, and NSMs) and length of employment (with a custodian who covers a longer portion of the unstructured data production period to be preferred over someone covering a shorter portion).

As discussed during meet and confers and in email correspondence, Nexstar Media was indifferent as to the selection of custodians in Group 1 and Group 2 and the parties agreed Plaintiffs would select them, although Plaintiffs need Nexstar Media to "provide some basic information on the [potential custodians'] tenure in those positions and [their] general length of employment."

Plaintiffs propose that for Group 1, Nexstar Media provide the dates of employment for the individuals identified in Katz-2466736 by April 30 (or earlier), as well as confirm that Nexstar Media retains access to their custodial files, with Plaintiffs to then make their selections within fourteen (14) days of receipt of that information. Consistent with what Plaintiffs have done with other Defendants, Plaintiffs propose that for Group 2, Nexstar Media provide the names of the DOSs/GSMs that held that position in a DMA for the longest portion of the unstructured data discovery period, as well as the dates of their employment, by April 30, with Plaintiffs to notify Nexstar Media within seven (7) days of receipt of that information whether the proposed custodian is sufficient or if they cover such a small portion of the unstructured data discovery period that Plaintiffs wish to explore an alternative VP/GM, LSM or NSM that covers a longer time period.

**Tribune**

Corporate Level Custodians:

1. Angela Betasso
2. Patricia Golden
3. Melanie Webb

HAUSFELD



DMA-Level Custodians:

For all DMAs identified in Appendix A in which Tribune operated, there will be one Tribune custodian per DMA. For Tribune's KFOR station, that will be Mark Martin (GSM). For Tribune's KTVI/KPLR stations, that will be Kurt Krueger (GSM). For all other DMAs, the custodian will be selected based on position (with DOSs/GSMs being preferred to VPs/GMs, LSMs, and NSMs) and length of employment (with a custodian who covers a longer portion of the unstructured data production period to be preferred over someone covering a shorter portion). Consistent with what Plaintiffs have done with other Defendants, Plaintiffs propose that Tribune provide the names of the DOSs/GSMs that held that position in a DMA for the longest portion of the unstructured data discovery period, as well as the dates of their employment, by April 30, with Plaintiffs to notify Nexstar Group within seven (7) days of receipt of that information whether the proposed custodian is sufficient or if they cover such a small portion of the unstructured data discovery period that Plaintiffs wish to explore an alternative VP/GM, LSM, or NSM that covers a longer time period.

**Dreamcatcher**

For all DMAs identified in Appendix A in which Dreamcatcher operated, there will be one Dreamcatcher custodian per DMA. That custodian will be selected based on position (with DOSs/GSMs being preferred to VPs/GMs, LSMs, and NSMs) and length of employment (with a custodian who covers a longer portion of the unstructured data production period to be preferred over someone covering a shorter portion). Consistent with what Plaintiffs have done with other Defendants, Plaintiffs propose that Dreamcatcher provide the names of the DOSs/GSMs that held that position in a DMA for the longest portion of the unstructured data discovery period, as well as the dates of their employment, by April 30, with Plaintiffs to notify Nexstar Group within seven (7) days of receipt of that information whether the proposed custodian is sufficient or if they cover such a small portion of the unstructured data discovery period that Plaintiffs wish to explore an alternative VP/GM, LSM, or NSM that covers a longer time period.

Please let us know if the procedure for the identification and selection of the DMA-Level Custodians is acceptable or if Nexstar has a different proposal for Plaintiffs to consider.

**Wildcard Custodians (Nexstar Group)**

1. Plaintiffs may select up to 25 supplemental custodians as of right ("Wildcard Custodians") from Nexstar Group.

2. Assuming rolling productions, and not a dump of all or nearly all documents at once, Plaintiffs agree to the timing proposal in Eliot Adelson's March 31, 2021 email stating that Plaintiffs must select their Wildcard Custodians no later than 30 days following the substantial completion deadline of August 27, 2021 (or thirty days after Nexstar Group's

notification of substantial completion, whichever is earlier).

3. If Plaintiffs select a Wildcard Custodian that is listed by name or category of position in Nexstar Group's Rule 26(a) disclosures, Nexstar Group can raise objections based on accessibility of the proposed custodial files or other concerns that present a unique circumstance or hardship (e.g., the proposed custodian is deceased, the custodian retired before the preservation period and their files were not maintained) but will not raise other objections.

4. If Plaintiffs select a Wildcard Custodian that is ***not*** listed by name or category of position in Nexstar Group's Rule 26(a) disclosures, Nexstar Group can object to the proposed custodian on any grounds available to it under the Federal and Local Rules.

5. For any additional custodians requested by Plaintiffs over and above the 25 Wildcard Custodians (or requested more than thirty days following August 27, 2021 or Nexstar's notification of substantial completion of its document production, whichever is earlier), the parties reserve all rights and objections.

**Tribune Merger Investigation Production**

During our meet and confers, and as confirmed in your March 17, 2021 letter, Nexstar Group agreed to apply the agreed "search methodology to the documents comprising the Tribune Merger Investigation production and [to] produce the non-privileged documents responsive to Plaintiffs' request" in order to satisfy Plaintiffs' requests for that production in its entirety. Of course, as with our overarching agreement on search methodology, if you encounter issues running our search terms over the Tribune Merger Investigation production, Plaintiffs remain willing to discuss appropriate modifications or limiters to exclude "multichannel video programming distributors" agreements "relating to transmission consent rights, documents regarding the Sinclair merger itself," and other identified subject matter that Nexstar Group believes is irrelevant.

Relatedly, Plaintiffs understand that Sinclair has recently walked back its agreement to apply the parties' search terms to the entirety of its Merger Investigation production. Sinclair has now reverted to a prior position, reflected in its past written correspondence, that it will ***only*** run the parties' search methodology over the Merger Investigation production for documents that would ***already be found*** in the files of the parties' separately negotiated custodians.

Sinclair's revision renders the offer to run the search methodology over the Merger Investigation production illusory and non-substantive. And Sinclair's conflation of the (a) search methodology with the (b) custodial and non-custodial sources to which that methodology will be applied cannot be squared with the Court's ESI Order in this action, which clearly delineates between the two. *E.g.*, ECF No. 442 § 4.1.1 (differentiating between "the [1] type of methodology to be used

(e.g., Search Terms, TAR, Etc.)," on the one hand, and "[2] the Custodial Data Sources and Non-Custodial Data Sources to which they will be applied," on the other); *id.* § 4.1.3 ("the Requesting Party shall consider whether the [1] custodians and [2] methodology are reasonable and appropriate" and "shall have the right to [1] propose additional Requested Custodians or [2] changes to methodology"). Of course, in the context of the Merger Investigation, the search methodology is the parties' agreed upon search terms, while the applicable custodial and non-custodial sources to which those search terms will be applied is the corpus of Merger Investigation documents.

Plaintiffs are confident that, consistent with our good faith meet and confers, Nexstar Group is not taking this same position, which by Tribune's own admission would result in the "vast majority" of relevant documents that were produced to the Department of Justice being withheld from Plaintiffs. *See* Email from Jay Cohen (Feb. 13, 2019) (copying you) ("Tribune produced over 3 million documents to the U.S. Department of Justice," those "productions were made pursuant to both the DOJ's review of the [sic] Tribune's proposed merger with Sinclair and its civil investigation into the sharing of competitively sensitive information," and "*the vast majority of documents responsive to the [civil] investigation [were] produced during the course of the merger review*.") (emphasis added). This is particularly true given that, unlike Sinclair, Nexstar Group never communicated that it might apply this limiting factor in any of the parties' prior meet and confers or written correspondence.

While Plaintiffs remain optimistic about Nexstar Group's intent, out of an abundance of caution, Plaintiffs ask for confirmation that Nexstar Group will run the parties' agreed upon search methodology (i.e., search terms) across the entirety of the Merger Investigation production and produce all responsive documents returned by that search, as Nexstar Group agreed on March 17.

**Miscellaneous Outstanding Issues**

*First*, Plaintiffs understand the Nexstar Group is still determining whether Dreamcatcher produced any narrative or interrogatory responses to questions posed by the Department of Justice but will produce them if they exist.

*Second*, Plaintiffs understand that Nexstar Group is still determining whether any of the depositions taken in connection with the Merger Investigation discuss any topics relevant to this civil litigation but will produce them if they do.

*Third*, Plaintiffs understand that Nexstar Group is still in the process of determining whether any custodians within Nexstar Group had company-issued, company-owned, or company-funded mobile devices but has not yet agreed to search those devices for responsive materials; Plaintiffs await Nexstar Group's response and reserve rights.

*Fourth*, Plaintiffs confirm they are no longer pursuing a CRM source as a non-custodial source.

Sincerely,

*/s/ Gary I. Smith, Jr.*
Gary I. Smith, Jr.
Partner

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415 268 7000
FACSIMILE: 415 268 7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

April 28, 2021

Writer's Direct Contact
+1 (415) 268.7243
EAdelson@mofo.com

Via E-Mail (gsmith@hausfeld.com)

Gary I. Smith, Jr.
Hausfeld
325 Chestnut Street
Suite 900
Philadelphia, PA 19106

Re: *In re: Local TV Advertising Antitrust Litigation, MDL No. 2867* (N.D. Ill.)

Dear Gary:

On behalf of Defendants Dreamcatcher Broadcasting LLC ("Dreamcatcher"), Nexstar Media Group, Inc. ("Nexstar Media"), Tribune Broadcasting Company, LLC and Tribune Media Company (together "Tribune") (all entities collectively, "Nexstar"), we write in response to your letter dated April 16, 2021 ("Letter") to confirm the parties' agreements regarding custodians for collection and production of unstructured data.

As an initial matter, we confirm the parties' agreement that Nexstar will only identify document custodians for the designated market areas ("DMAs") listed in Appendix A of Plaintiffs' Consolidated Second Amended Complaint. As previously discussed, Nexstar may no longer have access to documents for certain employees that departed Nexstar prior to the issuance of a litigation hold.

**Nexstar Media**

*Corporate Custodians.* Nexstar confirms the parties' agreement to the nine Nexstar Media corporate custodians listed in your Letter. Julie Pruett will be one of Plaintiffs' twenty-five wildcard selections.

*DMA-Level Custodians.* For the DMAs identified in both Appendix A and Katz-2466736, the Nexstar Media employees identified by Katz will be capped at two custodians per DMA.[1] Based on its review to date, Nexstar believes there will be a logical choice for most DMAs

[1] As discussed, we will not agree to any document custodians for DMAs identified in Katz-2466736 but not listed in Appendix A to Plaintiffs' Consolidated Second Amended Complaint.

where Katz lists more than two Nexstar Media employees. However, Nexstar will confer with Plaintiffs if any issue needs to be resolved.

For Nexstar Media DMAs listed in Appendix A but not in Katz-2466736, we agree that there will be one Nexstar Media document custodian per DMA. As discussed, the default custodian will be the Nexstar Media employee serving as the DOS/GSM in that DMA at the end of the relevant time period, October 15, 2018. However, if that individual held that position for only a short period of time, Nexstar will confer with Plaintiffs about possible alternatives. Nexstar anticipates initiating that discussion on or before April 30, 2021.

**Tribune**

*Corporate Custodians.* Nexstar confirms that your Letter reflects our agreement regarding three Tribune corporate custodians.

*DMA-Level Custodians.* For Nexstar DMAs that formerly belonged to Tribune and that are listed in Appendix A but not in Katz-2466736, we agree that there will be one Nexstar document custodian per DMA. The custodian for KFOR will be Mark Martin and the custodian for KTVI/KPLR will be Kurt Krueger. For all other DMAs in this category, the default custodian will be the then-Tribune employee serving as the DOS/GSM in that DMA on October 15, 2018. However, if that employee had only been in that position for a short period of time, Nexstar will confer with Plaintiffs about possible alternatives. Nexstar anticipates initiating that discussion on or before April 30, 2021.

**Dreamcatcher**

Nexstar continues to coordinate with the current owners of the Dreamcatcher stations to obtain information on potential custodians and will advise when ready to discuss custodians.

**Wildcard Custodians**

Nexstar confirms that your Letter accurately reflects our discussion regarding wildcard custodians. Nexstar further notes that, with the selection of Julie Pruett, Plaintiffs have 24 wildcard selections remaining. The remainder must be selected within 30 days of Nexstar's notification of substantial completion of production or August 27, 2021, whichever is earlier.

**Tribune Merger Investigation Production**

Your Letter correctly notes that Nexstar agreed to apply our "search methodology" to the Tribune merger investigation production to the DOJ, to identify non-privileged responsive documents for production in the civil litigation. Nexstar has consistently used the phrase

MORRISON | FOERSTER



"search methodology" in its discussions with Plaintiffs to refer to the agreed-upon search terms, relevant time period, and negotiated set of custodians. As we previously explained, the Tribune merger investigation production consisted of over 3 million documents that Tribune produced to DOJ with no screening other than for privilege, and therefore includes numerous custodians and subjects that are not relevant to this case. Applying search terms to the entire Tribune merger investigation production would be disproportionate, burdensome, overly broad, and create an end-run around the parties' carefully negotiated list of custodians.

**Miscellaneous Outstanding Issues**

First, we confirm that Dreamcatcher did not produce any interrogatory responses to the DOJ in connection with the Pacing Investigation or the Merger Investigation.

Second, with regard to the Tribune depositions taken in connection with the merger investigation, Nexstar is completing its review of those transcripts and expects to produce any responsive excerpts to Plaintiffs on or before April 30, 2021.

Third, Nexstar continues to investigate employee cell phone use. We have determined that, around January 2018, Nexstar stopped providing company phones to certain employees and offered a cell-phone subsidy to certain employees, although it continued to make company-provided phones available to a small number of corporate executives. Nexstar has also determined that there would be significant and undue burden, time and expense associated with collecting, reviewing and producing records from employee cell phones in nearly one hundred locations across the country. Cell phone discovery thus would be burdensome and not proportional to the needs of this case, particularly given the extensive custodial documents that Nexstar has agreed to collect, review and produce. However, if unique circumstances would merit cell phone discovery of an individual custodian, Nexstar would be willing to consider Plaintiffs' requests on a case-by-case basis.

Fourth, thank you for confirming that Plaintiffs do not seek discovery of CRM as a non-custodial source.

We look forward to continuing our productive meet and confers regarding discovery matters.

Sincerely,

Eliot A. Adelson

MORRISON | FOERSTER



cc: Megan E. Jones (mjones@hausfeld.com)
Farhad Mirzadeh (fmirzadeh@hausfeld.com)
Nathaniel C. Giddings (ngiddings@hausfeld.com)

**From:** Lau, Bonnie
**Sent:** Monday, May 3, 2021 11:02 AM
**To:** Gary I. Smith, Jr.; TVAds
**Cc:** Farley, Sarah; Webb, Margaret A.; Adelson, Eliot A.
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Custodians
**Attachments:** 2021-05-03 Nexstar Custodian List.pdf

Gary,

We write to follow up on our April 28, 2021 letter and finalize our list of Nexstar custodians.

