IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION**<br>*This document applies to all actions.* | MDL No. 2867<br>No. 18 CV 6785<br>Honorable Virginia M. Kendall<br>**FILED UNDER SEAL** |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO GRIFFIN'S POST-HEARING BRIEF IN OPPOSITION TO PLAINTIFFS' DISCOVERY MOTION NO. 20 FOR SPOLIATION SANCTIONS**

Plaintiffs submit this response to Griffin Communications LLC's Post-Hearing Brief (ECF No. 1025, the "Brief," cited as "Br.") in Opposition to Plaintiffs' Discovery Motion No. 20 for Spoliation Sanctions.

Because Griffin's Brief rehashes arguments fully addressed in the parties' three earlier-filed briefs and at oral argument, it adds nothing to the record. In addition, Griffin's new argument that it is a "small company operating only in Oklahoma," Br. at 5, is both false and irrelevant. On the contrary, Griffin is a [redacted]. This is hardly a business that must stretch to afford legal counsel or an independent forensic examination of its wrongdoing. Regardless, size is no defense to spoliation.

Finally, Griffin's revelation that former COO Rob Krier—who admitted deleting communications on his iPhone until January of 2023—is "retiring" at the end of the year does not cure prejudice to Plaintiffs. Rather, it suggests that Griffin has made Mr. Krier a scapegoat while the company and its owner fail to take responsibility for its now-admitted, systemic spoliation of evidence in this case, which persisted until earlier this year.

Griffin's Brief fails to offer any cognizable reason to excuse its systemic failure to preserve relevant evidence. Plaintiffs' Discovery Motion No. 20 (ECF No. 960, the "Motion") should be granted.

## ARGUMENT

At the July 21, 2023 status conference, this Court heard lengthy argument on Plaintiffs' Motion, which seeks sanctions for Griffin's admitted spoliation of a large number of documents reflecting top company officials' exchanges of competitively-sensitive information. The hearing followed extensive briefing on the issues.

After the hearing, Griffin convened a meet-and-confer with Plaintiffs, asking to submit an additional brief. Because Griffin could identify no new law or facts to re-open the briefing, Plaintiffs did not consent.[1] And although Griffin claims its Brief is necessary to respond to "new" arguments supposedly raised by Plaintiffs at the hearing or in Plaintiffs' Reply, that Brief identifies not a single argument made by Plaintiffs that falls into this category – ***not one***.

Most of Griffin's filing is simply an exercise in repetition. For example, Griffin argues that it was free to destroy evidence, because the DOJ's September 11, 2017 litigation hold notice did not apply to Griffin's Tulsa station, but this is hardly new and has already been squarely rebutted by Plaintiffs. *See* ECF No. 969 at 5, 12 n.8 (Griffin's Opposition), and ECF No 960 at 3-4 & n.5; ECF No. 973 at 8 n.9 (Plaintiffs' Motion and Reply). Similarly, Griffin contends that Plaintiffs had access to Mr. Krier's (deleted) text messages, ignoring the testimony of Plaintiffs' eDiscovery expert, Tom Matzen, that the only source for iMessages sent and received from an iPhone is the

[1] Griffin did not mention Mr. Krier's retirement on that call.

iPhone itself. Matzen Decl., ECF No. 960-3 at ¶ 24 n.10. Other examples abound.[2]

However, with no explanation for failing to raise these issues earlier, Griffin makes ***two new claims***, about its size and "sophisticat[ion]" Br. at 5, and the last-minute revelation that Mr. Krier's employment is to end. Br.at 5 n.3. The first claim is false, and the second claim supports the sanctions Plaintiffs seek.

In terms of Griffin's size, its president and principal owner, David Griffin, testified at his deposition that the company's Oklahoma stations were valued at [redacted] in 2014, which he expected to grow to a [redacted] value by 2019. *See* Decl. of Nathaniel C. Giddings, Ex. 1 at 36:1-20, 40:4-13; Ex. 2 at 101. The stations generated operating cash flow – the excess of revenue over expense – of at least [redacted] in 2016. *See id.*, Ex. 1 at 48:15-49:13, 51:15-23. [redacted] *See id.*, Ex. 1 at 55:9-56:24, 59:3-25, 61:4-62:22.

In short, Griffin's claims of poverty and lack of sophistication are preposterous. And they are even more preposterous in light of the fact that Plaintiffs' eDiscovery expert, Mr. Matzen, expressly couched his conclusions in terms of "companies of Griffin's size," ECF No. 960-3 at 6, ¶ 25 & n.11, taking full account of the company's expected level of sophistication. Moreover, there is no battle of the experts here: Mr. Matzen's findings are ***unrebutted***; Griffin is unable to present any expert testimony defending its actions and policies.

[2] *See*, *e.g.*, Br. at 2 (minimizing the role of Mr. Krier in IT matters – already raised, Opposition at 6-7; and rebutted, Reply at 3 n.2); Br. at 3-4 (claiming that Griffin employees could not "pick and choose" which documents to keep or delete – already raised, Opposition at 2; and rebutted, Reply at 4 n.3).

