**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION**<br><br>*This document applies to all actions.* | Master Docket No. 18-06785<br><br>MDL No. 2867<br><br>Honorable Virginia M. Kendall |

**FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE SETTLEMENTS WITH DEFENDANTS CBS, FOX, THE COX ENTITIES, AND SHAREBUILDERS**

THIS CAUSE came before the Court on Plaintiffs Motion for Final Approval of the Settlements ("Motion") with Defendants (1) CBS Settlement with CBS Corp. (p/k/a Viacom CBS Inc. and n/k/a Paramount Global) (the "CBS Settlement"); (2) Fox Corp. (the "Fox Settlement"); (3) Cox Media Group, LLC, Cox Enterprises, Inc., CMG Media Corporation (f/k/a Terrier Media Buyer, Inc. and d/b/a Cox Media Group), and Cox Reps, Inc. (the "Cox Entities Settlement"); and (4) ShareBuilders, Inc. (the "ShareBuilders Settlement").[1] This Court, having reviewed the Motion and the reply brief in further support of the Motion, the accompanying memoranda and declarations, the proposed Settlement Agreements, and the file, and after holding a Fairness Hearing on Plaintiffs' Motion on December 7, 2023 (*see* ECF No. 1083), hereby **ORDERS AND ADJUDGES** as follows:

1. Terms used in this Order that are defined in the Settlement Agreements are, unless

---

[1] The CBS Settlement, the Fox Settlement, the Cox Entities Settlement, and the ShareBuilders Settlements are referred to collectively herein as the Settlements or the Settlement Agreements. The term "Settling Defendants" as used herein refers to (1) CBS Corp. n/k/a Paramount Global ("CBS"); (2) Fox Corp. ("Fox"); (3) Cox Media Group, LLC ("CMG LLC"), Cox Enterprises, Inc. ("CEI"), CMG Media Corporation (f/k/a Terrier Media Buyer, Inc. and d/b/a Cox Media Group) ("CMG"), and Cox Reps, Inc. ("CoxReps") (CoxReps, CMG LLC, CEI, and CMG are collectively referred to herein as the "Cox Entities"); and (4) ShareBuilders, Inc. ("ShareBuilders").

1

otherwise defined herein, used in this Order as defined in the Settlement Agreements.

2. This Order incorporates and makes a part hereof (a) the Settlement Agreements and (b) the Notice Program, including the Email Notice, Postcard Notice, Print Notice, Digital Notice, Long Form Notice and the Claim Form, which were each approved by the Court in its Order Appointing Settlement Administrator, Approving Settlement Notice Program, and Compelling Production of Customer Contact Information (the "Notice Order," ECF No. 994).

3. The Court has jurisdiction over this Action and each of the parties to the Settlement Agreements and all members of the Settlement Classes (defined in ¶ 8, *infra*).

4. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

**Certification of the Settlement Classes.**

5. The Court affirms its finding that the Settlement Classes meet the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) for settlement purposes. *See* Am. Order Granting Preliminary Approval of Settlements with Defs. CBS, Fox, The Cox Entities, and ShareBuilders, ¶ 4 (ECF No. 1037).

6. As to the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, the Court expressly finds that (a) the Settlement Classes certified herein number in the thousands of entities, and joinder of all such entities would be impracticable; (b) there are questions of law and fact common to members of the Settlement Classes; (c) Plaintiffs' claims are typical of the claims of the Settlement Classes they seek to represent for purposes of settlement; and (d) Plaintiffs will fairly and adequately protect the interests of the Settlement Classes and have retained counsel experienced in antitrust class action litigation who have and will continue to, adequately represent the Settlement Classes. *Id.* ¶ 5.

7. As to the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court expressly finds that the questions of law and fact common to the respective Settlement Classes predominate over any questions affecting any individual member of the Settlement Classes, and that a class action on behalf of the Settlement Classes is superior to other available means of adjudicating this dispute. *Id.* ¶ 6.

