IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION<br><br>*This document applies to all actions.* | Master Docket No. 18-06785<br><br>MDL No. 2867<br><br>Honorable Virginia M. Kendall |

**ORDER GRANTING PLAINTIFFS' MOTION FOR INTERIM PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**

THIS CAUSE came before the Court on Plaintiffs' Motion for Interim Payment of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards, filed September 26, 2023 (the "Motion"). The Court, having reviewed the Motion, the accompanying declaration, and exhibits, hereby **ORDERS** as follows:

The Motion is hereby by **GRANTED**.

1. Subject to this Court's approval, Plaintiffs, on behalf of the Settlement Classes,[1] have agreed to resolve and release claims against Defendants CBS Corp. n/k/a ViacomCBS Inc. ("CBS"); Fox Corp. ("Fox"); Cox Media Group, LLC ("CMG LLC"), Cox Enterprises, Inc. ("CEI"), CMG Media Corporation (f/k/a Terrier Media Buyer, Inc. and d/b/a Cox Media Group) ("CMG"), and Cox Reps, Inc. (an indirect, wholly owned subsidiary of CMG) ("CoxReps") (CoxReps, CMG LLC, CEI, and CMG are collectively referred to herein as "Cox"); and ShareBuilders, Inc. ("ShareBuilders") (collectively "Settling Defendants") in exchange for cash payments totaling $48,000,000 (the "Settlement Amounts") as well as provide valuable

---

[1] Unless otherwise stated, capitalized defined terms used herein have the same meanings ascribed in the Settlement Agreements. *See* ECF No. 982, Ex. 1-4.

1

cooperation in the ongoing litigation.

2. The Court has preliminarily approved Plaintiffs' settlements with Settling Defendants in the total amount of $48 million. *See* ECF No. 991.

3. As compensation for their efforts and as the record fully supports, Lead Counsel firm, Hausfeld LLP, the two Plaintiffs' Steering Committee firms, Robins Kaplan LLP and Freed Kanner London & Millen LLC, as well as the other firms representing Plaintiffs and the class that have assisted with the prosecution of this litigation (collectively, "Class Counsel") seek a fee award of $16,000,000 plus a *pro rata* share of the interest earned by the Settlement Amounts, representing 33.33% (one-third) of the combined Settlement Amounts. Plaintiffs' Motion also seeks an award of $6 million in common litigation expenses and interim service awards in the amount of $5,000 for each of the four named Class Representatives[2], totaling $20,000.

4. Class Counsel aptly demonstrated that despite the serious risk of nonpayment, Class Counsel performed well and achieved an excellent result for the Settling Classes.

5. Substantial authority supports Class Counsel's request for a $16 million award in fees. *See Gaskill v. Gordon* ("*Gaskill II*"), 160 F.3d 361, 362 (7th Cir. 1998) (collecting cases) ("When a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund, in recognition of the fact that most suits for damages in this country are handled on the plaintiffs' side on a contingent-fee basis."); *In re Dairy Farmers*, 80 F. Supp. 3d at 862 (awarding one-third of the $46 million common fund); *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) ("A customary contingency fee would range from 33% 1/3 to 40% of the amount recovered."); *Silverman v. Motorola Sols.*,

---

[2] "Class Representatives" refer to Thoughtworx, Inc. D/B/A MCM Services Group ("Thoughtworx"), One Source Heating & Cooling, LLC ("One Source"), Hunt Adkins, Inc. ("Hunt Adkins"), and Fish Furniture.

Inc., 739 F.3d 956, 958 (7th Cir. 2013) ("The greater the risk of walking away empty-handed, the higher the award must be to attract competent and energetic counsel.") (citing Kirchoff v. Flynn, 786 F.2d 320 (7th Cir. 1986)).

6. Substantial authority also supports the use of funds obtained in partial settlements for the reimbursement or payment to Class Counsel of expenses incurred in the case. See Mills v. Elec. Auto-Lite Co., 396 U.S. 375, 392 (1970) (recognizing the right to reimbursement of litigation expenses where a common fund has been produced or preserved for the benefit of the class); In re Synthroid Mktg. Litig., 264 F.3d 712, 722 (7th Cir. 2001) (recognizing a right to reimbursement of reasonable litigation expenses at market rates); In re Dairy Farmers of Am., Inc., 80 F. Supp. 3d 838, 853 (N.D. Ill. 2015) (recognizing the right to reimbursement of expenses from a common fund that has been produced or preserved for the benefit of a class in an antitrust case); Fed. R. Civ. P. 23(h).

7. Class Counsel's request for a $5,000 interim service award for the four Class Representatives is also supported by substantial authority. See Williams v. Rohm & Haas Pension Plan ("Rohm & Haas I"), 2010 WL 4723725, at *2 (S.D. Ind. Nov. 12, 2010), aff'd, 658 F.3d 629 (7th Cir. 2011) ("Because a named plaintiff plays a significant role in a class action, [a service] award is appropriate as a means of inducing that individual to participate in the expanded litigation on behalf of himself and others."); Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998); In re Potash Antitrust Litig., No. 1:08-cv-06910 (N.D. Ill. June 12, 2013), ECF No. 589.

8. Plaintiffs' request for an award of $16 million plus a *pro rata* share of accrued interest, which is 33.33% of the settlement fund, for attorneys' fees, $6 million in common litigation expenses, and $5,000 service award for each of the four named Class Representatives is hereby **GRANTED**.

9. Lead Counsel has the sole authority to allocate fees and expenses in accordance with this Order.

Dated: _Dec. 7_, 2023

So ordered.

_____
Hon. Virginia M. Kendall
United States District Judge