**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION**<br><br>*This document applies to all actions.* | Master Docket No. 18-06785<br><br>MDL No. 2867<br><br>The Honorable Judge Virginia M. Kendall |

**PLAINTIFFS' RESPONSE TO DEFENDANT NEXSTAR MEDIA GROUP, INC.'S OBJECTION TO THE SPECIAL MASTER'S REPORT & RECOMMENDATION NO. 2**

Plaintiffs submit this response to Defendant Nexstar Media Group, Inc.'s ("Nexstar") Objection to the Special Master's Report & Recommendation No. 2 (ECF No. 1120; the "Objection"). For the reasons set forth below, Plaintiffs respectfully request this Court reject Nexstar's arguments and affirm, in full, the Special Master's Report & Recommendation No. 2 (ECF No. 1114; "R&R No. 2"), which found that "Nexstar improperly withheld approximately ***95%*** of the antitrust and business compliance documents that Plaintiffs challenged in their Motions to Compel No. 5 (ECF 688) and No. 9 (ECF 727)." *Id*. at 2 (emphasis added).

## I. STATEMENT OF FACTS

On July 28, 2023, the Special Master's Report and Recommendation No. 1 (ECF No. 1030; "R&R No. 1") recommended that "***100%***" of the antitrust compliance documents Nexstar withheld to be produced to Plaintiffs. *Id*. at 6 (emphasis added).

On January 16, 2024, this Court "***accepted in full***" R&R No. 1. ECF No. 1100 at 1; ("R&R No. 1 Order") (emphasis added).

No party appealed this Court's R&R No. 1 Order.

On February 12, 2024, the Special Master instructed that Nexstar should "re-review its outstanding 360+ documents in light of RR1." ECF No. 1114; R&R No. 2 at 3. The Special Master

also advised that because "in reviewing those outstanding Nexstar documents" he found "significant overlap with the 124 antitrust documents addressed in RR1[,]" Nexstar should re-review its documents and identify any documents for which it is withdrawing its privilege claims. *Id.*

On February 13, 2024, Nexstar responded to the Special Master and stated that even after having re-reviewed the remaining documents, Nexstar affirmatively maintained its position that the remaining antitrust compliance documents to be submitted for the Special Master's *in camera* review "are protected from disclosure by the applicable privilege(s) indicated on Nexstar's privilege log, and Nexstar does not waive the privilege." ECF No. 1114; R&R No. 2 at 4. In the same written correspondence, Nexstar represented that an additional production of the parent emails of the withheld documents should be made to the Special Master for his review, because the previous materials submitted to the Special Master are not "sufficient to fully assess the privilege claims in this category." *Id.*

The parties met and conferred on Nexstar's request over the following weeks, and on March 4, 2024, Nexstar informed the Special Master that it intended to withdraw its privilege claims over some of the documents and submit the remaining antitrust compliance documents along with parent emails that are already on Nexstar's privilege log and challenged by Plaintiffs in a different category. ECF No. 1114; R&R No. 2 at 4.

On March 6, 2024, Nexstar submitted the antitrust compliance documents for the Special Master's *in camera* review. *Id.* at 5.

On April 16, 2024, R&R No. 2 was entered on the docket. ECF No. 1114.

## II. NEXSTAR CHOSE NOT TO RECONSIDER ITS PRIVILEGE CLAIMS IN LIGHT OF R&R NO. 1.

After R&R No. 1, and the Court's Order adopting it in full, the Special Master asked Nexstar to reconsider its remaining privilege claims over the purported unique antitrust policies and guidelines documents and withdraw those that were clearly at odds with his and the Court's rulings. *See* ECF No. 1114; R&R No. 2 at 3. Instead of following this directive, Nexstar maintained a significant number of its privilege claims, forcing the Special Master to needlessly review hundreds of privilege claims that the Special Master ultimately determined were "not close calls." *Id*. at 2 ("***The Special Master notes that these privilege findings and recommendations were not close calls.*** The Special Master had hoped that Nexstar, upon reading R&R No. 1 and the Court's Memorandum Opinion, would have conducted a more thorough self-review, resulting a more significant reduction in the number of documents remaining at issue.") (emphasis added). Indeed, the Special Master ultimately determined that 95% of Nexstar's privilege claims were unsubstantiated, and noted that Nexstar did not "conduct[] a more thorough self-review, resulting a more significant reduction in the number of documents remaining at issue." *Id*.

