IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION**<br><br>*This document applies to all actions.* | Master Docket No. 18-06785<br><br>MDL No. 2867<br><br>The Honorable Judge Virginia M. Kendall |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO GRIFFIN'S MOTION FOR LEAVE TO FILE UNDER PARTIAL SEAL [ECF NO. 1230]**

Plaintiffs respectfully oppose Griffin's motion for leave to file portions of Special Master Levie's Report & Recommendation No. 4 ("Levie R&R No. 4") under seal. Plaintiffs communicated to Griffin their view that Levie R&R No. 4 does not contain any confidential material to support a partial seal. *See* ECF No. 1230 at 2. The reason for Plaintiffs' opposition is simple. Griffin seeks to seal three portions of Levie R&R No. 4 referencing information contained in a document Griffin produced in discovery: a single email thread between CoxReps and Griffin in February 2018— the substance of which cannot meet the requirements of the designation as provided by the Confidentiality Order (ECF No. 194), and in any event, has already been publicly disclosed by Griffin.

**ARGUMENT**

"[T]he Seventh Circuit places a high burden on parties seeking to seal parts of the judicial record." *Gove v. Sargento Foods, Inc.*, 2023 WL 3953287, at *4 (E.D. Wis. June 11, 2023). As the Seventh Circuit explained, "Secrecy is fine at the discovery stage, before the material enters the judicial record[, b]ut those documents . . . that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002).

The Seventh Circuit's strong presumption against sealing applies to both judicial opinions and the pleadings underlying those opinions. *See id.* at 545-46; *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records."). As Judge Easterbrook explained:

> I can imagine, though only barely, a sealed opinion and order in cases involving issues of national security. Even so, the judge who enjoined publication of details of the hydrogen bomb's construction managed to explain his decision to the public. I have some difficulty appreciating how, if opinions in such grave matters belong in the public domain, opinions in commercial litigation may be sealed in their entirety. So I rejected the attempt to hide the district court's decision from public view.

*Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995).

This presumption against sealing also applies to reports and recommendations. *See*, *e.g.*, *CaramelCrisp LLC v. Putnam*, 2020 WL 4912986, at *1 (N.D. Ill. Aug. 11, 2020), *report and recommendation adopted sub nom. Caramel Crisp v. Putnam*, 2020 WL 10978626, *1 n.1 (N.D. Ill. Oct. 16, 2020) ("[T]he Court will not seal this Report and Recommendation, as the public has an interest in understanding 'why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper.'") (quoting *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014)); *PSG Energy Grp., LLC v. Krynski*, 2020 WL 4005043, at *2 n.1 (S.D. Ind. Jan. 29, 2020), *report and recommendation adopted as modified*, 2020 WL 2059944 (S.D. Ind. Apr. 29, 2020) ("Although this filing that the Court cites has been filed under seal, the Court does not believe any portion of the filing cited in this Report and Recommendation is necessary to maintain under seal. The Court has taken care to avoid directly referencing overly sensitive information in that sealed document.").

In general, only three narrow categories of information may be sealed in judicial opinions and pleadings underlying those opinions in civil litigation: "[T]rade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault) . . . ." *Baxter*, 297 F. 3d at 546 (citing cases). This being the case, neither general descriptions of documents nor material that is potentially embarrassing or incriminating are appropriately sealed. *See*, *e.g.*, *Next Payment Solutions, Inc. v. CLEAResult Consulting, Inc.*, 2019 WL 955354, at *23 n.14 (N.D. Ill. Feb 27, 2019) (finding that high-level, generalized description of software was improperly filed under seal given that it would not "reveal[] anything that would allow someone to reverse-engineer, copy, or misappropriate Plaintiff's confidential information") (citing *Baxter*, 297 F.3d at 547); *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020) (*per curiam*) (approvingly quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) for the proposition that "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Practically speaking, this requires that the party seeking to maintain material under seal to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F. 3d at 548. That is, "it is not enough that a party seeking the protection of an alleged trade secret simply states that a document contains a trade secret, as good cause does not permit stereotyped and conclusory statements. Rather, a party must attempt to winnow out properly confidential information in order to justify sealing and to show good cause." *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 588 (N.D. Ill. 2004) (internal quotations omitted). "When the party seeking confidentiality fails to meet its burdens, the court will unseal the contested material." *Id.*

