UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>LOCAL TV ADVERTISING ANTITRUST LITIGATION<br>*This Document Relates to All Actions* | MDL No. 2867<br>No. 18 C 6785<br><br>Honorable Virginia M. Kendall |

**GRIFFIN COMMUNICATIONS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SPECIAL MASTER LEVIE'S REPORT AND RECOMMENDATION NO. 4 UNDER PARTIAL SEAL**

Plaintiffs' opposition to Griffin's Motion to file Special Master Levie's Report and Recommendation No. 4 in part under seal, which is the only opposition Plaintiffs have ever filed to any motion to seal in this case, mischaracterizes the facts, misapplies the law, and defies common sense. Griffin's very limited request to redact less than four sentences of a thirteen-page opinion is not overreaching and ought to be permitted.[1]

First, Plaintiffs suggest, misleadingly, that the sentences which Griffin seeks to redact have "already been publicly disclosed by Griffin." *See* ECF 1235 at p. 1. In fact, as Plaintiffs' own hyperlinks reveal, what has been publicly disclosed are *other portions* of the same documents. But this says nothing about the propriety of redaction of the sentences which Griffin does address. Indeed, Plaintiffs' own cases make clear that an effort to seek complete redactions of documents is not favored and "a party must attempt to winnow out properly confidential information. . ." *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 588 (N.D. Ill. 2004). That is exactly what Griffin did.

[1] Plaintiffs initially took the position with Griffin that they would not oppose the filing under seal. *See* Exhibit 1 ("[W]e disagree that anything needs to be filed under seal but, for present purposes, will not take a position on the sealed filing but reserve all rights to challenge these redactions at a later time and/or in other contexts.") As explained below, Plaintiffs' about-face is completely unjustified.

Plaintiffs' argument effectively is that if any portion of a document can be referred to publicly, none of it should be redacted. That is contrary to the law and to basic common sense.

Second, Plaintiffs assert without any support that these are "routine commercial communications." But that also flies in the face of the facts. The context of Special Master Levie's Report and Recommendation, ECF 1233 at 2-4, makes clear that these communications are related to a letter to Griffin from the Department of Justice. Communications related to that subject cannot possibly be characterized as "routine."

Third, the other case law cited by Plaintiffs also does not support their position. *Baxter International, Inc. v. Abbott Laboratories* involved documents that the court found were "importa[nt] to the resolution of litigation." 297 F.3d 544, 546 (7th Cir. 2002). Here the issue is not redactions relating to trial or summary judgment. They concern a privilege issue, a collateral matter, which does not invoke the same level of concern about public disclosure.

*Baxter*, 297 F.3d at 545, *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995) and *CaramelCrisp LLC v. Putnam*, No. 19 C 1699, 2020 WL 4912986, at *1 n.1 (N.D. Ill. Aug. 11, 2020) (Exhibit 2) all involved an effort to redact an entire opinion or whole series of documents, not, as here, just a few sentences. In *CaramelCrisp*, the court did grant the motion to seal in part. 2020 WL 4912986, at *1 n.1. In *Pepsico*, the court issued an opinion which did not reveal the information the movant sought to keep confidential. 46 F.3d at 31.

Finally, *Mitze v. Saul* concerned potential embarrassment from the disclosure of medical records, certainly not the issue here. 968 F.3d 689, 692 (7th Cir. 2020).

The modest redactions sought here are entirely justified.

Dated: October 6, 2025

*<u>/s/ David A. Ettinger</u>*
**HONIGMAN LLP**

David A. Ettinger (admitted *pro hac vice)*
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7368
dettinger@honigman.com

**MCAFEE & TAFT**
Mark Richard Mullins (admitted *pro hac vice*)
211 N. Robinson Ave.
10th Floor
Two Leadership Square Oklahoma City, OK
73102
(405) 552-2263
rick.mullins@mcafeetaft.com
*Counsel for Defendant Griffin Communications, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/David A. Ettinger

David A. Ettinger (admitted *pro hac vice*)
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7368
dettinger@honigman.com



62345330.9