THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION | ) ) ) ) ) ) ) | MDL No. 2867<br>No. 18 C 6785<br><br>Chief Judge Virginia M. Kendall |

## ORDER

Pending before the Court are Special Master Wayne Andersen's Report and Recommendations ("R&R" or "Report") No. 6, No. 7, No. 8, and No. 9. Report No. 6, docketed October 23, 2025, recommends that the Court grant in part and deny in part Plaintiffs' Motion to Compel No. 15 regarding production of the Sinclair privilege log documents. (Dkt. 1265). Report No. 7, docketed October 30, 2025, recommends that the Court grant in part and deny in part Plaintiffs' Motion to Compel No. 14-A and deny Plaintiffs' Motion to Compel No. 24 regarding production of the TEGNA privilege log documents. (Dkt. 1269). Reports No. 8 & No. 9, respectively filed November 17 and 18, 2025, also address Plaintiffs' Motion to Compel No. 15 regarding the Sinclair privilege log documents and also recommend a grant in part and denial in part. (Dkts. 1294, 1296). Plaintiffs have objected to all four Reports. [1274, 1287, 1314 (consolidated and sealed)]. For the reasons below, the Court adopts in full Report No. 6 [1265], Report No. 7 [1269], Report No. 8 [1294], and Report No. 9 [1296].

The Court assumes familiarity with R&R No. 6, (Dkt. 1265), R&R No. 7 (Dkt. 1269), R&R No. 8 (Dkt. 1294), R&R No. 9 (Dkt. 1296) and the facts of this case, as set forth in prior rulings. *In re Local TV Advert. Antitrust Litig.*, 2024 WL 165207 (N.D. Ill. Jan. 16, 2024); *In re Local TV Advertising Antitrust Litig.*, 2022 WL 3716202 (N.D. Ill. Aug. 29, 2022). The parties agreed that the Court would review the Special Master's findings of fact for clear error, rulings on procedural matters for abuse of discretion, and findings of law de novo. (Dkt. 1186 at 6, 21); *see also Miller v. Chi. Transit. Auth.*, 20 F.4th 1148, 1153 (7th Cir. 2020); *Am. Nat. Bank & Tr. Co. of Chi.*, 406 F.3d, 867 878 (7th Cir. 2005). The Court has previously adopted Special Master Richard Levie's Report & Recommendations 1–3, overruling Defendants' Objections in those cases (pending forthcoming oral argument on a related Motion to Reconsider). (Dkt. 1100, 1171, 1253). The Court also adopted via written order Andersen Report and Recommendations No. 1–2 and 4, with slight modification to Griffin Report No. 4. (Dkt. 1279, 1316). The Court also adopted Report and Recommendations Nos. 3, 5, 10, and 12. The Objections raised to R&Rs Nos 11, 13, and 14 are pending in front of the Court.

### R&R No. 6: Sinclair

The Court turns first to R&R No. 6, in which the Special Master reviewed 1,287 Sinclair documents *in camera* under the same analysis he utilized in Andersen Report No. 1 and determined

that 1,035 were properly withheld as privileged while 252 were not. (Dkts. 1265, 1288 at 1). Plaintiffs claim that it was clear error to identify 181 of these documents as privileged on three grounds: 1) that 171 documents were not subject to the common interest exception; 2) that four documents did not establish attorney-client privilege regarding attorney Deborah Garza; and 3), that 13 documents improperly involved distribution lists that did not clear the bar for privilege. (Dkt. 1274 at 2, 4, 8 (sealed)). The Court assumes that Plaintiffs object to some documents on multiple grounds, given that Plaintiffs themselves assert a total of 181 challenged documents.

As noted in this Court's adoption of Special Master Andersen's R&R Nos. 1 and 2, the Special Master has prioritized moving through the disputed documents—incorporating the principles set forth by this Court, Special Master Andersen, and former Special Master Richard Levie—rather than writing an extensive Report. (Dkt. 1279). Once again, Special Master Andersen determined that he should evaluate this tranche of documents with *in camera* review—a "fulsome and resource-intensive process." (*Id.*) In his discretion, he did not produce an extensive report to accompany this analysis, opting instead to get his determinations onto the record faster for parties' use in depositions.

Yet Plaintiffs object to 171 documents based on their view of the descriptions present in the privilege logs, ignoring the fact that Special Master Andersen decided to utilize *in camera* review that resulted in 252 additional documents for production. (Dkt. 1274 at 1–2). Plaintiffs also suggest that the common interest exception to waiver is an independent ground of privilege, but as has long been made clear in this case, the exception "does not create an independent ground for asserting a claim of privilege against discovery. It merely extends the scope or coverage of the otherwise existing privilege." (Dkt. 1030, as adopted by Dkt. 1100). During *in camera* review, Special Master Andersen found that Defendants had established the extension applied through the produced documents and corresponding log. Plaintiffs' allegations of clear error fall flat in the face of that process.

In a similar vein, Plaintiffs allege that Defendants did not make the requisite showing that 13 documents involving distribution lists involved "need to know" individuals, nor the requisite showing that Sinclair was in an attorney-client relationship with attorney Deborah Garza. (Dkt. 1274 at 6, 8). But once again, Plaintiffs bring their contentions on the basis of privilege logs, whereas the Special Master took the time to individually review 1,287 Sinclair documents *in camera*. It may be true that the very nature of an *in camera* determination means that Plaintiffs' arguments, based on less information, may often be on unequal footing with that intensive process. But as this Court has previously reminded Plaintiffs, both parties benefit from the *in camera* review process—which is not an entitlement. (Dkt. 1279). Motion to Compel No. 15 alone delivered 252 documents that Sinclair had deemed privileged into Plaintiffs' hands. That does not mean Plaintiffs can never succeed in their disputes—indeed, this Court recently denied in part an Objection of Defendant Griffin, ensuring the non-privileged portions of a memo would go to Plaintiffs. (Dkt. 1316). But on this record, the Court finds no clear error in Special Master Andersen's Report No. 6. (Dkt. 1265).

