## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| ) | |
| ) | MDL No. 2867 |
| IN RE: LOCAL TV ADVERTISING ) | No. 18 C 6785 |
| ANTITRUST LITIGATION ) | |
| ) | Chief Judge Virginia M. Kendall |
| ) | |

## OPINION & ORDER

Pending before the Court is Plaintiffs' Discovery Motion No. 26 to Compel Defendant Gray Media Group (f/k/a "Raycom" and "Meredith") to Comply with Rule 26 with regard to cell phone preservation and processes. (Dkt. 1329 (sealed)). For the reasons below, Plaintiffs' Motion is granted. [1329].

While the present Motion does not sound in sanctions, the underlying facts broadly trace those detailed in this Court's prior spoliations sanctions rulings dealing with Defendants Griffin's and Sinclair's respective discovery issues, with which the Court assumes familiarity. *See In re Loc. TV Advert. Antitrust Litig.*, 2023 WL 5607997 (N.D. Ill. Aug. 30, 2023); *In re Loc. TV Advert. Antitrust Litig.*, 2025 WL 3215680 (N.D. Ill. Nov. 18, 2025). Instead of February 2018, both Raycom and Meredith received their U.S. Department of Justice (DOJ) letters regarding the preservation and production of documents—including text messages—in light of DOJ's investigation into competitive pacing information on March 16, 2018. (Raycom DOJ Letter, Exhibit 1, Dkt. 1329-1; Meredith DOJ Letter, Exhibit 2, Dkt. 1329-1). Raycom issued legal holds to 30 employees—including Vice President of Sales Wayne Freedman[1]—between February and

---

[1] Plaintiffs' Motion focuses on three specific custodians: two Raycom custodians (Mr. Fortenberry and Mr. Freedman) and one Meredith custodian (Mr. Scott). (*See* Dkt. 1329). Plaintiffs cite these three examples as their reasoning as to why a more fulsome review of the custodians' cell phone communications may be necessary.

May 2018, and a company-wide legal hold in December 2020. (Dkt. 1356 at 5, 6 n.5; Dkt. 1356-1 at 1). It was this second round of holds that reached Regional Vice President Ted Fortenberry, though one email to Plaintiffs indicated Fortenberry did not receive the hold until March 2021. (Dkt. 1356 at 6; *cf.* Exhibit 4, Dkt. 1329-1 at 82). Meredith issued its initial legal holds in February 2018, including to Paul Scott, General Station Manager at the WSMV station in Tennessee. (Dkt. 1356 at 8; Dkt. 1329 at 3).

"The touchstone for a party's duty to preserve evidence remains the reasonable foreseeability of its involvement in litigation." *In re Loc. TV Advert. Antitrust Litig.*, 2023 WL 5607997, at *7. A party's duty to preserve evidence—including ESI—derives from the common law. FED. R. CIV. P. 37(e) advisory committee's note to 2015 amendment ("[P]otential litigants have a duty to preserve relevant information when litigation is reasonably foreseeable. Rule 37(e) is based on this common-law duty . . . ."); *see also, e.g.*, *Hollis v. CEVA Logistics U.S., Inc.*, 603 F. Supp. 3d 611, 619 (N.D. Ill. 2022) ("The duty to preserve under Rule 37(e) is based on the common law, and so is triggered when litigation is commenced or reasonably anticipated.").

In determining whether and when a duty to preserve arose, "[c]ourts should consider the extent to which a party was on notice that litigation was likely and that the information would be relevant." FED. R. CIV. P. 37(e) advisory committee's note to 2015 amendment; *see Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) ("[A] party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent."). "[D]uty is a question of law determined by the factual circumstances presented." *Hollis*, 603 F. Supp. 3d at 619. As this Court has twice held, receipt of the DOJ CID letter triggers clear notice that civil litigation could reasonably follow. *See In re Loc. TV Advert. Antitrust Litig.*, 2023 WL 5607997, at *7; *In re Loc. TV Advert. Antitrust Litig.*, 2025 WL 3215680, at *3; *see also In re Delta/AirTran*

*Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1307 (N.D. Ga. 2011) ("[A] party's obligation to retain documents . . . is only triggered when litigation is reasonably anticipated.").

Gray Media's attempts to distinguish this core holding of the spoliation orders against Sinclair and Griffin fall flat. The distinguishing points that Gray Media raises—specifically the reference to employees who left the company prior to suit as well as to the lack of renegotiated discovery agreements—may differentiate a spoliations analysis should Plaintiffs pursue sanctions here, as they did with other Defendants. (Dkt. 1356 at 15 n.10, 19). Ultimately, though, none of those facts weigh on the fact that Gray Media was on notice that lawsuits could reasonably be coming their way since March 2018. Gray Media ostensibly knows this—the defense hardly attempts to engage with the reasonable notice standard.[2] And if anything, the fact that numerous other defendants in this matter who received CIDs began to see civil litigation coming their way in the summer of 2018 should have caused Raycom and Meredith to double down on that awareness and related preparation. Counsels' contentions on the record at oral argument that this logically leads the other way defies reasoning.