We have identified custodians for the majority of DMAs (see attached Nexstar custodian list). For the DMAs in both Appendix A and Katz-2466736, we selected two Katz-identified custodians from Nexstar or Tribune (e.g., in Austin, we selected the two employees who served for the entire relevant time period). For Nexstar and Tribune DMAs listed in Appendix A, but not in Katz-2466736, we selected the employee serving as the DOS/GSM at the end of the relevant time period.

For a handful of remaining DMAs, there was not an obvious choice (e.g., the DOS/GSM at the end of the relevant time period was there for only a short period of time). We provide below the custodial document options:

**DMAs in Appendix A and Employees Listed in Katz-2466736** (select two per DMA)

- Greenville, NC/WNCT
  - Jon Erkenbrack: NSM, March 2013 – end of relevant period
  - Amy Doane: GSM, August 2016 – end of relevant period
  - John Lewis: GM, mid-2016 – end of relevant period
- Hartford, CT/WTNH
  - Roger Megroz: NSM, 2002 – end of relevant period
  - Rich Graziano: GM, February 2017 – end of relevant period
  - Mark Oxton: DOS, May 2018 – end of relevant period
- Mobile, AL/WKRG
  - Sue Cosgrove Janssen: NSM, July 2011 – end of relevant period
  - Jess Grear: GM, April 2017 – end of relevant period
  - Ryan Meisch: GSM, July 2017 – end of relevant period
- Nashville, TN/WKRN
  - Mike Spruill: GSM, May 2015 – end of relevant period
  - Tracey Rogers: GM, May 2017 – end of relevant period
  - John Stumpfig: NSM, June 2017 – end of relevant period
- Portland, OR/KOIN
  - Greg Flock: GSM, February 2017 – end of relevant period
  - Patrick Nevin: GM, 2017 – end of relevant period
  - Julia Larson: NSM, March 2018 – end of relevant period
- Tampa, FL/WFLA
  - Steve Blanchard: VP of Sales, July 2013 – end of relevant period
  - Susan Russell-Alexander: NSM, June 2017 – end of relevant period
  - Kelly Lastra: LSM, July 2017 – end of relevant period
- Wichita Falls, TX/KFDX
  - Sharron Davis: NSM, 1999 – end of relevant period

  - Wayne Reed: GM, September 2013 – end of relevant period
  - Britt Milstead: DOS, September 2013 – end of relevant period

**DMAs in Appendix A and Not Listed in Katz-2466736** (select one per DMA)

- Champaign, IL/WCIA
  - Dewayne Jones: DOS, August 2016 – end of relevant period
  - Gary Hackler: DOS and NSM, December 2014 – March 2017
- Dallas, TX/KDAF
  - Mark Henager: GSM, August 2017 – end of relevant period
  - Steven McDonald: GSM, 1995 – August 2017
- Greensboro, NC/WGHP
  - Nicole Henderson: DOS, May 2017 – end of relevant period
  - Ben Oldham: GSM, October 2013 – March 2017
- Los Angeles, CA/KTLA
  - Patti Tang: DOS, June 2018 – end of relevant period
  - Mary Poliopoulos: DOS, April 2010 – May 2018
- Myrtle Beach, SC/WBTW
  - Bradley Fludgate: DOS, April 2017 – end of relevant period
  - Jeff West: GSM, August 2011 – January 2017; GM, January 2017 – end of relevant period
- New York, NY/WPIX
  - Christopher Tzianabos: DOS, September 2017 – end of relevant period
  - Bob Marra: DOS, February 2016 – September 2018
  - Debbie Presser: DOS, December 2013 – February 2016; LSM, March 2016 – end of relevant period
- Sacramento, CA/KTXL
  - Tiffany Bellingrath: DOS, October 2017 – end of relevant period
  - Benjamin Ng: DOS, February 2016 – October 2017

Finally, please note there are a few employees listed in Katz-2466736 for whom Nexstar no longer has access to documents because they left the company prior to the issuance of a litigation hold:

- Shelly Mooney (Las Vegas, NV)
- Lou Gattozi (Rochester, NY)
- Deb Thompson (Savannah, GA)
- Laura Lovejoy (Savannah, GA)

Thank you,
Bonnie

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Wednesday, April 21, 2021 2:46 PM
**To:** Lau, Bonnie <BLau@mofo.com>; TVAds <TVAds@hausfeld.com>
**Cc:** Farley, Sarah <SFarley@mofo.com>; Webb, Margaret A. <MWebb@mofo.com>; Adelson, Eliot A. <EAdelson@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Search Term Modifications

**External Email**

---

Bonnie,

This is fine for Austin, but moving forward we expect that Nexstar will check with Plaintiffs before selecting custodians unilaterally. Although we're optimistic that we'll agree with Nexstar's determination in most instances, as we do with Austin, the process for identifying custodians must be transparent and collaborative.

If Nexstar has made similar determinations for other DMAs, we'd ask that Nexstar inform Plaintiffs of those determinations and the bases on which they were reached.

Thanks,

Gary

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

HAUSFELD
FOR THE CHALLENGE

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

The LEGAL 500 UNITED STATES TOP TIER 2020

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Lau, Bonnie <BLau@mofo.com>
**Sent:** Wednesday, April 21, 2021 12:41 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; TVAds <TVAds@hausfeld.com>
**Cc:** Sarah Farley <sfarley@mofo.com>; Margaret Webb <mwebb@mofo.com>; Eliot Adelson <eadelson@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Search Term Modifications

Gary,

We are still reviewing custodians for each DMA. For many of them, there seems to be a logical choice (e.g. length of time in the relevant position). For Austin, we chose Brian Davey and Eric Lassberg because they both were there throughout the entire relevant time period.

**BONNIE LAU**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-6511

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Date:** Monday, Apr 19, 2021, 2:29 PM

**To:** Lau, Bonnie <BLau@mofo.com>, TVAds <TVAds@hausfeld.com>
**Cc:** Farley, Sarah <SFarley@mofo.com>, Webb, Margaret A. <MWebb@mofo.com>, Adelson, Eliot A. <EAdelson@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Search Term Modifications

**External Email**

---

Bonnie,

In DMAs where Katz identified more than two individuals (like Austin, where it identified three individuals, Brian Davey (NSM), Eric Lassberg (VP/GM), and Tom Michael (GSM), the parties were supposed to confer further on which two individuals would be selected as custodians, after Nexstar provided some basic information on time of employment for those individuals.

If Nexstar has made some of these determinations without input from Plaintiffs, we will need to know what those determinations were and how Nexstar arrived at those determinations. For example, we understand that generally speaking, the GSM is a more relevant custodian than the VP/GM, yet Nexstar here has selected the VP/GM over the GSM. Did Nexstar not have Tom Michael's documents, was Tom Michael in the role for a relatively short period of time, or did some other information cause Nexstar to believe that Eric was more suitable than Tom?

(The actual term modifications are fine with us, subject to resolution of the above.)

Thanks,

Gary

**GARY I. SMITH, JR.**
Partner
GSmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

HAUSFELD
FOR THE CHALLENGE

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

The Legal 500 United States Top Tier 2020

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Lau, Bonnie <BLau@mofo.com>
**Sent:** Monday, April 19, 2021 5:09 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; TVAds <TVAds@hausfeld.com>

**Cc:** Sarah Farley <sfarley@mofo.com>; Margaret Webb <mwebb@mofo.com>; Eliot Adelson <eadelson@mofo.com>
**Subject:** In re Local TV Advertising Antitrust Litigation - Search Term Modifications

Hi Gary,

The parties' agreed-upon search terms produced very high hit counts for Brian Davey, a National Sales Manager in Austin, Texas. We are making the following modifications to the five terms that generated the highest hit counts.

We will run the agreed-upon search terms in full against the other custodian in Austin, Eric Lassberg (VP/GM).

| **Agreed-upon Term** | **Modified term** |
|---|---|
| *@katzmedia.com | *@katzmedia.com w/10 (snapshot OR forecast* OR projection* OR pj OR (local AND (pace OR pacing)) OR "market update" OR revenue* OR competitive OR "rate card" OR pace OR pacing snapshot OR (call* AND around) OR "revenue analysis" OR "national market revenue" OR "mkt info" OR "market info") |
| *@continentaltvsales.com | *@continentaltvsales.comw/10 (snapshot OR forecast* OR projection* OR pj OR (local AND (pace OR pacing)) OR "market update" OR revenue* OR competitive OR "rate card" OR pace OR pacing snapshot OR (call* AND around) OR "revenue analysis" OR "national market revenue" OR "mkt info" OR "market info") |
| KVUE AND KEYE AND KTBC | Delete this string as these terms are included in additional, more targeted search strings |
| *@katzdirect.com | *@katzdirect.com w/10 (snapshot OR forecast* OR projection* OR pj OR (local AND (pace OR pacing)) OR "market update" OR revenue* OR competitive OR "rate card" OR pace OR pacing snapshot OR (call* AND around) OR "revenue analysis" OR "national market revenue" OR "mkt info" OR "market info") |
| *@katztvgroup.com | *@katztvgroup.com w/10 (snapshot OR forecast* OR projection* OR pj OR (local AND (pace OR pacing)) OR "market update" OR revenue* OR competitive OR "rate card" OR pace OR pacing snapshot OR (call* AND around) OR "revenue analysis" OR "national market revenue" OR "mkt info" OR "market info") |

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

*Nexstar Media Group*
*5/3/2021*

**Nexstar Custodian List**

**DMAs in Appendix A and Listed in Katz-2466736**

1. Sari David-Lange – Abilene, KTAB/KRBC
2. Ron Romines – Albany, WTEN/WXXA
3. Mike Bruno – Albany, WTEN/WXXA
4. Margaret Winegeart – Amarillo, KAMR/KCIT/KCPN
5. Christopher Cerha – Augusta, WJBF
6. Brian Davey – Austin, KXAN/KVBO/KNVA
7. Eric Lassberg – Austin, KXAN/KVBO/KNVA
8. Derek Jeffery – Bakersfield, KGET
9. Rachael Doyle – Baton Rouge, WGMB/WBRL/WVLA
10. Kelley Dinkel – Birmingham, WIAT
11. Alison Lindsay – Birmingham, WIAT
12. Leigh Manmone – Buffalo, WIVB/WNLO
13. Dominic Mancuso – Buffalo, WIVB/WNLO
14. Rosilyn Smith – Charleston, SC, WCBD
15. Sean Banks – Charleston, WV, WOWK
16. Leanne Franke – Colorado Springs, KXRM/KXTU
17. Shuneca Harrington – Columbus, GA, WRBL
18. Ken Freedman – Columbus, OH, WCMH
19. Robert Golias – Columbus, OH, WCMH
20. Joe Abouzeid – Dayton, WDTN/WBDT
21. Mark Garcia – El Paso, KTSM
22. John Franks – Fayetteville, KNWA/KFTA/KXNW
23. Lisa Kelsey – Fayetteville, KNWA/KFTA/KXNW
24. Kathleen Goble – Fresno, KSEE/KGPE
25. Julie Brinks – Grand Rapids, WOOD/WOTV/WXSP
26. Barbara Dorland – Grand Rapids, WOOD/WOTV/WXSP
27. [*To Be Determined*] – Greenville, WNCT
28. [*To Be Determined*] – Greenville, WNCT
29. Bill Jorn – Harlingen, KVEO

30. Paul Roda – Harrisburg, WHTM
31. Robert Saylor – Harrisburg, WHTM
32. [*To Be Determined*] – Hartford, WTNH/WCTX
33. [*To Be Determined*] – Hartford, WTNH/WCTX
34. Ross Reardon – Hattiesburg, WHLT
35. Sandra Gima – Honolulu, KHON
36. Mark Overstreet – Huntsville, WZDX/WHDF
37. Robyne Ault – Indianapolis, WISH
38. Susan Buterbaugh – Indianapolis, WISH
39. Fran McRae-Posey – Lafayette, KLFY
40. Carla Snell-Hatfield – Lafayette, KLFY
41. Jennifer Alexander – Lansing, WLNS
42. Scot Chastain – Lansing, WLNS
43. Ian Howfield – Las Vegas, KLAS
44. Chad Beckham – Little Rock, KARK/KLRT/KASN
45. Katie Howard-Smith – Little Rock, KARK/KLRT/KASN
46. Joel West – Lubbock, KLBK/KAMC
47. Eric Thomas – Lubbock, KLBK/KAMC
48. Joseph Denk – Memphis, WANT/WLMT
49. Jenny Hawkins – Memphis, WANT/WLMT
50. Tracy Giddens – Midland, KMID/KPEJ
51. Mike Lee – Midland, KMID/KPEJ
52. [*To Be Determined*] – Mobile, WKRG/WFNA
53. [*To Be Determined*] – Mobile, WKRG/WFNA
54. [*To Be Determined*] – Nashville, WKRN
55. [*To Be Determined*] – Nashville, WKRN
56. Eileen Baggett – Norfolk, WAVY/WVBT
57. Carol Ward – Norfolk, WAVY/WVBT
58. George Baker – Panama City, WMBB
59. Terry Cole – Panama City, WMBB
60. Nikolas Adams – Peoria, WMBD/WYZZ
61. Jared Gard – Phoenix, KASW
62. [*To Be Determined*] – Portland, KOIN/KRCW

63. [*To Be Determined*] – Portland, KOIN/KRCW
64. Patrick Wholey – Providence, WPRI/WNAC/WLWC
65. Heather Gauvin – Providence, WPRI/WNAC/WLWC
66. Joe DeNoia – Raleigh, WNCN
67. Chris Wilbur – Raleigh, WNCN
68. Larry Cotrill – Richmond, WRIC
69. David Weems – Richmond, WRIC
70. Arika Zink – Roanoke, WFXR/WWCW
71. Wendy Bello – Rochester, WROC
72. Bryan Meyers – Rochester, WROC
73. John Overmyer – Salt Lake City, KTVX/WUCW
74. Karen Beaupre – San Angelo, KLST/KSAN
75. Joseph Cherubini – San Francisco, KRON
76. Robert Scutari – San Francisco, KRON
77. Marc Hefner – Savannah, WSAV
78. Michelle West – Savannah, WSAV
79. Terry Glynn Duncan – Shreveport, KTAL/KMSS/KSHV
80. Mark McKay – Shreveport, KTAL/KMSS/KSHV
81. John Curry – Sioux City, KCAU
82. Daniel Marsh – Sioux City, KCAU
83. Lowell McLane – Springfield, MA, WWLP
84. Bill Pepin – Springfield, MA, WWLP
85. Todd Guard – Syracuse, WSYR
86. [*To Be Determined*] – Tampa, WFLA/WTTA
87. [*To Be Determined*] – Tampa, WFLA/WTTA
88. Kenneth Lawrence – Tri-Cities, WJHL
89. Libby Spencer – Tri-Cities, WJHL
90. Ward Huey – Tyler, KETK/KFXK
91. Austin Jones – Tyler, KETK/KFXK
92. Tricia Donovan – Waco, KYLE/KWKT
93. [*To Be Determined*] – Wichita Falls, KFDX/KJTL/KJBO
94. [*To Be Determined*] – Wichita Falls, KFDX/KJTL/KJBO
95. Robert Simone – Wichita, KSNW