Finally, Griffin attempts to avert meaningful sanctions by disclosing—after the hearing and in a footnote—that one of the architects of its destruction of evidence, Mr. Krier, "will be retiring before the end of this year" in "light of the mistakes made." Br. at 5 n.3.[3] In the first place, this disclosure flatly contradicts Griffin's ***other*** defense made just last week (and in this week's Brief), that Mr. Krier did not oversee Griffin's litigation hold, *see* July 21, 2023 Hr'g Tr. at 44; that he "does not have 'direct responsibility' for IT" at the company, Br. at 2; and that "[h]is duties with respect to IT were limited." *Id.*

But more importantly, Griffin's decision to part ways with Mr. Krier is evidence of the company's culpability for its Vice President and former COO's actions and shows the company's consciousness of guilt for its wide-ranging destruction of evidence. Griffin should not be able to use Mr. Krier's employment status as a shield to protect the company and its owner, David Griffin, from the consequences of Griffin's corporate actions. And Griffin's late disclosure of this information, apparently intended as a defense, has foreclosed Plaintiffs' ability to obtain discovery about ***why*** he is "retiring." Griffin asks the Court to accept an untested, one-way inference, again playing for sympathy, rather than addressing the applicable legal standards.

At the same time, discharging Mr. Krier does nothing to cure the prejudice to Plaintiffs from Griffin's actions. Forcing Mr. Krier to "retire" will not bring back the documents or data, take the place of retaining and using an independent forensic expert to get to the bottom of this mess, or compensate Plaintiffs for the enormous costs incurred by Griffin's wrongful conduct – let alone substitute for an adverse inference against Griffin for its actions. That is why nothing in Rule 37, or the caselaw defining this Court's inherent authority, lists "firing an employee" or

[3] It is galling to Plaintiffs, at least, that Griffin still refuses to accept responsibility, referring only to "the mistakes made" and its hope that "mistakes will not be made in the future." Br. at 5 n.3; *see also* July 21, 2023 Hr'g Tr. at 63 (Griffin's counsel stating that "Mistakes that were made were innocent.").

"identifying a scapegoat" as an appropriate remedy for the spoliation of evidence.

## CONCLUSION

For all of the foregoing reasons, this Court should grant Plaintiffs' Motion. Even today, Griffin and its owner refuse to accept any responsibility for the real harm they have caused Plaintiffs by destroying relevant evidence, ***up and through January of 2023***. Plaintiffs believe that stern sanctions are necessary, and that an adverse inference against Griffin is plainly justified by these facts. If, however, this Court believes that additional evidence is necessary for such a sanction, it has the legal authority to appoint an independent forensic examiner for that purpose, and it can and should do so.

Dated: July 28, 2023

Respectfully submitted,

*/s/ Megan E. Jones*

Megan E. Jones*
**HAUSFELD LLP**
600 Montgomery St. #3200
San Francisco, CA 94111
(415) 633-1908
(415) 358-4980
mjones@hausfeld.com

*Lead Counsel*

Robert J. Wozniak
Steven A. Kanner
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
skanner@fklmlaw.com
rwozniak@fklmlaw.com

*Liaison Counsel*

Cyril V. Smith*
**ZUCKERMAN SPAEDER LLP**
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
csmith@zuckerman.com

Joshua T. Mathew*
Antoinette Pick-Jones*
**ZUCKERMAN SPAEDER LLP**
485 Madison Ave
New York, NY 10022
Tel: (212) 704-9600
jmathew@zuckerman.com
apick-jones@zuckerman.com
*Additional Counsel for Plaintiffs and the Proposed Class*

Michael D. Hausfeld*
Hilary K. Scherrer*
Nathaniel C. Giddings
Farhad Mirzadeh*
In Kyung "Jane" Shin*
888 16th Street NW, Suite 300
Washington, DC 20006
(202) 540-7200
mhausfeld@hausfeld.com
hscherrer@hausfeld.com
ngiddings@hausfeld.com
fmirzadeh@hausfeld.com
jshin@hausfeld.com

Gary I. Smith, Jr.*
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 985-3270
Fax: (215) 985-3271
gsmith@hausfeld.com

*Lead Counsel*

Meegan Hollywood*
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite
3600 New York, NY
10022
Tel: (212) 980-740
Fax: (212) 980-7499
mhollywood@robinskaplan.com

Kimberly A. Justice
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6487
Fax: (224) 632-4521
kjustice@fklmlaw.com

*Plaintiffs' Steering Committee*

*Admitted *Pro Hac Vice*.

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, Plaintiffs' Memorandum in Opposition to Griffin's Post-Hearing Brief in Opposition to Plaintiffs' Discovery Motion No. 20 for Spoliation Sanctions was filed under seal via the Court's CM/ECF system and served on counsel of record via electronic mail.

/*s/ Megan E. Jones*

Megan E. Jones*
**HAUSFELD LLP**
600 Montgomery St. #3200
San Francisco, CA 94111
(415) 633-1908
(415) 358-4980
mjones@hausfeld.com