8. The Court affirms its certification of the four respective Settlement Classes (the "CBS Settlement Class," the "Fox Settlement Class," the "Cox Entities Settlement Class," and the "ShareBuilders Settlement Class"), for settlement purposes only, each defined as follows:

> All persons and entities in the United States who purchased broadcast television spot advertising directly from one or more Broadcaster Defendants in a designated market area ("DMA") within which two or more of the Broadcaster Defendants sold broadcast television spot advertisements on broadcast television stations, including anyone who directly paid one or more Defendants for all or a portion of the cost of such broadcast television spot advertisements from January 1, 2014 to and including December 31, 2018 (the "Settlement Class Period"). For the sake of clarity, the DMAs within which two or more of the Broadcaster Defendants sold broadcast television spot advertisements on broadcast television stations are set forth in Appendix A to the consolidated Third Amended Antitrust Class Action Complaint dated March 16, 2022.
>
> Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries, affiliates, officers, directors, employees, assigns, successors, agents, or co-conspirators; the court, court staff, defense counsel, all respective immediate family members of these excluded entities, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

*Id.* ¶ 7.

9. The certification of these Settlement Classes is for settlement purposes only and would not be a factor in any later consideration of class certification in the litigation context.

10. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court affirms its appointment of Megan E. Jones of Hausfeld LLP as Settlement Class Counsel for each of the Settlement Classes. *Id.* ¶ 8. The Court also affirms its appointment of Plaintiffs One Source

Heating & Cooling, LLC, ThoughtWorx, Inc. d/b/a MCM Services Group, Hunt Adkins, Inc., and Fish Furniture as class representatives on behalf of the Settlement Classes. *Id.* ¶ 9.

**Final Approval of the Notice Program.**

11. The Court finds that the Notice Program: (a) was implemented in accordance with the Court-approved Notice Program; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of (i) the pendency of the Action; (ii) the effect of the Settlement Agreements (including the Releases to be provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreements, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Classes; (vi) the right to appear at the Fairness Hearing; and (vii) the fact that the Class Representatives may receive service awards; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreements; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

**Final Approval of the Settlement Agreements.**

12. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby finally approves the Settlement Agreements in all respects (including, without limitation, the Settlement Amounts, the releases, and the dismissal with prejudice of the claims asserted against the Settling Defendants in this action) and finds that the Settlement Agreements are, in all respects, fair, reasonable, and adequate to the Settlement Classes. In reaching this conclusion, the Court considered the factors set forth in *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). The Court

directs consummation of the Settlement Agreements according to their terms and conditions.

13.  Moreover, the Court concludes as follows: (a) the Settlement Agreements were fairly and honestly negotiated by counsel with significant experience litigating class actions and is the result of vigorous arm's-length negotiations undertaken in good faith; (b) this Action involves contested issues of law and fact, such that the value of an immediate monetary recovery, in conjunction with the value of the cooperation stated in the Settlement Agreements, outweigh the mere possibility of future relief after protracted and expensive litigation; (c) this is a partial settlement of the Action in a multi-defendant antitrust case, meaning that if Plaintiffs' claims are proven at trial, non-settling defendants will remain liable for all class damages under principles of joint and several liability, subject to any applicable rules of set off, and, as such, the Settlement Agreements provide a guaranteed cash recovery and other benefits to the Settlement Classes without substantially diminishing the value of the case going forward; (d) success in antitrust cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; (e) the Court agrees with Class Counsel's judgment that the Settlement Agreement is fair and reasonable for the reasons stated in the record on file; and (f) no objections to the Settlement Agreements have been filed.[2]

**Final Approval of the Plan of Allocation.**

14.  Upon review of the record, the Court finds that the proposed plan to allocate the Net Settlement Fund to Settlement Class Members *pro rata* based on each Settlement Class members' qualifying purchases of broadcast advertising spots has a reasonable and rational basis, is fair and adequate, and therefore warrants approval.

---

[2] The positive reaction of the class supports granting final approval of the Settlements. The reaction of the class has been extraordinarily positive, as no objections to the Settlement have been filed. "Such a low percentage of opposition favors a finding that the settlement is fair, reasonable, and adequate under Rule 23." *In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 792 (N.D. Ill. 2015).