The R&R No. 2 documents Nexstar submitted for the Special Master's *in camera* review were similar antitrust compliance documents, upon which R&R No. 1 Order already ruled, yet Nexstar refused to follow the Special Master's instructions and to conduct a thorough and earnest self-review of its privilege claims. Nexstar's refusal has caused further discovery delay, needlessly wasted judicial resources, and increased cost of the Special Master.

R&R No. 1 expressly recommended production of 100% of Nexstar's withheld antitrust compliance documents, as Defendants "largely failed to carry their burdens to establish that the attorney-client privilege or work product doctrine applied to the documents they claimed were privileged." ECF No. 1030; R&R No. 1 at 5-6. In accepting R&R No. 1 in full, this Court also

noted Defendants' "inadequate shouldering of their burden[,]" addressed the confusion on when the privilege applies to lawyer's statements to clients, and found that the Special Master did not abuse his discretion. ECF No. 1100; R&R No. 1 Order at 3, 6, 7-10. As neither Nexstar nor the remaining Defendants appealed the R&R No. 1 Order, the findings therein are the law of the case. *See Creek v. Village of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998) ("The law of the case doctrine 'is a rule of practice, based on sound policy [and recites] that, when an issue is once litigated and decided, that should be the end of the matter.'") (quoting *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 532 (7th Cir. 1982)). Nexstar, thus, should have reconsidered its privilege claims in light of the R&R No. 1 Order, which would have allowed the dispute over antitrust compliance documents to "be resolved in one pass, . . . conserv[ing] judicial resources." *Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005). *Compare* ECF No. 1100, R&R No. 1 Order at 9 ("The thrust is whether the lawyer's statements reveal client confidences or reveal that legal advice was sought and obtained."), *with* ECF No. 1114; R&R No. 2 at 23 (finding "No Legal Advice Provided" where instructions by counsel "do not elevate [] statements to legal advice revealing confidential client communications").

Accordingly, Plaintiffs respectfully request that this Court adopt in full the Special Master's R&R No. 2, because the rulings therein are wholly consistent with the Court's privilege analysis in the R&R No. 1 Order.

## III. PLAINTIFFS SEEK TO INCORPORATE BY REFERENCE THE ARGUMENTS IN PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO R&R NO. 1.

Notwithstanding the preventable delay Nexstar caused, Plaintiffs acknowledge and agree that "R&R No. 2 expressly relies upon and incorporates the findings and conclusions of law in the Special Master's Report & Recommendation No. 1, . . . and the Court's January 16, 2024 Opinion and Order affirming R&R No. 1[.]" ECF No. 1120; Objection at 1. As such, Nexstar represents

that its "objections to R&R No. 2 are similarly encompassed by Defendants' Omnibus Objections to R&R No. 1, ECF No. 1052, and Defendants' Reply in Support of Their Omnibus Objections to R&R No. 1, ECF No. 1064." *Id.* at 2. Plaintiffs' response to Nexstar's Objections to R&R No. 2, therefore, will be largely similar to their response to Defendants' Omnibus Objections to R&R No. 1, ECF No. 1060. For this reason, and in order to preserve judicial resources and alleviate further burden on the Court, Plaintiffs respectfully seek leave to incorporate by reference the arguments in Plaintiffs' Response to Defendants' Omnibus Objections to R&R No. 1. *See id*. By this motion, Plaintiffs specifically reserve all rights to seek costs and other judicial relief at a later time in this process.

## IV. CONCLUSION

For reasons stated above and in Plaintiffs' Response to Defendants' Omnibus Objections to R&R No. 1 (ECF No. 1060), Plaintiffs respectfully request that the Court adopt R&R No. 2 in full.

Dated: May 7, 2024

Respectfully submitted,

*/s/ Robert J. Wozniak*
Robert J. Wozniak
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Tel: (224) 632-4500
rwozniak@fklmlaw.com

*Liaison Counsel*

Megan E. Jones*
**HAUSFELD LLP**
600 Montgomery St. #3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mjones@hausfeld.com

Hilary K. Scherrer*
Nathaniel C. Giddings
In Kyung "Jane" Shin*
Farhad Mirzadeh
**HAUSFELD LLP**
888 16th Street NW
4th Floor
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
hscherrer@hausfeld.com
ngiddings@hausfeld.com
jshin@hausfeld.com
fmirzadeh@hausfeld.com

*Lead Counsel*

Meegan Hollywood*
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas
New York, NY 10019
Tel: (212) 980-740
Fax: (212) 980-7499
mhollywood@robinskaplan.com

Kimberly A. Justice
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6487
Fax: (224) 632-4521
kjustice@fklmlaw.com

*Plaintiffs' Steering Committee*

*Admitted *pro hac vice*