Here, all of the proposed redactions concern communications contained in a single document (GRIFFIN-MDL 0009346) that Griffin produced in discovery in this litigation and is nothing more than a routine business communication. Thus, the document is governed by the Confidentiality Order entered by the Court in this case on February 15, 2019. *See* ECF No. 194. In relevant part, the Confidentiality Order provides that it "does not confer blanket protections," and that "the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles." *Id.*, ¶ 2. According to the Confidentiality Order, a document may be marked as CONFIDENTIAL – ATTORNEYS' EYES ONLY if it contains "competitively sensitive information such as non-public proposed or actual pricing or other contract or sales terms, sales and inventory data or strategic planning information, the disclosure of which information would, in the good faith opinion of the producing party, adversely affect the producing party's business, commercial or financial interests or be reasonably likely to cause competitive injury to the producing party." ECF No. 194 at ¶ 3.

Griffin failed to make any showing that a routine business communication between itself and CoxReps rises to the level of information that would cause competitive injury or adverse harm to Griffin. In fact, this routine business communication does not even meet the standard for a "CONFIDENTIAL" designation under the Confidentiality Order: "(a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a Party to the case." *Id.* In an apparent attempt to meet

the requirements of the Confidentiality Order, Griffin generally avers that sealing is justified because the material concerns "sensitive commercial communications that Griffin has maintained as confidential." ECF No. 1230 at 2. Yet, a hollow label cannot transform a routine business communication into a confidential one. This is especially true where the communications contained in the document, including specific parts quoted in Levie R&R 4, are already part of the public record in this case. *See, e.g.*, Griffin's Sur-Reply in Opposition to Plaintiffs' Motion Discovery No. 19, Dkt. No. 971-1 (Ex. 1) at 178:2-6 ("Q And you say, 'I spoke to Wade Deaver, VP sales and Rob Krier, VP and COO, about forward pacing information and they will be available by phone to clarify any processes, communications from the rep.'"); *id.* at 181:3-5 ("the reports we discussed that were in writing are historical i.e., 2017 information, and all forward pacing reports were verbal.").

## CONCLUSION

For the foregoing reasons, Griffin failed to carry its burden to support sealing any portion of Levie R&R. No. 4. Plaintiffs respectfully request that the Court deny Griffin's Motion for Leave to File Under Partial Seal.

Dated: September 30, 2025

Respectfully submitted,

/s/ *Robert J. Wozniak*
Robert J. Wozniak
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International Drive
Suite 128
Lincolnshire, IL 60069
(224) 632-4500
(224)632-4521
rwozniak@fklmlaw.com

***Liaison Counsel***

Megan E. Jones
**HAUSFELD LLP**
580 California Street, 12th Floor
San Francisco, CA 94111
(415) 633-1908
(415) 633-4980
mjones@hausfeld.com

Farhad Mirzadeh
Hilary K. Scherrer
Nathaniel C. Giddings
Jane I. Shin
Annabelle Emuze*
**HAUSFELD LLP**
1200 17th Street, N.W., Suite 600
Washington, DC 20036
(202) 540-7200
(202) 540-7201
fmirzadeh@hausfeld.com
hscherrer@hausfeld.com
ngiddings@hausfeld.com
jshin@hausfeld.com
aemuze@hausfeld.com

***Lead Counsel***

Meegan Hollywood
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, 19th Floor
New York, NY 10122
(646) 960-8601
(646 960-8625
meegan@scl-llp.com

Kimberly A. Justice
**FREED KANNER LONDON**
**& MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
(484) 243-4500
(224) 632-4521
kjustice@fklmlaw.com

***Plaintiffs' Steering Committee***