### R&R No. 7: TEGNA

For R&R No. 7, Special Master Andersen reviewed 119 of TEGNA's documents *in camera* under the same analysis he utilized in Andersen Report No. 1, and found that 107 of them were properly withheld under attorney-client privilege. (*See* Dkt. 1269). Plaintiffs allege clear error as to the application of privilege for nine of those documents. (*See* Dkt. 1287). Specifically, Plaintiffs contend that these documents involve attorneys at Hughes Hubbard & Reed LLP and/or Covington & Burling LLP who also represented other Defendants, and that TEGNA did not make the sufficiently assert application of the common interest exception to waiver in order for the privilege to apply under those circumstances. (*Id.*)

Just as with R&R No. 6, these arguments do not establish clear error in these circumstances under the same reasoning laid out above. The Special Master determined that the common interest exception applied, which "extends the scope or coverage" of the privilege. (Dkt. 1030, as adopted by Dkt. 1100). It is not inherently, as Plaintiffs suggest, its own special kind of privilege, and this Court sees no reason to disturb the way in which the Special Master applied the analysis here. Thus, this Court adopts R&R No. 7 in full.

### R&R No. 8 & 9: Sinclair

Finally, Plaintiffs object to the finding of privilege as to 199 of the 493 documents that Special Master Andersen identified as privileged in R&R Nos. 8 & 9. (Dkts. 1294, 1296, 1314 (sealed)). The Special Master evaluated 582 total Sinclair documents *in camera* across these two Reports. (*Id.*) He did so applying the elements of attorney-client and work-product privilege that this Court has set forth, once again opting for a brief Report and instead dedicating time and resources to fact-intensive review. (*Id.*)

While Plaintiffs suggest that Defendants improperly use *in camera* review as an "excuse" not to meet their discovery burdens, this misstates the function of the procedure. The decision "whether to conduct an *in camera* review to determine the validity of privilege claims is a matter for the Court's discretion." *See Washtenaw Cnty. Employees' Ret. Sys. v. Walgreen Co.*, 2020 WL 3977944, at *1 (N.D. Ill. July 14, 2020). It is not a wieldable weapon, per se, of Defendants nor any other party in front of the Court. Special Master Andersen, in his discretion, determined that the best way to wade through the parties' extensive discovery disputes was to utilize *in camera* review, which is an altogether separate issue from Defendants' presentation of privilege.

Beyond that, Plaintiffs' Objections fall into three of the same categories that they utilized in their Objections as to R&R Nos. 6 & 7: 1) allegations that Sinclair failed to assert the common interest exception to waiver; 2) arguments that attorneys represented multiple Defendants at once; and 3) contentions that distribution lists destroyed the privileged status of some documents. (Dkt. 1314 (sealed)).

Plaintiffs first reuse the misconstrued argument about the common interest exception to waiver they raised in response to Report No. 6. (Dkt. 1314 at 3). For the same reasons as outlined above, though, this framing is unpersuasive. The same is true of the Plaintiffs' continued argument about distribution lists. (*Id.* at 8). Plaintiffs point to another magistrate judge's determination that

distribution lists "do[] not suggest confidentiality." *Muro v. Target Corp.*, 243 F.R.D. 301, 308 (N.D. Ill. 2007). Another judge in this District found "no error of either law or fact" in the determination that "the log was defective because it failed to specify all recipients of the documents listed in log entries." *Muro v. Target Corp.*, 250 F.R.D. 350, 364 (N.D. Ill. 2007). While another district court's holding is not binding, more importantly, Plaintiffs once again confuse case-specific discovery determinations with hard and fast blockades on Special Master Andersen's discretion. In his *in camera* review, the Special Master found that 89 of the documents Sinclair had deemed privileged were not, in fact, so. Nothing on the record suggests to this Court that this was a fundamentally unfair assessment of Plaintiffs' Motion to Compel No. 15.

Finally, Plaintiffs contend that the *in camera* review could not have possibly revealed that Sinclair had an attorney-client relationship with Covington & Burling LLP attorneys Elizabeth Canter, Kara Azocar, Eve Pogoriler, and Michael Beder. (Dkt. 1314 at 6). They argue that their primary support for this charge lies in *Matter of Walsh*, which noted that representation of multiple clients can complicate a finding of privilege. 623 F.2d 489, 493–94 (7th Cir. 1980). That case, however, was outlining the scope of grand jury questioning for a criminal defense attorney who represented multiple potential defendants all involved in the same underlying events. Indeed, the Seventh Circuit was intent upon not inflating the parameters of the attorney-client privilege to include "the right to refuse to appear before grand juries." *Id.* at 493. That is an altogether different matter from the determination the Special Master made here.

The clear error standard asks this Court to reject the Special Master's recommendations when it is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). That is not the present sentiment. For the reasons above, the Court adopts in full R&R No. 6 [1265] and overrules the Plaintiffs' Objection [1274]. The Court also adopts in full R&R No. 7 [1269], overruling Plaintiffs' Objection [1287]. Finally, the Court adopts in full R&R No. 8 [1294] and No. 9 [1296], overruling Plaintiffs' Consolidated Objection [1314 (sealed)].

Virginia M. Kendall
United States District Judge

Date: January 22, 2026

4