Rather, Gray Media focuses on the fact that Plaintiffs sued Sinclair "during the pendency of DOJ's investigation, [causing] Sinclair's distinct preservation duties to DOJ and Plaintiffs [to] overlap[]," contrasting that with Raycom and Meredith's lack of private suit until April 2019, months after these Defendants' November 2018 agreement to enter a consent decree with DOJ. (Dkt. 1356 at 5, 19). Even setting aside the fact that DOJ's consent decrees with Raycom and Meredith were only finalized in May 2019 (after Plaintiffs' suit had been filed), Gray Media's contention misses the point. The key turning point in both Griffin and Sinclair's circumstances was not the initiation of private suit but the receipt of the CID letter. *In re Loc. TV Advert. Antitrust*

---

[2] At oral argument, Raycom's counsel affirmatively stated that there was no reasonable anticipation of litigation until April 3rd, 2019, the day of suit.

*Litig.*, 2023 WL 5607997; *In re Loc. TV Advert. Antitrust Litig.*, 2025 WL 3215680. Raycom and Meredith fare no different.

Further, Defendants' out-of-circuit caselaw deals with actual sanctions motions, with any discussion of the downstream consequences of anticipated civil litigation tangential to a discussion of the Rule 37(e) factors. *In re Delta/AirTran* dealt with plaintiffs who pursued the "nuanced" spoliations theory that they were entitled to "sanctions because Delta did not immediately comply with the CID issued by the DOJ." 770 F. Supp. 2d at 1305. The magistrate judge in *Point Blank Solutions* rejected spoliation sanctions broadly because the alleged destruction of evidence occurred when the defendants were under a duty to government officials and not the plaintiffs. *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, 2011 WL 1456029, at *1 (S.D. Fla. Apr. 5, 2011). The district court in *Rockman* did the same with regard to alleged destruction during an obligation to a foreign government, not the plaintiffs. *Rockman Co. (USA), Inc. v. Nong Shim Co., Ltd*, 229 F. Supp. 3d 1109, 1123 (N.D. Cal. 2017). None of these findings displace the Court's core conclusion about the events that triggered Gray Media's preservation obligations.

Gray Media offers the Court a menu of procedural arguments about why it should ignore the apparently murky approach Raycom and Meredith respectively offered those obligations. (Dkt. 1356 at 10–13). None hold up. While a core scenario that invokes Rule 37(a)(3)(B) is, of course, failure to answer a formal interrogatory under Rule 33, that is not the end of the road. To start, "[a]part from the discovery rule, a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). As a general rule, "a district court can, if appropriate, compel a party to collect and to produce whatever discovery-related information is necessary." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 292 (2008) (discussing lower courts' management

of assignee lawsuits). Further, the stipulated order regarding document production, including ESI, permits changes made in good faith and/or by court order, (Dkt. 442 at 8), and the scope of initial discovery plans has never immunized other Defendants from cell-phone-related modifications. *See In re Loc. TV Advert. Antitrust Litig.*, 2025 WL 3215680. Thus, Gray Media's arguments about the limiting nature of Rules 33 and 37 on this action stand on shaky ground.

Even if the Court were to agree with Gray Media and deny the Motion only on lack of formal formatting, Plaintiffs would surely re-start this fully briefed endeavor after providing their queries in a compliant format. To be sure, these technicalities are a cornerstone of civil practice, and this is by no means an invitation for parties in this case or any other not to follow the requirements of the rules to a letter. Given, though, that Gray Media has been engaging with the terms of the request through its "compromise proposal," (Dkt. 1356 at 7), and given that discovery in this case has been ongoing for the better part of a decade, the Court, in its discretion, will not fail the Motion on this grounds only for it to circle back around in a matter of months after causing further delay in this proceeding. *Cf. Ousterhout v. Zukowski*, 2016 WL 3675564, at \*4 (N.D. Ill. Apr. 5, 2016), *report and recommendation adopted*, 2016 WL 3612086 (N.D. Ill. July 6, 2016) (denying motion to compel and instead permitting an additional 10 interrogatories).

As discussed above, this Court has "inherent authority" to manage this litigation, *Ramirez*, 845 F.3d at 776, and Gray Media's examples of how other courts have handled so-called "discovery-on-discovery" requests do not require a specific result. *See LKQ Corp. v. Kia Motors Am., Inc.*, 345 F.R.D. 152, 156–57 (N.D. Ill. 2023) ("Courts across the country have reached different conclusions about when and how they permit a party to explore the propriety of the opponents' ESI search."). Whatever set of descriptors, be it "specific and tangible," *id.* at 156, or "exacting," *Hansen v. Country Mut. Ins. Co.*, 2021 WL 12101094, at \*3 (N.D. Ill. May 14, 2021),

Plaintiffs have demonstrated appropriate reason to request additional information regarding Gray Media's custodians' cell phones. As a result, Plaintiffs' Discovery Motion No. 26 to Compel is granted; the Court adopts the proposed order. (Dkt. 1329).

Virginia M.  Kendall
United States District Judge

Date: March 10, 2026