96. Joe Marino – Wichita, KSNW
97. Steve Daniloff – Wilkes-Barre, WBRE/WYOU
98. Julie Hooper – Wilkes-Barre, WBRE/WYOU

**DMAs in Appendix A and Not Listed in Katz-2466736**

1. Nathan Woodward – Billings, KSVI/KHMT
2. [*To Be Determined*] – Champaign, WCIA/WCIX
3. Errol Gerber – Chicago, WGN
4. Paul Bodamer – Cleveland, WJW
5. [*To Be Determined*] – Dallas, KDAF
6. Angie Salas – Davenport, WHBF/KLJB/WGCW
7. Marcus Wilkerson – Denver, KDVR/KWGN
8. Angela Skinner – Des Moines, WHO
9. Janie Hinson – Dothan, WDHN
10. Greg Murdach – Evansville, WEHT, WTVW
11. Jim Arneson – Green Bay, WFRV
12. [*To Be Determined*] – Greensboro, WGHP
13. James Crout – Greenville/Spartanburg, WSPA/WYCW
14. Harvey Saxer – Houston, KIAH
15. Jennifer Bates – Johnstown, WTAJ
16. Sean Walleck – Kansas City, WDAF
17. Kimberly Byrd – Knoxville, WATE
18. [*To Be Determined*] – Los Angeles, KTLA
19. Mike Neale – Milwaukee, WITI
20. [*To Be Determined*] - Myrtle Beach, WBTW
21. Rocky Daigle – New Orleans, WGNO/WNOL
22. [*To Be Determined*] – New York, WPIX
23. Mark Martin – Oklahoma City, KFOR/KAUT
24. Dave Yost – Philadelphia, WPHL
25. [*To Be Determined*] – Sacramento, KTXL
26. Kelly McMackin – San Diego, KSWB
27. Adam Bischoff – Seattle, KCPQ/KZJO
28. Kurt Krueger - St. Louis, KPLR/KTVI

29. Gene Lightfoot – Washington, DC, WDCW/WDVM
30. Lauren Hersey – Wheeling, WTRF

**Nexstar Media and Tribune Corporate Custodians**

1. Timothy Busch – Corporate
2. William Sally – Corporate
3. Andy Alford – Corporate
4. Doug Davis – Corporate
5. Matthew Rosenfield – Corporate
6. Theresa Underwood – Corporate
7. Mike Vaughn – Corporate
8. Traci Wilkinson – Corporate
9. Angela Betasso – Corporate
10. Patricia Golden – Corporate
11. Melanie Webb – Corporate

**Wildcards**

1. Julie Pruett – Corporate

**From:** Gary I. Smith, Jr.
**To:** Lau, Bonnie; Adelson, Eliot A.
**Cc:** Folio III, Joseph Charles; Farley, Sarah; Webb, Margaret A.; TVAds
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations
**Date:** Monday, May 24, 2021 6:06:19 PM
**Attachments:** image001.png
image002.png
image003.png
image004.jpg
image005.jpg
image006.jpg
image451604.png
image022367.png
image075389.png

---

**External Email**

---

Bonnie,

Plaintiffs' responses are in red.

Thanks,

Gary

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Lau, Bonnie <BLau@mofo.com>
**Sent:** Friday, May 21, 2021 11:32 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Eliot Adelson <eadelson@mofo.com>
**Cc:** Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>; Margaret Webb <mwebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Gary,

We write regarding the issues raised in your May 11, 2021 email. We also attach a revised list of Nexstar custodians that now includes their positions and the dates they held those positions.

Thank you for providing this. Plaintiffs have no issues with the individuals listed in the attachment. We have no issues moving forward with the proposed Nexstar Media, Inc. custodians for those DMAs identified in Katz-2466736. For the DMAs not listed in Katz-2466736, we would like to explore alternative custodians for Denver, Evansville, Johnstown, and Kansas City; the remainder are fine with Plaintiffs.

Custodians

Throughout our discovery negotiations, we agreed to select custodians on a per-DMA basis, not per-station. This approach is confirmed by our discovery correspondence, including our email exchange on March 24, 2021, our April 28, 2021 letter, and the proposed custodian list we sent you on May 3, 2021.

Of course, Morrison and Forester represent three of the co-conspirators during the conduct period and so "on a per-DMA basis" would mean one custodian per DMA per co-conspirator. This is consistent with my March 24, 2021 email, which asks for the "DOS/GSMs in DMAs in which Plaintiffs alleged anticompetitive conduct" to be custodian, not "only one" DOS/GSM per DMA ***even if*** all three co-conspirators operate in that DMA. It is also consistent with my April 16, 2021 letter to Eliot. (And, for what it's worth, it is the approach taken with every other Defendant in this action.) To be sure, as stated below, you are working towards a proposal for station level custodians for Dreamcatcher, even though all three of Tribune, Dreamcatcher, and Nexstar operate in both Norfolk and Wilkes-Barre. Morrison and Forester's desire to hide evidence from Tribune's files is not a basis to repudiate our clear agreement.

Please propose Tribune custodians for the 14 DMAs identified in my email below and Nexstar custodians for the 2 DMAs identified in my email below by Friday May 28 or let us know if we are at impasse and need to seek Court intervention.

For DMAs named in Katz-2466736 and Appendix A, you requested and we agreed the custodians would be the employees listed in the Katz document with a cap of two custodians per DMA. If more than two employees were listed by Katz, and there was not a logical choice, we would confer with Plaintiffs about possible alternatives. My May 3 email attached a list of the custodians selected thus far, and identified seven DMAs for which we asked Plaintiffs to select the two Katz custodians. Your questions regarding why there was no LSM option, or whether predecessor custodians served in certain positions for longer periods of time, overlooks our agreement that the custodians for these DMAs should be Katz-identified employees.

This is well taken. Plaintiffs did not mean to repudiate any prior agreements. For Greenville, NC, Plaintiffs select Jon Erkenbrack and Amy Doane. For Hartford, Plaintiffs select Roger Megroz and Rich Graziano. For Mobile, Plaintiffs select Sue Cosgrove and Jess Grear. For Nashville, Plaintiffs select Mike Spruill and Tracey Rogers. For Portland, Plaintiffs select Greg Flock and Patrick Nevin. For Tampa, Plaintiffs select Steve Blanchard and Kelly Lastra. For Wichita Falls, TX, Plaintiffs select Sharron Davis and Wayne Reed.

There are three other issues for the DMAs named in Katz-2466736. First, the VP of Sales in Tampa/WFLA is analogous to a DOS/GSM. Second, for Las Vegas/KLAS, Ian Howfield was not employed at KLAS during the relevant time period and, as explained previously, Nexstar no longer has data for Shelly Mooney. Because we were not able provide a Katz-identified custodian for this DMA, we instead propose Lisa Howfield, the VP/GM at KLAS. Third, Katz mistakenly identified Robert Simone as an employee at Wichita/KNSW, but he is at Lansing/WLNS. In light of this, we substituted Mr. Simone for Scot Chastain, who was not employed at WLNS during the relevant time period.

Understood and this is acceptable.

For all remaining DMAs named in Appendix A, there will be one custodian per DMA. See above. You

requested and we agreed the default custodian will be the DOS/GSM at the end of the relevant time period. If that individual held the position for only a short period of time, Nexstar would confer with Plaintiffs. My May 3 email attached a list of the custodians selected thus far, and identified seven DMAs for which we asked Plaintiffs to select a custodian. Your questions regarding why there was no LSM or GM option are answered by your own request to select the DOS/GSM.

Of course we did agree that the DOS/GSM would be the default custodian, but we also agreed that if the DOS/GSM held the position for a short period of time we would explore alternative custodians. That is what we are trying to do, particularly for Champaign, New York, and Sacramento, where all options held their position for a short portion of the agreed upon unstructured time period. We reiterate our request to explore alternative custodians as requested for those three DMAs. For the remaining DMAs, and to move this along, Plaintiffs select Steven McDonald for Dallas, Ben Oldham for Greensboro, Mary Poliopoulos for Los Angeles, and Jeff West for Myrtle Beach. Please identify potential LSMs, NSMs, and GMs, where not otherwise provided, for Champaign, New York, and Sacramento by May 28, 2021. We can make our selections by May 31, 2021 if provided the requested information.

We ask that you make your custodian selections for the outstanding 14 DMAs as soon as possible, but no later than May 31, 2021. If you wish to select additional custodians such as LSMs from these DMAs, you may use a wildcard selection to do so.

Dreamcatcher Stations

Norfolk and Wilkes-Barre are DMAs with former Dreamcatcher stations now owned by Tegna or Scripps. As noted in our April 28 letter, Nexstar continues to coordinate with the current owners of those stations to provide Plaintiffs information about potential custodians.

-

We look forward to your update.

Merger Production

As explained in our April 28 letter, Nexstar has agreed to apply our heavily negotiated search methodology—custodians, search terms, and relevant time period—over the Tribune merger investigation production to DOJ to identify non-privileged responsive records. If Plaintiffs wish to include additional custodians as part of this search, you may use a wildcard selection to do so.

Plaintiffs will consider whether this is an acceptable resolution, but in order to do so, Plaintiffs will need a list of the Tribune merger custodians and the time periods their documents were collected for in connection with the merger production, as Sinclair provided us. Please provide that information by May 28, 2021, or we will understand the parties to be at an impasse on this point and will seek production of all documents in the merger production that hit on our search terms.

Plaintiffs reserve all rights.

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Tuesday, May 11, 2021 2:47 PM
**To:** Lau, Bonnie <BLau@mofo.com>; Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>; Webb, Margaret A. <MWebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Bonnie,

I write in response to Eliot's April 28 letter, your May 3 email, and your May 10 email (in reverse order).

**May 10 Email:**

Your search term modifications are acceptable to Plaintiffs.

**May 3 Email:**

For the May 3, 2021 custodian list, Plaintiffs will need Nexstar Group to provide the proposed custodians' positions and the dates the proposed custodians held those positions in order to sign off on the determinations that Nexstar Group made unilaterally, without Plaintiffs' input.

For Davenport, Nexstar Group identified a custodian for the Nexstar stations operating in that DMA during the agreed upon unstructured data period, but has not identified a proposed Tribune custodian for Tribune's WQAD station. Please propose a custodian for WQAD.

For Des Moines, Nexstar Group identified a custodian for the Tribune's station operating in that DMA during the agreed upon unstructured data period, but has not identified a proposed Nexstar custodian for Nexstar's WOI station. Please propose a custodian for WOI.

For Washington DC, Nexstar Group identified a custodian for Tribune's station operating in that DMA during the agreed upon unstructured data period, but has not identified a proposed custodian for Nexstar's WDVM station – Gene Lightfoot appears to work at WDVM now, but our understanding is that he did not work there during the agreed upon period and instead worked for Tribune's WDCW. Please propose a custodian for WDVM.

Also, for the following DMAs, Nexstar Group has only proposed a Nexstar custodian, but not a Tribune custodian: (1) Fayetteville, (2) Grand Rapids, (3) Harrisburg, (4) Hartford, (5) Huntsville, (6) Indianapolis, (7) Memphis, (8) Norfolk, (9) Portland, (10) Richmond, (11) Salt Lake, and (12) Wilkes-Barre. Please propose Tribune custodians for those DMAs.

For the identification of custodians where there is not a logical choice, Plaintiffs have some questions in red text copied into your email that Plaintiffs will need responses to before Plaintiffs can make their selections.

**April 28 Letter:**

Plaintiffs are disappointed that Nexstar Group has walked back its clear prior agreement to run the parties' search terms over the merger production and produce responsive documents returned by that search. Plaintiffs strongly disagree with Nexstar Group's characterization of our meet and confers. Nonetheless, in an effort to keep disputes off of the Court's docket, Plaintiffs propose to proceed as they did with Sinclair. If Nexstar Group provides Plaintiffs with a list of the merger custodians by name and position, Plaintiffs will meet and confer with Nexstar Group in good faith to identify segments of the merger production (i.e., specific custodial document sources) that Nexstar Group can exclude from its search. Plaintiffs would suggest that Nexstar Group provide with its list of merger custodians the identities of those merger

custodians that Nexstar Group believes have no relevance to the MDL and should be excluded from its search of the merger production.

Please let us know if a call would be helpful.

Gary

**DMAs in Appendix A and Employees Listed in Katz-2466736** (select two per DMA)

- Greenville, NC/WNCT
  - Jon Erkenbrack: NSM, March 2013 – end of relevant period
  - Amy Doane: GSM, August 2016 – end of relevant period
  - John Lewis: GM, mid-2016 – end of relevant period

  Why is there no LSM option provided? Was there a DOS, GSM, or GM predecessor that held a relevant position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- Hartford, CT/WTNH
  - Roger Megroz: NSM, 2002 – end of relevant period
  - Rich Graziano: GM, February 2017 – end of relevant period
  - Mark Oxton: DOS, May 2018 – end of relevant period

  Why is there no LSM option provided? Was there a DOS, GSM, or GM predecessor that held a relevant position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- Mobile, AL/WKRG
  - Sue Cosgrove Janssen: NSM, July 2011 – end of relevant period
  - Jess Grear: GM, April 2017 – end of relevant period
  - Ryan Meisch: GSM, July 2017 – end of relevant period

  Why is no LSM option provided? Was there a DOS, GSM, or GM predecessor that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- Nashville, TN/WKRN
  - Mike Spruill: GSM, May 2015 – end of relevant period
  - Tracey Rogers: GM, May 2017 – end of relevant period
  - John Stumpfig: NSM, June 2017 – end of relevant period

  Why is no LSM option provided? Was there a DOS, GSM, NSM, or GM predecessor that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- Portland, OR/KOIN
  - Greg Flock: GSM, February 2017 – end of relevant period
  - Patrick Nevin: GM, 2017 – end of relevant period
  - Julia Larson: NSM, March 2018 – end of relevant period

  Why is no LSM option provided? Was there a DOS, GSM, NSM, or GM predecessor that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- Tampa, FL/WFLA
  - Steve Blanchard: VP of Sales, July 2013 – end of relevant period
  - Susan Russell-Alexander: NSM, June 2017 – end of relevant period
  - Kelly Lastra: LSM, July 2017 – end of relevant period

  What is the VP of Sales position? Is it similar to a DOS, GM, NSM, or LSM? Was there a DOS,

GSM, NSM, or GM predecessor that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?

- Wichita Falls, TX/KFDX
  - Sharron Davis: NSM, 1999 – end of relevant period
  - Wayne Reed: GM, September 2013 – end of relevant period
  - Britt Milstead: DOS, September 2013 – end of relevant period

  Why is no LSM option provided?