**Dismissal of the Action and Release of Claims.**

15. Except as to any claim of those Persons (identified in **Exhibit A** attached hereto) who have validly and timely requested exclusion from one or more Settlement Classes ("Opt-Outs"), the Court hereby dismisses with prejudice all claims in the Action against the Settling Defendants, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreements.

16. Except as to the Opt-Outs, all Releasors and Releasees shall be bound by this Order and by the respective Settlement Agreements.

17. The Opt-Outs identified in Exhibit A are excluded from the Settlement Class pursuant to properly made requests, are not bound by the Settlement Agreements, or this Final Order and Judgment, and may not make any claim or receive any benefit from the Settlement Agreement, whether monetary or otherwise. However, nothing in this Order shall be construed as a determination by this Court that any person or entity satisfies the criteria for membership in the Settlement Classes merely because they validly and timely requested exclusion from one or more Settlement Classes.

18. Upon the Effective Date, each of the Releasors: (a) shall be deemed to have, and by operation of this Order, shall have fully, finally, and forever waived, released, relinquished, and discharged (i) all Released Claims against the Releasees, regardless of whether such Releasor executes and delivers a proof of claim and release form, and (ii) any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws; (b) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Releasees; and (c) agrees and covenants not to sue any of the Releasees on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any

Releasees related in any way to any Released Claims.

19. This Order shall not affect, in any way, the right of Plaintiffs, Settlement Class Members, or Releasors to pursue claims, if any, outside the scope of the Released Claims.

20. All rights of Plaintiffs, Settlement Class Members, and Releasors against non-settling defendants or any Persons other than the Releasees with respect to any of the Released Claims are specifically reserved by Plaintiffs, Settlement Class Members, and Releasors. The commerce from the Settling Defendants' sales of broadcast television spot advertising within the Class Period shall remain in the case as a potential basis for joint and several liability damages claims against non-settling defendants, or any other Persons other than the Releasees.

21. Upon entry of this Order, the Settling Defendants shall release Plaintiffs, Settlement Class Members, and Settlement Class Counsel from any claims relating to the institution, prosecution, or settlement of the pending Action.

**Other Provisions.**

22. Without affecting the finality of this Order in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) administration and implementation of the Settlement Agreements and any award or distribution of the Settlement Funds; (b) hearing and determining applications by Settlement Class Counsel for attorneys' fees, reimbursement of costs and expenses, and service awards; (c) all parties to the Settlement Agreements for the purpose of construing, enforcing, and administering the Settlements.

23. The Settlement Agreements, whether or not they shall become final, and any and all negotiations, documents, and discussions associated with them, shall not be deemed or construed to be an admission or evidence of (i) a violation of any statute or law or of any liability or wrongdoing whatsoever by the Settlement Defendants or any Releasees, or of (ii) the truth or

the merits of any of the claims or allegations contained in the Complaint or any other pleading filed in the Action, and shall not be used against the Settling Defendants or the other Releasees, and evidence thereof shall not be discoverable or used in any way, whether in the Action or in any other action or proceeding against the Settling Defendants or the Releasees. Nothing in this paragraph shall prevent Plaintiffs from using information produced pursuant to the cooperation provisions of the Settlement Agreements against non-settling Defendants as set forth in the Settlement Agreements.

24. Settlement Class Counsel is authorized and directed to prepare or have prepared any tax returns and any other tax reporting form for or in respect of the Settlement Funds, to pay from the Settlement Funds any taxes owed with respect to the Settlement Funds, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreements.

25. Settlement Class Counsel is authorized to pay invoices for settlement notice and administration costs in an amount not to exceed $800,000, to be paid on a *pro rata* basis from the respective Settlement Funds, without further order of the Court. Settlement Class Counsel shall seek Court approval for any settlement notice and administration costs that exceed $800,000.

26. A separate order shall be entered regarding Plaintiffs' Motion for Interim Payment of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards (ECF No. 1080). Such an order shall in no way disturb or affect this Order and shall not affect or delay the Effective Date of the Settlement Agreements.

27. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreements. Accordingly, the

8

Clerk is hereby directed to enter this Final Judgment forthwith.

**IT IS SO ORDERED** on this 7th day of December, 2023.

Hon. Virginia M. Kendall
UNITED STATES DISTRICT JUDGE