-

**DMAs in Appendix A and Not Listed in Katz-2466736** (select one per DMA)

- Champaign, IL/WCIA
  - Dewayne Jones: DOS, August 2016 – end of relevant period
  - Gary Hackler: DOS and NSM, December 2014 – March 2017

  Why are there no LSM or GM options provided? Was there a DOS, GSM, or NSM predecessor that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- Dallas, TX/KDAF
  - Mark Henager: GSM, August 2017 – end of relevant period
  - Steven McDonald: GSM, 1995 – August 2017

  Why are no LSM, GM, or NSM options provided? Was there a DOS/GSM that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- Greensboro, NC/WGHP
  - Nicole Henderson: DOS, May 2017 – end of relevant period
  - Ben Oldham: GSM, October 2013 – March 2017

  Why are no LSM, GM, or NSM options provided? Was there a DOS/GSM that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- Los Angeles, CA/KTLA
  - Patti Tang: DOS, June 2018 – end of relevant period
  - Mary Poliopoulos: DOS, April 2010 – May 2018

  Why are no LSM, GM, or NSM options provided? Was there a DOS/GSM that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- Myrtle Beach, SC/WBTW
  - Bradley Fludgate: DOS, April 2017 – end of relevant period
  - Jeff West: GSM, August 2011 – January 2017; GM, January 2017 – end of relevant period

  Why are no LSM, GM, or NSM options provided? Was there a DOS/GSM that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- New York, NY/WPIX
  - Christopher Tzianabos: DOS, September 2017 – end of relevant period
  - Bob Marra: DOS, February 2016 – September 2018
  - Debbie Presser: DOS, December 2013 – February 2016; LSM, March 2016 – end of relevant period

  Why are no LSM, GM, or NSM options provided? Was there a DOS/GSM that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?
- Sacramento, CA/KTXL
  - Tiffany Bellingrath: DOS, October 2017 – end of relevant period
  - Benjamin Ng: DOS, February 2016 – October 2017

  Why are no LSM, GM, or NSM options provided? Was there a DOS/GSM that held the position for a longer portion of the unstructured data period that Nexstar Group has documents for?

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Lau, Bonnie <BLau@mofo.com>
**Sent:** Monday, May 10, 2021 12:59 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Eliot Adelson <eadelson@mofo.com>
**Cc:** Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>; Margaret Webb <mwebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Hi Gary,

The parties' agreed-upon search terms produced very high hit counts for Christopher Cerha, a National Sales Manager in Augusta, GA. We are making the following modifications to the four terms that generated the highest hit counts.

| Agreed-upon term | Modified term |
|---|---|
| *@katzmedia.com | *@katzmedia.com w/10 (snapshot OR forecast* OR projection* OR pj OR (local AND (pace OR pacing)) OR "market update" OR revenue* OR competitive OR "rate card" OR pace OR pacing snapshot OR (call* AND around) OR "revenue analysis" OR "national market revenue" OR "mkt info" OR "market info") |
| *@katztvgroup.com | *@katztvgroup.com w/10 (snapshot OR forecast* OR projection* OR pj OR (local AND (pace OR pacing)) OR "market update" OR revenue* OR competitive OR "rate card" OR pace OR pacing snapshot OR (call* AND around) OR "revenue analysis" OR "national market revenue" OR "mkt info" OR "market info") |
| | *@coxreps.com w/10 (snapshot OR forecast* OR projection* OR pj OR (local AND (pace OR pacing)) OR "market update" OR revenue* OR competitive OR "rate card" OR pace OR pacing snapshot OR (call* AND |

| | |
|---|---|
| *@coxreps.com | around) OR "revenue analysis" OR "national market revenue" OR "mkt info" OR "market info") |
| *@continentaltvsales.com | *@continentaltvsales.com w/10 (snapshot OR forecast* OR projection* OR pj OR (local AND (pace OR pacing)) OR "market update" OR revenue* OR competitive OR "rate card" OR pace OR pacing snapshot OR (call* AND around) OR "revenue analysis" OR "national market revenue" OR "mkt info" OR "market info") |

Separately, please let us know when Plaintiffs are ready to select the document custodians for the remaining DMAs identified in my May 3 email.  Thanks.

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Wednesday, April 14, 2021 2:38 PM
**To:** Lau, Bonnie <BLau@mofo.com>; Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>; Webb, Margaret A. <MWebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Thanks Bonnie. Plaintiffs understand that Nexstar may propose modifications for terms that produce very high hit counts for specific custodians and each side reserves all rights on those potential modifications.

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Lau, Bonnie <BLau@mofo.com>

**Sent:** Wednesday, April 14, 2021 5:34 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Eliot Adelson <eadelson@mofo.com>
**Cc:** Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>; Margaret Webb <mwebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Gary,

We agree to the revised terms you proposed in lieu of term B13. We will proceed with the agreed-upon search terms, but, as noted below, we reserve the right to make modifications for terms that produce very high hit counts for specific custodians.

Thanks,
Bonnie

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, April 12, 2021 2:17 PM
**To:** Lau, Bonnie <BLau@mofo.com>; Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>; Webb, Margaret A. <MWebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Bonnie,

Understood re: the email domains.

On B13, your response indicates that you have not sampled the results to determine if the term is producing false hits. And again, in a price fixing case, terms like raise, sale, rate, and price are eminently relevant and reasonable, and we cannot omit them from this string entirely as Nexstar proposes. In the interests of closing this out, Plaintiffs propose the following, which breaks B13 out into separate terms to attempt to address Nexstar's perceived issue. Please note that we have cut "high" outright in a showing of good faith, even though we've reached agreement on that term with most, if not all, other defendants.

(hold* OR discipline* OR "with the market" OR increas* OR maintain* OR stabliz* OR integrity OR firm OR strong OR fix* OR strategy OR tight*) w/10 (pricing OR CPM* OR CPP* OR CPRP OR "cost per point" OR "cost per reach point" OR "cost per thousand" or "cost per mille")

(rais*) w/5 (sale* OR rate* OR price* OR pricing OR CPM* OR CPP* OR CPRP OR "cost per point" OR "cost per reach point" OR "cost per thousand" or "cost per mille")

(hold* OR discipline* OR "with the market" OR increas* OR maintain* OR stabliz* OR integrity OR firm OR strong OR fix* OR strategy OR tight*) w/5 (sale* OR rate* OR price*)

If this is acceptable on B13, then we're in agreement on search terms, with each side reserving all rights on

further modifications as you indicate below.

Thanks,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Lau, Bonnie <BLau@mofo.com>
**Sent:** Monday, April 12, 2021 12:07 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Eliot Adelson <eadelson@mofo.com>
**Cc:** Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>; Margaret Webb <mwebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Gary,

My previous email regarding search terms inadvertently listed the same email domain twice. To reiterate, we do not agree to these terms for former Tribune custodians, for whom they will produce enormous hit counts:

- *@tribune.com
- *@tribunemedia.com

Thanks,
Bonnie

**From:** Lau, Bonnie
**Sent:** Friday, April 9, 2021 12:19 PM
**To:** 'Gary I. Smith, Jr.' <GSmith@hausfeld.com>; Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>; Webb, Margaret A. <MWebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Gary,

Please see Nexstar's responses below.

Thanks,

**BONNIE LAU**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-6511
mofo.com | LinkedIn | Twitter
**Pronouns**: she, her, hers

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, April 5, 2021 9:47 AM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>; Webb, Margaret A. <MWebb@mofo.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

We can't cut the terms rais*, sale*, price*, and rate* in a price fixing case. We can live with your modifications to C14, but not C13.

We do not agree to run your proposed term (B13) without our modifications.   Your proposed search string generates very high hit counts, and the terms we removed are generic business terms that will likely generate many false hits.

C22: (~~market OR~~ inventor* OR capacit*) w/10 (tight* OR aggressive* OR heat* OR hot OR ahead OR behind OR current OR soft* OR snapshot OR "snap shot" OR down ~~OR up~~ OR jump OR strong OR weak OR soldout OR sellout OR "sold out" OR "sell out" OR "holding rates" OR "dropping rates" OR "lowering rates" OR "raising rates" or "maintaining rates").

You're probably going to tell me that "up" is a noise word here; although other Defendants have been able to run it, if it's creating technical problems for your vendor, that's fine to omit up. Cutting market is not workable for us.

We agree to keep the term "market" and remove the term "up."

F/G3: The email domains are being accepted unmodified without limiters by everyone that has tested them, with a few exceptions where things like *@fox.com were producing very high hit counts for certain custodians and we made accommodations on those. We've been doing some research on those email domains and will propose what we've found so far for Nexstar to test later today or tomorrow. But an across the board limiter is not where we're landing with others.

Please see below our responses to the email domains you proposed.

**All Custodians Terms**: We do not agree to run the following email domains, which appear to capture primarily newsletters:

- *@email.nbcaffiliatemarketing.com
- *@nbcaffiliatemarketing.com
- *@reply.nbcaffiliatemarketing.com

In addition, we do not agree to these terms for former Tribune custodians, for whom they will produce enormous hit counts:

- *@tribunemedia.com
- *@tribunemedia.com

We agree to the remaining email domains you proposed, but reserve the right to make modifications for certain email domains that produce very high hit counts for specific custodians.

**DMA-Specific:** We agree to the DMA-specific email domains you proposed, but reserve the right to make modifications for certain email domains that produce very high hit counts for certain custodians. For example, the Memphis term *@localmemphis.com produced more than 21,500 hits (more than 32,000 hits including families) for only two custodians.

**Competitor Names:** We agree to the DMA-specific competitor names you proposed, but reserve the right to make modifications for certain terms that produce very high hit counts for certain custodians. In particular, we will likely propose modifying common last names by adding first names. For example, the Phoenix term below produced more than 3,000 hits (more than 5,250 hits with families) for a single custodian:
Gard w/5 (spoke* OR speak* OR talk* OR call* OR chat* OR text OR texted OR message OR meeting OR met OR VM OR voicemail)

F/G8: I understand some defendants have accepted Kantar unmodified, but this is where we are landing with most other folks on Kantar and this is our counter to Nexstar: Kantar w/10 (rate* OR price OR pricing OR inventory OR tight OR pace OR pacing OR CPM* OR CPP* OR CPRP OR "cost per point" OR "cost per reach point" OR "cost per thousand" or "cost per mille") OR (the big four call signs together AND Kantar. [e.g. (KABC AND KCBS AND KNBC AND KTTV AND KANTAR).

Accept.

F/G 16/17: We've gotten agreement to run this from everyone else, except that for 17 we've agreed that it doesn't have to be run where the ownership string would be ABC and CBS and Fox and NBC. We'd make that same accommodation for Nexstar, but the other limiters don't work. Also, a separate structural concern, a proximity limiter following four AND terms is not workable in concept.

We agree to run the big four call signs together (term E16) unmodified, but reserve the right to make modifications if this term produces very high hit counts for certain custodians.

We agree to run the big four station owners' names together (term E17) unmodified, except in DMAs where the ownership string would be "ABC and CBS and Fox and NBC." We also reserve the right to make modifications if this term produces very high hit counts for certain custodians.

A few other clean up items. Do we have an update on Nexstar's investigation into company issued or funded cell phones and the possibility of responsive materials in a CRM non-custodial source? And where are we on what I sent over regarding structured data?

We are still investigating the cell phone issue, which is complicated by Nexstar's acquisitions.

We are also still investigating Nexstar's customer data. However, as we have explained, the more granular, transaction-level data resides in Nexstar's WideOrbit traffic system. If there are specific categories of information that you believe would not be encompassed by Nexstar's WideOrbit traffic data, but would instead reside in a "CRM" source, please identify them.

We responded to your questions regarding structured data on Monday, April 5.

Thanks,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Wednesday, March 31, 2021 4:22 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>; Margaret Webb <mwebb@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Gary,

We have a couple of changes to your proposal. With these, we should be able to wrap this up.

- Plaintiffs will get 25 supplemental custodians (either corporate or DMA-level), subject to typical objections from Nexstar, to be selected by Plaintiffs as discovery proceeds ("Wildcard Custodians").
    - [*Two comments: Under the wildcard, we would not object to you asking for up to 25, we reserve our right to object, on normal grounds, to specific custodians. Second, we do not agree to you preserving a right to seek additional custodians. The wildcard is intended to be a limit on the number of additional custodians. The entire purpose is undermined if you transform it into a minimum. If you want the right to seek additional witnesses, then we should dispose of the wildcard entirely, and you just preserve the right to seek additional witnesses.*]
- Plaintiffs will agree to endeavor in good faith to make their selections of Wildcard Custodians in a timely fashion, and no later than one month following substantial completion, as notified by Nexstar, or the substantial completion deadline of August 27, 2021, whichever is earlier.

Also, attached is our response to your proposed search terms. Again, this would be subject to later modification if certain terms return a burdensome number of documents.

- We ran plaintiffs' proposed terms in a few test markets and modified the terms that were generating very high hit counts. For some search strings, we removed or modified broad terms that hit on a high volume of documents, but which are unlikely to retrieve responsive documents (e.g., "update*" or "market" or "up"). For other search strings, we added modifiers designed to capture relevant documents and eliminate false hits.

- We tried running the personal email terms in the To/From/CC/BCC domain fields as you suggested during our meet and confer on March 23, but that did not meaningfully alter the hit count. Accordingly, we added modifiers to that term.

Thanks,

Eliot

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>

**Sent:** Friday, March 26, 2021 2:08 PM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Eliot,

Following up on our discussion, Plaintiffs propose as follows: Plaintiffs will get 25 supplemental custodians (either corporate or DMA-level), without any objection from Nexstar, to be selected by Plaintiffs as discovery proceeds ("Wildcard Custodians"). The parties reserve all rights to seek, or oppose, any additional supplemental custodians over and above the Wildcard Custodians.

At this time, Plaintiffs will agree to endeavor in good faith to make their selections of Wildcard Custodians in a timely fashion, and no later than one month following the substantial completion deadline of August 27, 2021.

For what it's worth, we agree there should be a universal rule for Wildcard Custodians. Raycom did raise this same issue today, and while we don't agree with their date, it was a singular deadline for all DMAs to be triggered off of the substantial completion deadline (albeit, in the opposite direction, they proposed June 27, 2021). We agreed to continue our discussion with Raycom into next week.

I struggle to imagine that we can't resolve this one way or another, but because this timing issue was first raised today it may not be closed out today.

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 26, 2021 4:58 PM
**To:** Eliot Adelson <eadelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Eliot, let me know if this works. I trust you'll get this into the hands (inboxes) of those that need it – as I understand that universe is not everyone.

If all Defendants agree to produce structured data for all DMAs, inclusive of DMAs not identified in Appendix A to Plaintiffs' operative complaint, ECF No. 292 ("Non-Appendix A DMAs"), then Plaintiffs will agree not to use the fact of Defendants' production of structured data for Non-Appendix A DMAs to seek unstructured data from the Non-Appendix A DMAs.

For the avoidance of doubt, Plaintiffs reserve the right seek unstructured data from the Non-Appendix A DMAs on any other good faith basis, including, without limitation, public information, the Department of Justice's ongoing investigation, Plaintiffs' independent investigation, information contained in Defendants' unstructured data productions, information contained in structured productions from non-parties, information contained in unstructured data productions from non-parties, information contained in written discovery, and information learned in depositions.

Let us know if this gets us across the finish line.

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing

it.

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Friday, March 26, 2021 2:35 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Oct. 15 is good for all defendants

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 26, 2021 8:34 AM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

Eliot,

We've been told by numerous defendants that there would be a joint proposal coming "soon." I didn't mean to ignore you on Wednesday, but that's why I didn't respond. I was a bit confused by the unilateral outreach (given what else I was hearing) and was waiting for the joint proposal. Is that not coming?

The 1:00 p.m. ET deadline was more of a reaction to us not receiving a joint proposal that many defendant said was imminent days ago than it was to our negotiations with Nexstar. You can consider that deadline "soft," but that doesn't mean we're not running out of daylight here.

Also, we're not wedded to April 2019 if we can reach a negotiated resolution, as we've discussed. We're happy to talk about a reasonable end date at 1:00 p.m. But if there's a joint proposal from Defendants, as we've been led to believe, we should hear it.

Thanks,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com

Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Friday, March 26, 2021 11:09 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Morning,

Where are you on Nexstar's end date? Last we heard, you were at April 2019, and I told you that's a non-starter for the reasons we've discussed. I sent you an email on Wednesday asking again, but haven't heard back. This issue has the potential to blow up all of the progress that we've made. As we've explained, the time period and other considerations are all closely tied together. And what's with the imposition of a deadline before we're supposed to meet and confer? It feels like we're taking steps backward.

Thanks,

Eliot

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 26, 2021 7:47 AM
**To:** CBS Local Antitrust <cbs.local.antitrus@weil.com>; Yehudah L. Buchweitz <yehudah.buchweitz@weil.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Garrett Shinn <gshinn@cgsh.com>; Lisa Pieters <lisa.pieters@weil.com>; Lau, Bonnie <BLau@mofo.com>; Smith, Robin A. <RSmith@mofo.com>; Gerking, Megan E. <MGerking@mofo.com>; Jeff White <jeff.white@weil.com>; Jennifer Giordano <jennifer.giordano@lw.com>; Allyson Maltas <allyson.maltas@lw.com>; Elyse Greenwald <elyse.greenwald@lw.com>; Gregory J. Commins <gcommins@bakerlaw.com>; Lee Simowitz <lsimowitz@bakerlaw.com>; Timothy Petre <tpetre@bakerlaw.com>; George Cary <gcary@cgsh.com>; Kenneth Reinker <kreinker@cgsh.com>; Stephen Houck <shouck@cgsh.com>; Molly Ma <mma@cgsh.com>; Nathan P. Eimer <neimer@eimerstahl.com>; Vanessa G. Jacobsen <vjacobsen@eimerstahl.com>; David A. Ettinger <dettinger@honigman.com>; William B. Berndt <wberndt@honigman.com>; Mark R. Mullins <rick.mullins@mcafeetaft.com>; John Thorne <jthorne@kellogghansen.com>; Joseph S. Hall <jhall@kellogghansen.com>; Julius P. Taranto <jtaranto@kellogghansen.com>; Derek Reinbold <dreinbold@kellogghansen.com>; David E. Mills <dmills@cooley.com>; M. Howard Morse <hmorse@cooley.com>; Deepti Bansal <dbansal@cooley.com>; James A. Morsch <jim.morsch@saul.com>; Adelson, Eliot A. <EAdelson@mofo.com>; Webb, Margaret A. <MWebb@mofo.com>; Farley, Sarah <SFarley@mofo.com>; Gerald Meyer <gmeyer@mololamken.com>; Mazda K. Antia <mantia@cooley.com>; Beatriz Mejia <mejiab@cooley.com>; David Burns <dburns@cooley.com>; Parker Erkmann <perkmann@cooley.com>; Peter Silverman <psilverman@fslegal.com>; Ross Bricker <rbricker@jenner.com>; Andrew Merrick <amerrick@jenner.com>; Shaun Van Horn <svanhorn@jenner.com>; Jay Simmons <jsimmons@jenner.com>; Huiyi Chen <hchen@jenner.com>; Philip.Giordano@hugheshubbard.com; william.kolasky@hugheshubbard.com; Brian M. Hogan <bhogan@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>
**Cc:** TVAds <TVAds@hausfeld.com>; William G. Caldes <BCaldes@srkattorneys.com>; Rachel E. Kopp <RKopp@srkattorneys.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Lesley Weaver <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Counsel,

On Friday March 19 Plaintiffs made a counter proposal on unstructured time period of January 1, 2013 to April 18, 2019 to the joint defense group, a proposal Plaintiffs made in good faith despite the fact that many Defendants had still not provided a response to Plaintiffs' March 12 proposal on unstructured data time period.

On Wednesday, we were told by numerous Defendants that we should expect a proposal from the joint defense group "shortly." It is March 26, the agreed upon deadline to complete meet and confers on unstructured data time period, and we still have not received that joint defense group proposal.

As Plaintiffs have repeatedly explained, their request for a unified time period – with the same "book ends" for all Defendants – is routine practice in antitrust cases and eminently reasonable. Moreover, all of

Defendants' disparate proposals on unstructured time period fail to reach the date the first Defendant signed a consent decree with the Department of Justice: November 6, 2018.

While we are willing to work with you in good faith to negotiate an appropriate end date for unstructured time period, we cannot negotiate with silence. We ask that Defendants please provide their final positions on a unified time period for unstructured data by no later than 1:00 p.m. ET today.

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 19, 2021 11:01 AM
**To:** CBS Local Antitrust <cbs.local.antitrus@weil.com>; Yehudah L. Buchweitz <yehudah.buchweitz@weil.com>; fara.tabatabai@hugheshubbard.com; Garrett Shinn <gshinn@cgsh.com>; Lisa Pieters <lisa.pieters@weil.com>; BLau@mofo.com; RSmith@mofo.com; Megan Gerking <mgerking@mofo.com>; Jeff White <jeff.white@weil.com>; Jennifer Giordano <jennifer.giordano@lw.com>; Allyson Maltas <allyson.maltas@lw.com>; Elyse Greenwald <elyse.greenwald@lw.com>; Gregory J. Commins <gcommins@bakerlaw.com>; Lee Simowitz <lsimowitz@bakerlaw.com>; Timothy Petre <tpetre@bakerlaw.com>; George Cary <gcary@cgsh.com>; Kenneth Reinker <kreinker@cgsh.com>; Stephen Houck <shouck@cgsh.com>; Molly Ma <mma@cgsh.com>; Nathan P. Eimer <neimer@eimerstahl.com>; Vanessa G. Jacobsen <vjacobsen@eimerstahl.com>; David A. Ettinger <dettinger@honigman.com>; William B. Berndt <wberndt@honigman.com>; Mark R. Mullins <rick.mullins@mcafeetaft.com>; John Thorne <jthorne@kellogghansen.com>; Joseph S. Hall <jhall@kellogghansen.com>; Julius P. Taranto

<jtaranto@kellogghansen.com>; Derek Reinbold <dreinbold@kellogghansen.com>; David E. Mills <dmills@cooley.com>; M. Howard Morse <hmorse@cooley.com>; Deepti Bansal <dbansal@cooley.com>; James A. Morsch <jim.morsch@saul.com>; Eliot Adelson <eadelson@mofo.com>; Margaret Webb <mwebb@mofo.com>; Sarah Farley <sfarley@mofo.com>; Gerald Meyer <gmeyer@mololamken.com>; Mazda K. Antia <mantia@cooley.com>; Beatriz Mejia <mejiab@cooley.com>; David Burns <dburns@cooley.com>; Parker Erkmann <perkmann@cooley.com>; Peter Silverman <psilverman@fslegal.com>; Ross Bricker <rbricker@jenner.com>; Andrew Merrick <amerrick@jenner.com>; Shaun Van Horn <svanhorn@jenner.com>; Jay Simmons <jsimmons@jenner.com>; Huiyi Chen <hchen@jenner.com>; Philip.Giordano@hugheshubbard.com; william.kolasky@hugheshubbard.com; Brian M. Hogan <bhogan@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>
**Cc:** TVAds <TVAds@hausfeld.com>; William G. Caldes <BCaldes@srkattorneys.com>; Rachel E. Kopp <RKopp@srkattorneys.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Lesley Weaver <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>
**Subject:** In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Counsel,

We've received Raycom's and Meredith's counter proposal on time period for unstructured data, which is January 1, 2013 to September 16, 2018. While other defendants are standing on their last proposal, most defendants have not provided their response to Plaintiffs' March 12 proposal on unstructured data time periods. Nonetheless, we are mindful of the Court's March 26, 2021 deadline, and in a further good-faith effort to resolve this matter, Plaintiffs propose that **all defendants** produce unstructured data for the period from January 1, 2013 to April 18, 2019.

Thanks and enjoy your weekend,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have

received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

**From:** Lau, Bonnie
**Sent:** Thursday, June 3, 2021 4:40 PM
**To:** Gary I. Smith, Jr.; TVAds
**Cc:** Adelson, Eliot A.; Folio III, Joseph Charles; Farley, Sarah
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Gary,

We are not renegotiating. We had not resolved whether Nexstar would produce structured data for DMAs outside of Appendix A. Based on our investigation, structured data extraction—particularly the extraction of traffic data—will be time consuming and burdensome for Nexstar. Nonetheless, we would like to resolve this issue.

Below, the only justification you provided for expanding discovery to DMAs not listed in Appendix A is for "yardstick" purposes. With your confirmation that, (1) DMAs not listed in Appendix A are "market[s] unaffected by the violation," (2) Plaintiffs will only use data from DMAs not listed in Appendix A for "yardstick" purposes, and (3) Plaintiffs will not use data from DMAs not listed in Appendix A as a basis for seeking non-structured data from DMAs not listed in Appendix A, then we will consider your request.

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, May 17, 2021 4:23 PM
**To:** Lau, Bonnie <BLau@mofo.com>; TVAds <TVAds@hausfeld.com>
**Cc:** Adelson, Eliot A. <EAdelson@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Bonnie,

Plaintiffs disagree with your characterization of Nexstar's position "remain[ing] the same." Defendants have consistently taken the position that structured data is the "easy part." And based on the email traffic below and my meet and confers with Eliot, Plaintiffs relied on the fact that we had an agreement on the production of structured data from non-Appendix A DMAs until May 14, 2021. This is the first we're hearing that Nexstar was not even considering the proposal, and worse, is walking away from it.

As Plaintiffs articulated multiple times on our meet and confers, Plaintiffs are entitled to structured data outside of the conduct DMAs because it is relevant yardstick data. ABA Section of Antitrust Law, Antitrust Law Developments, 786 (Seventh ed.) ("The 'yardstick' approach compares profits earned or prices paid by a plaintiff with the corresponding data for a firm or in a market unaffected by the violation.").

Since you have apparently investigated, but not shared with us, the burden associated with producing the requested structured data, please articulate with specificity what that burden is, in expense and hours, so that Plaintiffs can evaluate the claim.

As you know, we agreed to a far more truncated structured data period than Plaintiffs were entitled to ("The Compromise Position"). If Nexstar elects to revisit its prior agreement on the time period for unstructured data, Plaintiffs will have no choice but to abandon the Compromise Position and revert to its prior position and seek structured data for a broader time period consistent with Judge Kendall's order in *Turkey*. Given the schedule in this case, we cannot constantly be re-negotiating each deal point. Thus, we intend to continue to rely on the deal the parties agreed upon previously, and expect you to do the same.

Gary

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

**HAUSFELD**
**FOR THE CHALLENGE**

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Lau, Bonnie <BLau@mofo.com>
**Sent:** Friday, May 14, 2021 2:54 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; TVAds <TVAds@hausfeld.com>
**Cc:** Eliot Adelson <eadelson@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Gary,

Our position remains the same; discovery of both structured and unstructured data should be limited to the DMAs listed in Appendix A. As you know, we agreed to extend the relevant time period for structured data to December 31, 2020. The burden of collecting, processing, and producing this amount of data—8 years across nearly 100 DMAs—is substantial, and we will not agree to expand it further. If Plaintiffs seek to litigate this issue, Nexstar reserves its right to seek a more limited production of data than we had negotiated to this point.

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Wednesday, May 12, 2021 8:06 PM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; TVAds <TVAds@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Eliot, can we get Nexstar's position on this structured data issue so we know if we need to seek Court intervention? I thought we had a concept in place on March 26 that was workable or close to workable for Nexstar, but we haven't heard anything from you since.


**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

HAUSFELD
FOR THE CHALLENGE

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**


The LEGAL 500 UNITED STATES TOP TIER 2020

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, April 26, 2021 7:00 PM
**To:** Eliot Adelson <eadelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Eliot, where do we stand on the below, at least with respect to the Nexstar entities?


**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

HAUSFELD
FOR THE CHALLENGE

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

The LEGAL 500 UNITED STATES TOP TIER 2020

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 26, 2021 4:58 PM
**To:** Eliot Adelson <eadelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Eliot, let me know if this works. I trust you'll get this into the hands (inboxes) of those that need it – as I understand that universe is not everyone.

If all Defendants agree to produce structured data for all DMAs, inclusive of DMAs not identified in Appendix A to Plaintiffs' operative complaint, ECF No. 292 ("Non-Appendix A DMAs"), then Plaintiffs will agree not to use the fact of Defendants' production of structured data for Non-Appendix A DMAs to seek unstructured data from the Non-Appendix A DMAs.

For the avoidance of doubt, Plaintiffs reserve the right seek unstructured data from the Non-Appendix A DMAs on any other good faith basis, including, without limitation, public information, the Department of Justice's ongoing investigation, Plaintiffs' independent investigation, information contained in Defendants' unstructured data productions, information contained in structured productions from non-parties, information contained in unstructured data productions from non-parties, information contained in written discovery, and information learned in depositions.

Let us know if this gets us across the finish line.

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax

www.hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Friday, March 26, 2021 2:35 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Oct. 15 is good for all defendants

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 26, 2021 8:34 AM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Farley, Sarah <SFarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Eliot,

We've been told by numerous defendants that there would be a joint proposal coming "soon." I didn't mean to ignore you on Wednesday, but that's why I didn't respond. I was a bit confused by the unilateral outreach (given what else I was hearing) and was waiting for the joint proposal. Is that not coming?

The 1:00 p.m. ET deadline was more of a reaction to us not receiving a joint proposal that many defendant said was imminent days ago than it was to our negotiations with Nexstar. You can consider that deadline "soft," but that doesn't mean we're not running out of daylight here.

Also, we're not wedded to April 2019 if we can reach a negotiated resolution, as we've discussed. We're happy to talk about a reasonable end date at 1:00 p.m. But if there's a joint proposal from Defendants, as we've been led to believe, we should hear it.

Thanks,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Friday, March 26, 2021 11:09 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Lau, Bonnie <BLau@mofo.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Sarah Farley <sfarley@mofo.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Morning,

Where are you on Nexstar's end date? Last we heard, you were at April 2019, and I told you that's a non-starter for the reasons we've discussed. I sent you an email on Wednesday asking again, but haven't heard back. This issue has the potential to blow up all of the progress that we've made. As we've explained, the time period and other considerations are all closely tied together. And what's with the imposition of a deadline before we're supposed to meet and confer? It feels like we're taking steps backward.

Thanks,

Eliot

**ELIOT ADELSON**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7243 | **M:** +1 (925) 324-4449

mofo.com | LinkedIn | Twitter

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 26, 2021 7:47 AM
**To:** CBS Local Antitrust <cbs.local.antitrus@weil.com>; Yehudah L. Buchweitz <yehudah.buchweitz@weil.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Garrett Shinn <gshinn@cgsh.com>; Lisa Pieters <lisa.pieters@weil.com>; Lau, Bonnie <BLau@mofo.com>; Smith, Robin A. <RSmith@mofo.com>; Gerking, Megan E. <MGerking@mofo.com>; Jeff White <jeff.white@weil.com>; Jennifer Giordano <jennifer.giordano@lw.com>; Allyson Maltas <allyson.maltas@lw.com>; Elyse Greenwald <elyse.greenwald@lw.com>; Gregory J. Commins <gcommins@bakerlaw.com>; Lee Simowitz <lsimowitz@bakerlaw.com>; Timothy Petre <tpetre@bakerlaw.com>; George Cary <gcary@cgsh.com>; Kenneth Reinker <kreinker@cgsh.com>; Stephen Houck <shouck@cgsh.com>; Molly Ma <mma@cgsh.com>; Nathan P. Eimer <neimer@eimerstahl.com>; Vanessa G. Jacobsen <vjacobsen@eimerstahl.com>; David A. Ettinger <dettinger@honigman.com>; William B. Berndt <wberndt@honigman.com>; Mark R. Mullins <rick.mullins@mcafeetaft.com>; John Thorne <jthorne@kellogghansen.com>; Joseph S. Hall <jhall@kellogghansen.com>; Julius P. Taranto <jtaranto@kellogghansen.com>; Derek Reinbold <dreinbold@kellogghansen.com>; David E. Mills <dmills@cooley.com>; M. Howard Morse <hmorse@cooley.com>; Deepti Bansal <dbansal@cooley.com>; James A. Morsch <jim.morsch@saul.com>; Adelson, Eliot A. <EAdelson@mofo.com>; Webb, Margaret A. <MWebb@mofo.com>; Farley, Sarah <SFarley@mofo.com>; Gerald Meyer <gmeyer@mololamken.com>; Mazda K. Antia <mantia@cooley.com>; Beatriz Mejia <mejiab@cooley.com>; David Burns <dburns@cooley.com>; Parker Erkmann <perkmann@cooley.com>; Peter Silverman <psilverman@fslegal.com>; Ross Bricker <rbricker@jenner.com>; Andrew Merrick <amerrick@jenner.com>; Shaun Van Horn <svanhorn@jenner.com>; Jay Simmons <jsimmons@jenner.com>; Huiyi Chen <hchen@jenner.com>; Philip.Giordano@hugheshubbard.com; william.kolasky@hugheshubbard.com; Brian M. Hogan <bhogan@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>
**Cc:** TVAds <TVAds@hausfeld.com>; William G. Caldes <BCaldes@srkattorneys.com>; Rachel E. Kopp <RKopp@srkattorneys.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Lesley Weaver <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>
**Subject:** RE: In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

**External Email**

---

Counsel,

On Friday March 19 Plaintiffs made a counter proposal on unstructured time period of January 1, 2013 to April 18, 2019 to the joint defense group, a proposal Plaintiffs made in good faith despite the fact that many Defendants had still not provided a response to Plaintiffs' March 12 proposal on unstructured data time period.

On Wednesday, we were told by numerous Defendants that we should expect a proposal from the joint defense group "shortly." It is March 26, the agreed upon deadline to complete meet and confers on unstructured data time period, and we still have not received that joint defense group proposal.

As Plaintiffs have repeatedly explained, their request for a unified time period – with the same "book ends" for all Defendants – is routine practice in antitrust cases and eminently reasonable. Moreover, all of Defendants' disparate proposals on unstructured time period fail to reach the date the first Defendant signed a consent decree with the Department of Justice: November 6, 2018.

While we are willing to work with you in good faith to negotiate an appropriate end date for unstructured time period, we cannot negotiate with silence. We ask that Defendants please provide their final positions on a unified time period for unstructured data by no later than 1:00 p.m. ET today.

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 267 702 2318 Direct
+1 215 985 3270 Main
+1 215 985 3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, March 19, 2021 11:01 AM
**To:** CBS Local Antitrust <cbs.local.antitrus@weil.com>; Yehudah L. Buchweitz <yehudah.buchweitz@weil.com>; fara.tabatabai@hugheshubbard.com; Garrett Shinn <gshinn@cgsh.com>; Lisa Pieters <lisa.pieters@weil.com>; BLau@mofo.com; RSmith@mofo.com; Megan Gerking <mgerking@mofo.com>; Jeff White <jeff.white@weil.com>; Jennifer Giordano <jennifer.giordano@lw.com>; Allyson Maltas <allyson.maltas@lw.com>; Elyse Greenwald <elyse.greenwald@lw.com>; Gregory J. Commins <gcommins@bakerlaw.com>; Lee Simowitz <lsimowitz@bakerlaw.com>; Timothy Petre <tpetre@bakerlaw.com>; George Cary <gcary@cgsh.com>; Kenneth Reinker <kreinker@cgsh.com>; Stephen Houck <shouck@cgsh.com>; Molly Ma <mma@cgsh.com>; Nathan P. Eimer <neimer@eimerstahl.com>; Vanessa G. Jacobsen <vjacobsen@eimerstahl.com>; David A. Ettinger <dettinger@honigman.com>; William B. Berndt <wberndt@honigman.com>; Mark R. Mullins <rick.mullins@mcafeetaft.com>; John Thorne <jthorne@kellogghansen.com>; Joseph S. Hall <jhall@kellogghansen.com>; Julius P. Taranto <jtaranto@kellogghansen.com>; Derek Reinbold <dreinbold@kellogghansen.com>; David E. Mills <dmills@cooley.com>; M. Howard Morse <hmorse@cooley.com>; Deepti Bansal <dbansal@cooley.com>; James A. Morsch <jim.morsch@saul.com>; Eliot Adelson <eadelson@mofo.com>; Margaret Webb <mwebb@mofo.com>; Sarah Farley <sfarley@mofo.com>; Gerald Meyer <gmeyer@mololamken.com>; Mazda K. Antia <mantia@cooley.com>; Beatriz Mejia <mejiab@cooley.com>; David Burns <dburns@cooley.com>; Parker Erkmann <perkmann@cooley.com>; Peter Silverman <psilverman@fslegal.com>; Ross Bricker <rbricker@jenner.com>; Andrew Merrick <amerrick@jenner.com>; Shaun Van Horn <svanhorn@jenner.com>; Jay Simmons <jsimmons@jenner.com>; Huiyi Chen <hchen@jenner.com>; Philip.Giordano@hugheshubbard.com; william.kolasky@hugheshubbard.com; Brian M. Hogan <bhogan@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>
**Cc:** TVAds <TVAds@hausfeld.com>; William G. Caldes <BCaldes@srkattorneys.com>; Rachel E. Kopp <RKopp@srkattorneys.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak

<rwozniak@fklmlaw.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Lesley Weaver <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>
**Subject:** In re Local TV Advertising Antitrust Litigation - Unstructured Data Time Period Negotiations

Counsel,

We've received Raycom's and Meredith's counter proposal on time period for unstructured data, which is January 1, 2013 to September 16, 2018. While other defendants are standing on their last proposal, most defendants have not provided their response to Plaintiffs' March 12 proposal on unstructured data time periods. Nonetheless, we are mindful of the Court's March 26, 2021 deadline, and in a further good-faith effort to resolve this matter, Plaintiffs propose that **all defendants** produce unstructured data for the period from January 1, 2013 to April 18, 2019.

Thanks and enjoy your weekend,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

# EXHIBIT B

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

Writer's Direct Contact
+1 (415) 268.7243
EAdelson@mofo.com

August 27, 2021

**VIA E-MAIL**

Gary Smith, Jr.
gsmith@hausfeld.com
325 Chestnut Street, Suite 900
Philadelphia, PA 19106

Re: *In re: Local TV Advertising Antitrust Litigation*, United States District Court Northern District Illinois Case No. 1:18-CV-6785

Dear Gary,

On behalf of Nexstar Media Group, Inc. ("Nexstar"), Tribune Broadcasting Company, LLC and Tribune Media Company ("Tribune"), and Dreamcatcher Broadcasting LLC ("Dreamcatcher"), we have sent by secure file transfer a production of documents in response to Plaintiffs' First Set of Requests for Production, and pursuant to Nexstar, Tribune and Dreamcatcher's Responses and Objections to Plaintiffs' First Set of Requests for Production served on January 11, 2021.

The custodian documents have been Bates stamped as NexstarTVAds-008853324 - NexstarTVAds-009838340, volume Nexstar014.

We are also producing the structured data files, Bates stamped NexstarTVAds-D-0000000001 - NexstarTVAds-D-0000014371, volume NexstarTVAds-D-001.

The documents are designated as Confidential and Confidential − Attorneys' Eyes Only under the Confidentiality Order (ECF No. 194).

Nexstar's document production is substantially complete.

Sincerely,

Eliot A. Adelson

CC: via e-mail
Megan E. Jones (mjones@hausfeld.com)
Hilary K. Scherrer (hscherrer@hausfeld.com)
Tamara Freilich (tfreilich@hausfeld.com)
Farhad Mirzadeh (fmirzadeh@hausfeld.com)
Meegan F. Hollywood (mhollywood@robinskaplan.com)
Matthew J. Geyer (mgeyer@robinskaplan.com)
Kimberly A. Justice (kjustice@fklmlaw.com)
Robert J. Wozniak (rwozniak@fklmlaw.com)
Steven A. Kanner (skanner@fklmlaw.com)
Brian M. Hogan (bhogan@fklmlaw.com)
Bonnie Lau
Mary Kaiser
Joseph C. Folio III
Margaret Webb

# EXHIBIT C

**From:** Nathaniel C. Giddings <ngiddings@hausfeld.com>
**Sent:** Friday, September 24, 2021 8:23 PM
**To:** Lau, Bonnie
**Cc:** Megan E. Jones; Hilary K. Scherrer; Farhad Mirzadeh; Adelson, Eliot A.; Webb, Margaret A.; Smith, Robin A.
**Subject:** TV Ads: Nexstar/Tribune Wildcards

**External Email**

---

Bonnie,

Plaintiffs' 19 remaining wildcard selections are below.

1) Bill Evans (Syracuse, Nexstar)
2) Bob Marra (New York, NY, Tribune)
3) Christopher Leister (Charleston, WV, Nexstar)
4) Diane Kniowski (Corporate, Nexstar)
5) Greg Easterly (Corporate, Tribune)
6) Joe Meredith (Oklahoma City, Nexstar)
7) Jonathan Villarreul (Corporate, Nexstar)
8) Larry Wert (Corporate, Tribune)
9) Mark Martin (Oklahoma City, Tribune)
10) Mike Smith (Green Bay, Nexstar)
11) Pam Keyser-Baker (Greenville, SC, Nexstar)
12) Paul Rennie (Chicago, Tribune)
13) Richard Doutre Jones (Salt Lake City, Nexstar)
14) Richard Hammond (Philadelphia, Tribune)
15) Scott Heath (San Diego, Tribune)
16) Sean Compton (Corporate, Nexstar)
17) Teresa Rix (Corporate, Tribune)
18) Tim Livolsi (Johnston, PA, Nexstar)
19) Tom Carter (Corporate, Nexstar)

Please confirm that you will run the parties' agreed search terms and produce responsive, non-privileged documents for these individuals.

Regards,
Nathaniel

**NATHANIEL C. GIDDINGS**
Partner
ngiddings@hausfeld.com
+1 202-540-7214 direct

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

# EXHIBIT D

**From:** Folio III, Joseph Charles
**To:** Nathaniel C. Giddings; Lau, Bonnie; Adelson, Eliot A.; Tabatabai, Fara; Mullins, Richard; External-LocalTVAds-JDG@cooley.com; Kolasky, William; Giordano, Philip; Millay, Kristin; Mills, Carl; Feldman, Rachel Simon
**Cc:** Megan E. Jones; Hilary K. Scherrer; Farhad Mirzadeh; Jane Shin; Annabelle Emuze; Meegan F. Hollywood; Kimberly A. Justice; Robert J. Wozniak; Weaver, Lesley; Anne Davis; Nathan Cihlar; Joshua Callister
**Subject:** RE: TV Ads: Deposition Dates
**Date:** Monday, October 31, 2022 2:41:09 PM
**Attachments:** image001.png
image002.png
image003.png

---

Nathaniel,

At the conclusion of our October 17 meet and confer about Plaintiffs' request to depose Bill Anderson, you promised to provide us with an explanation of what relevant information you expect to get from Mr. Anderson and case law supporting your position that the parties should abrogate their agreement to limit discovery to the DMAs listed in Plaintiffs' complaint. Instead, like your emails after other recent meet and confer calls, you have misconstrued our call, misstated our position, and wrongly suggested that we agreed to provide you with any additional information.

As we explained during our call, Mr. Anderson worked in a DMA (Albuquerque, NM) that Plaintiffs have not identified as relevant in Appendix A of the Third Amended Complaint, or in any of the three prior versions of their complaint. We also noted that Plaintiffs did not choose Mr. Anderson as one of Nexstar's 173 documents custodians despite having wildcard custodians and ample opportunity to do so. For these reasons, at this point in the litigation, deposing Mr. Anderson would violate our agreement to limit discovery to the DMAs listed in Appendix A and is not likely to lead to information that the parties have agreed is relevant to this case. Having corrected Megan three times during our call about Nexstar's position on this issue, we can only assume that your claim that Nexstar's "position [is] that Mr. Anderson should not be deposed because he is not a custodian" is an attempt to intentionally misrepresent our position, and is not well taken.

As we also explained on our call, discovery is not boundless. Nexstar's position is grounded in Rule 26, which limits discovery to relevant information that is proportional to the needs of the case and Plaintiffs' allegations, the importance of the discovery, and whether the burden and expense outweighs its likely benefit. Additionally, Plaintiffs' request contradicts the parties' agreement on the scope of discovery, which limits discovery to the DMAs listed in Appendix A of Plaintiffs' complaint, and has been in place for almost two years. Courts regularly uphold limits on discovery based on Rule 26 considerations, and this court in the *Broiler Chicken* litigation required the parties to adhere to their agreed-upon limits for discovery.

Nexstar remains willing to reconsider its position if Plaintiffs are able to provide information showing why a deposition of Mr. Anderson would be appropriate. The only example you have provided—an email referenced in one paragraph of the complaint that appears on its face to be a joke—is not sufficient. That is why we requested, and you agreed to provide, additional information. Your assertion that "other documents produced in the case *suggest* that [he] received competitor pacing information, including for DMAs implicated in the [complaint]," is vague and unhelpful. Absent Plaintiffs providing further information, Nexstar maintains its position that the deposition of Mr. Anderson is not appropriate in this matter.

Joe

**JOSEPH C. FOLIO III**
Of Counsel | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1578 | **M:** +1 (202) 751-9730
mofo.com | LinkedIn | Twitter

---

**From:** Nathaniel C. Giddings <ngiddings@hausfeld.com>
**Sent:** Friday, October 28, 2022 3:37 PM
**To:** Lau, Bonnie <BLau@mofo.com>; Adelson, Eliot A. <EAdelson@mofo.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Mullins, Richard <Richard.Mullins@mcafeetaft.com>; External-LocalTVAds-JDG@cooley.com; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; Millay, Kristin <kristin.millay@hugheshubbard.com>; Mills, Carl <carl.mills@hugheshubbard.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Feldman, Rachel Simon <RFeldman@mofo.com>
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; Jane Shin <jshin@hausfeld.com>; Annabelle Emuze <aemuze@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Weaver, Lesley <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Nathan Cihlar <ncihlar@boiesbattin.com>; Joshua Callister <jcallister@boiesbattin.com>
**Subject:** RE: TV Ads: Deposition Dates

**External Email**

---

Bonnie,

During our meet and confer, we explained that Bill Anderson was an appropriate deponent in light of the allegations in the TAC, namely, his statement that “if the DOJ ever really does go through my emails looking for collusion, I think we are safe because they won’t understand what the hell we’re talking about.” TAC at Para. 143 (NexstarTVAds-000351979). In addition to Mr. Anderson’s admission that he engaged in the anticompetitive conduct at issue in this case, other documents produced in the case suggest that Mr. Anderson received competitor pacing information, including for DMAs implicated in the TAC.

We asked Nexstar to send any authority to support its position that Mr. Anderson should not be deposed because he is not a custodian in the case. Nexstar hasn’t provided any such authority.

Please provide any authority you believe supports your refusal to make Mr. Anderson available for a deposition by no later than next Friday, November 4 so that we may further evaluate your position. To the extent we do not hear from you, we will understand that no such authority exists, the parties are at an impasse, and we will proceed accordingly.

Regards,
Nathaniel

**NATHANIEL C. GIDDINGS**
Partner
ngiddings@hausfeld.com
+1 202-540-7214 direct

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Nathaniel C. Giddings <ngiddings@hausfeld.com>
**Sent:** Wednesday, October 12, 2022 8:08 PM
**To:** Lau, Bonnie <BLau@mofo.com>; Eliot Adelson <eadelson@mofo.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Mullins, Richard <Richard.Mullins@mcafeetaft.com>; External-LocalTVAds-JDG@cooley.com; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; Millay, Kristin <kristin.millay@hugheshubbard.com>; Mills, Carl <carl.mills@hugheshubbard.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Feldman, Rachel Simon <RFeldman@mofo.com>
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; Jane Shin <jshin@hausfeld.com>; Annabelle Emuze <aemuze@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Weaver, Lesley <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Nathan Cihlar <ncihlar@boiesbattin.com>; Joshua Callister <jcallister@boiesbattin.com>
**Subject:** RE: TV Ads: Deposition Dates

Bonnie,

We’re free at 1130am Eastern on Monday, 10/17. I’ll send an Outlook invitation momentarily.

Regards,
Nathaniel

**NATHANIEL C. GIDDINGS**
Partner
ngiddings@hausfeld.com
+1 202-540-7214 direct

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Lau, Bonnie <BLau@mofo.com>
**Sent:** Wednesday, October 12, 2022 7:12 PM
**To:** Nathaniel C. Giddings <ngiddings@hausfeld.com>; Eliot Adelson <EAdelson@mofo.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Mullins, Richard <Richard.Mullins@mcafeetaft.com>; External-LocalTVAds-JDG@cooley.com; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; Millay, Kristin <kristin.millay@hugheshubbard.com>; Mills, Carl <carl.mills@hugheshubbard.com>; Folio III, Joseph Charles <JFolio@mofo.com>; Feldman, Rachel Simon <RFeldman@mofo.com>
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; Jane Shin <jshin@hausfeld.com>; Annabelle Emuze <aemuze@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Weaver, Lesley <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Nathan Cihlar <ncihlar@boiesbattin.com>; Joshua Callister <jcallister@boiesbattin.com>
**Subject:** RE: TV Ads: Deposition Dates

Nathaniel, we are available to meet and confer regarding plaintiffs' request to depose Bill Anderson on Monday October 17 at either 8am-9am or 11:30am-12pm PT.

---

**From:** Nathaniel C. Giddings <ngiddings@hausfeld.com>
**Sent:** Tuesday, October 11, 2022 5:35 AM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Mullins, Richard <Richard.Mullins@mcafeetaft.com>; External-LocalTVAds-JDG@cooley.com; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; Millay, Kristin <kristin.millay@hugheshubbard.com>; Mills, Carl <carl.mills@hugheshubbard.com>
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; Jane Shin <jshin@hausfeld.com>; Annabelle Emuze <aemuze@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Weaver, Lesley <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Nathan Cihlar <ncihlar@boiesbattin.com>; Joshua Callister <jcallister@boiesbattin.com>
**Subject:** RE: TV Ads: Deposition Dates

**External Email**

---

**[External]**

---

Eliot,

Thanks for sending these proposed dates and locations, which we are considering.

Please provide some days and times you're available to meet and confer regarding Mr. Anderson's deposition.

Regards,
Nathaniel

**NATHANIEL C. GIDDINGS**
Partner
ngiddings@hausfeld.com
+1 202-540-7214 direct

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Monday, October 10, 2022 5:37 PM
**To:** Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Mullins, Richard <Richard.Mullins@mcafeetaft.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; External-LocalTVAds-JDG@cooley.com; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; Millay, Kristin <kristin.millay@hugheshubbard.com>; Mills, Carl <carl.mills@hugheshubbard.com>
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; Jane Shin <jshin@hausfeld.com>; Annabelle Emuze <aemuze@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Weaver, Lesley <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Nathan Cihlar <ncihlar@boiesbattin.com>; Joshua Callister <jcallister@boiesbattin.com>
**Subject:** RE: TV Ads: Deposition Dates

Nathaniel,

These witnesses are available on the following dates:

| Individual | Date | Location |
|---|---|---|
| Arika Zink | October 25 | Morgantown, WV |
| Leigh White | November 2 | Sacramento, CA |
| Kurt Krueger | November 9 | St. Louis, MO |
| Sue Cosgrove | November 16 | Mobile, AL |
| Mark Martin | November 30 | Oklahoma City, OK |
| Tim Busch | December 7 | Dallas, TX |

As noted in Fara Tabatabai's October 5 email, Nexstar objects to Plaintiffs' request to depose Bill Anderson, the general manager at KQRE in Albuquerque. Because Albuquerque is not listed in Appendix A to the Third Amended Complaint, Mr. Anderson's deposition testimony is outside the agreed-upon discovery limits in this case.

We are working on the remaining witnesses.

Best,

Eliot

**ELIOT A. ADELSON**
Partner
eadelson@mofo.com
T +1 (415) 268-7243
M +1 (925) 324-4449

---

**From:** Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>
**Sent:** Friday, October 7, 2022 2:25 PM
**To:** Mullins, Richard <Richard.Mullins@mcafeetaft.com>; Adelson, Eliot A. <EAdelson@mofo.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; External-LocalTVAds-JDG@cooley.com; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; Millay, Kristin <kristin.millay@hugheshubbard.com>; Mills, Carl <carl.mills@hugheshubbard.com>
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; Jane Shin <jshin@hausfeld.com>; Annabelle Emuze <aemuze@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Weaver, Lesley

<lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Nathan Cihlar <ncihlar@boiesbattin.com>; Joshua Callister <jcallister@boiesbattin.com>
**Subject:** RE: TV Ads: Deposition Dates

**External Email**

---

Nathaniel,

We provide below dates for another seven of the requested Sinclair witnesses. Please confirm that these dates work for Plaintiffs.

| Witness | Location | Proposed Date |
|---|---|---|
| Jon Lawhead | Cincinnati, OH | November 11 |
| Fred Corbus | Kalamazoo, MI | November 15 |
| Maria Stalter | Wilkes-Barr, PA | November 16 |
| Shannon Eaker | Salt Lake City, UT | November 17 |
| Teansie Garfield | Dallas, TX | November 18 |
| Stefan Schellhas | Cincinnati, OH | November 22 |
| John Seabers | San Antonio, TX | November 30 |

We are still waiting to hear from you regarding whether we are confirmed for Rich Cook's deposition in Pittsburgh on October 19. Given that October 19 is less than two weeks away, we would appreciate you confirming that deposition as soon as possible.

Fara

**Fara Tabatabai** | Partner

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza, 17th floor | New York | NY 10004-1482
Office +1 (212) 837-6296 | Cell +1 (347) 803-9532 | Fax +1 (212) 299-6296
fara.tabatabai@hugheshubbard.com | bio

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

---

**From:** Tabatabai, Fara
**Sent:** Monday, October 3, 2022 7:04 PM
**To:** Mullins, Richard <Richard.Mullins@mcafeetaft.com>; Adelson, Eliot A. <EAdelson@mofo.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; External-LocalTVAds-JDG@cooley.com; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip

<Philip.Giordano@hugheshubbard.com>; Millay, Kristin <kristin.millay@hugheshubbard.com>; Mills, Carl <carl.mills@hugheshubbard.com>
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; Jane Shin <jshin@hausfeld.com>; Annabelle Emuze <aemuze@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Weaver, Lesley <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Nathan Cihlar <ncihlar@boiesbattin.com>; Joshua Callister <jcallister@boiesbattin.com>
**Subject:** RE: TV Ads: Deposition Dates

Nathaniel,

Rich Cook is available for deposition in Pittsburgh on October 19. Please confirm that date works for Plaintiffs.

Steve Pruett is currently the Executive Chairman of Cox Media Group. We spoke with Cox's counsel, Jennifer Giordano at Latham & Watkins, and she asked that Plaintiffs reach out to her directly regarding Mr. Pruett's deposition.

We are working on dates for the other Sinclair witnesses and will revert as soon as we can.

Fara

---

**From:** Mullins, Richard <Richard.Mullins@mcafeetaft.com>
**Sent:** Monday, October 3, 2022 6:52 PM
**To:** Adelson, Eliot A. <EAdelson@mofo.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; External-LocalTVAds-JDG@cooley.com; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Millay, Kristin <kristin.millay@hugheshubbard.com>; Mills, Carl <carl.mills@hugheshubbard.com>
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; Jane Shin <jshin@hausfeld.com>; Annabelle Emuze <aemuze@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Weaver, Lesley <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Nathan Cihlar <ncihlar@boiesbattin.com>; Joshua Callister <jcallister@boiesbattin.com>
**Subject:** RE: TV Ads: Deposition Dates

**CAUTION: This email was sent by someone outside of the Firm.**

Nathaniel—

Griffin is working on dates/locations for the Griffin witnesses. We will have more information for

you soon.

Thanks,

Rick

---

**From:** Adelson, Eliot A. <EAdelson@mofo.com>
**Sent:** Monday, October 3, 2022 5:22 PM
**To:** Nathaniel C. Giddings <ngiddings@hausfeld.com>; External-LocalTVAds-JDG@cooley.com; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Millay, Kristin <kristin.millay@hugheshubbard.com>; Mills, Carl <carl.mills@hugheshubbard.com>
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; Jane Shin <jshin@hausfeld.com>; Annabelle Emuze <aemuze@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Weaver, Lesley <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Nathan Cihlar <ncihlar@boiesbattin.com>; Joshua Callister <jcallister@boiesbattin.com>
**Subject:** RE: TV Ads: Deposition Dates

**[External]**

---

Hi Nathaniel,

Sue Cosgrove is available in Mobile on November 16.  We will respond soon regarding the rest.

Best,

Eliot

**ELIOT A. ADELSON**
Partner
eadelson@mofo.com
T  +1 (415) 268-7243
M +1 (925) 324-4449

---

**From:** Nathaniel C. Giddings <ngiddings@hausfeld.com>
**Sent:** Monday, September 26, 2022 1:53 PM
**To:** External-LocalTVAds-JDG@cooley.com; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Millay, Kristin

<kristin.millay@hugheshubbard.com>; Mills, Carl <carl.mills@hugheshubbard.com>
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Farhad Mirzadeh <fmirzadeh@hausfeld.com>; Jane Shin <jshin@hausfeld.com>; Annabelle Emuze <aemuze@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Weaver, Lesley <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Nathan Cihlar <ncihlar@boiesbattin.com>; Joshua Callister <jcallister@boiesbattin.com>
**Subject:** TV Ads: Deposition Dates

**External Email**

---

**[External]**

---

Counsel,

Given the uncertainty of the schedule extension, by COB next Monday, October 3, please propose a location and (a) date(s) in the indicated month for the deposition of each of the individuals identified below. Plaintiffs reserve the right to withdraw their intention to call any of these individuals for a deposition. Plaintiffs also reserve the right to keep these depositions open and/or to reschedule them for any reason, including but not limited to (a) any production of any document(s) that any Defendant is currently withholding (in whole or in part) as privileged (or lack of resolution); (b) any production of any document(s) by any Defendant responsive to any of Plaintiffs discovery requests (or lack thereof); and/or (c) any revision to any Defendant's response to any of Plaintiffs' interrogatories. We again ask Defendants to reconsider their opposition to the schedule extension, which would permit the parties to resolve discovery issues before proceeding to depositions.

Regards,
Nathaniel Giddings

| # | Individual | Defendant | Month Requested |
|---|---|---|---|
| 1 | Frierson, Kenneth | Meredith | October |
| 2 | Strickler, Michael | Meredith | October |
| 3 | Krueger, Kurt | Nexstar | October |
| 4 | Zink, Arika | Nexstar | October |
| 5 | Akers, Maureen | Raycom | October |
| 6 | Brunnhuber, Joe | Raycom | October |
| 7 | Gunn, Peter | Scripps | October |
| 8 | Martinez, Josh | Scripps | October |
| 9 | Cook, Richard | Sinclair | October |
| 10 | Eaker, Shannon | Sinclair | October |
| 11 | Keel, Todd | Sinclair | October |
| 12 | McNamara, Timothy | TEGNA | October |
| 13 | Berndt, Sean | Griffin | November |
| 14 | Criss, Derek | Griffin | November |
| 15 | Jordan, Shawn | Griffin | November |
| 16 | Woolbright, Chad | Griffin | November |

| | | | |
|---|---|---|---|
| 17 | Handwerger, Mark | Meredith | November |
| 18 | James, Kevin | Meredith | November |
| 19 | Rosenthal, Seth | Meredith | November |
| 20 | Rostovsky, Izzy | Meredith | November |
| 21 | Anderson, Bill | Nexstar | November |
| 22 | Cosgrove, Sue | Nexstar | November |
| 23 | Martin, Mark | Nexstar | November |
| 24 | White, Leigh | Nexstar | November |
| 25 | Dant, Kern | Raycom | November |
| 26 | Morley, Renee | Raycom | November |
| 27 | Selvaggi, Ken | Raycom | November |
| 28 | Dziedzic, Lynn | Scripps | November |
| 29 | Lombardo, Dave | Scripps | November |
| 30 | Corbus, Frederick | Sinclair | November |
| 31 | Lawhead, Jon | Sinclair | November |
| 32 | Schellhas, Stefan | Sinclair | November |
| 33 | Seabers, John | Sinclair | November |
| 34 | Stalter, Maria | Sinclair | November |
| 35 | Ditmer, Dean | TEGNA | November |
| 36 | Stringer, John | TEGNA | November |
| 37 | Deaver, Wade | Griffin | December |
| 38 | Griffin, David | Griffin | December |
| 39 | Krier, Rob | Griffin | December |
| 40 | Karpowicz, Paul | Meredith | December |
| 41 | Lacy, Steve | Meredith | December |
| 42 | Lowe, Doug | Meredith | December |
| 43 | Betasso, Angela | Nexstar | December |
| 44 | Busch, Tim | Nexstar | December |
| 45 | Golden, Patricia | Nexstar | December |
| 46 | Sally, Bill | Nexstar | December |
| 47 | Wert, Larry | Nexstar | December |
| 48 | Freedman, Wayne | Raycom | December |
| 49 | LaPlatney, Pat | Raycom | December |
| 50 | Rosser, Jeff | Raycom | December |
| 51 | Combs, Jason | Scripps | December |
| 52 | Evenson, Missy | Scripps | December |
| 53 | Lawlor, Brian | Scripps | December |
| 54 | O'Brien, Michael | Scripps | December |
| 55 | Knutson, Lisa | Scrips | December |
| 56 | Ellis, Ann | Sinclair | December |
| 57 | Garfield, Teansie | Sinclair | December |
| 58 | Marks, Steve | Sinclair | December |
| 59 | Pruett, Steve | Sinclair | December |
| 60 | Siegel, Gregg | Sinclair | December |
| 61 | Beall, Lynn | TEGNA | December |

| | | | |
|---|---|---|---|
| 62 | Daigle, Jessica | TEGNA | December |
| 63 | Lougee, Dave | TEGNA | December |
| 64 | Lyons, Dan | TEGNA | December |
| 65 | Trelstad, Paul | TEGNA | December |

**NATHANIEL C. GIDDINGS**
Partner
ngiddings@hausfeld.com
+1 202-540-7214 direct

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by

reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

==================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

# EXHIBIT E

**From:** Tabatabai, Fara
**To:** Jane Shin; Kaiser, Mary; Adelson, Eliot A.; Lau, Bonnie; Webb, Margaret A.; Cross, David D.; Gregory J. Commins; Lee Simowitz; "jtouhy@bakerlaw.com"; "mkutcher@cooley.com"; David E. Mills; Deepti Bansal; Mazda K. Antia; Beatriz Mejia; Nguyen, Matt K; "agalicki@cooley.com"; Parker Erkmann; David A. Ettinger; Mark R. Mullins; Gerald Meyer; Kolasky, William; Giordano, Philip; "gscandaglia@scandagliaryan.com"; Ross Bricker; Andrew Merrick; Shaun Van Horn; "jward@jenner.com"; Huiyi Chen; Smith, Robin A.; Farley, Sarah; External-LocalTVAds-JDG@cooley.com
**Cc:** Megan E. Jones; Hilary K. Scherrer; Nathaniel C. Giddings; TVAds; Meegan F. Hollywood; Matthew J. Geyer; Kimberly A. Justice; "mfreed@fklmlaw.com"; Robert J. Wozniak; Steven A. Kanner; Lesley Weaver; Anne Davis; Sandy Gonzalez
**Subject:** RE: In re Local TV Ads Antitrust Litig., No. 18-C-6785 (N.D. Ill.) - Plaintiffs" Notice of Videotaped Deposition of J. Lapiana
**Date:** Wednesday, October 5, 2022 4:52:14 PM
**Attachments:** image001.png

---

**External Email**

---

**[External]**

---

Jane,

Thanks for your response. Given the number of counsel who will be attending Mr. Lapiana's deposition remotely, requiring each counsel to separately write down the Bates number of each exhibit and then pull up that exhibit in a document database would be inefficient and will lead to delays in counsel having the exhibits before them. Given that Plaintiffs are already using Veritext, Defendants propose that all depositions be streamed over Veritext Virtual and that all parties publish exhibits using Veritext's Exhibit Share platform. This procedure will benefit all parties and ensure that counsel attending remotely are able to fully participate in each deposition. Please let us know your position as soon as possible.

Separately, Plaintiffs asked to depose Bill Anderson, the former general manager of KQRE in Albuquerque, NM. Albuquerque is not a DMA listed in Appendix A to the Third Amended Complaint, and Mr. Anderson is not a document custodian. Consistent with Defendants' position on other discovery requests for information outside of the Appendix A DMAs, Nexstar objects to producing Mr. Anderson for deposition because his testimony would not be relevant to any Appendix A DMA and is outside the agreed-upon limits on discovery. Nexstar is available to meet-and-confer on this issue if it would be helpful to do so.

Fara

**Fara Tabatabai** | Partner

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza, 17th floor | New York | NY 10004-1482
Office +1 (212) 837-6296 | Cell +1 (347) 803-9532 | Fax +1 (212) 299-6296
fara.tabatabai@hugheshubbard.com | bio

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required

please request a hard-copy version.

---

**From:** Jane Shin <jshin@hausfeld.com>
**Sent:** Monday, October 3, 2022 6:46 PM
**To:** Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; Kaiser, Mary <MKaiser@mofo.com>; Eliot Adelson <eadelson@mofo.com>; Lau, Bonnie <BLau@mofo.com>; Margaret Webb <mwebb@mofo.com>; Cross, David D. <DCross@mofo.com>; Gregory J. Commins <gcommins@bakerlaw.com>; Lee Simowitz <lsimowitz@bakerlaw.com>; 'jtouhy@bakerlaw.com' <jtouhy@bakerlaw.com>; 'mkutcher@cooley.com' <mkutcher@cooley.com>; David E. Mills <dmills@cooley.com>; Deepti Bansal <dbansal@cooley.com>; Mazda K. Antia <mantia@cooley.com>; Beatriz Mejia <mejiab@cooley.com>; Nguyen, Matt K <mnguyen@cooley.com>; 'agalicki@cooley.com' <agalicki@cooley.com>; Parker Erkmann <perkmann@cooley.com>; David A. Ettinger <dettinger@honigman.com>; Mark R. Mullins <rick.mullins@mcafeetaft.com>; Gerald Meyer <gmeyer@mololamken.com>; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; 'gscandaglia@scandagliaryan.com' <gscandaglia@scandagliaryan.com>; Ross Bricker <rbricker@jenner.com>; Andrew Merrick <amerrick@jenner.com>; Shaun Van Horn <svanhorn@jenner.com>; 'jward@jenner.com' <jward@jenner.com>; Huiyi Chen <hchen@jenner.com>; Smith, Robin A. <RSmith@mofo.com>; Sarah Farley <sfarley@mofo.com>; External-LocalTVAds-JDG@cooley.com
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; 'mfreed@fklmlaw.com' <mfreed@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Lesley Weaver <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Sandy Gonzalez <sgonzalez@bfalaw.com>
**Subject:** RE: In re Local TV Ads Antitrust Litig., No. 18-C-6785 (N.D. Ill.) - Plaintiffs' Notice of Videotaped Deposition of J. Lapiana

**CAUTION: This email was sent by someone outside of the Firm.**

Hi Fara,

Thanks for your email. If the remote attendee(s) for Defendants can email tvads@veritext.com, the Veritext team will provide the conference call line and real-time text feed information on the day before the deposition.

At the Lapiana deposition, Plaintiffs will be using hard copy exhibits and stating the Bates number for each exhibit on the record so counsel may view such documents electronically in their document review software.

Best regards,
Jane

**JANE SHIN**
Associate
jshin@hausfeld.com
+1 202 849 4762 direct

HAUSFELD

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>
**Sent:** Monday, October 3, 2022 6:24 PM
**To:** Jane Shin <jshin@hausfeld.com>; Kaiser, Mary <MKaiser@mofo.com>; Eliot Adelson <eadelson@mofo.com>; Lau, Bonnie <BLau@mofo.com>; Margaret Webb <mwebb@mofo.com>; Cross, David D. <DCross@mofo.com>; Gregory J. Commins <gcommins@bakerlaw.com>; Lee Simowitz <lsimowitz@bakerlaw.com>; 'jtouhy@bakerlaw.com' <jtouhy@bakerlaw.com>; 'mkutcher@cooley.com' <mkutcher@cooley.com>; David E. Mills <dmills@cooley.com>; Deepti Bansal <dbansal@cooley.com>; Mazda K. Antia <mantia@cooley.com>; Beatriz Mejia <mejiab@cooley.com>; Nguyen, Matt K <mnguyen@cooley.com>; 'agalicki@cooley.com' <agalicki@cooley.com>; Parker Erkmann <perkmann@cooley.com>; David A. Ettinger <dettinger@honigman.com>; Mark R. Mullins <rick.mullins@mcafeetaft.com>; Gerald Meyer <gmeyer@mololamken.com>; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; 'gscandaglia@scandagliaryan.com' <gscandaglia@scandagliaryan.com>; Ross Bricker <rbricker@jenner.com>; Andrew Merrick <amerrick@jenner.com>; Shaun Van Horn <svanhorn@jenner.com>; 'jward@jenner.com' <jward@jenner.com>; Huiyi Chen <hchen@jenner.com>; Smith, Robin A. <RSmith@mofo.com>; Sarah Farley <sfarley@mofo.com>; External-LocalTVAds-JDG@cooley.com
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; 'mfreed@fklmlaw.com' <mfreed@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Subject:** RE: In re Local TV Ads Antitrust Litig., No. 18-C-6785 (N.D. Ill.) - Plaintiffs' Notice of Videotaped Deposition of J. Lapiana

Jane,

Following up on the below, could you please provide conference call and real-time text feed information for the Lapiana deposition scheduled for Friday or let us know when you expect to provide such information?

Can you also please let us know how Plaintiffs intend to introduce exhibits at the deposition so that counsel attending remotely can follow along?

Fara

**Fara Tabatabai** | Partner

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza, 17th floor | New York | NY 10004-1482
Office +1 (212) 837-6296 | Cell **+1 (347) 803-9532** | Fax **+1 (212) 299-6296**
fara.tabatabai@hugheshubbard.com | bio

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

---

**From:** Tabatabai, Fara
**Sent:** Monday, September 26, 2022 4:15 PM
**To:** Jane Shin <jshin@hausfeld.com>; Kaiser, Mary <MKaiser@mofo.com>; Eliot Adelson <eadelson@mofo.com>; Lau, Bonnie <BLau@mofo.com>; Margaret Webb <mwebb@mofo.com>; Cross, David D. <DCross@mofo.com>; Gregory J. Commins <gcommins@bakerlaw.com>; Lee Simowitz <lsimowitz@bakerlaw.com>; 'jtouhy@bakerlaw.com' <jtouhy@bakerlaw.com>; 'mkutcher@cooley.com' <mkutcher@cooley.com>; David E. Mills <dmills@cooley.com>; Deepti Bansal <dbansal@cooley.com>; Mazda K. Antia <mantia@cooley.com>; Beatriz Mejia <mejiab@cooley.com>; Nguyen, Matt K <mnguyen@cooley.com>; 'agalicki@cooley.com' <agalicki@cooley.com>; Parker Erkmann <perkmann@cooley.com>; David A. Ettinger <dettinger@honigman.com>; Mark R. Mullins <rick.mullins@mcafeetaft.com>; Gerald Meyer <gmeyer@mololamken.com>; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; 'gscandaglia@scandagliaryan.com' <gscandaglia@scandagliaryan.com>; Ross Bricker <rbricker@jenner.com>; Andrew Merrick <amerrick@jenner.com>; Shaun Van Horn <svanhorn@jenner.com>; 'jward@jenner.com' <jward@jenner.com>; Huiyi Chen <hchen@jenner.com>; Smith, Robin A. <RSmith@mofo.com>; Sarah Farley <sfarley@mofo.com>; External-LocalTVAds-JDG@cooley.com
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; 'mfreed@fklmlaw.com' <mfreed@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Subject:** RE: In re Local TV Ads Antitrust Litig., No. 18-C-6785 (N.D. Ill.) - Plaintiffs' Notice of

Videotaped Deposition of J. Lapiana

Jane,

Pursuant to section IV.B.1 of the Deposition Protocol, could you please provide information regarding the conference call line and real-time text feed for the Lapiana deposition so that counsel for the other parties may attend remotely?

In addition, could you please let us know how Plaintiffs intend to introduce exhibits at the Lapiana deposition so that counsel attending remotely can follow along?

Thanks,
Fara

---

**From:** Jane Shin <jshin@hausfeld.com>
**Sent:** Friday, September 16, 2022 2:19 PM
**To:** Kaiser, Mary <MKaiser@mofo.com>; Eliot Adelson <eadelson@mofo.com>; Lau, Bonnie <BLau@mofo.com>; Margaret Webb <mwebb@mofo.com>; Cross, David D. <DCross@mofo.com>; Gregory J. Commins <gcommins@bakerlaw.com>; Lee Simowitz <lsimowitz@bakerlaw.com>; 'jtouhy@bakerlaw.com' <jtouhy@bakerlaw.com>; 'mkutcher@cooley.com' <mkutcher@cooley.com>; David E. Mills <dmills@cooley.com>; Deepti Bansal <dbansal@cooley.com>; Mazda K. Antia <mantia@cooley.com>; Beatriz Mejia <mejiab@cooley.com>; Nguyen, Matt K <mnguyen@cooley.com>; 'agalicki@cooley.com' <agalicki@cooley.com>; Parker Erkmann <perkmann@cooley.com>; David A. Ettinger <dettinger@honigman.com>; Mark R. Mullins <rick.mullins@mcafeetaft.com>; Gerald Meyer <gmeyer@mololamken.com>; Kolasky, William <william.kolasky@hugheshubbard.com>; Giordano, Philip <Philip.Giordano@hugheshubbard.com>; Tabatabai, Fara <fara.tabatabai@hugheshubbard.com>; 'gscandaglia@scandagliaryan.com' <gscandaglia@scandagliaryan.com>; Ross Bricker <rbricker@jenner.com>; Andrew Merrick <amerrick@jenner.com>; Shaun Van Horn <svanhorn@jenner.com>; 'jward@jenner.com' <jward@jenner.com>; Huiyi Chen <hchen@jenner.com>; Smith, Robin A. <RSmith@mofo.com>; Sarah Farley <sfarley@mofo.com>; External-LocalTVAds-JDG@cooley.com
**Cc:** Megan E. Jones <mjones@hausfeld.com>; Hilary K. Scherrer <hscherrer@hausfeld.com>; Nathaniel C. Giddings <ngiddings@hausfeld.com>; TVAds <TVAds@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Matthew J. Geyer <mgeyer@robinskaplan.com>; Kimberly A. Justice <kjustice@fklmlaw.com>; 'mfreed@fklmlaw.com' <mfreed@fklmlaw.com>; Robert J. Wozniak <rwozniak@fklmlaw.com>; Steven A. Kanner <skanner@fklmlaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Subject:** In re Local TV Ads Antitrust Litig., No. 18-C-6785 (N.D. Ill.) - Plaintiffs' Notice of Videotaped Deposition of J. Lapiana

**CAUTION: This email was sent by someone outside of the Firm.**

Counsel,

Attached please find Plaintiffs' Notice of Videotaped Deposition of Jim Lapiana.

Thanks,
Jane

**JANE SHIN**

Associate
jshin@hausfeld.com
+1 202-849-4762 direct

HAUSFELD

888 16th Street, N.W.
Suite 300
Washington, DC 20006

+1 202 540 7200

hausfeld.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.